## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, On Behalf of Herself and All Others Similarly Situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERALD T. FEENEY,  )<br>)<br>Defendants.  ) | Civil Case 3:04 cv 30022 MAP |
| YOSEF STREICHER, on Behalf of Himself and All Others Similarly Situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERALD T. FEENEY,  )<br>)<br>Defendants.  ) | Civil Case 3:04 cv 30026 MAP |

Additional Captions to Follow

**MEMORANDUM IN SUPPORT OF THE MOTION OF BARRY B. STODDARD AND VICTOR RAPP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

| | |
|---|---|
| RAFAT DAWOD,<br><br>                Plaintiff,<br><br>   v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERALD T. FEENEY,<br><br>                Defendants. | Civil Case 3:04 cv 30029 MAP |
| ALVIN CHESS, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>                Defendants. | Civil Case 3:04 cv 30037 MAP |
| MICHAEL VICKER, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>                Defendants. | Civil Case 3:04 cv 30040 MAP |

| | |
|---|---|
| H. MARTIN BOHMAN, on Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERALD T. FEENEY, )<br>)<br>Defendants. ) | Civil Case 3:04 cv 30041 MAP |
| JIMMY SUO, on Behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY, )<br>)<br>Defendants. ) | Civil Case 3:04 cv 30042 MAP |
| JACK SCHULMAN, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY, )<br>)<br>Defendants. ) | Civil Case 3:04 cv 30043 MAP |

**PRELIMINARY STATEMENT**

Presently pending before this Court are at least nine related securities class action lawsuits (the "Actions")[1] brought on behalf of all those who purchased or otherwise acquired Wave Systems Corporation ("Wave Systems" or the "Company") common stock between July 31, 2003 and December 18, 2003, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Members Barry B. Stoddard ("Stoddard") and Victor Rapp ("Rapp"), hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint Stoddard and Rapp as Lead Plaintiffs in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Stoddard and Rapp's selection of the law firm of Cauley Geller Bowman & Rudman, LLP ("Cauley Geller") to serve as Lead Counsel and the law firm of Gilman and Pastor, LLP to serve as Liaison Counsel.

This motion is made on the grounds that Stoddard and Rapp are the most adequate plaintiffs, as defined by the PSLRA. Stoddard and Rapp collectively suffered losses of $41,870.80 in connection with their purchases of Wave Systems common stock during the Class

---

[1] A related action was also filed in the District of New Jersey alleging similar facts and circumstances. The action, entitled Marcello Trebitsch v. Wave Systems Corporation, et al., 2:04cv00266 (JCL) (the "Trebitsch Action"), was filed on January 23, 2004. Notice of the Trebitsch action was published in the January 31, 2004 edition of Barron's and was disseminated to the public on February 2, 2004. A contemporaneous motion for appointment as Lead Plaintiffs is being filed in that District as well.

Period.[2] See Pastor Decl. Ex. B.[3] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, Stoddard and Rapp, for the purposes of this motion, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## FACTUAL BACKGROUND [4]

Wave Systems Corporation is a development-stage company that develops, produces and markets hardware- and software-based digital security products for the Internet and e-commerce. The Company's technology involves the use of encryption, which is the process of making data indecipherable.

The complaint charges Wave Systems, Steven Sprague and Gerard T. Feeney with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. More specifically, the complaint alleges that throughout the Class Period, the defendants issued a series of material misrepresentations to the market concerning the

---

[2] The losses suffered by Stoddard and Rapp are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D of the Exchange Act and based upon reference to information concerning the current market for the Company's securities. Stoddard and Rapp's transactions in Wave Systems shares are set forth in the accompanying loss chart.

[3] References to the "Pastor Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David Pastor dated April 2, 2004 and submitted herewith.

[4] These facts are drawn from the allegations in the complaint captioned Rafat Dawod v. Wave Systems Corporation, et al., 3:04cv30029 (MAP) (the "Dawod Action").

Company's business agreements with Intel Corporation ("Intel") and IBM Corp. ("IBM"). Additionally, the defendants' statements during the Class Period were materially false and misleading because they failed to disclose and/or misrepresented the following adverse facts, among others: (1) that Intel would not be entering into a revenue producing licensing agreement with the Company; (2) that its contract with Intel did not require Intel to purchase any software; (3) that IBM was not embedding Wave Systems' software into IBM computers; and (4) that the IBM transaction would provide no direct revenue to the Company.

