

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>Defendant. | Civil Action No. 04-cv-30022 (MAP) |
| YOSEF STREICHER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>Defendant. | Civil Action No. 04-cv-30026 (MAP) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE TREBITSCH GROUP'S REQUEST FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND FOR APPROVAL OF CHOICE OF LEAD COUNSEL**

| | |
|---|---|
| RAFAT DAWOD,<br><br>        Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY,<br><br>        Defendant. | Civil Action No. 04-cv-30029 (MAP) |
| ALVIN CHESS, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>        Defendant. | Civil Action No. 04-cv-30037 (MAP) |
| MICHAEL VICKER, On Behalf of Himself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>       Defendant. | Civil Action No. 04-cv-30040 (MAP) |

**[ADDITIONAL CAPTIONS ON NEXT PAGE]**

| | |
|---|---|
| H. MARTIN BOHMAN, On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY,<br><br>        Defendant. | Civil Action No. 04-cv-30041 (MAP) |
| JIMMY SUO, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY,<br><br>        Defendant. | Civil Action No. 04-cv-30042 (MAP) |
| JACK SCHULMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY<br><br>        Defendant. | Civil Action No. 04-cv-30043 (MAP) |

## **PRELIMINARY STATEMENT**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") Marcello Trebitsch, Shala S. Naeini, Steven R. Clayton and Oldrich Dostalek (the "Trebitsch Group"), individual investors with losses of approximately $30,301, from purchasing common stock Wave Systems Corp. ("Wave" or the "Company") respectfully submits this memorandum of law in support of their motion to: (i) consolidate all related actions; (ii) be appointed Lead Plaintiffs in the consolidated securities class action; and (iii) approve their selection and retention of Zimmerman, Levi & Korsinsky LLP as Lead Counsel and Berman DeValerio Pease Tabacco Burt & Pucillo as Liaison Counsel.

This case involves securities class action lawsuits brought against Wave and certain of its officers and directors, on behalf of all purchasers of the common stock of Wave between July 31, 2003 and February 2, 2004 (the "class" and the "class period," respectively). The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), affords a presumption that the person or group of persons with the largest financial interest in the relief sought by the Class, and who otherwise preliminarily satisfies the requirements of Fed. R. Civ. P. 23, is presumed to be the most adequate plaintiff and should therefore be appointed as lead plaintiff. Here, the Proposed Lead Plaintiffs are believed to be the shareholders with the largest financial interest in the relief sought by the Class and satisfies the applicable requirements of Fed. R. Civ. P. 23. For the reasons set forth below, the Proposed Lead Plaintiffs respectfully requests that this Court grant their motion for appointment as Lead Plaintiffs and approve their selection of Lead Counsel and Liaison Counsel.

### A. THE PROPOSED LEAD PLAINTIFFS

As noted, the proposed lead plaintiffs together have losses of approximately $30,301 from purchasing Wave common stock. At this time, the proposed lead plaintiffs are not aware of any other Wave shareholder who is seeking appointment as lead plaintiff with a greater financial interest in this case. Under the Reform Act, these facts make the proposed lead plaintiffs the most appropriate candidates to represent the class.

### B. PROCEDURAL BACKGROUND

On January 23, 2004, proposed lead plaintiff Marcello Trebitsch filed the first class action complaint in this case in the United States District Court for the District of New Jersey. Shortly thereafter, at least a dozen other similar lawsuits were filed against defendants in this Court. The parties have agreed to transfer the Trebitsch action to this Court.

Like all the other complaints filed in this matter, the complaint alleges claims arising under the federal securities laws on behalf of a class of all persons and entities that purchased common stock of Wave during the class period, excluding defendants, members of their immediate families, and any entity in which a defendant has a controlling interest. The claims arise out of defendants' issuing false and materially misleading public statements during the class period regarding certain agreements to license Wave software products ("Licensing Statements") and failing to correct the materially misleading impressions relating to the Licensing Statements that defendants knew existed in markets and the media as a result of their misleading statements.

