UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, <br><br> Defendants. | 04 CV 30022 (MAP) |

[Additional Captions Below]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE GABRIELE PROPOSED LEAD PLAINTIFFS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF CO-LEAD AND LIAISON COUNSEL**

| | |
|---|---|
| YOSEF STREICHER, on Behalf of Himself and All Others Similarly Situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, :<br><br>Defendants. : | 04 CV 30026 (MAP) |
| ALVIN CHESS, Individually, and on Behalf of All Others Similarly Situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>STEVEN K. SPRAGUE, GERARD T. FEENEY, and WAVE SYSTEMS CORPORATION, :<br><br>Defendants. : | 04 CV 30037 (MAP) |
| MICHAEL VICKER, on Behalf of Himself and ll Others Similarly Situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, :<br><br>Defendants. : | 04 CV 30040 (MAP) |

{00002137.DOC ; 1}

| | |
|---|---|
| H. MARTIN BOHMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>           v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                    Defendants. | 04 CV 30041 (MAP) |
| JIMMY SUO, on Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>           v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                    Defendants. | 04 CV 30042 (MAP) |
| JACK SCHULMAN, Individually, and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>           v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY,<br><br>                    Defendants. | 04 CV 30043 (MAP) |

I.   **INTRODUCTION**

Presently pending in this district are at least seven related securities fraud class actions (the "Related Actions") brought against Wave Systems Corporation ("Wave Systems") and certain of its officers and directors pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  The Related Actions are those set forth in the captions above.

Movants Martin H. Bohman, Seong Chen, Ernest Freiler, John Gabriele, Kan Lu, Abdel Kader Tahraoui and Bob Xiong ("Proposed Lead Plaintiffs" or "Movants") collectively purchased 62,882 shares of Wave Systems common stock between July 31, 2003 and December 18, 2003, inclusive (the "Proposed Class Period") and suffered estimated losses[1] of $55,352 as a result of Movants' transactions in Wave Systems common stock during the Proposed Class Period.  The Proposed Lead Plaintiffs respectfully submit this Memorandum of Law in support of their motion for: (i) consolidation of all related actions for all purposes pursuant to Rule 42 of the Federal Rules of Civil Procedure ("F.R.C.P."); (ii) appointment as Lead Plaintiffs, pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, in the action entitled <u>Sousa v. Wave Systems Corp., et al.</u>, Civ. No. 3:04 CV 30022 (D. Mass.) and any related action brought on behalf of purchasers of Wave Systems common stock; and (iii) approval of Movants' selection of Counsel.

---

[1]   The losses suffered by the Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certifications required under Section 21D and, based upon information concerning the current

II. **PROCEDURAL BACKGROUND**

On or about February 4, 2004, plaintiff in the Sousa action[2] filed a complaint on behalf of a class consisting of all persons who purchased Wave Systems common stock during the period July 31, 2003 through February 2, 2004. Pursuant to 15 U.S.C. § 78u-4(a) (3) (A) (i), on February 5, 2004, notice of pendency of the action was published over a widely-available, national business-oriented wire service, Business Newswire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice, i.e., by April 5, 2004. See Brody Decl., Ex. A. This motion is filed within the 60-day period following publication of the February 5, 2004 notice given by plaintiff therein.

III. **SUMMARY OF THE PENDING ACTIONS**

Defendant Wave Systems describes itself as the leader in delivering trusted computing applications and services with advanced products, infrastructure and solutions across multiple trusted platforms from a variety of vendors. ¶23.[3] During the Proposed Class Period, Wave Systems was listed on the NASDAQ under the ticker symbol "WAVX." Wave Systems holds a portfolio of significant fundamental patents in security and e-commerce applications and employs some of the world's leading security systems architects and engineers. ¶23.

On July 31, 2002, Wave Systems announced an agreement with Intel Corporation ("Intel") that would help enable both companies to accelerate the development and deployment

---

market for the Company's common stock. See Declaration of Aaron Brody, April 1, 2004, Exhibit C.

[2]   Sousa v. Wave Systems Corp., et al., Civ. No. 3:04 CV 30022 (D. Mass.).

[3]   References taking the form "¶__" refer to the complaint filed in action Bohman v. Wave Systems Corp., et al., 3:04 CV 30041 (D. Mass.).

of trusted applications and services for safer computing on personal computer platforms. The agreement would enable Intel to Bundle Wave Systems' software and services with a future Intel desktop motherboard, targeted for trusted computing applications. ¶24.

The effect of defendants' announcements caused Wave Systems' stock price to soar. Shares of Wave Systems common stock gained 21.1%, or $0.77 per share, to close at $4.42 per share on August 4, 2003. ¶26.

Defendants' announcements were materially false and misleading because they failed to disclose and misrepresented the following adverse facts which were known to defendants or recklessly disregarded by them: (1) Intel would not be entering into a revenue producing licensing agreement with the Company; (2) the Intel contract did not require Intel to purchase any software; (3) IBM was not embedding Wave Systems' software into IBM computers; and (4) the IBM transaction would provide no direct revenue to the Company. ¶29.

