# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CANDY M. SOUSA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30022 (MAP) |
| WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) ) | |
| Defendants. | ) | |
| YOSEF STREICHER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30026 (MAP) |
| WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE BRUMBAUGH PLAINTIFF GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

00002131.WPD ; 1

| | | |
|---|---|---|
| RAFAT DAWOD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30029 (MAP) |
| WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALVIN CHESS, individually and on behalf all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30037 (MAP) |
| WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MICHAEL VICKER, on behalf of himself and all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30040 (MAP) |
| WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

00002131.WPD ; 1

H. MARTIN BOHMAN, individually and )
on behalf of all others similarly situated, )
                                          )
                  Plaintiff,              )
                                          )
          v.                              )       Civil Action No.  3:04-CV-30041 (MAP)
                                          )
WAVE SYSTEMS CORPORATION,                 )
STEVEN K. SPRAGUE, and GERARD T.          )
FEENEY,                                   )
                                          )
                  Defendants.             )

JIMMY SUO, on behalf of himself and all   )
others similarly situated,                )
                                          )
                  Plaintiff,              )
                                          )
          v.                              )       Civil Action No.  3:04-CV-30042 (MAP)
                                          )
WAVE SYSTEMS CORPORATION,                 )
STEVEN K. SPRAGUE, and GERARD T.          )
FEENEY,                                   )
                                          )
                  Defendants.             )

JACK SCHULMAN, individually and on        )
behalf of all others similarly situated,  )
                                          )
                  Plaintiff,              )
                                          )
          v.                              )       Civil Action No.  3:04-CV-30043 (MAP)
                                          )
WAVE SYSTEMS CORPORATION,                 )
STEVEN K. SPRAGUE, and GERARD T.          )
FEENEY,                                   )
                                          )
                  Defendants.             )

00002131.WPD ; 1

## PRELIMINARY STATEMENT

Wave Systems Corporation investors Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin (collectively, the"Brumbaugh Plaintiff Group" or "Movants") have losses totaling approximately $112,380 as a result of their investments in Wave Systems Corporation ("Wave Systems" or the "Company"). Accordingly, Movants are believed to have suffered the largest financial loss of any other movant and, as such, have the largest financial interest in the outcome of this litigation. As the most adequate plaintiffs, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movants hereby move for their appointment as lead plaintiffs of a proposed class of persons or entities who purchased or acquired the securities of Wave Systems between July 31, 2003 and February 2, 2004, inclusive (the "Class Period").

## INTRODUCTION

The above-captioned actions (collectively, the "Related Actions")[1] are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

Movants, with losses of approximately $112,380, in connection with their purchases of Wave Systems securities during the Class Period, are suitable and adequate to serve as lead plaintiffs.[2] Furthermore, Movants have submitted their certifications demonstrating their desire

---

[1] In addition, there is at least one other similar securities class action lawsuit filed in the District of New Jersey.

[2] The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and

to serve as lead plaintiffs in this action and their understanding of the attendant duties and

obligations of serving as such. <u>See</u> Pastor Decl. at Exhibit A.  Additionally, Movants have

submitted a joint declaration stating that as a group Movants have implemented procedures to

provide for the efficient prosecution of this action.  <u>See</u> Pastor Decl. at Exhibit D.  Movants'

losses represent the largest known financial losses of any Class member(s) seeking to be

appointed as lead plaintiff.  <u>See</u> Pastor Decl. at Exhibit C.[2]  Movants are not aware of any other

class member that has filed an action or filed an application for appointment as lead plaintiff that

sustained greater financial losses.  In addition, Movants satisfy each of the requirements of the

PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore,

are qualified for appointment as lead plaintiffs in these actions.  Thus, as demonstrated herein,

Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs.

    Movants respectfully submit this memorandum of law in support of their motion,

pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the

PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these

actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Brumbaugh Plaintiff Group to serve

as lead plaintiffs pursuant to the Exchange Act; (3) approving The Brumbaugh Plaintiff Group's

selection of Schiffrin & Barroway, LLP to serve as lead counsel for the Class; and (4) approving

the Brumbaugh Plaintiff Group's selection of Gilman and Pastor, LLP to serve as liaison counsel

---

based upon reference to information concerning the current market for the Company's securities.

