UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, On Behalf of Herself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>          Defendants. | No. 04-30022-MAP<br><br><u>CLASS ACTION</u> |
| YOSEF STREICHER, On Behalf of Himself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>          Defendants. | No. 04-30026-KPN<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

RON ROGERS AND STEVE ALVAREZ'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO BE APPOINTED LEAD PLAINTIFF
PURSUANT TO SECTION 21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934
AND FOR APPOINTMENT OF LEAD COUNSEL AND LIAISON COUNSEL; REQUEST
FOR ORAL ARGUMENT

RAFAT DAWOD, Individually and On Behalf )     Civil Action No. 04-30029-KPN
of All Others Similarly Situated,          )
                                           )     CLASS ACTION
                          Plaintiff,       )
                                           )
              vs.                          )
                                           )
WAVE SYSTEMS CORPORATION, et al.,          )
                                           )
                          Defendants.      )
_____  )

ALVIN CHESS, Individually and On Behalf of )     Civil Action No. 04-30037-MAP
All Others Similarly Situated,             )
                                           )     CLASS ACTION
                          Plaintiff,       )
                                           )
              vs.                          )
                                           )
WAVE SYSTEMS CORPORATION, et al.,          )
                                           )
                          Defendants.      )
_____  )

MICHAEL D. VICKER, On Behalf of Himself )     Civil Action No. 04-30040-MAP
and All Others Similarly Situated,         )
                                           )     CLASS ACTION
                          Plaintiff,       )
                                           )
              vs.                          )
                                           )
WAVE SYSTEMS CORPORATION, et al.,          )
                                           )
                          Defendants.      )
_____  )

[Caption continued on following page.]

H. MARTIN BOHMAN, On Behalf of Himself )     Civil Action No. 04-30041-MAP
and All Others Similarly Situated,                    )
                                                                          )     CLASS ACTION
                                        Plaintiff,           )
                                                                          )
                        vs.                                      )
                                                                          )
WAVE SYSTEMS CORPORATION, et al.,     )
                                                                          )
                                        Defendants.        )
                                                                          )
_____)
JIMMY SUO, On Behalf of Himself and All    )     Civil Action No. 04-30042-MAP
Others Similarly Situated,                            )
                                                                          )     CLASS ACTION
                                        Plaintiff,           )
                                                                          )
                        vs.                                      )
                                                                          )
WAVE SYSTEMS CORPORATION, et al.,     )
                                                                          )
                                        Defendants.        )
                                                                          )
_____)
JACK SCHULMAN, Individually and On         )     Civil Action No. 04-30043-MAP
Behalf of All Others Similarly Situated,           )
                                                                          )     CLASS ACTION
                                        Plaintiff,           )
                                                                          )
                        vs.                                      )
                                                                          )
WAVE SYSTEMS CORPORATION, et al.,     )
                                                                          )
                                        Defendants.        )
                                                                          )
_____)

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    SUMMARY OF ACTIONS ...................................................................................4

III.   PROCEDURAL BACKGROUND.........................................................................5

IV.   ARGUMENT .........................................................................................................6

     A.     Movant Is the Most Adequate Plaintiff Under the Exchange Act ...........6

           1.     Movant Has the Largest Financial Interest in the Related Actions .............6

           2.     Movant Is Qualified Under Rule 23............................................................7

                a.     Movant's Claims Are Typical of the Claims of the Class ...............8

                b.     The Claims of the Proposed Lead Plaintiff Are Typical of the Claims of the Class ...................................................................9

                c.     The Proposed Lead Plaintiff Will Fairly and Adequately Represent the Interests of the Class ...............................................10

     B.     This Court Should Approve Movant's Choice of Lead Counsel and Liaison Counsel ..................................................................................10

V.     CONCLUSION....................................................................................................11

# TABLE OF AUTHORITIES

**Page**

*Abelson v. Strong*,
   No. 85-0592-S, MDL No. 584, 1987 U.S. Dist. LEXIS 7515
   (D. Mass. July 30, 1987)........................................................................................9

*Adair v. Sorenson*,
   134 F.R.D. 13 (D. Mass. 1991).............................................................................10

*Andrews v. Bechtel Power Corp.*,
   780 F.2d 124 (1st Cir. 1985)..................................................................................10

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) ...................................................................................9

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) ........................................................................6, 7

*In re Bank of Boston Corp. Sec. Litig.*,
   762 F. Supp. 1525 (D. Mass. 1991) .....................................................................8, 9

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...................................................................................6

