UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, On Behalf of Herself and All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>              Defendants. | No. 04-30022-MAP<br><br>**<u>CLASS ACTION</u>** |
| YOSEF STREICHER, On Behalf of Himself and All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>              Defendants. | No. 04-30026-KPN<br><br>**<u>CLASS ACTION</u>** |

[Caption continued on following page.]

RON ROGERS' AND STEVE ALVAREZ'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES FOR ALL
PURPOSES AND FOR AN ORDER REQUIRING PRESERVATION OF DOCUMENTS

| | |
|---|---|
| RAFAT DAWOD, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 04-30029-KPN<br><br><u>CLASS ACTION</u> |
| ALVIN CHESS, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 04-30037-MAP<br><br><u>CLASS ACTION</u> |
| MICHAEL D. VICKER, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 04-30040-MAP<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | |
|---|---|
| H. MARTIN BOHMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>                  Defendants. | Civil Action No. 04-30041-MAP<br><br>CLASS ACTION |
| JIMMY SUO, On Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>                  Defendants. | Civil Action No. 04-30042-MAP<br><br>CLASS ACTION |
| JACK SCHULMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>                  Defendants. | Civil Action No. 04-30043-MAP<br><br>CLASS ACTION |

**I.    INTRODUCTION**

Presently pending in this district are eight related securities class action lawsuits:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Sousa v. Wave Systems Corp., et al.* | 04-30022-MAP | 02/04/04 |
| *Streicher v. Wave Systems Corp., et al.* | 04-30026-MAP | 02/09/04 |
| *Dawod v. Wave Systems Corp., et al.* | 04-30029-MAP | 02/12/04 |
| *Chess v. Wave Systems Corp., et al.* | 04-30037-MAP | 02/20/04 |
| *Vicker v. Wave Systems Corp., et al.* | 04-30040-MAP | 02/23/04 |
| *Bohman v. Wave Systems Corp., et al.* | 04-30041-MAP | 02/23/04 |
| *Suo v. Wave Systems Corp., et al.* | 04-30042-MAP | 02/23/04 |
| *Schulman v. Wave Systems Corp., et al.* | 04-30043-MAP | 02/23/04 |

Ron Rogers ("Rogers") and Steve Alvarez ("Alvarez") (collectively, "Movant" or "Proposed Lead Plaintiff") move the Court to consolidate for all purposes the above-referenced actions and any related case later filed in this Court or otherwise transferred or removed to this Court pursuant to Rule 42 of the Federal Rules of Civil Procedure because each action is virtually identical and raises common questions of fact and law.

**II.    SUMMARY OF ACTIONS**

These related class actions allege a common course of conduct by a common set of defendants under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 ("Rule 10b-5") promulgated thereunder. 17 C.F.R §240.10b-5; *see*, *e.g.*, ¶¶29-35.[1]  The actions name Wave Systems Corporation ("Wave

---

[1]    Unless otherwise indicated, all paragraph ("¶") references are to the Class Action Complaint for Violations of the Federal Securities Laws in *Sousa v. Wave Systems Corp., et al.*, Case No. 04-30022-MAP filed February 4, 2004. Following the appointment of lead plaintiff and entry of an

Systems" or the "Company") and its officers John E. Bagalay, Jr., Steven K. Sprague ("Sprague") and Gerard T. Feeney ("Feeney") as defendants. ¶¶9-12.  The class actions are all brought on behalf of all persons who were purchasers of common stock of Wave Systems during the period between July 31, 2003 and February 2, 2004 (the "Class Period"). ¶1.[2]

Wave Systems manufactures computer security products and services. ¶2.  During the first half of 2003, Wave Systems' stock traded at approximately $1.00 per share as the Company faced serious cash flow issues and an almost complete lack of a customer base. ¶19.  In order to inflate Wave Systems' shares to carry out a private placement and to dump their personal holdings, on July 31, 2003 defendants issued a press release stating that it reached an:

> [A]greement today with Intel Corporation that will help enable both companies to accelerate the development and deployment of trusted applications and services for safer computing on personal computer platforms.
>
> The agreement will enable Intel to bundle Wave's software and services with a future Intel desktop motherboard, targeted for trusted computing platforms.

¶20.  Similarly, on August 4, 2003, Wave Systems announced a partnership with IBM:

> Wave's partnership with IBM will significantly help us in our objective to deliver open and interoperable solutions to business customers as trusted computing continues to evolve.

¶21.  As a result of these announcements, Wave Systems stock soared from a July 30, 2003 close of $0.84 to an August 4, 2003 close of $4.53, a 540% price increase.  ¶5.

