# EXHIBIT D

# MILBERG WEISS BERSHAD HYNES & LERACH LLP

## THE FIRM'S PRACTICE AND ACHIEVEMENTS

MILBERG WEISS BERSHAD HYNES & LERACH LLP is a 187-lawyer firm with offices in New York, San Diego, San Francisco, Los Angeles, Boca Raton, Seattle and Philadelphia *(www.milberg.com)*. The firm, which Melvyn I. Weiss and Lawrence Milberg founded in 1965, has grown to become the nation's largest law firm whose practice is focused on class action litigation. Its growth has come not through acquisition of other firms, but by attracting experienced attorneys, some who left partnerships at firms, others who came from federal, state and local law enforcement and regulatory agencies. The firm has been actively engaged in commercial litigation, emphasizing securities, consumer, insurance, healthcare, human rights, employment discrimination and antitrust class actions for 35 years. Milberg Weiss also has an active corporate and securities law practice.

The firm's reputation for excellence has been recognized on repeated occasions by courts that have appointed it to major positions in complex multi-district or consolidated litigations. In short, Milberg Weiss has successfully prosecuted thousands of class action lawsuits, has taken a lead role in numerous complex litigations on behalf of defrauded investors, consumers and companies, as well as victims of World War II human rights violations, and has been responsible for more than $30 billion in recoveries.

## JUDICIAL COMMENDATIONS

Milberg Weiss has been commended by countless judges all over the country for the quality of its representation in class action lawsuits. In *Transamerica*, Judge Danielson made it a point to comment on the professionalism of Milberg Weiss:

> It would be hard to imagine what question I could come up with that I haven't already seen the information that I needed in the submissions that have been made to this Court. I can't remember anything so thoroughly and professionally handled in the 20-some odd years that I've been involved in the law. It is interesting to see law practiced honorably. And I think all of the lawyers who have involved themselves in this case can be very proud of their profession.

*See Gordon v. Transamerica Occidental Life Ins. Co.,* Hearing Transcript dated June 26, 1997, at 39:3-12.

In *Prudential*, in approving the settlement of a nationwide class action against a life insurer for deceptive sales practices, Judge Wolin observed:

> [T]he results achieved by plaintiffs' counsel in this case in the face of significant legal, factual and logistical obstacles and formidable opposing counsel, are nothing short of remarkable.
>
> *   *   *
>
> Finally, the standing and professional skill of plaintiffs' counsel, in particular Co-Lead Counsel, is high and undoubtedly furthered their ability to negotiate a valuable settlement and argue its merits before this Court. Several members of plaintiffs' counsel are leading attorneys in the area of class action litigation.

*In re Prudential Ins. Co. Sales Practices Litig.*, 962 F. Supp. 572, 585-86 (D.N.J. 1997), *vacated on other grounds*, 148 F.3d 283 (3d Cir. 1998). Milberg Weiss was co-lead counsel in this litigation. At the Fairness Hearing in *Prudential*, Judge Wolin stated that "there is **no doubt** that Class Counsel have prosecuted the interests of the class members with the utmost vigor and expertise." *In re Prudential Ins. Co. Sales Practices Litig.*, 962 F. Supp. 450, 519 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998) (emphasis added).

When she appointed Milberg Weiss as lead counsel for Enron securities purchasers, Judge Harmon commented:

> In reviewing the extensive briefing submitted regarding the Lead Plaintiff/Lead Counsel selection, the Court has found that the submissions of Milbank [sic] Weiss Bershad Hynes and Lerach LLP stand out in the breadth and depth of its research and insight. Furthermore, Mr. Lerach has justifiably "beat his own drum" in demonstrating the role his firm has played thus far in zealously prosecuting this litigation on Plaintiffs' behalf.

*In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002).

In *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998), in an opinion dated November 9, 1998, approving settlements totaling over $1.027 billion, the court commented:

> Counsel for the Plaintiffs [Milberg Weiss] are preeminent in the field of class action litigation, and the roster of counsel for the Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties in this action achieved.

In approving a $100 million settlement in *In re Prudential Securities Limited Partnerships Litig.*, 912 F. Supp. 97, 101 (S.D.N.Y. 1996), for which Milberg Weiss was one of the lead counsel, Judge Pollack noted that he had "the opportunity at first hand to observe the quality of plaintiffs' class counsel's representation, both here and in prior complex litigation, and [was] impressed with the quality of plaintiffs' class counsel."

In his opinion on class certification, Judge Chesler noted:

> The firm of Milberg Weiss Bershad Hynes & Lerach LLP, which is co-lead counsel for the plaintiff, was also counsel for the plaintiff class in the *Prudential* case. Thus, the adequacy of the plaintiff's representation is beyond reproach. Furthermore, the tremendous and unprecedented settlements which the Milberg firm has helped to secure for the plaintiff classes in both this case and the *Prudential* case are a testament to counsel's vigorous pursuit of the class interests.

*See Roy v. The Independent Order of Foresters*, Civ. No. 97-6225 (SRC), slip op. at 32 (D.N.J. August 3, 1999).

At the Settlement Hearing in the *Chipcom* litigation, for which Milberg Weiss was counsel, Judge Woodlock remarked:

> [I]t seems to me that the level of legal services, the quality of legal services, the attention to the case on behalf of the plaintiffs, and ultimately plaintiffs' class, was really very high quality and ought to be recognized by an appropriately high percentage figure here.

Of course, I disagree on the merits of the case. That is not, however, to say that I disagree with the quality of the lawyering or disregarded the quality of the lawyering or thought that the quality of the lawyering was not at the highest level. To the contrary, I thought it was at the highest level and that ought also to be reflected here.

*See Nappo v. Chipcom Corp.*, CA-95-11114-WD (D. Mass.), Settlement Hearing Transcript dated June 26, 1997, at 13-14.

## NOTABLE CLIENTS

**Public Fund Clients**

- University of California Retirement System. Milberg Weiss has been retained by the University of California Retirement System to pursue class actions against Dynegy and Enron. The University of California Retirement System serves as lead plaintiff in both actions. The Retirement System has also retained Milberg Weiss to pursue a private action against AOL Time Warner.

- California Public Employees Retirement System. Milberg Weiss has been selected by CalPERS, the nation's largest public investment fund, with over $150 billion in assets under management, to serve as outside counsel for securities class action and derivative litigation.

- CalSTRS. Milberg Weiss has been retained by CalSTRS, a $110 billion fund representing the retirement savings of thousands of California teachers, in a case against WorldCom.

- The New York State Retirement System. Milberg Weiss was selected by the New York State Comptroller to serve as special counsel for securities class action and derivative litigation.

- The New York Common Retirement Fund serves as lead plaintiff in the Raytheon securities litigation. The Fund has also been involved in other securities litigation.

- New Hampshire Retirement System. Milberg Weiss has been selected by the State of New Hampshire, with over $5 billion in assets under management, to serve as outside counsel for securities class action and derivative litigation.

- The Louisiana Quality Education Trust. Milberg Weiss has been retained by this firm as special outside counsel for securities class action and derivative litigation. Milberg Weiss was selected for this position by Louisiana's current state treasurer, Honorable John N. Kennedy, and the state attorney general, Honorable Richard P. Ieyoub.

- City of Birmingham (Ala.). Milberg Weiss represents the City of Birmingham, the lead plaintiff in a federal securities class action against Mattel Corporation. The case was settled for $122 million.

- The Cities of San Francisco, Los Angeles, Birmingham (Ala.) and fourteen counties in California in connection with claims filed against big tobacco companies for conspiracy to hide the truth regarding the damages related to smoking. In connection with this litigation, Milberg Weiss has also worked closely with the attorneys general of several states, including the State of California.

- Alaska State Public Investment Board. Milberg Weiss was retained as panel counsel in September 2002.

- The City of South San Francisco. Milberg Weiss represents the City of South San Francisco in litigation regarding losses suffered from the purchase of WorldCom bonds.

- Los Angeles County Employees Retirement Association (LACERA). Milberg Weiss represents LACERA, a $17 billion fund, in litigation regarding losses suffered by LACERA from purchases of WorldCom bonds.

