## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, On Behalf of Herself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WAVE SYSTEMS CORPORATION., JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY, )<br><br>Defendants. ) | **CIVIL ACTION NO. 04-30022-MAP** |
| YOSEF STREICHER, On Behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WAVE SYSTEMS CORPORATION., JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY, )<br><br>Defendants. ) | **CIVIL ACTION NO. 04-30026-KPN** |

[additional captions continued on next page]

### DEFENDANTS' RESPONSE TO MOTIONS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

|  |  |  |
|---|---|---|
| **RAFAT DAWOD, Individually and On Behalf of Himself and All Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **CIVIL ACTION NO. 04-30029-KPN** |
| **WAVE SYSTEMS CORPORATION., STEVEN K. SPRAGUE and GERARD T. FEENEY,** | ) ) ) | |
| **Defendants.** | ) ) ) | |
| **ALVIN CHESS, Individually and On Behalf of All Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **CIVIL ACTION NO. 04-30037-MAP** |
| **WAVE SYSTEMS CORP., STEVEN K. SPRAGUE and GERARD T. FEENEY,** | ) ) ) | |
| **Defendants.** | ) ) ) | |
| **MICHAEL D. VICKER, On Behalf of Himself and All Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **CIVIL ACTION NO. 04-30040-MAP** |
| **WAVE SYSTEMS CORP., JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,** | ) ) ) | |
| **Defendants.** | ) ) ) ) ) | |

[additional captions continued on next page]

LITDOCS/546580.1
LITDOCS:546580.1

| | |
|---|---|
| **H. MARTIN BOHMAN, On Behalf of All Others Similarly Situated,**<br><br>                           **Plaintiff,**<br><br>    **v.**<br><br>**WAVE SYSTEMS CORPORATION., STEVEN K. SPRAGUE and GERARD T. FEENEY,**<br><br>                      **Defendants.** | **CIVIL ACTION NO. 04-30041-MAP** |
| **Jimmy Suo, On Behalf of Himself and All Others Similarly Situated,**<br><br>                           **Plaintiff,**<br><br>    **v.**<br><br>**WAVE SYSTEMS CORPORATION., STEVEN K. SPRAGUE and GERARD T. FEENEY,**<br><br>                      **Defendants.** | **CIVIL ACTION NO. 04-30042-MAP** |
| **JACK SCHULMAN, Individually and On Behalf of All Others Similarly Situated,**<br><br>                           **Plaintiff,**<br><br>    **v.**<br><br>**WAVE SYSTEMS CORPORATION., STEVEN K. SPRAGUE and GERARD T. FEENEY,**<br><br>                      **Defendants.** | **CIVIL ACTION NO. 04-30043-MAP** |

Five sets of proposed lead plaintiffs have moved in the above-captioned actions for (i) consolidation, (ii) appointment of lead plaintiffs pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, and (iii) approval of lead plaintiffs' selection of lead counsel (the "Lead Plaintiff Motions").

-3-

Defendants, Wave Systems Corporation, John E. Bagalay, Jr., Steven K. Sprague and Gerard T. Feeney, respond to the Lead Plaintiff Motions as follows:

(a)    Defendants' agree to consolidate the nine purported securities class actions.

(b)    Defendants request that proposed Lead Plaintiffs for the **shorter** purported class period only be approved.

(c)    Defendants reserve their rights to oppose all proposed plaintiffs under Fed. R. Civ. P. 23(a).

(d)    Defendants take no position on proposed lead plaintiff's counsel.

In further support of this Response, Defendants state as follows:

1.    Defendants are aware of nine securities class action complaints that have been filed on behalf of a class asserting the same essential claims. All of the complaints have been filed in the District of Massachusetts with the exception of one complaint filed in the District of New Jersey.[1]

2.    Defendants are aware of five pending motions for consolidation, appointment of lead plaintiffs and approval of lead plaintiffs' choice of lead counsel, that have been recently filed, all of which have moved to consolidate all related actions pending in the District of Massachusetts. The motions have been filed by the following proposed lead plaintiffs:

(1)    Victor Rapp and Barry Stoddard ("Rapp and Stoddard"), alleging damages in the amount of $41,870;

(2)    Marcello Trebitsch, Shala S. Naeini, Steven R. Clayton and Oldrich Dostalek (the "Trebitsch group"), alleging $30,301 in damages;

(3)    Anne Brumbaugh, Gary Harmon and Randy Griffin (the "Brumbaugh group"), alleging $112,380.50 in damages;

---

[1]    In the one action filed in New Jersey, *Marcello Trebitsch v. Wave Systems Corp., et al.*, Civil Action No. 04-266 (JCL), a Consent Decree, agreed to by the parties, has been filed and is currently pending which would transfer the action to the District of Massachusetts. On information and belief, that stipulation is being entered as the Order of the Court this week.

