UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, On Behalf of Herself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>        Defendant. | Civil Action No. 04-cv-30022 (MAP) |
| YOSEF STREICHER, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>        Defendant. | Civil Action No. 04-cv-30026 (MAP) |

**THE TREBITSCH GROUP'S MEMORANDUM OF POINTS AND AUTORITIES
IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

| | |
|---|---|
| RAFAT DAWOD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY,<br><br>　　　　Defendant. | Civil Action No. 04-cv-30029 (MAP) |
| ALVIN CHESS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>　　　　Defendant. | Civil Action No. 04-cv-30037 (MAP) |
| MICHAEL VICKER, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>　　　　Defendant. | Civil Action No. 04-cv-30040 (MAP) |

**[ADDITIONAL CAPTIONS ON NEXT PAGE]**

| | |
|---|---|
| H. MARTIN BOHMAN, On Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY,<br><br>   Defendant. | Civil Action No. 04-cv-30041 (MAP) |
| JIMMY SUO, On Behalf of Himself and All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY,<br><br>   Defendant. | Civil Action No. 04-cv-30042 (MAP) |
| JACK SCHULMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN SPRAGUE and GERARD T. FEENEY<br><br>   Defendant. | Civil Action No. 04-cv-30043 (MAP) |

**THE TREBITSCH GROUP'S MEMORANDUM OF POINTS AND AUTORITIES
IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

The Trebitsch Group (consisting of plaintiffs Marcello Trebitsch, Shala S. Naeini, Steven R. Clayton, and Oldrich Dostalek) hereby submit this memorandum of points and authorities in further support of its motion to be appointed lead plaintiff and in opposition to the competing motions for appointment of lead plaintiff/counsel filed by: (1) Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin (collectively the "Brumbaugh Group"); (2) Ron Rogers and Steve Alvarez (collectively the "Rogers Group"); (3) Martin H. Bohman, Seong Chen, Ernst Freiler, John Gabriele, Kan Lu, Abdel Kader Tahraoui and Bob Xiong (collectively the "Bohman Group"); and (4) Barry B. Stoddard and Victor Rapp (collectively the "Stoddard Group"). We are not aware of any other parties who have filed motions seeking to be appointed lead plaintiff in this matter.

**I.     INTRODUCTION**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court "shall appoint as lead plaintiff[s] the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff", the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that -
>
> aa.    has either filed the complaint or made a motion in response to a notice. . . ;
>
> bb.    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> cc.    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure.

Section 21D(a)(3)(B)(iii), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc). The Trebitsch Group satisfies the foregoing criteria and should therefore be appointed lead plaintiff. By contrast, and as described below, each of the competing groups who have filed motions seeking to be appointed lead plaintiff have various deficiencies that render them less than adequate to serve as lead plaintiff under the PSLRA.

## II. ARGUMENT

### A. The Trebitsch Group Should Be Appointed Lead Plaintiff

As described in our opening memorandum of law, the Trebitsch Group filed the first action in this case on January 23, 2004. On February 2, 2004 counsel for the Trebitsch Group gave notice of the action in the February 2, 2004 issue of *Barron's*. The notice informed the public about the allegations in the complaint and informed all class members of their right to file a motion for appointment as lead plaintiff as required pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i).

The Trebitsch Group has suffered losses of over $31,000.00, not an insignificant sum for a stock that traded at less then $3.00 per share throughout most of the class period. Moreover, the Trebitsch Group satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23 since it has suffered the same injuries as a result of the defendants' course of conduct as the other class members, and since its claims involve the same legal theory as the other class members. Finally, as demonstrated in the Certifications submitted with its opening brief, the Trebitsch Group is willing and able to accept the responsibilities associated with the role of lead plaintiff. Accordingly, the Trebitsch Group is the most adequate plaintiff and should be appointed lead plaintiff.