On December 18, 2003, Wave Systems reported that the SEC had commenced a formal investigation into certain matters relating to Wave Systems. The SEC's investigative order, received by Wave Systems on December 17, 2003, related to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in Wave Systems' securities during such time. News of this shocked the financial market. Shares of Wave Systems fell 17.13%, or $0.31 per share, to close at $1.50 per share on extremely high volume on December 19, 2003.

## ARGUMENT

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Wave Systems shares for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Wave Systems shares during the relevant time period in reliance on the

integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Wave Systems securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.) (1990). That test is met here and, accordingly, the Actions should be consolidated.

## POINT II

## STODDARD AND RAPP SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the Trebitsch Action caused the first notice regarding the pendency of these actions to be published in the January 31, 2004 edition of Barron's, a national, business-oriented magazine, which was disseminated to the public on February 2, 2004. See Pastor Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be

appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

    **B.**    **Stoddard and Rapp Satisfy the "Lead Plaintiff" Requirements Of The Exchange Act**

        **1.**    **Stoddard and Rapp Have Complied With The Exchange Act And Should Be Appointed Lead Plaintiffs**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on April 2, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice

(published in the January 31, 2004 edition of <u>Barron's</u>, a national, business-oriented magazine which was disseminated to the public on February 2, 2004), Stoddard and Rapp timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Stoddard and Rapp have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. <u>See</u> Pastor Decl. Ex. C. In addition, Stoddard and Rapp have selected and retained competent counsel to represent them and the class. <u>See</u> Pastor Decl. Exs. D-E. Accordingly, Stoddard and Rapp have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

### 2. Stoddard and Rapp Have The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, <u>see</u> Pastor Decl. Ex. C., Stoddard and Rapp purchased shares of Wave Systems stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, Stoddard and Rapp collectively incurred a substantial $41,870.80 loss on their transactions in Wave Systems shares. Stoddard and Rapp thus have a significant financial interest in this case. Therefore, Stoddard and Rapp satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Stoddard and Rapp Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997); Fischler v. Amsouth Bancorporation, No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). Stoddard and Rapp satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class

representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

Stoddard and Rapp satisfy this requirement because, just like all other class members, they: (1) purchased Wave Systems shares during the Class Period; (2) purchased Wave Systems shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Stoddard and Rapp's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Stoddard and Rapp to represent the class to the existence of any conflicts between the interest of Stoddard and Rapp and the members of the class.  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiffs and the class members;  and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v. Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130

(lst Cir. 1985)).

Here, Stoddard and Rapp are adequate representatives of the class. As evidenced by the injuries suffered by Stoddard and Rapp, who purchased Wave Systems shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Stoddard and Rapp are clearly aligned with the members of the class, and there is no evidence of any antagonism between Stoddard and Rapp's interests and those of the other members of the class. Further, Stoddard and Rapp have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Stoddard and Rapp's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Stoddard and Rapp prima facie satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## POINT III

### THE COURT SHOULD APPROVE STODDARD AND RAPP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Stoddard and Rapp have selected the law firm of Cauley Geller as Lead Counsel and the law firm of Gilman and Pastor, LLP as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. See Pastor Decl. Exs. D-E. Accordingly, the Court should approve Stoddard and Rapp's selection of counsel.

**CONCLUSION**

For all the foregoing reasons, Stoddard and Rapp respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Stoddard and Rapp as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

Dated: April 2, 2004

        Respectfully submitted,

        **GILMAN AND PASTOR, LLP**

        By: /s/David Pastor
        David Pastor (BBO #391000)
        Stonehill Corporate Center
        999 Broadway, Suite 500
        Saugus, MA 01906
        Telephone:  (781) 231-7850
        Facsimile:  (781) 231-7840

        **Proposed Liaison Counsel**

        **CAULEY GELLER BOWMAN & RUDMAN, LLP**
        Samuel H. Rudman
        David A. Rosenfeld
        Mario Alba Jr.
        200 Broadhollow Road, Suite 406
        Melville, NY 11747
        Telephone:  (631) 367-7100
        Facsimile:  (631) 367-1173

        **Proposed Lead Counsel**