On February 2, 2004, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), Zimmerman, Levi & Korsinsky, LLP, representing the first filed complaint in this action, published notice of the pendency of this action in Barron's, a widely-read national business-oriented publication. This

notice advised members of the proposed class that they had 60 days from the date of publication of the notice in which to move the Court to serve as a lead plaintiff in this action. (*See* Declaration of Eduard Korsinsky ("Korsinsky Aff."), Ex. A.). This motion has been filed within the prescribed filing deadline.

C.  **SUMMARY OF ALLEGATIONS**

Wave is a Delaware company that develops, produces and markets hardware and software based digital security products for the Internet and e-commerce. Wave's primary security product is called the EMBASSY Trust System (the "ETS") that is a combination of client hardware and software and a back-office infrastructure that manages its security functions.

On July 31, 2003 Wave issued a materially false and misleading press release about a licensing agreement between Wave and Intel Corp. The press release failed to disclose that under the purported agreement, Intel was not required to purchase any Wave software and that any revenues resulting from the agreement were speculative and likely immaterial. However, because the press release gave the misleading impression that Wave would earn substantial revenue as a result of the agreement with Intel, the price of Wave's common stock surged dramatically to a price of $5.04 on August 1, 2003, following the announcement, from a closing price of $0.84 on July 30, 2003, before the announcement.

On August 4, 2003, Wave issued yet another materially false and misleading press release about an agreement between Wave and IBM Corp. in that the press release failed to disclose that a purported "partnership" with IBM would result in no direct material revenues to Wave and that the agreement with IBM was not reasonably expected to have any material impact on Wave's revenue and earnings. Around this time, a Wave spokesman made additional materially false and misleading

public statements about Wave's relationship with IBM claiming that IBM computers with "built-in Wave security" would be available in the fourth-quarter when in fact IBM never agreed to embed Wave's technology into its products. As a result of these materially false and misleading statement, the price of Wave's common stock continued to rise on heavy trading volume.

While Wave's share price was artificially inflated as a result of the materially false and misleading statement made by the Company, defendant Feeney sold 100,000 shares of Wave at $5.00 per share for proceeds of $500,000.00 and defendant Sprague sold 150,000 shares of Wave at prices ranging between $3.14 and $3.47 per share, reaping $492,636.00 in proceeds from the sales. Defendants took further advantage of Wave's artificially inflated stock price during the class period by completing a $7.1 million private placement on or about November 19, 2003.

## ARGUMENT

### A. The Related Actions Should Be Consolidated

There appear to be at least 8 related securities class actions pending in this District alleging claims against Wave and its officers for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. These related actions are as follows:

> *Souza v. Wave Systems Corp.*, 04-cv-30022-MAP
> *Streicher v. Wave Systems Corp.*, 04-cv-30026-MAP
> *Dawod v. Wave Systems Corp.*, 04-cv-30029-MAP
> *Chess v. Wave Systems Corp.*, 04-cv-30037-MAP
> *Vicker v. Wave Systems Corp.*, 04-30040-MAP
> *Bohman v. Wave Systems Corp.*, 04-cv-30041-MAP
> *Suo v. Wave Systems Corp.*, 04-cv-30042-MAP
> *Schulman v. Wave Systems Corp.*, 04-cv-30043-MAP

Each of the above-listed actions involves class action claims on behalf of purchasers of Wave and asserts essentially similar and overlapping class claims for relief. Consolidation is

appropriate where, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The test is met here and the actions should be consolidated.

B. **THE PROPOSED LEAD PLAINTIFFS SHOULD BE APPOINTED LEAD PLAINTIFFS**

1. **The Procedural Requirements of the Reform Act**

The Reform Act sets forth a detailed procedure for the selection of a lead plaintiff or plaintiffs to oversee securities class actions brought pursuant to the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Notice was published on February 2, 2004, ten days after plaintiff Marcello Trebitsch filed the first filed complaint in this action. (*See* Korsinsky Decl., Ex A).