On December 18, 2003, Wave Systems reported that the SEC had commenced a formal investigation into certain matters relating to Wave Systems. The SEC's investigative order, received by Wave Systems on December 17, 2003, related to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in Wave Systems' securities during such time. ¶30.

News of this shocked the financial market. Shares of Wave Systems fell 17.13%, or $0.31 per share, to close at $1.50 per share on extremely high volume on December 19, 2003. ¶31.

IV.   ARGUMENT

    A.   **The Actions Should Be Consolidated**

The above-captioned actions involve class action claims on behalf of the purchasers of Wave Systems common stock and assert essentially similar and overlapping class claims for relief brought on behalf of purchasers of Wave Systems common stock. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here and the Actions should be consolidated.

    B.   **The Proposed Lead Plaintiffs Should Be Appointed Lead Plaintiffs**

        1.   **The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a) (3) (A) (i). Notice of pendency of the action was published over Business Wire on February 5, 2003. See Brody Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a) (3) (A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing

the interests of class members. 15 U.S.C. § 78u-4 (a) (3) (B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a) (3) (B) (iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Proposed Lead Plaintiffs Satisfy The "Lead Plaintiff" Requirements of the PSLRA

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4 (a) (3) (A) and (B) expires on April 5, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 5, 2004), the Proposed Lead Plaintiffs herein timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

The Proposed Lead Plaintiffs have duly signed and filed certifications stating that Movants have reviewed the complaint filed in the action and are willing to serve as the representative party on behalf of the Class. See Brody Decl., Exh. B. In addition, the Proposed Lead Plaintiffs have selected and retained experienced and competent counsel to represent Movants and the class. See Brody Decl., Exhs. D - F.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4 (a) (3) (B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of counsel, as set forth herein, considered and approved by the Court.

### 3. The Proposed Lead Plaintiffs Have The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a) (3) (B) (iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, collectively Movants purchased 62,882 shares of the Company's common stock during the Class Period and suffered estimated losses of $55,352 as a result of defendants' misconduct.  See Brody Decl., Ex. C.  As a result, Movants herein have a significant financial interest in this case.

Therefore, the Proposed Lead Plaintiffs satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and, should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4 (a) (3) (B).

### 4. The Proposed Lead Plaintiffs Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests
of the class.

Of the four prerequisites to class certification, only two - - typicality and adequacy - - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997).

The Proposed Lead Plaintiffs satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying appointment as lead plaintiffs. Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F. 2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993) However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dept. Of Housing Preservation and Development, 141 F.R.D. 229, 238 (2d Cir. 1992). See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D 562, 582 (S.D.N.Y. 1984).

The Proposed Lead Plaintiffs seek to represent a class of purchasers of the Company's common stock who have identical, non-competing and non-conflicting interests. The Proposed Lead Plaintiffs satisfy the typicality requirement, since Movants: (i) purchased the Company's common stock; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Proposed Lead Plaintiffs arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, the Proposed Lead Plaintiffs are adequate representatives of the class. As evidenced by the injury suffered by Movants, who purchased the Company's common stock at prices allegedly artificially inflated by defendants' violations of the federal securities laws, the interests of the Proposed Lead Plaintiffs are clearly aligned with the class members, and there is no evidence of antagonism between Movants' interests and those of the other members of the class. In addition, as demonstrated below, Movant's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in the highest professional manner. Thus, Movants prima facie satisfy the commonality, typicality and adequacy requirements of Rule 23.

C.  **The Court Should Approve Movants' Choice of Counsel**

Pursuant to 15 U.S.C. § 78u-4 (a) (3) (B) (v), proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class lead plaintiff seeks to represent. In that regard, Movants have selected the law firms Stull, Stull & Brody and McKeithen, McKeithen & Bohman to serve as Co-Lead Counsel, and Gilman and Pastor, LLP to serve as Liaison Counsel. Stull, Stull & Brody, McKeithen, McKeithen & Bohman, and Gilman and Pastor, LLP have extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. See Brody Decl., Exhs. D - F.

V.  **CONCLUSION**

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate all related actions; (ii) appoint the Proposed Lead Plaintiffs as lead plaintiffs in the related actions; and (iii) approve Movants' selection of lead counsel as set forth herein.

Dated: April 2, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By: /s/David Pastor
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Tel: (781) 231-7850

**Proposed Liaison Counsel For Plaintiffs and The Class**

**STULL, STULL & BRODY**
Jules Brody
Aaron L. Brody
6 East 45th Street
New York, New York 10017
Tel: (212) 687-7230

**McKEITHEN, McKEITHEN & BOHMAN**
Marjorie A. McKeithen
10771 Perkins Road, First Floor
Baton Rouge, Louisiana 70810
Tel: (225) 766-6500

**Proposed Co-Lead Counsel For Plaintiffs and The Class**