[2]    The Brumbaugh Plaintiff Group's sworn certifications documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of David Pastor In Support Of Motion Of The Brumbaugh Plaintiff Group To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel and Liaison Counsel (the "Pastor Decl.").

for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced in this jurisdiction on or about February 4, 2004.[4]  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 31, 2004, the first notice that a class action had been initiated against defendants was published in a widely circulated national business-oriented newspaper advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than April 2, 2004.[5]  See Pastor Decl. at Exhibit B.

Movants are class members (see Pastor Decl. at Exhibit A) and are filing this motion within the 60 day period following publication of the January 31, 2004 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[6]

Wave Systems Corporation is a Delaware corporation with its principal executive offices located in Lee, Massachusetts.  Wave Systems is a development-stage company that develops, produces and markets hardware and software based digital security products for the Internet and e-commerce.

On July 31, 2003, Wave Systems announced an agreement with Intel Corporation ("Intel") that would help enable both companies to accelerate the development of and

---

[4]    Upon all information and belief, the first-filed lawsuit against defendants, *Trebitsch v. Wave Systems Corp., et al.,* Civil Action No. 2:04-CV-266 (JCL), was filed on or about January 23, 2004, in the District of New Jersey.

[5]    Notice was published in the  February 2, 2004 edition of *Barron's* which was disseminated to the public on January 31, 2004.

[6]    These facts were derived from the allegations contained in the class action styled as *Dawod v. Wave Systems Corporation, et al.,* Civil Action No. 3:04-CV-30029 (MAP)(D. Mass.).

deployment of trusted applications and services for safer computing on personal computer platforms.  The agreement would enable Intel to bundle Wave Systems' software and services with a future Intel desktop motherboard.  On August 4, 2003, Wave Systems announced that certain of its security software applications with IBM's hardware and software-based security system. These announcements had a combined effect of causing Wave Systems' stock to gain over 21%, closing at $4.42 per share on August 4, 2003.

Throughout the Class Period, defendants failed to disclose that Intel would not be entering into a revenue producing licensing agreement with Wave Systems and that the Intel contract did not require Intel to purchase any software.  Furthermore, IBM was not embedding the Company's software into IBM computers and that the IBM transaction would provide no direct revenue to the Company.

On December 18, 2003, the Company announced that the United States Securities and Exchange Commission ("SEC") had commenced a formal investigation into certain matters relating to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in the Company's stock during that time.  On this news, Wave Systems' stock fell over to 17% to close at $1.50 per share on December 19, 2003.

## ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Wave Systems securities during the Class Period.  Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Wave Systems securities who purchased in reliance on the materially false and

misleading statements and omissions at all relevant times.  Consolidation is appropriate when, as

here, there are actions involving common questions of law or fact.  See  Fed. R. Civ. P. 42(a);

Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990).

That test is met here.  Therefore, these Related Actions should be consolidated.

## II.    THE BRUMBAUGH PLAINTIFF GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.    The Brumbaugh Plaintiff Group Has Satisfied The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure.  See 15 U.S.C.

§ 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action,

publish a notice to the class informing class members of their right to file a motion for

appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the first-filed action

published a notice in the February 2, 2004 edition of *Barron's*.[7]  See Pastor Decl. at Exhibit B.[8]

This notice indicated that applications for appointment as lead plaintiff were to be made no later

than April 2, 2004.

Within 60 days after publication of the required notice, any member or members of the

---

[7]    The relevant issue of *Barron's* is dated  February 2, 2004, however, this issue became
available to the public on January 31, 2004.

[8]    *Barron's* is a suitable vehicle for meeting the statutory requirement that notice be
published "in a widely circulated national business-oriented publication or wire service."  See
generally In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP
Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance
Corp., 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6,1997).

proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they

have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

### B.     The Brumbaugh Plaintiff Group
          Constitutes The "Most Adequate Plaintiff"

According to the PSLRA, the Court shall consider any motion made by a class member

and shall appoint as lead plaintiff the member of the class that the Court determines to be most

capable of adequately representing the interests of class members within 90 days after publication

of the initial notice of pendency.  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining who is the "most

adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or group of persons that-
>
>> (aa)  has either filed the complaint or made a motion in response to
>> a notice . . .
>>
>> (bb)  in the determination of the court, has the largest financial
>> interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal
>> Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist.

LEXIS 11866, at *7.

In applying this presumption, Movants are demonstrably the most adequate plaintiffs.