*In re Lernout & Hauspie Sec. Litig.*,
   138 F. Supp. 2d 39 (D. Mass. 2001) ........................................................................7

*Kinney v. Metro Global Media, Inc.*,
   C.A. No. 99-579 ML, 2002 U.S. Dist. LEXIS 18628
   (D.R.I. Aug. 22, 2002) .............................................................................................8

*Milonas v. Williams*,
   691 F.2d 931 (10th Cir. 1982) .................................................................................8

*Priest v. Zayre Corp.*,
   118 F.R.D. 552 (D. Mass. 1988).............................................................................9

*Randle v. SpecTran*,
   129 F.R.D. 386 (D. Mass. 1988).............................................................................9

*Shields v. Smith*,
   No. C-90-0349 FMS, 1992 U.S. Dist. LEXIS 15718
   (N.D. Cal. Aug. 14, 1992)........................................................................................8

Page

**STATUTES, RULES AND REGULATIONS**

15 U.S.C. §78
    §78j(b) ...............................................................................................4, 9
    §78t(a) ....................................................................................................9
    §78u-4 ................................................................................................1, 2
    §78u-4(a)(3) ....................................................................................*passim*
    §78u-4(a)(3)(I) ..............................................................................6, 7, 10

17 C.F.R. §240
    §240.10b-5 ......................................................................................2, 4, 9

Federal Rules of Civil Procedure
    Rule 23 ..........................................................................................1, 3, 7
    Rule 23(a)..............................................................................................7
    Rule 23(a)(3)......................................................................................8, 9
    Rule 23(a)(4)........................................................................................10


**LEGISLATIVE HISTORY**

141 Cong. Rec. H13700..........................................................................10

## I.    INTRODUCTION

Ron Rogers ("Rogers") and Steve Alvarez ("Alvarez") (collectively, "Movant" or "Proposed Lead Plaintiff"), which purchased on the open market or otherwise acquired Wave Systems Corporation ("Wave Systems" or the "Company") securities between July 31, 2003 and February 4, 2004 ("Class Period"), will, and hereby do, move this Court for an order granting Movant's Motion to Be Appointed Lead Plaintiff Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and for Appointment of Lead Counsel and Liaison Counsel

This motion is brought pursuant to §21D of the Securities Exchange Act of 1934 ("Exchange Act") on the grounds that Movant has timely filed and is the "most adequate plaintiff." In addition, Movant seeks the Court's approval of its selection of Jeffrey W. Lawrence of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") as lead counsel and the appointment of Moulton & Gans, LLP ("Moulton & Gans") as liaison counsel for the class pursuant to §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v).

Presently pending in this District are eight related securities class action lawsuits:[1]

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Sousa v. Wave Systems, et al.* | 04-30022-MAP | 02/04/04 |
| *Streicher v. Wave Systems, et. al.* | 04-30026-MAP | 02/09/04 |
| *Dawod v. Wave Systems, et al.* | 04-30029-MAP | 02/12/04 |
| *Chess v. Wave Systems, et al.* | 04-30037-MAP | 02/20/04 |
| *Vicker v. Wave Systems, et al.* | 04-30040-MAP | 02/23/04 |

---

[1]    There is also one related case pending in the District of New Jersey, *Trebitsch v. Wave Systems, et. al.*, No. 04-266 (JCL). While Movant believes that jurisdiction is proper in this District, in order to preserve Movant's rights, Movant moved for appointment as lead plaintiff in the District of New Jersey as well.

| | | |
|---|---|---|
| *Bohman v. Wave Systems, et al.* | 04-30041-MAP | 02/23/04 |
| *Suo v. Wave Systems, et al.* | 04-30042-MAP | 02/23/04 |
| *Schulman v. Wave Systems, et al.* | 04-30043-MAP | 02/23/04 |

The plaintiffs in each of these actions allege violations of the Exchange Act and Securities and Exchange Commission Rule 10b-5 ("Rule 10b-5") promulgated thereunder, on behalf of those who purchased on the open market or otherwise acquired Wave Systems securities during the Class Period. Movant submits this memorandum of points and authorities in support of its motion for: (a) the appointment of Movant as lead plaintiff; and (b) approval of Movant's choice of lead counsel and liaison counsel to represent the class in the consolidated actions.[2] The combined actual losses of Movant in the relief sought by the class are over $79,000, which Movant believes constitutes the largest financial interest in the relief sought by the class.