Capitalizing on this gain on August 5, 2003 – defendant Feeney sold 100,000 Wave Systems shares at $5.00 per share for proceeds of $500,000 cutting his ownership by 50%. ¶22.  Then, the

---

order consolidating the related cases, a consolidated complaint will be filed by the lead plaintiffs appointed by the Court, resolving any differences in the complaints.

[2]    Any inconsistencies between complaints of defendants and class periods will be resolved in the consolidated complaint.

following day – August 6, 2003 – defendant Sprague sold 150,000 shares at between $3.14 per share and $3.47 per share for proceeds of $492,636 cutting his share ownership by 20%. ¶23.

However, on December 18, 2003, the Company issued a press release entitled "Wave Systems Notified of SEC Investigation" which stated:

> Wave Systems Corp. today reported that the Securities and Exchange Commission has commenced a formal investigation into certain matters related to Wave. The SEC's investigative order, received by Wave on December 17, 2003, relates to certain public statements made by Wave during and around August 2003, as well as certain trading in Wave's securities during such time.

¶26.

Indeed, Wave Systems had not, in fact, entered into any meaningful agreements with Intel or IBM but rather: a) that Company's announced relationship with IBM would result in no direct revenue for Wave Systems; b) that the Company's announced relationship with Intel was immaterial as it would not generate any foreseeable revenues; and c) that the Intel contract did not require Intel to purchase anything. ¶28. The stock now trades at approximately $1.50 per share. As a result, plaintiffs have been damaged pursuant to federal securities laws. ¶33.

### III.   ARGUMENT

#### A.   This Court Should Consolidate the Eight Related Lawsuits for Purposes of Efficiency

Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This Court has the discretion to consolidate cases relating to the same subject matter and any related case later filed in this Court or otherwise transferred or removed to this Court. *Seguro de*

*Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989); *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001).

The eight actions pending before this Court present virtually identical factual and legal issues, and each names Wave Systems and virtually the same officers and directors as defendants. All eight lawsuits are based on the same facts and involve the same subject matter. The same discovery will be relevant to all lawsuits.

Each of the eight actions alleges violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. The following common questions of law and fact are present in all eight actions:

1. Whether the federal securities laws were violated by defendants' acts as alleged herein;

2. Whether the statements disseminated to the investing public and securities markets by defendants misrepresented and/or omitted material facts necessary to make the statements not misleading;

3. Whether defendants knew or had reasonable grounds to believe that their statements were false and misleading;

4. Whether the market price of Wave Systems' securities during the Class Period was artificially inflated due to the misrepresentations and/or non-disclosures alleged; and

5. The extent of damages suffered by members of the class.

Because these lawsuits concern virtually identical legal and factual issues and name similar defendants, plaintiffs request that this Court consolidate these eight actions into one action for all purposes.

In fact, courts have consistently recognized that securities class actions are, in particular, ideally suited to consolidation pursuant to Fed. R. Civ. P. 42, because their unification expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (citing *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973)). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties. Moreover, consolidation will reduce the confusion and delay that may result from prosecuting related class action cases separately. *Id*.

Consolidation of related actions is proper and appropriate even if the defendants named are not identical and the alleged class periods differ. In granting a motion for consolidation, the court in *Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807 (S.D.N.Y. 1978) stated:

> Indeed, this action and *Desimone* differ only in that (1) plaintiff here purchased Syntex options rather than Syntex common stock, (2) the putative class period here is slightly shorter than that in *Desimone*, and (3) three individual defendants named in *Desimone* are not named here. The legal and factual issues in both actions are otherwise identical. We, therefore, conclude that the two suits involve "common question[s] of law or fact."

*Id*. at 812 (citation omitted). Similarly, in *In re Food Fair Sec. Litig.*, 465 F. Supp. 1301 (J.P.M.L. 1979), the Judicial Panel on Multidistrict Litigation found that related cases which include class action allegations, which differed only in purported length of the class period, involve common questions of law and fact and may properly be transferred and consolidated.

> B. **The Private Securities Litigation Reform Act Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff**

On December 22, 1995, Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA" or the "Reform Act"), which, among other things, provides for consolidation of actions. The Reform Act provides, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(i)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

The PSLRA sets up a two-step process where more than one action on behalf of a class asserting virtually the same claims has been filed. The Court "shall" first decide the consolidation issue and thereafter decide the lead plaintiff issue "[a]s soon as practicable" after the consolidation motion has been decided. *Id*.

Plaintiffs urge the Court to resolve the consolidation motion as soon as practicable and consolidate these eight related actions under the lowest case number. A prompt determination is reasonable and warranted under Fed. R. Civ. P. 42(a), given the common questions of fact and law presented by the eight related actions now pending in this district.