- San Diego City Employees Retirement System.

- San Diego County Employees Retirement System. Milberg Weiss represents San Diego County Employees Retirement System, a $5 billion fund, representing the retirement savings of San Diego County workers.

- Illinois Teachers Retirement System, Illinois Municipal Retirement Fund, Illinois State Board of Investment. Milberg Weiss represents these large retirement funds in litigation against WorldCom stemming from the funds' losses on WorldCom bonds.

- State Universities Retirement System of Illinois. Milberg Weiss represents the State Universities Retirement System of Illinois in litigation regarding losses suffered from purchases of WorldCom bonds and represents the fund in an action against Cable & Wireless.

- The Maryland-National Capital Park and Planning Commission Employees' Retirement System.

- Minnesota State Board of Investment. Milberg Weiss represents this $50 billion fund in litigation stemming from the fund's purchase of WorldCom bonds.

- Montana Board of Investments. Milberg Weiss represents Montana Board of Investments in a soon-to-be-filed case stemming from the fund's purchase of WorldCom bonds.

- New Hampshire Retirement System. Milberg Weiss represents the New Hampshire Retirement System, a $5 billion fund. The New Hampshire Retirement System is lead plaintiff and Milberg Weiss is lead plaintiff's counsel in securities litigation against AT&T Corporation.

- Tennessee Consolidated Retirement System. Milberg Weiss has been retained as counsel to bring cases stemming from the fund's losses on WorldCom bonds.

- Washington State Investment Board. The Washington State Investment Board serves as a named plaintiff in the Enron litigation and is also seeking recovery stemming from losses on the WorldCom bonds.

- West Virginia Investment Management Board. Milberg Weiss represents the West Virginia Investment Management Board in litigation stemming from the Board's losses as a result of purchases of WorldCom bonds. Milberg Weiss also represents the Board in actions against Cable & Wireless and EDS.

- Milwaukee Employees Retirement System. Milberg Weiss represents the Milwaukee Employees Retirement System in litigation involving the fund's losses on WorldCom bonds.

- State of Wisconsin Investment Board. Milberg Weiss represents this fund in actions related to purchases of WorldCom bonds and in a case against AOL Time Warner.

**Taft-Hartley Clients**

- Amalgamated Bank (Long View Fund). Milberg Weiss is retained by Amalgamated Bank to advise and represent its $7.2 billion Long View Fund on securities fraud and corporate government matters.

- ILGWU National Retirement Fund, UNITE Staff Retirement Plan, ILGWU Eastern States Health and Welfare Fund, ILGWU Death Benefit Fund, ILGWU Escrow Fund and UNITE General Fund. Milberg Weiss is currently monitoring the assets of these six Taft-Hartley pension funds as well as advising them on litigation matters on a case-by-case basis.

- Carpenters Pension Fund of Illinois. Milberg Weiss was recently retained by Carpenters Pension Fund of Illinois, a nearly $1 billion fund located in Geneva, Illinois. Carpenters Pension Trust for Southern California. Milberg Weiss was recently retained by Carpenters Pension Trust for Southern California, a nearly $2.5 billion fund representing the retirement savings of carpenters in California, Nevada and Arizona.

- United Brotherhood of Carpenters Pension Fund. Milberg Weiss was recently retained by the United Brotherhood of Carpenters Pension Fund, the Carpenters International Staff Fund.

- PACE Industry Union-Management Pension Fund. Milberg Weiss was recently retained by PACE, a nearly $2 billion fund representing the retirement savings of thousands of paper workers.

- UA (Plumbers) National Pension Fund. Milberg Weiss was recently retained by the Plumbers National Pension Fund, a nearly $3 billion fund representing the retirement savings of tens of thousands of workers.

- Employer-Teamsters Local Nos. 175 and 505 Pension Trust Fund (West Virginia). Milberg Weiss has recently represented these Taft-Hartley pension funds as lead plaintiff in several pending securities fraud class actions, including actions against the Clorox Company, Lucent and America West Holdings Corp.

- New England Health Care Employees Pension Fund. Milberg Weiss is representing the New England Health Care Employees Pension Fund, the lead plaintiff in a securities fraud class action against Fruit of the Loom involving accounting fraud and over $70 million worth of insider trading. The firm is also representing the New England Health Care Employees Pension Fund as lead plaintiff in a securities fraud action against Newell Rubbermaid, Inc.

- Local 144 Nursing Home Pension Fund. Milberg Weiss is representing Local 144 in several securities class actions, including actions against Proctor & Gamble Company, Honeywell Corporation and AT&T Corporation.

- Directors Guild of America-Producer Pension 7 Health Plan. Milberg Weiss is currently representing the $1.5 billion plan in an action stemming from the fund's purchase of WorldCom bonds.

- Motion Picture Industry Pension Plan. Milberg Weiss is currently representing this $2.6 billion plan in connection with the plan's losses stemming from purchases of WorldCom bonds.

- Producer-Writers Guild of America. Milberg Weiss represents this $1.5 billion fund in litigation stemming from the fund's purchase of WorldCom bonds.

- Screen Actors Guild. Milberg Weiss represents the Screen Actors Guild in litigation stemming from the Guild's purchase of WorldCom bonds.

- Carpenter Southern California Pension Trust. This $2.1 billion fund retained Milberg Weiss recently. The fund also has an action pending in Los Angeles stemming from its purchases of WorldCom bonds.

- Sheetmetal Workers Pension Plan of Southern California, Arizona and Nevada.

- Southern California Lathing Industry Pension Fund.

- New England Health Care Employees Pensions Fund. Milberg Weiss has been retained by this $200 million Fund in a variety of actions where the Fund serves as lead plaintiff.

- United Brotherhood of Carpenters Pension Fund. Milberg Weiss has been retained by this $440 million union fund.

- The United Brotherhood of Carpenters Pension Fund currently serves as lead plaintiff in litigation against Sprint.

- Carpenters of Illinois Pension Fund. Milberg Weiss was recently retained by the Carpenters of Illinois Pension Fund.

- Carpenters Pension Fund of Baltimore, Maryland. Milberg Weiss was recently retained by the Carpenters Pension Fund of Baltimore, Maryland. Milberg Weiss is currently monitoring the assets of this $135 million pension fund.

- Carpenters Combined Benefits Fund of Massachusetts. Milberg Weiss was recently retained to monitor the portfolio of this $670 million fund.

- Massachusetts State Carpenters Pension Fund. Milberg Weiss was recently retained to represent this pension fund.

- Massachusetts State Carpenters Guaranteed Annuity Fund.

- Construction Industry and Carpenters Joint Pension Trust for Southern Nevada. Milberg Weiss was recently retained to monitor the assets of this $322 million fund.

- Heavy and General Laborers Local 472 and 172 Pension and Annuities Funds.

- SEIU Staff Fund. Milberg Weiss was recently retained by this $1.4 billion fund.

- Carpenters Health and Welfare Fund of Philadelphia. Milberg Weiss represents this fund in litigation against the Coca-Cola Company where the Fund serves as lead plaintiff.

- Carpenters Pension and Annuity Fund of Philadelphia. Milberg Weiss represents this $1.2 billion fund in litigation against US West.

- Steelworkers Pension Trust.

- Western Pennsylvania Teamsters.

- Western Pennsylvania Teamster and Employers Pension Fund.

- International Union, United Mine Workers of America Pension Fund.

- Washington Area Carpenters Pension and Retirement Fund.

- Carpenters District Councils, Chemical Valley in North Central West Virginia. Milberg Weiss was recently retained by this fund to pursue litigation on its behalf.

- West Virginia Employers/Teamsters Local Nos. 505 and 175 Pension Trust Fund. This Fund serves as lead plaintiff in a number of securities class actions.

**Non-Pension Institutional Investors**

- Northwestern Mutual Life Ins. Company.

- American International Group.

- The Dot.Com Fund. Milberg Weiss represented the Dot.Com Fund, the lead plaintiff in a federal securities class action filed against VantageMED Corporation for selling millions of dollars worth of securities pursuant to a false registration statement and prospectus.