     (4)    Martin Bohman, Seong Chen, Ernest Freiler, John Gabriele, Kan Lu, Abdel Kader Tahraoui and Bob Xiong (the "Gabriele group"), alleging $55,352.64 in damages; and

     (5)    Ron Rogers and Steve Alvarez ("Rogers and Alvarez") alleging $79,555.57 in damages.

3.    Defendants do not oppose the consolidation of the above-captioned nine securities class actions.

4.    In addition, Defendants disagree that any of the proposed lead plaintiffs have met the requirements of Fed. R. Civ. P. 23(a). Defendants reserve the right to address that issue at the appropriate procedural juncture; if that point is even reached.

5.    Defendants also note the apparent atypicality of some of the proposed lead plaintiffs rendering them inappropriate purported class plaintiffs:

    a.    Barry Stoddard (Rapp & Stoddard) – Mr. Stoddard sold his entire position in Wave common stock on September 25, 2003. He therefore cannot adequately represent the interests of those shareholders who held stock after that date.

    b.    Trebitsch group – Marcello Trebitsch was a short-term holder of Wave common stock. He purchased and sold the stock sometimes within days, and did not hold it for more than two months. Likewise, Shala Naeini also did not keep the stock for longer than two months. Steven Clayton sold his Wave common stock in less than three weeks. These individuals are therefore not typical of the purported class.

    c.    Randy Griffin (Brumbaugh group) – Mr. Griffin also looks atypical. Several of his transactions resulted in a *profit.* On two occasions, he purchased and sold Wave common stock on the same day and two days later and experienced a profit on those transactions. His other purchases were held for short periods of time.

    d.    The Gabriele group – this proposed group, comprised of seven individuals, is larger than the Securities and Exchange Commission has recommended, namely, no more than three to five individuals. In addition, Seong Chen bought and sold his shares of Wave common stock in less than a month and sold his entire position of Wave on September 17, 2003. He therefore cannot adequately represent the interests of those shareholders who held stock after that date. Bob Xiong purchased and sold his entire position of Wave common stock in less than four months. He is therefore also not typical of the purported class.

    e.    Rogers and Alvarez – Steve Alvarez was frequently in and out of the stock. On numerous occasions, he purchased and sold the stock on the same day or within days *at a profit.* On other occasions, he purchased and sold the stock within a few months. He is therefore not typical of the purported class. Ron Rogers did not even list his sales of stock, listing only his "acquisitions."

6.      Defendants note conflicting purported class periods presented by the motions.  Two sets of motion papers -- filed by Stoddard and Rapp and the Gabriele group -- purport to represent a class of purchasers of Wave common stock between July 31, 2003 and December 18, 2003.  Three of the five sets of motion papers -- filed by the Trebitsch group, the Brumbaugh group, and Rogers and Alvarez -- purport to represent a class of purchasers of Wave common stock between July 31, 2003 and February 2, 2004.  The reason that some proposed lead plaintiffs recognize that no claims can be alleged on behalf of Wave purchasers after December 18, 2003 is that on that day, Wave Systems, issued a press release announcing an SEC investigation into public statements made by Wave Systems during and around August 2003.  Accordingly, as two of the proposed lead plaintiffs recognize, on or by December 18, 2003, the market was informed of matters relating to the statements the plaintiffs now challenge.  In addition, none of the complaints alleges any event subsequent to December 18, 2003 as having acted as an additional fraud on the market.  Furthermore, the Trebitsch group's motion is inconsistent with its complaint which alleges the shorter purported class period and which was filed on January 23, 2004, *prior to* the end of the longer purported class period.

7.      Lastly, Defendants note that the law firm of Gilman and Pastor is seeking to be appointed as liaison counsel in three of the five motions that have been filed (the Brumbaugh group, the Gabriele group and Rapp & Stoddard) – in effect placing itself and its clients in each of the three cases in conflict with each other.

Respectfully submitted,

**WAVE SYSTEMS CORPORATION, JOHN  E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,**

By their attorneys,

/s/ Eunice E. Lee
_____
Robert A. Buhlman, BBO #554393
Eunice E. Lee, BBO #639856
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: April 16, 2004

-6-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was electronically served upon the attorney of record for each party on April 16, 2004.

/s/ Eunice E. Lee
Eunice E. Lee

LITDOCS/546580.1
LITDOCS:546580.1