B.  **The Brumbaugh Group Cannot Be Appointed Lead Plaintiff Because It Cannot Satisfy Rule 23 and Is Subject to Unique Defenses Rendering It Ineligible to Serve As Lead Plaintiff**

Although the Brumbaugh Group claims to have lost $112,380 in connection with their purchases and sales of Wave securities, the Brumbaugh Group is inadequate because one of its members engaged in unusual trading practices that renders the group atypical and inadequate under Fed. R. Civ. P. Rule 23, and thus incapable of serving as lead plaintiff. Specifically, Randy K. Griffin, a member of the Brumbaugh Group, appears to be a day-trader that subjects his group to unique defenses rendering the group atypical and inadequate. *In re Party City Sec. Litig.*, 189 F.R.D. 91 (D.N.J. 1999) (refusing approval of a group of lead plaintiffs consisting of some members who were in/out plaintiffs). For example, on September 17, 2003, Griffin purchased 15,000 shares and sold the same amount on the same day. The strategy of constantly trading in and out of a company's stock in a series of purchases and sales is an atypical trading strategy. *See SEC Reports, Day Trading: Your Dollars art Risk*, at http://www.sec.gov/investor/pubs/daytips.htm in which the Securities and Exchange Commission opined that "day traders do not invest", but rather

> [t]hrough the use of sophisticated computer software, day traders sit in front of computer screens and look for nothing more than real time price movements. **What it is that they are buying is of no concern to them**.

If a named plaintiff is subject to "unique defenses" concerning his or her individual reliance on the alleged misrepresentations made by defendants, then attention will be diverted away from issues common to the class that will impair said plaintiff's ability to properly act as a representative for the class. In addition, the atypical trading

practices of Griffin may well place the materiality of the defendants' alleged misrepresentations into doubt thereby harming the class. If the Brumbaugh Group is named lead plaintiff, the defendants will undoubtedly exploit Griffin's trading practice as a defense to the fraud-on-the-market presumption that gave rise to this case. Under the PSLRA, the fact that a lead plaintiff is subject to unique defenses effectively rebuts any presumption in favor of its appointment. 15 U.S.C. §78u-4(a)(3)(b)(iii)(II). Accordingly, the Brumbaugh Group should be disqualified from serving as lead plaintiff.

    **C.**    **The Rogers Group Cannot Be Appointed Lead Plaintiff Because It Did Not Timely File Its Motion**

           **1.**    **The Notice in Barron's Satisfies the Notice Provisions of 15 U.S.C. § 78u-4(a)(3)(A)(i)**

As previously stated, the Trebitsch Group first issued notice of this action in the February 2, 2004 edition of *Barron's,* a widely-circulated national business oriented publication with a national circulation of over 295,000 readers. *See* Exhibit A. Barron's is a well-known business publication that caters to investors, financial professionals, and individuals with an interest in investment and investment research. As required by the PSLRA, the notice informed investors that they had 60 days from February 2, 2004 (or April 2, 2004) to file a motion for lead plaintiff. Publication of the notice in Barron's undoubtedly meets the requirements of 15 U.S.C. § 78u-4(a)(3)(A)(i). This publication is similar in many respects to another business publication, *Investor's Business Daily,* which other courts have routinely held adequate for purposes of notice under the PSLRA. *See In re Independent Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 187 (S.D.N.Y. 2003); *Seamans v. Aid Auto Stores, Inc.*, No. 98-CV-7395 (DRH), 2000 WL 33769023, at *4 (E.D.N.Y. Feb. 15, 2000) (notice in the *Investors Business Daily* that has a national circulation of 253,385 satisfies the publication of notice requirement set forth in 15

U.S.C. §78- u-4(a)(3)(A)(i)). Barron's is a widely-circulated national business publication that has a greater circulation than *Investors Business Daily* and therefore meets the notice requirements of 15 U.S.C. § 78u-4(a)(3)(A)(i). Accordingly, all lead plaintiff motions in this case had be filed 60 days from February 2, 2004, or no later than April 2, 2004, in order to be deemed timely filed under the PSLRA.