The Reform Act next provides that within 60 days after publication of the required notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead plaintiff(s), whether or not they previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B). The statute makes clear that a group of lead plaintiffs (as opposed to a single lead plaintiff) may be appointed. *See Metro Srvs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998).

The present motion has been made by the proposed lead plaintiffs pursuant to and in compliance with the procedural prerequisites set forth in the Reform Act.

5

## 2. The Proposed Lead Plaintiffs Are The "Most Adequate Plaintiffs"

According to the Reform Act, within 90 days after publication of the initial notice of pendency, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff(s) the member or members of the class that the Court determines to be the most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the Reform Act states as follows:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that —
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001).

This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Lernout & Hauspie*, 138 F. Supp. 2d at 42; *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 262-68 (3d Cir. 2001), *cert. denied sub nom.*, 535 U.S. 929 (2002) ("[O]nce the presumption is triggered, the

question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair and adequate' job").

Based on these criteria, the proposed lead plaintiffs are the most adequate plaintiffs.

### a. The Proposed Lead Plaintiffs Have Filed A Complaint And Made A Motion For Appointment As Lead Plaintiffs

The proposed lead plaintiffs have properly and timely moved to be appointed lead plaintiffs on behalf of all class members covered by this action. The proposed lead plaintiffs also have stated a willingness to serve as representatives on behalf of the class (*See* copies of Certifications attached to the Korsinsky Decl., Ex. B) In addition, these individuals have selected and retained competent counsel to represent them (*See* firm resume of Zimmerman, Levi & Korsinsky LLP, attached to the Korsinsky Decl., Ex. D). Zimmerman, Levi & Korsinsky LLP has significant class action experience and has already spent a substantial amount of time and money investigating, researching, and evaluating this case, including numerous telephone conferences with class members.

Accordingly, the proposed lead plaintiffs have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and respectfully submit that their application for appointment as lead plaintiffs and their selection of lead counsel be approved by the Court.

### b. The Proposed Lead Plaintiffs Have the Largest Financial Interest

According to 15 U.S.C. § 21(a)(3)(B)(iii), the Court shall appoint as lead plaintiff(s) the class member or group of class members who represent the largest financial interest in the relief sought by the action.

During the proposed class period, the proposed lead plaintiffs lost approximately $30,301 on Wave common stock as a result of defendants' alleged misconduct (*See* loss chart attached to the Korsinsky Decl., Ex. C). The proposed lead plaintiffs are not aware of any other Wave shareholders with a greater financial interest who have come forward seeking to be appointed as a lead plaintiff. The appointment of the Trebitsch Group as lead plaintiffs accomplishes one of the principal objectives of the Reform Act, which is to give shareholders with significant financial interests control of the litigation. H.R. Rep. No. 104-369, H13700 (stating it was the belief of Congress that ". . . class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake"). The proposed lead plaintiffs satisfy all prongs of the Reform Act's prerequisites for appointment as lead plaintiffs in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### c.    The Proposed Lead Plaintiffs Otherwise Satisfy Rule 23

Title 15 U.S.C. § 78u-4(a)(3)(B) provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff or plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members in impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only typicality of claims and defenses and adequacy of representation involve the personal characteristics of the class representative. *See Lernout & Hauspie*, 138 F. Supp. 2d at 46 (recognizing that plaintiffs seeking appointment as lead plaintiff need only make preliminary showing that they satisfy Rule 23 typicality and adequacy requirements). Consequently, in deciding a motion to appoint a lead plaintiff the Court should examine typicality and adequacy under Rule 23(a) and defer examination of the remaining requirements until the lead plaintiffs move for class certification. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). The proposed lead plaintiffs satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

### i.    The Proposed Lead Plaintiffs Have Typical Claims and Defenses

Under Rule 23(a)(3), the claims and defenses of the representative parties must be typical of those of the class. Typicality exists if claims arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See Lernout & Hauspie*, 138 F. Supp. 2d at 46 (typicality satisfied when a "named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class") (quoting *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991)). In order to meet the typicality requirement of Rule 23(a)(3):

> plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of absent members. . . . The question is simply whether a named plaintiff, in presenting his case, will necessarily present the claims of the absent plaintiffs.