They have timely filed their motion to be appointed lead plaintiff along with their certifications

attesting to their transactions in Wave Systems securities during the Class Period.  See Pastor

Decl. at Exhibit A.  In addition, the Movants, with losses totaling approximately $112,380 as a

result of their Class Period purchases of Wave Systems securities, have the largest known

financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff.  <u>See</u> Pastor Decl. at Exhibit C.  Indeed, the losses sustained by Movants are believed to be representative of the largest financial interest in this action. Moreover, Movants have selected and retained competent and experienced counsel to represent themselves and the Class.  <u>See</u> Pastor Decl. at Exhibits E and F.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and respectfully submit that their application for appointment as lead plaintiffs and their selection of lead counsel and liaison counsel should be approved by the Court.

**1.    The Brumbaugh Plaintiff Group Has Made
A Motion For Their Appointment As Lead Plaintiffs**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movants have timely moved this Court to be appointed lead plaintiffs on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

**2.    The Brumbaugh Plaintiff Group
Has The Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action.  As is demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class and accordingly, are presumed to be the "most adequate plaintiff."

**3.    The Brumbaugh Plaintiff Group
Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866, at *20. As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

> **a.     The Brumbaugh Plaintiff Group**
> **Fulfills The Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the class representative need not be identical to the claims of

the class to satisfy typicality. Instead, Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions
> between the claims of the named plaintiffs and those of other class members.
> Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted);

see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS

16111, *13-14 (N.D. Ill. October 28, 1996).

Movants seek to represent a class of purchasers of Wave Systems securities which have

identical, non-competing and non-conflicting interests. Movants satisfy the typicality

requirement because, just like all other class members, they: (1) purchased or acquired Wave

Systems securities during the Class Period; (2) at prices allegedly artificially inflated by

defendants' materially false and misleading statements and/or omissions; and (3) suffered

damages thereby. Thus, Movants' claims are typical of those of other class members since their

claims and the claims of other class members arise out of the same course of events.[9]

### b.    The Brumbaugh Plaintiff Group Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the

interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy

of the Movants to: (1) whether there are any conflicts between the interests of the Movants and

---

[9]    The members of the Brumbaugh Plaintiff Group have been investing in the stock market for a combined eighty-five years and their claims are typical of those of other class members. Anne Brumbaugh, a homemaker, has been investing in the stock market for twenty years by method of her own research. Gary L. Harmon, a retired college professor, has been investing in the stock market for forty-five years and also conducts his own research. Randy K. Griffin, an independent salesperson, has been investing in the stock market for twenty years and conducts his own research on the Internet.

the members of the Class; (2) whether the Movants are adequate representatives of the Class; (3) whether the interests of the Movants are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. As detailed above, Movants share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, Movants already have taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed certifications detailing their Class Period transactions and expressing their willingness to serve as lead plaintiffs; they have moved this Court to be appointed as lead plaintiffs in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25. Furthermore, Movants have the largest known financial interest so that their "financial stake in the litigation provides an adequate incentive for the [Movants] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416. Thus, Movants, in addition to having the largest financial interest, also prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and therefore, satisfy all elements of the Exchange Act's prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## III.     THE COURT SHOULD APPROVE THE BRUMBAUGH
##          PLAINTIFF GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movants have selected

and retained Schiffrin & Barroway, LLP to serve as lead counsel for the Class and Gilman and Pastor, LLP to serve as liaison counsel for the Class.  These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. <u>See</u> Pastor Decl. at Exhibits E and F.

Because there is nothing to suggest that the Movants or their counsel will not fairly and adequately represent the Class, or that the Movants are subject to unique defenses -- which is the <u>only</u> evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint the Brumbaugh Plaintiff Group as lead plaintiffs and approve their selection of Schiffrin & Barroway, LLP as lead counsel for the Class and Gilman and Pastor, LLP as liaison counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Brumbaugh Plaintiff Group as lead plaintiffs; (c) approve Schiffrin & Barroway, LLP as lead counsel for the Class; and (d) approve Gilman and Pastor, LLP as liaison counsel for the Class.

Dated: April 2, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By: /s/David Pastor
David Pastor (BBO # 391000)
Peter A. Lagorio (BBO # 567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone:    (781) 231-7850
Facsimile:    (781) 231-7840

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

**Proposed Lead Counsel**