Section 21D of the Exchange Act sets forth the procedure for the selection of lead plaintiffs to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that, within 20 days after the date on which a class action is filed under the Private Securities Litigation Reform Act of 1995 ("PSLRA"),

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

---

[2]     Simultaneously with this motion, Movant has moved to consolidate ***all*** of the cases.

Further, §21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice by no later than 90 days after the date of publication; or (b) as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff" and is to presume that the "most adequate plaintiff" to serve as lead plaintiff is the person, ***or group of persons***, that

     a.     has either filed the complaint or made a motion in response to a notice ...;

     b.     in the determination of the court, has the largest financial interest in the relief sought by the class; and

     c.     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii), 15 U.S.C. §78u-4(a)(3)(B)(iii). Movant suffered over $79,000 in losses.

Movant therefore has a very substantial financial interest in the relief sought by the class. Movant also satisfies the requirement of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of the claims of the class, and Movant will fairly and adequately represent the interests of the class, since Movant's interests are clearly aligned with the members of the class, and Movant has retained experienced class counsel to represent the class.

Accordingly, Movant is "the most adequate plaintiff," as defined in the PSLRA, and brings this motion seeking to be appointed lead plaintiffs.

Movant also seeks the Court's approval of the Proposed Lead Plaintiff's choice of Jeffrey W. Lawrence of Milberg Weiss as lead counsel and Moulton & Gans as liaison counsel to represent the class in the consolidated actions.

## II.    SUMMARY OF ACTIONS

These related class actions allege a common course of conduct by a common set of defendants under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. 17 C.F.R §240.10b-5. *See, e.g.,* ¶¶29-35.[3]  The actions name Wave Systems and its officers John E. Bagalay, Steven Sprague ("Sprague") and Gerard T. Feeney ("Feeney") as defendants.  ¶¶9-12.  The class actions are all brought on behalf of all persons who are purchasers of the common stock of Wave Systems during the Class Period (July 31, 2003 through and including February 4, 2004) against Wave Systems and certain of its officers and directors.  ¶1.[4]

Wave Systems manufactures computer security products and services.  ¶2.  During the first half of 2003, Wave Systems' stock traded at approximately $1.00 per share as the Company faced serious cash flow issues and an almost complete lack of a customer base.  ¶19.  In order to inflate Wave System's shares to carry out a private placement and to dump their personal holdings, on July 31, 2003 defendants issued a press release stating that the Company reached an

> [A]greement today with Intel Corporation that will help enable both companies to accelerate the development and deployment of trusted applications and services for safer computing on personal computer platforms.
>
> The agreement will enable Intel to bundle Wave's software and services with a future Intel desktop motherboard, targeted for trusted computing platforms.

¶20.  Similarly, on August 4, 2003, Wave announced a partnership with IBM:

---

[3]     Unless otherwise indicated, all paragraph ("¶") references are to the Class Action Complaint for Violations of the Federal Securities Laws in *Sousa v. Wave Systems Corp., et al,* Case No. 04-30022-MAP, filed February 4, 2004.  Following the appointment of lead plaintiff and entry of an order consolidating the related cases, a consolidated complaint will be filed by the lead plaintiff appointed by the Court, resolving any differences in the complaints.

[4]     Any inconsistencies between complaints of defendants and class periods will be resolved in the consolidated complaint.

Wave's partnership with IBM will significantly help us in our objective to deliver open and interoperable solutions to business customers as trusted computing continues to evolve.

¶22. As a result of these announcements, Wave Systems stock soared from a July 30, 2003 close of

$.84 to an August 5, 2004 close of $4.53, a 540% price increase.  ¶5.

Capitalizing on this gain on August 5, 2003 - defendant Feeney sold 100,000 Wave Systems

shares at $5.00 per share for proceeds of $500,000, cutting his share ownership by 50%. ¶22.  Then,

the following day – August 6, 2003 – defendant Sprague sold 150,000 shares at between $3.14 and

$3.47 per share for proceeds of $492,636, cutting his share ownership by 20%.  ¶23.

However, on December 18, 2003, the Company issued a press release entitled "Wave

Systems Notified of SEC Investigation" which stated:

> Wave Systems Corp. today reported that the Securities and Exchange Commission has commenced a formal investigation into certain matters related to Wave.  The SEC's investigative order, received by Wave on December 17, 2003, relates to certain public statements made by Wave during and around August 2003, as well as certain trading in Wave's securities during such time.

¶26.