> C. **This Court Should Order the Preservation of Documents**

Through this motion, Rogers and Alvarez also request that the Court order the preservation of documents relating to the consolidated actions in accordance with 15 U.S.C. §78u-4(b)(3)(C)(i) both prior to and after the filing of any motion to dismiss. In complex securities cases involving companies with numerous employees, such an order is appropriate and will prevent the loss of key documents, whether through inadvertence or otherwise.

## IV.  CONCLUSION

For the above reasons and in order to promote judicial economy, plaintiffs respectfully request that the Court consolidate the above-referenced related actions and order the preservation of documents.

DATED:  April 5, 2004

Respectfully submitted,

MOULTON & GANS, P.C.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on April 5, 2004.

\S\ NANCY FREEMAN GANS
NANCY FREEMAN GANS

\S\ NANCY FREEMAN GANS
NANCY FREEMAN GANS, BBO #184540

33 Broad Street, Suite 1100
Boston, MA  02109
Telephone:  617/369-7979
617/369-7980 (fax)

[Proposed] Liaison Counsel

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
JEFFREY W. LAWRENCE
STANLEY S. MALLISON
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

T:\casesSF\wave Systems\BRF00008093.doc

- 7 -

- 8 -

DECLARATION OF SERVICE BY FEDERAL EXPRESS AND FACSIMILE

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.      That on April 5, 2004, declarant served the **RON ROGERS' AND STEVE ALVAREZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES FOR ALL PURPOSES AND FOR AN ORDER REQUIRING PRESERVATION OF DOCUMENTS** by depositing a true copy by Federal Express in San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant also served the parties by facsimile.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of April, 2004, at San Francisco, California.

                                        \S\ DEBORAH DASH
                                        DEBORAH DASH

WAVE SYSTEMS (Mass)

Service List - 4/2/2004   (04-0046M)

Page 1 of 3

### Counsel For Defendant(s)

Robert A. Buhlman
Eunice E. Lee
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
   617/951-8000
   617/951-8736 (Fax)

### Counsel For Plaintiff(s)

Jeffrey C. Block
Michael T. Matraia
Leslie R. Stern
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02109
   617/542-8300
   617/542-1194 (Fax)

Sandy A. Liebhard
Joseph R. Seidman, Jr.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY  10016
   212/779-1414
   212/779-3218 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Cauley Geller Bowman & Rudman, LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

David Pastor
Gilman And Pastor, L.L.P.
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA  01906
   781/231-7850
   781/231-7840 (Fax)

Jonathan M. Plasse
Christopher J. Keller
Goodkind Labaton Rudoff & Sucharow, LLP
100 Park Avenue, 12th Floor
New York, NY  10017-5563
   212/907-0700
   212/818-0477 (Fax)

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
260 Madison Avenue, 19th Floor
New York, NY  10016
   212/696-1212
   212/679-8998 (Fax)

WAVE SYSTEMS (Mass)

Service List - 4/2/2004    (04-0046M)

Page 2 of 3

Deborah R. Gross
Susan R. Gross
Law Offices Bernard M. Gross, P.C.
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
   215/561-3600
   215/561-3000 (Fax)

Charles J. Piven
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street, Suite 2525
Baltimore, MD  21202
   410/332-0030
   410/685-1300 (Fax)

Marjorie A. McKeithen
McKeithen, McKeithen & Bohman
10771 Perkins Road, First Floor
Baton Rouge, LA  70810
   225/766-6500

Jeffrey W. Lawrence
Stanley S. Mallison
Milberg Weiss Bershad Hynes & Lerach LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534 (Fax)

William S. Lerach
Darren J. Robbins
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
   619/231-1058
   619/231-7423 (Fax)

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA  02109
   617/369-7979
   617/369-7980 (Fax)

Susan E. Stenger
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA  02108-3106
   617/854-4000
   617/854-4040 (Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
   610/667-7706
   610/667-7056 (Fax)

WAVE SYSTEMS (Mass)
Service List - 4/2/2004    (04-0046M)
Page 3 of 3

Thomas G. Shapiro
Theodore M. Hess-Mahan
Shapiro Haber & Urmy, LLP
75 State Street
Boston, MA  02109
   617/439-3939
   617/439-0134 (Fax)

Jules Brody
Aaron L. Brody
Tzivia Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY  10017
   212/687-7230
   212/490-2022 (Fax)

Robert I. Harwood
Jeffrey M. Norton
Wechsler Harwood LLP
488 Madison Avenue, 8th Floor
New York, NY  10022
   212/935-7400
   212/753-3630 (Fax)

Eduard Korsinsky
Zimmerman, Levi & Korsinsky, LLP
39 Broadway, Suite 1440
New York, NY  10006
   212/363-7500
   212/363-7171 (Fax)