- The Federal Deposit Insurance Corporation. Milberg Weiss represented the FDIC in claims arising out of the failure of the Butcher Brothers Tennessee Banking empire. The case ultimately settled for $425 million after a full jury trial as part of a massive global settlement among the FDIC, RTC and Ernst & Whinney.

# PROMINENT CASES

• *In re NASDAQ Market-Makers Antitrust Litig.*, MDL 1023 (S.D.N.Y.). Milberg Weiss served as court-appointed co-lead counsel for a class of investors. The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent history. After three and one half years of intense litigation, the case was settled for a total of $1.027 billion, the largest antitrust settlement ever. An excerpt from the court's opinion reads:

> Counsel for the Plaintiffs are preeminent in the field of class action litigation, and the roster of counsel for the Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties to this action achieved.

• *In re American Continental Corp./Lincoln Savings & Loan Sec. Litig.*, MDL 834 (D. Ariz.). Milberg Weiss served as the court-appointed co-lead counsel for a class of persons who purchased debentures and/or stock in American Continental Corp., the parent company of the now-infamous Lincoln Savings & Loan. The suit charged Charles Keating, other insiders, three major accounting firms, three major law firms, Drexel Burnham, Michael Milken and others with racketeering and violations of securities laws. Recoveries totaled $240 million on $288 million in losses. A jury also rendered verdicts of more than $1 billion against Keating and others.

• *In re 3Com, Inc. Sec. Litig.*, No. C-97-21083-JW (N.D. Cal.). A hard fought class action for federal securities law violations in which Milberg Weiss served as lead counsel for the class and obtained a recovery totaling $259 million.

• *Mangini v. R.J. Reynolds Tobacco Co.*, No. 939359 (Cal. Super. Ct., San Francisco County). In this case R.J. Reynolds admitted "the *Mangini* action, and the way that it was vigorously litigated, was an early, significant and unique driver of the overall legal and social controversy

regarding underage smoking that led to the decision to phase out the Joe Camel Campaign."

• *Cordova v. Liggett Group, Inc., et al.*, No. 651824 (Cal. Super. Ct., San Diego County), and *People v. Philip Morris, Inc., et al.*, No. 980864 (Cal. Super. Ct., San Francisco County). Milberg Weiss, as lead counsel in both these actions, played a key role in these cases which were settled with the attorneys general global agreement with the tobacco industry bringing $26 billion to the State of California as a whole and $12.5 billion to the cities and counties within California.

• *Does I, et al. v. The Gap, Inc., et al.*, No. 01-0031 (D. Northern Mariana Islands). In this ground-breaking case, Milberg Weiss represented a class of 30,000 foreign garment workers who alleged that they had worked under sweatshop conditions in garment factories in Saipan that produced clothing for top U.S. retailers such as The Gap, Target and J.C. Penney. In the first action of its kind, Milberg Weiss pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan. This case was a companion to two other actions: *Does I, et al v. Advance Textile Corp., et al.*, No. 99-0002 (D. Northern Mariana Islands) – which alleged overtime violations by the garment factories under the Fair Labor Standards Act – and *UNITE, et al. v. The Gap, Inc., et al.*, Case No. 300474 (Sup. Ct. San Francisco), which alleged violations of California's Unfair Practices Law by the U.S. retailers. These actions resulted in a settlement of approximately $20 million that included a comprehensive Monitoring Program to address past violations by the factories and prevent future ones. The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts at bringing about the precedent-setting settlement of the actions.

• *In re Exxon Valdez*, No. A89-095 Civ. (D. Alaska), and *In re Exxon Valdez Oil Spill Litig.*, 3 AN-89-2533 (Alaska Super. Ct., 3d Jud. Dist.). Milberg Weiss is a member of the Plaintiffs' Coordinating Committee and

co-chair of Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. A jury verdict of $5 billion was obtained and is currently on appeal.

• *In re Washington Public Power Supply Sys. Sec. Litig.*, MDL 551 (D. Ariz.). A massive litigation in which Milberg Weiss served as co-lead counsel for a class that obtained recoveries totaling $775 million after several months of trial.

• *In re Rite Aid, Inc. Sec. Litig.*, No. 99-cv-1349 (E.D. Pa.). A securities class action in which Milberg Weiss served as lead counsel for the class and obtained a $200 million recovery.

• *In re Baldwin United Annuity Litig.*, No. M-21-35 (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this consolidated proceeding on behalf of purchasers of annuities where over $160 million was recovered.

• *In re Airline Ticket Comm'n Antitrust Litig.*, MDL 1058 (D. Minn.). Milberg Weiss served as co-lead trial counsel on behalf of a class of travel agents alleging that nine major airlines conspired to fix their commission rates. Just prior to trial in September 1996, the case was settled for a total of $86 million.

• *Hall v. NCAA* (Restricted Earnings Coach Antitrust Litigation), No. 94-2392-KHV (D. Kan.). The firm was lead counsel and lead trial counsel for one of three classes of coaches in consolidated price-fixing actions against the National Collegiate Athletic Association. On May 4, 1998, the jury returned verdicts in favor of the three classes for more than $67 million.

• *Newman v. Stringfellow* (Stringfellow Dump Site Litigation), No. 165994 MF (Cal. Super. Ct., Riverside County). Milberg Weiss represented more than 4,000 individuals suing for personal injury and property damage arising from their claims that contact with the Stringfellow Dump Site may have caused them toxic poisoning. Recovery totaled approximately $109 million.

• *In re Prison Realty Sec. Litig.*, No. 3:99-0452 (M.D. Tenn.). Milberg Weiss served as lead counsel for the class obtaining a $105 million recovery.

• *City of San Jose v. PaineWebber*, No. C-84-20601(RFP) (N.D. Cal.). Milberg Weiss filed a lawsuit on behalf of the City of San Jose to recover speculative trading losses from its former auditors and 13 brokerage firms. In June 1990, following a six-month trial, the jury returned a verdict for the City, awarding over $18 million in damages plus pre-judgment interest. The City also recovered an additional $12 million in settlements prior to and during the trial.

• *Hicks v. Nationwide*, No. 602469 (Cal. Super. Ct., San Diego County). Milberg Weiss represented a class of consumers alleging fraud involving military purchasers of life insurance, in which a jury trial resulted in a full recovery for the class, plus punitive damages.

• *In re Nat'l Health Laboratories Sec. Litig.*, No. CV-92-1949-RBB (S.D. Cal.). Milberg Weiss served as co-lead counsel and obtained a pretrial recovery of $64 million in this securities fraud class action.

• *In re Informix Corp. Sec. Litig.*, No. C-97-1289-CRB (N.D. Cal.). Milberg Weiss served as co-lead counsel for the class and obtained a recovery of $142 million.

• *In re Apple Computer Sec. Litig.*, No. C-84-20148(A)-JW (N.D. Cal.). Milberg Weiss served as lead counsel and after several years of litigation obtained a $100 million jury verdict in this securities fraud class action. The $100 million jury verdict was later upset on post-trial motions, but the case was settled favorably to the class.

• *In re Nat'l Med. Enter. Sec. Litig.*, No. CV-91-5452-TJH (C.D. Cal.). Milberg Weiss served as co-lead counsel and recovered $60.75 million in this securities fraud class action.

• *FDIC v. Ernst & Whinney*, No. Civ. 3-87-364 (E.D. Tenn.). Milberg Weiss represented the FDIC (Federal Deposit Insurance Corporation) which sought to recover $275 million of losses arising out of the failure of the

Butcher brothers' Tennessee banking empire. The case settled after a full trial as part of a massive "global" settlement between the FDIC and Ernst & Whinney.

• *In re Nucorp Energy Sec. Litig.*, MDL 514 (S.D. Cal.). Milberg Weiss served as co-lead counsel in this consolidated class action and recovered $55 million.

• *In re U.S. Financial Sec. Litig.*, MDL 161 (S.D. Cal.). Milberg Weiss acted as chairman of the Plaintiffs' Steering Committee and achieved a pretrial recovery of over $50 million.