### 2. The Rogers Group's Lead Plaintiff Motion Was Not Timely Filed

The Rogers Group filed its lead plaintiff motion after the April 2, 2004 statutory deadline. Because the Rogers Group's motion was filed after the 60-day deadline, its motion is untimely and cannot be considered by the Court as a matter of law. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002) ("supplementation after the expiration of the sixty (60) day period would not only be inconsistent with the language and purposes of the PSLRA, but would effectively nullify the time limits expressly provided therein."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action).

Any argument that Trebitsch's notice in Barron's was somehow invalid should be disregarded because, among other reasons, other competing motions for lead plaintiff were filed by April 2, 2004. For example, the Brumbaugh Group and the Stoddard Group both appear to have filed their motions for lead plaintiff and lead counsel on or before April 2, 2004.

### C. The Bohman Group Is Too Large A Group to Be Appointed Lead Plaintiff Under the PSLRA

The Bohman Group is comprised of seven (7) unrelated individuals. As such, the group is an unauthorized group under the PSLRA. Although the PSLRA allows for a "group" lead

plaintiff, a significant concern is appointing groups is whether it is capable of effectively managing the litigation on behalf of the class, or whether its size will render the group's decision-making so unwieldy that the interests of the class will be adversely effected. *In re Versata Sec Litig.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *18-19 (N.D. Cal. Aug. 17, 2001). Both the SEC and the courts have addressed this issue, holding that groups of five or less are proper "groups" under the PSLRA, such groups being capable of effectively managing a litigation as lead plaintiff. *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3rd Cir. 2001). In addition, one of the members of the Bohman Group, Martin H. Bohman, appears to be related to, and shares the same first and last name with, one of the lawyers seeking to be appointed as lead counsel for the class, Martin S. Bohman. If the plaintiff and counsel are in fact closely related, then it would appear that the Bohman Group also has a conflict that would render it inadequate to effectively represent the interests of the class.

Thus, the Bohman Group is too large and has apparent conflicts that render the Group incapable of joint decision-making in an effective manner. Accordingly, the Bohman Group should be disqualified from serving as lead plaintiff.

### D. The Trebitsch Group Would Be A More Suitable Class Representative Than The Stoddard Group

The Trebitsch Group would be a more suitable class representative than the Stoddard Group because the Trebitsch Group has performed significantly more investigation into Wave's misconduct than the Stoddard Group and therefore has greater interest in prosecuting the case. The Trebitsch Group's greater interest in this case is evidenced by the fact that plaintiff Trebitsch was the first to file a complaint against Wave and that the Trebitsch Group has already filed an Amended Complaint that exposes Wave's misleading statements and misconduct in substantially greater detail than the complaint filed by the counsel proposed by

the Stoddard Group. Furthermore, no members of the Stoddard Group filed a complaint in this case and there is otherwise no evidence that the members of Stoddard Group have conducted any investigations into Wave's wrongdoings. Finally, the Stoddard Group's financial interest is minimally larger than the financial interest of the Trebitsch Group and, given the extensive efforts and research the Trebitsch Group has already invested in this case, the Trebitsch Group's interest in this case would make it a significantly more suitable class representative.

### III.  CONCLUSION

For the foregoing reasons, the Trebitsch Group respectfully requests that this Court grant their motion for appointment as lead plaintiff, approve their selection of counsel and deny the competing lead plaintiff motions.

Dated:  April 16, 2004

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

*/s/ Leslie R. Stern*
Leslie R. Stern BBO# 631201
Jeffrey C. Block BBO# 600747
Nicole R. Starr BBO# 658848
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

Proposed Liaison Counsel For Plaintiffs

ZIMMERMAN, LEVI & KORSINSKY, LLP
Eduard Korsinsky
39 Broadway, Suite 1440
New York, New York 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

-and –

ZIMMERMAN, LEVI & KORSINSKY, LLP
Jean Marc Zimmerman
226 St. Paul Street
Westfield, New Jersey 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

Proposed Lead Counsel for Plaintiffs


G:\Boston Case Folder\Securities\Wavesystems\Pleading\Opposition to Lead Plaintiff Motion 4-16-04 11am.doc