*Randle v. SpecTran,* 129 F.R.D. 386, 391 (D. Mass. 1988) (citing *Priest v. Zayre Corp.,* 118 F.R.D. 552, 555 (D. Mass. 1988)).

The proposed lead plaintiffs satisfy the typicality requirement because, just like all other class members, they (1) purchased shares of Wave stock, (2) at prices inflated as a result of defendants' materially false and misleading public statements and/or omissions, and (3) have suffered damages as a result of defendants' conduct. Thus, the proposed lead plaintiffs' claims are typical of those of other class members because their claims and the claims of other class members arise from the same events.

### ii. The Proposed Lead Plaintiffs Are Adequate Representatives

Under Rule 23(a)(4), the representative parties must "fairly and adequately protect the interests of the class." The Reform Act directs the Court to limit its inquiry regarding the adequacy of the proposed lead plaintiffs to whether there are any conflicts between the interests of the proposed lead plaintiffs and the members of the class and whether the plaintiffs' attorneys are qualified to conduct the litigation. *See Lernout & Hauspie,* 138 F. Supp. 2d at 46 ("plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation").

In the instant case, the proposed lead plaintiffs are adequate representatives of the class. The interests of the proposed lead plaintiffs are clearly aligned with the members of the putative class, and there is no evidence of any antagonism between the interests of these individuals and the class. The members of the Trebitsch Group share common questions of law and fact with the members of the class, their claims are typical of the claims of other class members, and the

prosecution of their rights will not conflict with those of the other class members.

Consequently, the proposed lead plaintiffs satisfy the typicality and adequacy requirements of Rule 23.

### C. LEAD PLAINTIFFS' CHOICE OF COUNSEL

Pursuant to Title 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the class. In that regard, the Trebitsch Group has selected and retained Zimmerman, Levi & Korsinsky LLP to serve as lead counsel for the class. Zimmerman, Levi & Korsinsky LLP has extensive experience in securities class actions and have appeared in major class actions in courts nationwide. (*See* Korsinsky Decl., Ex. D)

Because nothing suggests that the proposed lead plaintiffs or their counsel will not fairly and adequately represent the class or that the proposed lead plaintiffs are subject to unique defenses -- which is the only evidence that can rebut the presumption of adequacy under the Reform Act – we request that this Court appoint the members of the Trebitsch Group as lead plaintiffs and approve their selection of Zimmerman, Levi & Korsinsky LLP as Lead Counsel and Berman DeValerio Pease Tabacco Burt & Pucillo as Liaison Counsel.

### CONCLUSION

In light of the foregoing, the members of the Trebitsch Group respectfully request that the Court appoint them as lead plaintiffs and approve Zimmerman, Levi & Korsinsky LLP as Lead counsel for the class and Berman DeValerio Pease Tabacco Burt & Pucillo as Liaison Counsel.

Dated: April 1, 2004

Respectfully Submitted,

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO

*/s/ Jeffrey C. Block*

Jeffrey C. Block
Michael T. Matraia
Nicole R. Starr
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

Proposed Liaison Counsel For Plaintiffs

ZIMMERMAN, LEVI & KORSINSKY, LLP
Eduard Korsinsky
39 Broadway, Suite 1440
New York, New York 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

-and –

ZIMMERMAN, LEVI & KORSINSKY, LLP
Jean Marc Zimmerman
226 St. Paul Street
Westfield, New Jersey 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

Proposed Lead Counsel for Plaintiffs