Indeed, Wave Systems had not, in fact, entered into any meaningful agreements with Intel or

IBM but rather announced that: a) the Company's announced relationship with IBM would result in

no direct revenue for Wave; b) that the Company's announced relationship with Intel was immaterial

as it would not generate any foreseeable revenues; and c) that the Intel contract did not require Intel

to purchase anything.  ¶28.  The stock now trades at approximately $1.50 per share.  As a result,

plaintiffs have been damaged pursuant to federal securities laws.  ¶33.

## III.    PROCEDURAL BACKGROUND

On February 4, 2004, the *Sousa* action was filed and a notice was published.  Pursuant to

§21D(a)(3)(A)(i) of the Exchange Act, the *Sousa* plaintiff published the notice to class members on

February 4, 2004, on *Business Wire*, whereby it advised those who purchased or otherwise acquired

Wave Systems securities of the *Sousa* class action.  *See* Affidavit of Nancy Gans ("Gans Aff."),

Exhibit ("Ex.") A.  Thus, the notice requirement of the PSLRA was satisfied.  *Greebel v. FTP*

*Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996).

The Exchange Act, as amended by the PSLRA, requires early notice to advise class members

of their right to move this Court to be appointed lead plaintiff within 60 days of publication.  Movant

has filed this motion prior to the expiration of the 60-day period from the publication of the *Sousa*

notice.  Further, §21D(a)(3)(B) requires the Court to decide this motion (a) within 90 days from the

date of early notice publication; or (b) as soon as practicable after deciding plaintiff's motion to

consolidate cases for all purposes, filed concurrently with this motion, whichever is later.

## IV.    ARGUMENT

### A.    Movant Is the Most Adequate Plaintiff Under the Exchange Act

#### 1.    Movant Has the Largest Financial Interest in the Related Actions

The "most adequate plaintiff" provision of the PSLRA provides that a Court:

> [S]hall appoint as lead plaintiff the ***member or members*** of the purported plaintiff
> class that the court determines to be most capable of adequately representing the
> interests of class members (hereafter in this paragraph referred to as the "most
> adequate plaintiff") in accordance with this subparagraph.

Section 21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B)(i) (emphasis added).  Moreover, the Exchange

Act, as amended by the PSLRA, requires a court to adopt a rebuttable ***presumption*** that:

> [T]he most adequate plaintiff in any private action arising under this chapter is the
> ***person or group of persons*** that –
>
>                    *        *        *
>
> (bb)    in the determination of the court, has the largest financial interest in the relief
>           sought by the class ....

Section 21D(a)(3)(B)(iii)(I)(bb);  15  U.S.C.  §78u-4(a)(3)(B)(iii)(I)  (emphasis  added);  *In  re*

*Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) (holding that the proposed lead plaintiff with the largest

- 6 -

financial interest is the presumptive lead plaintiff).  Movant, which has suffered $79,000 in losses, believe it has the largest financial interest in the relief sought by the class.  Gans Aff., Exs. B & C. During the Class Period, Movant purchased on the open market or otherwise acquired Wave Systems securities at prices artificially inflated by defendants' false and misleading statements and have over $79,000 in losses.  Gans Aff., Exs. B & C.  Movant is therefore entitled to the presumption of "most adequate plaintiff."  A *"member or members"* of the class or a *"person or group of persons"* may combine to constitute "the largest financial interest" and thereby jointly serve as the "most adequate plaintiff."  15 U.S.C. §78-u-4(a)(3)(B)(iii)(I); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39 (D. Mass. 2001); *Greebel*, 939 F. Supp. at 64-65.

In addition, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them.  *See* the firm résumés of Milberg Weiss and Moulton & Gans, attached as Exs. D & E to the Gans Aff.

Therefore, the Proposed Lead Plaintiff satisfies the prerequisites for appointment as lead plaintiff pursuant to §21D(a)(3)(B).

### 2.    Movant Is Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff or plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class.

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying the appointment of Movant as lead plaintiff.

**a.** **Movant's Claims Are Typical of the Claims of the Class**

The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) their claims are based on the same legal issues. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982); *Kinney v. Metro Global Media, Inc.*, C.A. No. 99-579 ML, 2002 U.S. Dist. LEXIS 18628, at *6 (D.R.I. Aug. 22, 2002); *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991); *Shields v. Smith*, No. C-90-0349 FMS, 1992 U.S. Dist. LEXIS 15718, at **12-16 (N.D. Cal. Aug. 14, 1992). The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include the following:

(a)    Whether the federal securities laws were violated by defendants;

(b)    Whether defendants omitted and/or misrepresented material facts;

(c)    Whether defendants knew, had reason to know or recklessly disregarded that their statements were false and misleading or failed to have a reasonable basis for those statements;

(d)    Whether the price of Wave Systems stock was artificially inflated during the Class Period; and

(e)    The extent of damages sustained by class members and the appropriate measure of damages.