• *In re LILCO Sec. Litig.*, No. 84 Civ. 0588 (LDW) (E.D.N.Y.). Milberg Weiss served as lead counsel and recovered $48.5 million for shareholders on the eve of the trial.

• *In re Ikon Office Solutions, Inc.*, MDL 1318 (E.D. Pa.). A class action in which Milberg Weiss served as lead counsel for the class and obtained a recovery totaling $111 million.

• *Barr v. United Methodist Church*, No. 404611 (Cal. Super. Ct., San Diego County). Milberg Weiss served as lead and trial counsel in this class action on behalf of elderly persons who lost their life savings when a church-sponsored retirement home that had sold them prepaid life-care contracts went bankrupt. After four years of intensive litigation – three trips to the United States Supreme Court and five months of trial – plaintiffs obtained a settlement providing over $40 million in benefits to the class members. In approving that settlement, Judge James Foucht praised the result as "a most extraordinary accomplishment" and noted that it was the "product of the skill, effort and determination of plaintiffs' counsel."

• *Grobow v. Dingman* (The Henley Group Litigation), No. 575076 (Cal. Super. Ct., San Diego County). Milberg Weiss served as co-lead counsel and obtained $42 million derivatively on behalf of The Henley Group, Inc.

• *In re Itel Sec. Litig.*, No. C-79-2168A-RPA (N.D. Cal.). Milberg Weiss served as co-lead counsel in this securities class action that recovered $40 million.

• *In re Fin. Corp. of America*, No. CV-84-6050-TJH(Bx) (C.D. Cal.). Milberg Weiss served as co-lead counsel and obtained a recovery of $41 million.

• *In re Oak Indus. Sec. Litig.*, No. 83-0537-G(M) (S.D. Cal.). Milberg Weiss served as co-lead counsel in this case and obtained a recovery of $33 million.

• *In re Wickes Cos. Sec. Litig.*, MDL 513 (S.D. Cal.). Milberg Weiss served as liaison counsel in this consolidated securities law class action that recovered $32 million.

• *Kaplan v. Chase Manhattan Corp.*, No. 9611-85 (N.Y. Sup. Ct.). Milberg Weiss served as co-lead counsel in this derivative case where the firm obtained $32.5 million for the plaintiffs.

• *In re Pepsico Sec. Litig.*, No. 82 Civ. 8403(ADS) (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this case and obtained a pretrial recovery of $21.5 million.

• *In re Northwest Indus. Sec. Litig.*, Nos. 82-C0658 & 82-C1599 (N.D. Ill.). Milberg Weiss served as co-lead counsel in this case and obtained an $18 million jury verdict.

• *Weinberger v. Shumway* (The Signal Companies, Inc.), No. 547586 (Cal. Super. Ct., San Diego County). Milberg Weiss served as co-lead counsel in this derivative litigation challenging executive "golden parachute" contracts, and obtained a recovery of approximately $23 million.

• *In re Warner Communications Sec. Litig.*, No. 82 Civ. 8288(JFK) (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this case and obtained a recovery of $18 million.

• *Rosenfeld v. Leach*, No. 257916 (Cal. Super. Ct., San Mateo County). Milberg Weiss served as lead counsel in this case challenging an attempt to "go private." The case settled just before trial for $18 million.

• *In re Viatron Computer Sys. Corp. Litig.*, MDL 138-T (D. Mass.). Milberg Weiss served as lead and trial

counsel in this case. A jury verdict was returned establishing the liability of a "Big Eight" accounting firm and aggregate settlements totaled over $15 million.

• *In re Seafirst Sec. Litig.*, No. C-83-771-R (W.D. Wash.). Milberg Weiss served as co-lead counsel in this class action and obtained a pretrial recovery of $13.6 million.

• *In re Waste Mgmt. Sec. Litig.*, No. 83-C2167 (N.D. Ill.). Milberg Weiss served as co-lead counsel in this case and obtained a pretrial recovery of $11.5 million.

• *In re IDB Communications Group, Inc. Sec. Litig.*, No. CV-94-3618 (C.D. Cal.). Milberg Weiss served as co-lead counsel in this case and obtained a pretrial recovery of $75 million.

• *In re Boeing Securities Litigation*, No. C97-1715Z (W.D. Wash.). A securities class action in which Milberg Weiss served as co-lead counsel for the class obtaining a recovery in the amount of $92.5 million.

# PRECEDENT-SETTING DECISIONS

Milberg Weiss has consistently been a leader in developing the law for investors under the federal securities laws. Since January 1994, the firm has represented individual and institutional plaintiffs in well over 500 class action securities litigations including many under the PSLRA. In most of those cases, Milberg Weiss has served as lead or co-lead counsel. The firm has also been responsible for establishing many important precedents, including:

• The firm was lead counsel in *In re Prudential Ins. Co. Sales Practices Litig.*, Civ. No. 95-cv-4704 (AMW) (D.N.J.), a landmark case which contained securities claims as well as common law claims, and which settled under an innovative structure that will result in the payment of over $1 billion to Prudential policyholders. The total recovery is uncapped and could exceed $2 billion. Milberg Weiss has led the litigation of numerous other class actions involving alleged churning practices by other insurance companies and their agents, recovering billions of dollars in the past few years. The settlement was approved in an extensive, comprehensive decision handed down by the Third Circuit. *In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999).

• *In re Salomon Inc. Shareholders Derivative Litig.*, 68 F.3d 554 (2d Cir. 1995), in which the Second Circuit affirmed the district court's holding that derivative federal securities claims against defendants would not be referred to arbitration pursuant to the arbitration provisions of the Rules of the New York Stock Exchange, but would be tried in district court. Shortly thereafter, the case settled for $40 million, among the largest cash recoveries ever recorded in a derivative action.

• In *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525 (3d Cir. 1999), the firm successfully argued that, under the PSLRA, the requisite scienter is pled by making an adequate showing that the defendants acted knowingly or with reckless disregard for the consequences of their actions. As urged by this firm, the Third Circuit specifically adopted the Second Circuit's scienter pleading standard for pleading fraud under the PSLRA.

• *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282 (2002). The California Court of Appeal affirmed a trial court order certifying a class in an action by purchasers of so-called "vanishing premium" life insurance policies claiming violations of California consumer protection statutes. The court held there were predominant common issues where plaintiffs alleged a uniform failure to disclose information about the policy dividend rate that was material to the consumer's purchase decision.

• *StorMedia, Inc. v. Superior Court*, 20 Cal. 4th 449 (1999). Interpreting the anti-manipulation provisions of the California state securities laws, the California Supreme Court held that a corporation is engaged in the offer or sale of securities where it maintains an employee stock option or stock purchase plan, making it liable under the statute for disseminating false or misleading public statements.

• *Jordan v. Department of Motor Vehicles*, 75 Cal. App. 4th 449 (1999). The California Court of Appeal invalidated a $300 non-resident vehicle "smog impact" fee imposed on out-of-state autos being registered for the first time in California, finding that the fee violated the Interstate Commerce Clause of the United States Constitution.

• In *Berry v. Valence Tech., Inc.*, 175 F.3d 699 (9th Cir.), *cert. denied*, 528 U.S. 1019 (1999), the Ninth Circuit held that negative articles in the financial press do not cause the one-year "inquiry notice" statute of limitations to run, and indicated possible acceptance of an "actual knowledge" standard that would greatly extend the statute of limitations for victims of securities fraud.

• In *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194 (1st Cir. 1996), the First Circuit remanded plaintiffs' action after affirming, in part, Milberg Weiss's position that in association with the filing of a prospectus related to the issuance of securities, a corporate issuer must disclose intra-quarter, materially adverse changes in its business, if such adverse changes constitute "material changes" the disclosure of which is required pursuant to the

Securities Act of 1933.

• In *In re Carter-Wallace, Inc., Sec. Litig.*, 150 F.3d 153 (2d Cir. 1998), in which plaintiffs' securities complaint was upheld in substantial part, the court ruled that advertisements made by a drug company are not, as a matter of law, precluded from being made "in connection with" a securities transaction as required by the Securities Exchange Act of 1934.