There is a well-defined community of interest in the questions of law and fact involved in this case. Thus, the claims asserted by the Proposed Lead Plaintiff are typical of the claims of the members of the proposed class. Movant alleges, as do the members of the class, that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements about Wave Systems during the Class Period. Movant acquired Wave Systems securities at prices inflated by defendants' misrepresentations and omissions and was damaged thereby. Typicality

- 8 -

exists here because the claims asserted by Movant are based on the same legal theory and arise

"from the same events or course of conduct as do the injuries that form the basis of the class claims."

*Bank of Boston*, 762 F. Supp. at 1532 (citations omitted); *accord Blackie v. Barrack*, 524 F.2d 891,

902-03 n.19 (9th Cir. 1975).

### b. The Claims of the Proposed Lead Plaintiff Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied where "the plaintiff's injuries arise

from the same events or course of conduct as do the injuries that form the basis of the class claims,

and when the plaintiff's claims and those of the class are based on the same legal theory." *Bank of

Boston*, 762 F. Supp. at 1532.

Case law also establishes that "the burden on plaintiffs in proving typicality is not 'very

substantial.'" *Abelson v. Strong*, No. 85-0592-S, MDL No. 584, 1987 U.S. Dist. LEXIS 7515, at *8

(D. Mass. July 30, 1987) (citations omitted). As Judge Keeton explained:

> In order to meet the typicality requirement of Rule 23(a)(3) "plaintiffs need not show
> substantial identity between their claims and those of absent class members, but need
> only show that their claims arise from the same course of conduct that gave rise to
> the claims of absent members. The question is simply whether a named plaintiff, in
> presenting his case, will necessarily present the claims of the absent plaintiffs."

*Randle v. SpecTran*, 129 F.R.D. 386, 391 (D. Mass. 1988) (citing *Priest v. Zayre Corp.*, 118 F.R.D.

552, 554 (D. Mass. 1988)).

The claims asserted by the Proposed Lead Plaintiff are typical of, if not identical to, the

claims of the other members of the class. The complaints allege violations of §10(b) and §20(a) of

the Exchange Act and Rule 10b-5 promulgated thereunder for the public dissemination of false and

misleading statements and the failure to disclose known material facts. The complaints further

allege that the Proposed Lead Plaintiff, like all members of the class, relied upon the integrity of the

market in purchasing Wave Systems securities during the Class Period. Thus, typicality is satisfied.

- 9 -

c.    **The Proposed Lead Plaintiff Will Fairly and Adequately Represent the Interests of the Class**

In *Adair v. Sorenson*, 134 F.R.D. 13 (D. Mass. 1991), the Court summarized the adequacy of representation test of Rule 23(a)(4) as follows:

> "The 'two basic guidelines for meeting the adequacy of representation standard of Rule 23(a)(4) are: (1) the absence of potential conflict between the named plaintiff and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.'"

*Id*. at 18 (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Movant satisfies this two-part test. There is no potential conflict between Movant and the class as all are aligned in the common interest of recovering their damages from defendants. As detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed class, and Movant's claims are typical of the members of the class. Movant has amply demonstrated Movant's adequacy as class representative by signing certifications, filed with the Court, affirming Movant's willingness to serve as and assume the responsibilities of class representative. Gans Aff., Ex. B. In addition, Movant has selected counsel highly experienced in prosecuting securities class actions to represent them. The firms will vigorously prosecute this litigation on behalf of the class. Gans Aff., Exs. D & E.

Accordingly, the Proposed Lead Plaintiff meets the requirements of §21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act and should be appointed lead plaintiff.

B.    **This Court Should Approve Movant's Choice of Lead Counsel and Liaison Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* §21D(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See* 141 Cong. Rec. H13700 (daily ed. Nov. 28, 1995). Movant has selected Jeffrey W. Lawrence of Milberg Weiss to

- 10 -

serve as lead counsel and Moulton & Gans to serve as liaison counsel. These firms possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Gans Aff., Exs. D & E. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## V.    CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (a) appoint Rogers and Alvarez as lead plaintiff in the above-captioned actions, pursuant to §21D(a)(3)(B); and (b) approve Movant's choice of Jeffrey W. Lawrence of Milberg Weiss as lead counsel and Moulton & Gans as liaison counsel for the class.