• *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076 (9th Cir. 1999). The Ninth Circuit reversed dismissal of a §11 claim holding purchasers who brought shares in the aftermarket had standing to bring claim under the Securities Act of 1933 where a material fact is misstated or omitted from a registration statement.

• In *Hunt v. Alliance North American Government Income Trust*, 159 F.3d 723 (2d Cir. 1998), the Second Circuit reversed the district court's ruling, which denied plaintiffs a cause of action against defendants for failing to disclose that the Trust was unable to utilize proper "hedging" techniques to insure against risk of loss. In the court's view, taken together and in context, the Trust's representations would have misled a reasonable investor.

• *Kamen v. Kemper Fin. Services.*, 500 U.S. 90 (1991). The Supreme Court upheld the right of a stockholder of a mutual fund to bring a derivative suit without first making a pre-suit demand.

• *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, *cert. denied*, 527 U.S. 1003 (1999). The California Supreme Court held that the broad anti-manipulation provisions of the California state securities laws provide a remedy for out-of-state investors who are damaged by manipulative acts committed by defendants in California.

• *Mangini v. R.J. Reynolds Tobacco Co.*, 7 Cal. 4th 1057, *cert. denied*, 513 U.S. 1016 (1994). The California Supreme Court upheld allegations that a cigarette manufacturer committed an unlawful business practice by targeting minors with its advertising, rejecting the manufacturer's contention that such an action was preempted by health-based federal cigarette labeling laws.

• *Gohler v. Wood*, 919 P.2d 561 (Utah 1996). The Utah Supreme Court held that investors need not plead or prove "reliance" on false or misleading statements to state a claim under a state law prohibiting misleading statements in connection with the sale of a security.

• *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1998). *Cooper* is the leading Ninth Circuit precedent on pleading accounting fraud with particularity. The court held that plaintiffs stated claims against a company, its independent auditors, and underwriters for allegedly engaging in a scheme to defraud involving improper revenue recognition.

• *McGann v. Ernst & Young*, 102 F.3d 390 (9th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997). *McGann* is a leading federal appellate precedent interpreting Securities Exchange Act §10(b)'s provision prohibiting manipulative or deceptive conduct "in connection with" the purchase or sale of a security. The court rejected contentions that auditors could not be liable if they participated in no securities transactions. Rather, an accounting firm is subject to liability if it prepares a fraudulent audit report and it knows its client will include the report in an SEC filing.

• *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996), *cert. denied*, 522 U.S. 808 (1997). In *Provenz* the Ninth Circuit reversed a district court's entry of summary judgment for defendants in an accounting-fraud case. The case is a leading federal appellate precedent on the evidence required to prove fraudulent revenue recognition.

• *Knapp v. Ernst & Whinney*, 90 F.3d 1431 (9th Cir. 1996). The Ninth Circuit affirmed a jury verdict entered for stock purchasers against a major accounting firm.

• *Warshaw v. Xoma Corp.*, 74 F.3d 955 (9th Cir. 1996). *Warshaw* is a leading federal appellate precedent on pleading falsity in securities class actions – sustaining allegations that a pharmaceutical company misled securities analysts and investors regarding the efficacy of a new drug and the likelihood of FDA approval. The court held that a company may be liable to investors if it misled securities analysts.

• *Fecht v. Price Co.*, 70 F.3d 1078 (9th Cir. 1995), *cert. denied*, 517 U.S. 1136 (1996). *Fecht* is another leading precedent on pleading falsity with particularity. It sustained allegations that a retail chain's positive portrayal of its expansion program was misleading in light of undisclosed problems that caused the program to be curtailed. The Ninth Circuit held that investors may draw on contemporaneous conditions – such as disappointing results and losses in new stores – to explain why a company's optimistic statements were false and misleading.

• *In re Software Toolworks Sec. Litig.*, 50 F.3d 615 (9th Cir. 1995). In *Software Toolworks*, the Ninth Circuit reversed the summary judgment entered for defendants, including a company and top insiders, its independent auditors, and underwriters. Among other things, the court held that defendants could be liable for their role in drafting a misleading letter sent to the SEC on a corporate defendant's attorney's letterhead.

• *Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994), *cert. denied*, 516 U.S. 810 (1995). The court reversed entry of summary judgment for defendants because plaintiff investors presented sufficient evidence for a jury to hold that a medical device did not work as well as defendants claimed.

• *In re Wells Fargo Sec. Litig.*, 12 F.3d 922 (9th Cir. 1993), *cert. denied*, 513 U.S. 917 (1994). *Wells Fargo* is a leading federal appellate decision on pleading accounting fraud, sustaining investors' allegations that a bank misrepresented the adequacy of its loan-loss reserves.

• *In re Apple Computer Sec. Litig.*, 886 F.2d 1109 (9th Cir. 1989), *cert. denied*, 496 U.S. 943 (1990). The Ninth Circuit held that investors could proceed to trial on claims that a company's representations about its new disk drive were misleading because they failed to disclose serious technical problems.

• *Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985). The Second Circuit reversed the district court's dismissal of a securities fraud complaint in an important opinion clarifying the "fraud" pleading requirements of Federal Rule of Civil Procedure 9(b).

• *Cowin v. Bresler*, 741 F.2d 410 (D.C. Cir. 1984). The Court of Appeals reversed the lower court's dismissal of the complaint. The firm had sought the extraordinary remedy of the appointment of a receiver over the affairs of a public company due to the highly specific allegations of fraud, dishonesty and gross mismanagement of the corporation's controlling shareholders.

• *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873 (9th Cir.), *cert. denied*, 469 U.S. 932 (1984). The Ninth Circuit upheld an investor's right to pursue a class action against an accounting firm, adopting statute of limitation rules for §10(b) suits that are favorable to investors.

• *Hasan v. CleveTrust Realty Investors*, 729 F.2d 372 (6th Cir. 1984). The Court of Appeals very strictly construed, and thus narrowed, the ability of a "special litigation committee" of the board of a public company to terminate a derivative action brought by a shareholder.

• *Fox v. Reich & Tang, Inc.*, 692 F.2d 250 (2d Cir. 1982), *aff'd sub nom. Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984). The court held that a derivative action to recover excessive advisory fees may be brought on behalf of an investment company without any prior demand on the board.

• *Rifkin v. Crow*, 574 F.2d 256 (5th Cir. 1978). The Fifth Circuit reversed an order granting summary judgment for defendants in a §10(b) case, paving the way for future acceptance of the "fraud-on-the-market" rationale in the Fifth Circuit.

• *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Disallows auctions for selection of lead plaintiff in securities class actions; protects lead plaintiff's right to select lead counsel.

• *Heit v. Weitzen*, 402 F.2d 909 (2d Cir. 1968), *rev'g* 260 F. Supp. 598 (S.D.N.Y. 1966). The court held that liability under §10(b) of the Securities Exchange Act extends to defendants who were not in privity with the named plaintiffs or the class represented by the named plaintiffs.

• *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). This is the seminal appellate decision on the use of the "fraud-on-the-market" theory, allowing investors who purchase stock at artificially inflated prices to recover even if they were personally unaware of the false and misleading statements reflected in the stock's price. The court stated that class actions are necessary to protect the rights of defrauded purchasers of securities.

• *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493 (S.D.N.Y. 1996). The court certified a class of *millions* of investors over defendants' strenuous objections.

• *Bershad v. McDonough*, 300 F. Supp. 1051 (N.D. Ill. 1969), *aff'd*, 428 F.2d 693 (7th Cir. 1970). The plaintiff obtained summary judgment for a violation of §16(b) of the Securities Exchange Act in which the transaction was structured by the defendants to look like a lawful option. The decision has been cited frequently in discussions as to the scope and purpose of §16(b).

• *Lazar v. Hertz Corp.*, 143 Cal. App. 3d 128 (1983). The Court of Appeal ordered a consumer class certified in an opinion that significantly broadens the right of injured consumers to bring class actions.