DATED: April 5, 2004

Respectfully submitted,

MOULTON & GANS, P.C.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above
document was served upon the attorney of record
for each party by mail on April 5, 2004.

\S\ NANCY FREEMAN GANS
NANCY FREEMAN GANS

\S\ NANCY FREEMAN GANS
NANCY FREEMAN GANS, BBO #184540

33 Broad Street, Suite 1100
Boston, MA  02109
Telephone:  617/369-7979
617/369-7980 (fax)

[Proposed] Liaison Counsel

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
JEFFREY W. LAWRENCE
STANLEY S. MALLISON
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

- 11 -

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

T:\casesSF\wave Systems\BRF00008096.doc

<u>DECLARATION OF SERVICE BY FEDERAL EXPRESS AND FACSIMILE</u>

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.    That on April 5, 2004, declarant served the **RON ROGERS AND STEVE ALVAREZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE APPOINTED LEAD PLAINTIFF PURSUANT TO SECTION 21D(A)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPOINTMENT OF LEAD COUNSEL AND LIAISON COUNSEL; REQUEST** by depositing a true copy by Federal Express in San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant also served the parties by facsimile.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of April, 2004, at San Francisco, California.

\S\ DEBORAH DASH
_____
DEBORAH DASH

WAVE SYSTEMS (Mass)

Service List - 4/2/2004    (04-0046M)

Page 1 of  3

**Counsel For Defendant(s)**

Robert A. Buhlman
Eunice E. Lee
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
  617/951-8000
  617/951-8736 (Fax)

**Counsel For Plaintiff(s)**

Jeffrey C. Block
Michael T. Matraia
Leslie R. Stern
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02109
  617/542-8300
  617/542-1194 (Fax)

Sandy A. Liebhard
Joseph R. Seidman, Jr.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY  10016
  212/779-1414
  212/779-3218 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Cauley Geller Bowman & Rudman, LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

David  Pastor
Gilman And Pastor, L.L.P.
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA  01906
  781/231-7850
  781/231-7840 (Fax)

Jonathan M. Plasse
Christopher J. Keller
Goodkind Labaton Rudoff & Sucharow, LLP
100 Park Avenue, 12th Floor
New York, NY  10017-5563
  212/907-0700
  212/818-0477 (Fax)

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
260 Madison Avenue, 19th Floor
New York, NY  10016
  212/696-1212
  212/679-8998 (Fax)

WAVE SYSTEMS (Mass)
Service List - 4/2/2004    (04-0046M)
Page 2 of 3

Deborah R. Gross
Susan R. Gross
Law Offices Bernard M. Gross, P.C.
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
    215/561-3600
    215/561-3000 (Fax)

Charles J. Piven
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street, Suite 2525
Baltimore, MD  21202
    410/332-0030
    410/685-1300 (Fax)

Marjorie A. McKeithen
McKeithen, McKeithen & Bohman
10771 Perkins Road, First Floor
Baton Rouge, LA  70810
    225/766-6500

Jeffrey W. Lawrence
Stanley S. Mallison
Milberg Weiss Bershad Hynes & Lerach LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
    415/288-4545
    415/288-4534 (Fax)

William S. Lerach
Darren J. Robbins
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
    619/231-1058
    619/231-7423 (Fax)

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA  02109
    617/369-7979
    617/369-7980 (Fax)

Susan E. Stenger
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA  02108-3106
    617/854-4000
    617/854-4040 (Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
    610/667-7706
    610/667-7056 (Fax)

WAVE SYSTEMS (Mass)

Service List - 4/2/2004    (04-0046M)

Page 3 of 3

Thomas G. Shapiro
Theodore M. Hess-Mahan
Shapiro Haber & Urmy, LLP
75 State Street
Boston, MA  02109
  617/439-3939
  617/439-0134 (Fax)

Jules  Brody
Aaron L. Brody
Tzivia  Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY  10017
  212/687-7230
  212/490-2022 (Fax)

Robert I. Harwood
Jeffrey M. Norton
Wechsler Harwood LLP
488 Madison Avenue, 8th Floor
New York, NY  10022
  212/935-7400
  212/753-3630 (Fax)

Eduard  Korsinsky
Zimmerman, Levi & Korsinsky, LLP
39 Broadway, Suite 1440
New York, NY  10006
  212/363-7500
  212/363-7171 (Fax)