• *Barr v. United Methodist Church*, 90 Cal. App. 3d 259, *cert. denied*, 444 U.S. 973 (1979). The Court of Appeal rejected constitutional defenses to an action for civil fraud and breach of contract by religiously affiliated defendants.

ADDITIONALLY, IN THE CONTEXT OF SHAREHOLDER DERIVATIVE ACTIONS, Milberg Weiss has been at the forefront of protecting shareholders' investments by causing important changes in corporate governance as part of the global settlement of such cases. Three recent cases in which such changes were made include:

• *In re Marketspan Corporate Shareholder Litig.*, CV No. 98-15884 (N.Y. Sup. Ct.) (settlement agreement required modifications of corporate governance structure, changes to the audit committee and changes in compensation awards and to the nominating committee).

• *Teachers' Retirement Sys. of Louisiana v. Occidental Petroleum Corp.*, CV No. BC185009 (Cal. Super. Ct.) (as part of the settlement, corporate governance changes were made to the composition of the company's board of directors, the company's nominating committee, compensation committee and audit committee).

• *Abramsky v. Computer Sciences Corp.*, CV No. 98-00306-JBR(RLH) (D. Nev.) (significant changes to the company's by-laws and governance procedures to enhance shareholder voting rights and the role of outside directors).

The firm works exclusively with noted corporate governance expert Robert Monks and his Lens Asset Management Company to shape corporate governance remedies for the benefit of class and derivative plaintiffs.

# THE FIRM'S PARTNERS

**MELVYN I. WEISS** received a Bachelor's degree in accounting from Baruch College of the City College of New York in 1957, and a J.D. degree from New York University School of Law in 1959. He was admitted to the Bar of the State of New York in 1960 and is presently a member of the Bar of the United States District Court in the Eastern and Southern Districts of New York, the United States Court of Appeals for the Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Circuits, and the United States Supreme Court.

Mr. Weiss served as co-chair of the American Bar Association's Litigation Section Class and Derivative Action Committee. He served on that Section's special Federal Rule 23 Revision Study Committee and for six years on the Committee on Corporate Laws of the Corporation and Banking Section. He is the author of "Tender Offers and Management Responsibility," 23 N.Y. L. Rev. 445 (1978), and has authored course materials for the Practising Law Institute's seminars on "Class Actions," "Accountants' Liability," "New Trends in Securities Litigation," "Counseling the Accountant" and prosecuting insurance policyholder litigation. He has lectured throughout the country and Canada in forums conducted by the Practising Law Institute and other institutes and as guest lecturer at New York University School of Law, Hofstra University in New York, Duke Law School and at the Salzburg seminars. He has addressed several accounting associations such as the New York State Society of C.P.A.'s, the National Association of Accountants and National Association of Internal Auditors. He has participated as a panelist in programs for the North American Association of State Securities Administrators and has been frequently quoted as a leading authority on shareholder and consumer rights in the national media. Mr. Weiss is a Fellow of the American College of Trial Lawyers. Mr. Weiss is a trustee of N.Y.U. School of Law and the recipient of its Vanderbilt Medal awarded annually to an outstanding alumni. He has also testified before congressional committees on securities litigation and accountants' liability.

Mr. Weiss's expertise has been recognized on numerous occasions by courts which have appointed him to positions of control in complex litigations. Among the more prominent of these are the *Drexel/Milken* litigations, in which he recovered over $800 million for investors in *Columbia Savings and Loan*, and policyholders in *Executive Life Insurance Company of America*, and others; *In re Washington Public Power Supply System Sec. Litigation*, MDL 551 (D. Ariz.), in which Mr. Weiss was one of three court-appointed lead counsel for a class which recovered $775 million; *In re U.S. Financial Securities Litigation*, MDL 161 (S.D. Cal.), in which he was chairman of Plaintiffs' Steering Committee in a consolidated action that settled for over $50 million; *In re Itel Sec. Litig.* (N.D. Cal.), where he acted as co-lead counsel in a consolidated securities action that settled for $40 million; *In re Chase Manhattan Bank Stockholders Litigation* (N.Y. Supreme Court), where he was co-lead counsel and a derivative settlement for $32.5 million was achieved; *Prudential Limited Partnership* litigation (recovered $110 million); *Mercedes Tire Defect* litigation (recovered $100 million); *New York Life Insurance Policyholder* litigation (recovered $300+ million); and *Prudential Life Insurance Policyholder* litigation (recovered $2+ billion).

**WILLIAM S. LERACH** received his Bachelor of Arts degree from the University of Pittsburgh in 1967. He received his law degree in 1970 from the University of Pittsburgh, where he graduated second in his class, *magna cum laude* and was a member of the Order of the Coif. Mr. Lerach was admitted to the Pennsylvania Bar in 1970 and to the California Bar in 1976. Mr. Lerach was a partner with Reed Smith Shaw & McClay, a large Pittsburgh law firm, before joining Milberg Weiss in 1976. He is a member of the Pennsylvania and California Bar Associations and has been admitted to practice before numerous federal and state courts.

Mr. Lerach is widely recognized as one of the leading securities lawyers in the United States. He has headed up the prosecution of hundreds of securities class and stockholder derivative actions which have resulted in recoveries for defrauded shareholders and victimized corporations amounting to billions of dollars. Mr. Lerach has been the subject of considerable media attention and is a frequent commentator on securities and corporate law, as well as a frequent lecturer. He represents numerous public and Taft-Hartley pension funds in corporate securities matters.

Mr. Lerach is the author of "Termination of Class Actions: The Judicial Role," McGough & Lerach, 33 U. Pitt L. Rev. 446 (1972); "Class and Derivative Actions Under the Federal Securities Laws" (1980 Regents of the University of California); "Life After *Huddleston*: Streamlining and Simplification of the Securities Class Action," 7 Class Action Reports 318 (1982); "Class Actions: Plaintiffs' Perspectives, Tactics and Problems," ALI/ABA, Civil Practice and Litigation in Federal and State Courts (1984); "Class Action and Derivative Suits in the Aftermath of Control Contests, Mergers and Acquisitions: Choice of Forum and Remedies; Attorney/Client Privilege in Class and Derivative Cases," ABA 1984 Annual Meeting (1984); "Alternative Approaches for Awarding Attorneys' Fees in Federal Court Litigation: It's Time to Unload the Lodestar" (unpublished paper presented to the Ninth Circuit Judicial Conference (1984)); "Securities Class Actions and Derivative Litigations Involving Public Companies: A Plaintiff's Perspective," ALI/ABI, Civil Practice and Litigation in Federal and State Courts (1985), ABA Fall Meeting (1985) and PLI Securities Litigation, Prosecution and Defense Strategies (1985); "The Incorporation Trap: How Delaware Has Destroyed Corporate Governance" (unpublished paper presented to the Council of Institutional Investors (1990)); co-author of "Civil RICO in Shareholders Suits Involving Defense Contractors" in *Civil RICO Practice: Causes of Action*, published by John Wiley & Sons, Inc. (1991); "An Alarming Decline In the Quality of Financial Reporting" (unpublished paper presented to 7th Annual *BusinessWeek* CFO Forum (June 1998) and also featured on Milberg Weiss's web site: *www.milberg.com*); "The Private Securities Litigation Reform Act of 1995 – 27 Months Later: Securities Class Action Litigation Under The Private Securities Litigation Reform Act's Brave New World," Washington U. L. Rev., Vol. 76, No. 2 (1998); "Achieving Corporate Governance Enhancements Through Litigation," keynote address to Council of Institutional Investors spring meeting, Mar. 27, 2001; "Why Insiders Get Rich, and the Little Guy Loses," *L.A. Times*, Jan. 20, 2002; and "The Chickens Have Come Home to Roost: How Wall Street, the Big Accounting Firms and Corporate Interests Chloroformed Congress and Cost America's Investors Trillions." He is also the author of "Plundering America: How American Investors Got Taken for Trillions by Corporate Insiders - The Rise of the New Corporate Kleptocracy" 8 Stanford J. of Law, Bus. and Fin. 1 (2002).

Mr. Lerach is a member of the American Bar Association Litigation Section's Committee on Class Actions and Derivative Skills, and has been involved in many of the largest and highest profile securities class action and corporate derivative suits in recent years, including *Enron, Dynegy, Qwest* and *WorldCom*. He is listed in the "Best Lawyers in America" and is a Master of the American Inns of Court. Mr. Lerach has been the President of the National Association of Securities and Commercial Lawyers (NASCAT), a national group of attorneys specializing in commercial and securities litigation. Mr. Lerach is a member of the Editorial Board of *Class Action Reports*, and frequently lectures on class and derivative actions, accountants' liability, and attorneys' fees, and has been a guest lecturer at Stanford University, University of California at Los Angeles and San Diego, University of Pittsburgh, San Diego State University and at the Council of Institutional Investors and the International Corporate Governance Network. He is also a member of the American Law Institute faculty on Federal and State Class Action Litigation.

Mr. Lerach has testified before federal and state legislative committees concerning corporate governance and securities matters and is frequently quoted in the national media regarding corporate issues.

Mr. Lerach was honored by President Clinton who appointed him to be a member of the United States Holocaust Memorial Council.

**DAVID J. BERSHAD** graduated from Cornell University in 1961 with an A.B. degree in Philosophy. He graduated from Columbia Law School in 1964 and while there he participated in the Harlan Fiske Stone Moot Court Honors Competition and was elected a member of Phi Alpha Delta. He has been primarily engaged in the prosecution of complex securities and commercial litigation. Mr. Bershad is a founding member of Milberg Weiss Bershad Hynes & Lerach LLP, which is widely recognized as the nation's foremost plaintiffs' class action law firm.

He has served as plaintiffs' liaison counsel in *In re Baldwin-United Corporation Litigation*, M.D.L. No. 581, before Judge Brieant in the United States District Court for the Southern District of New York, and in such capacity was the prime negotiator of a series of settlements aggregating more than $220 million, the largest federal securities class action settlement recorded at that time. Subsequently, he has led plaintiffs' counsel in a wide ranging selection of cases arising out of the federal securities laws as well as anti-trust and consumer laws. He has actively negotiated more than 100 complex class action settlements in the areas of securities law, antitrust and consumer rights, including acting as prime negotiator and achieving a $1.07 billion settlement in *In re Nasdaq Market-Makers Antitrust Litigation*, M.D.L. No.1023, currently the largest antitrust class action settlement.

Mr. Bershad is admitted to practice before the Courts of New York State and the District Courts of the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit and the Supreme Court of the United States. He has argued matters in the United States District Courts in Boston, New Haven, Hartford, Newark, Washington, Philadelphia, Houston, Chicago, Miami and San Diego.

A regular panelist on securities law matters for the Practising Law Institute and American Conference Institute, Mr. Bershad lectures on the topics of complex litigation, federal securities law, class actions and financial derivatives. He has contributed the plaintiffs' view in a book, *Securities Class Actions: Abuses and Remedies*, published by the National Legal Center for the Public Interest, and has debated the plaintiffs' view of the world before the Federalist Society. He has also appeared as a legal expert on CNBC and CNN regarding significant business-related public interest issues.

**STEVEN G. SCHULMAN** graduated with a B.A., *magna cum laude*, Phi Beta Kappa, from Williams College in 1973. Thereafter, he received advanced graduate degrees in international relations from the Fletcher School of Law and Diplomacy at Tufts University. In 1977, Mr. Schulman enrolled at the University of Chicago Law School and was thereafter elected to the Law Review. He received his J.D. with Honors in 1980 and was elected to the Order of the Coif. After law school graduation, Mr. Schulman served for one year as a law clerk to the Honorable Robert L. Kunzig of the United States Court of Claims in Washington, D.C. Upon leaving his clerkship, he joined Cravath, Swaine & Moore in New York City as an associate.

Since joining Milberg Weiss in 1986, he has been engaged in a wide variety of securities fraud class actions and shareholder derivative actions. He has also been actively and extensively involved in shareholder litigations arising from mergers and acquisitions, many of which were litigated in courts of the State of Delaware. Mr. Schulman is a member of the Bars of the State of New York and the District of Columbia and is also admitted to practice before the District Court of the Southern, Northern, and Eastern Districts of New York, the Association of the Bar of the State of New York, the American Bar Association, and the Federal Bar Council. In addition to being a member of the Association of the Bar of the City of New York, Mr. Schulman serves on its Special Committee on Mergers, Acquisitions and Corporate Control Contests.

**PATRICK J. COUGHLIN**, Partner, Senior Trial Counsel – Lead counsel for several major securities matters in the past decade including one of the largest class action securities cases to go to trial, *In re Apple Computer Securities Litigation*, C-84-20148(A)-JW. Prior to joining Milberg Weiss, Mr. Coughlin was an Assistant United States Attorney in Washington, D.C. and San Diego handling complex white collar fraud matters. During this time Mr. Coughlin helped try one of the largest criminal RICO cases ever prosecuted by the United States, *United States v. Brown, et al.*, 86-3056-SWR, as well as an infamous oil fraud scheme resulting in a complex murder-for-hire trial, *United States v. Boeckman, et al.*, 87-0676-K. Mr. Coughlin has instructed on the current state of securities class action litigation in light of United States Congressional action aimed at weakening United States securities laws. Mr. Coughlin has handled a number of large securities cases involving such companies as IDB Communications Group ($75 million settlement); Unocal ($47.5 million settlement); Media Vision ($25 million settlement); Sierra Tucson ($11 million settlement); Merisel ($11 million settlement); Sunrise Medical ($20 million settlement); Sybase ($28.5 million settlement); Valence ($20 million settlement); Connor Peripherals ($25 million settlement); ADAC ($20 million settlement); 3Com ($259 million settlement). In addition, Mr. Coughlin has handled a number of actions against the tobacco industry resulting in the phase-out of the Joe Camel Campaign and a $12.5 billion recovery to the Cities and Counties of California. Recent trials include a RICO case against the tobacco industry (March 1999) and securities cases against Wells Fargo (October 1999) and California Amplifier (February 2000).

**JOHN J. STOIA, JR.** received his Bachelor of Science degree from the University of Tulsa in 1983. While working on his degree, Mr. Stoia was elected President of the National Political Science Honor Society and graduated with highest honors. In 1986, Mr. Stoia received his Juris Doctor degree from the University of Tulsa and graduated in the top of his class.

In 1987, Mr. Stoia graduated from the Georgetown University Law Center in Washington, D.C., receiving his Masters of Law in Securities Regulation. Thereafter, Mr. Stoia was an enforcement attorney with the United States Securities and Exchange Commission until joining Milberg Weiss.

Mr. Stoia has worked on numerous nationwide complex securities class actions, including *In re American Continental Corporation/Lincoln Savings & Loan Securities Litigation*, MDL 834 (D. Ariz.), which arose out of the collapse of Lincoln Savings & Loan and Charles Keating's empire. Mr. Stoia was a significant member of the plaintiffs' trial team which obtained verdicts against Mr. Keating and his co-defendants in excess of $3 billion and settlements of over $240 million.

Mr. Stoia has been involved in over 40 nationwide class actions brought by policyholders against U.S. and Canadian life insurance companies seeking redress for deceptive sales practices during the 1980's and 1990's. Mr. Stoia has been actively involved in cases against, among others, Prudential, New York Life, Transamerica Life Insurance Company, General American Life Insurance Company, Manufacturer's Life, Metropolitan Life, American General, US Life, Allianz, Principal Life and Pacific Life Insurance Company. Mr. Stoia and the firm have been appointed lead counsel for plaintiffs and class members in all deceptive sales practices cases which they have been involved.

Mr. Stoia has also been involved in numerous cases brought against life insurance companies for racial discrimination involving the sale of small value or "industrial life" insurance policies during the 20th century. Mr. Stoia and the firm were lead counsel in *McNeil, et al. v. American General Life Insurance and Accident Insurance Company*, the first major settlement involving discrimination claims which resulted in a $234 million recovery for class members. Mr. Stoia has since resolved other race-based insurance cases, including *Brown v. United Life Insurance Company* ($40 million), *Morris v. Life Insurance Company of Georgia* ($55 million) and *Thompson v. Metropolitan Life* ($145 million).

Recently, Mr. Stoia has been involved in representing large institutional investors who have suffered losses as a result of the major financial scandals and accounting restatements by public companies such as WorldCom.

Mr. Stoia is a frequent lecturer at ALI-ABA, Practicing Law Institute and American Trial Lawyers Association seminars and conferences.

**SOL SCHREIBER** received a Bachelor of Arts degree, *cum laude*, in 1952 from City College of New York, and his LL.B. from Yale Law School in 1955. He is admitted to the bar of the State of New York, to the United States District Courts for the Southern and Eastern Districts of New York and to the Second Circuit Court of Appeals.

From 1971 through 1978, Mr. Schreiber was a United States Magistrate Judge in the United States District Court for the Southern District of New York where he conducted more than 2,500 criminal and 12,500 civil pretrial hearings and settled approximately 2,000 civil cases. In addition to trying numerous civil and criminal cases, Mr. Schreiber supervised pretrial practice in derivative, class and complex actions in the admiralty, antitrust, aviation, securities, directors' and officers' and product liability fields, including *Berkey v. Kodak, Litton v. ATT*, the *Penn Central Commercial Paper* litigation, the *New York Times* and *Readers' Digest* gender discrimination, the *Argo Merchant-Nantucket* stranding, and the *Tenerife 747* collision cases.

From November 1978 to January 1982, when he joined Milberg Weiss, Mr. Schreiber served as the President and Chief Executive Officer of a unit of the Federation of Jewish Philanthropies of New York which provided centralized legal, risk management and insurance services for the Federation's hospitals, homes for the aged, and health, education and community service agencies. He was Trial Counsel from 1955 through 1971 and Resident Counsel from 1966 through 1971 of the Brooklyn office of Liberty Mutual Insurance Company.

Mr. Schreiber has been a participant in numerous special project committees for the American Bar Association and the Second Circuit. From 1960 to the present, Mr. Schreiber has been the Planning and Program Chairman of the ALI-ABA and PLI Continuing Professional Education national courses of study on evidence, civil practice and employment discrimination litigation in federal and state courts. He has been a frequent lecturer at professional programs and workshops on federal and state court civil procedure, federal and state court trial evidence and federal criminal practice and procedure. Mr. Schreiber was Reporter, ABA Advocacy Task Force (1970-1971), which led to the formation of the National Institute for Trial Advocacy. From 1972 to 1987, he served as an Adjunct Professor at Fordham Law School teaching courses in trial advocacy, product liability, mass torts and insurance disputes. He has been editor for more than 40 CLE course handbooks and major publications on civil practice and litigation, including ALI-ABA's three-volume Civil Practice Guide, *Litigation in Federal and State Courts* (8th ed. 1998). Mr. Schreiber is a Member, Board of Editors, *Moore's Federal Practice* (2d ed.).

Presently, Mr. Schreiber is Court-Appointed Special Master in *Marcos Human Rights Litigation*. He was Special Master in the *Pan American Lockerbie* cases, the *Agent Orange Litigation* (March 1982 - January 1984), and a series of other complex federal civil cases.

Mr. Schreiber was Judicial Member, Anglo American Exchange on Civil Procedure (March 1974), and Hearing Officer, N.Y. State Master Energy Plan (fall 1979). He is the recipient of the Francis Rawle Award for outstanding achievements in post-admission legal education (ALI-ABA, July 1985) and the Presidential Award, Legal Aid Society (November 1984). Mr. Schreiber is also the Founder and Co-Chair of the Ovarian Cancer Research Fund, Incorporated.

Mr. Schreiber is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York and the American Law Institute.

**JEROME M. CONGRESS** received a B.A. degree with Honors from Cornell University. From 1960 to 1962 he was a Fulbright Scholar at Oxford University, England, where he studied Philosophy, Politics and Economics. He received an LL.B. degree *cum laude* from Harvard Law School where he was an editor of the *Harvard Law Review* during 1963-1964. He is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit. Since graduating from law school, he has spent the bulk of his time in commercial and securities litigation.

**KEITH F. PARK** graduated from the University of California at Santa Barbara in 1968 and from the Hastings College of Law of the University of California in 1972. He is admitted to practice in California and New York.

**ARNOLD N. BRESSLER** graduated from Case Western Reserve University in 1971 with a Bachelor of Arts degree, *magna cum laude*, and was elected to Phi Beta Kappa. In 1974 he graduated from Columbia Law School where he was a member of the Board of Editors of the *Columbia Law Review* and a Harlan Fiske Stone Scholar. Mr. Bressler is admitted to practice in the courts of the State of New York and the State of New Jersey as well as the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey. He is also a member of the Association of the Bar of the City of New York. Mr. Bressler is the head of the firm's Corporate Department, which represents primarily middle market (sales under $100 million) public companies as well as closely held and foreign-owned corporations. Approximately 40% of the Department's time is devoted to securities related matters, 30% to mergers and acquisitions, and 30% to general corporate matters. The firm is currently general counsel to a number of publicly traded corporations in the United States as well as several subsidiaries of foreign public corporations.

The firm has represented companies on the New York and American Stock Exchanges as well as other NASDAQ companies, taken companies public and managed secondary offerings. Mr. Bressler has specialized in corporate and securities law for over 20 years, primarily representing issuers. Mr. Bressler is the firm's representative to ACL International, an association of international law firms with members in over 35 countries. Mr. Bressler has lectured in Europe and North America on U.S. securities and corporate laws.

Since 1994, Mr. Bressler has served as a director and officer of the Israel Histradut Foundation, which primarily supports social service programs in Israel. From 1990 to 1996, Mr. Bressler served as Vice Chairman of the Board of Directors of the Rodeph Sholom School, a private elementary school in New York City.

**MICHAEL C. SPENCER** graduated from Yale University in 1973 with a B.A. degree, *magna cum laude*, with distinction, in Philosophy. While at Yale, he was elected to Phi Beta Kappa. Mr. Spencer received a J.D. degree from Harvard Law School, *cum laude*, in 1976. After graduation, he served as a law clerk to the Honorable William Matthew Byrne, Jr., United States District Judge, Los Angeles, California. Upon leaving the clerkship, Mr. Spencer joined Cravath, Swaine & Moore in New York City as an associate. He joined Milberg Weiss in 1986 and became a partner in 1987. He has been engaged in a wide variety of commercial, securities fraud, real estate, antitrust, account liability, fiduciary duty, defamation and banking litigation in state and federal courts. He is admitted to practice in New York and California.

**ROBERT A. WALLNER** received his B.A. degree from the University of Pennsylvania in 1976, graduating *magna cum laude*. He attended the New York University School of Law, earning his J.D. degree in May 1979. He was elected to the law school's Order of the Coif and served as an editor of the *New York University Law Review*. Mr. Wallner is admitted to the New York Bar, the United States District Court for the Southern and Eastern Districts of New York and the Third Circuit Court of Appeals. He serves on the Federal Courts Committee of the Association of the Bar of the City of New York. Mr. Wallner has litigated securities, antitrust and consumer cases throughout the country. He was associated with Cravath, Swaine & Moore prior to joining this firm.

**SANFORD P. DUMAIN** attended Columbia University where he received his Bachelor of Arts degree in 1978. He graduated *cum laude* from Benjamin N. Cardozo School of Law of Yeshiva University in 1981 and was Research Editor of *Cardozo Law Review*, 1980-1981. Mr. Dumain served as law clerk to Judge Warren W. Eginton, U.S. District Court, District of Connecticut 1981-1982. During the early years of his practice, he also served as an Adjunct Instructor in Legal Writing and Moot Court at Benjamin N. Cardozo School of Law. He was recently the Secretary of the Federal Courts Committee of the Association of the Bar of the City of New York.