# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, )<br><br>Defendants. ) | Civil Action No.  3:04-CV-30022 (MAP) |
| YOSEF STREICHER, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, )<br><br>Defendants. ) | Civil Action No.  3:04-CV-30026 (MAP) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE BRUMBAUGH PLAINTIFF GROUP TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

00002307.WPD ; 1

| | | |
|---|---|---|
| RAFAT DAWOD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30029 (MAP) |
| WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALVIN CHESS, individually and on behalf all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30037 (MAP) |
| WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MICHAEL VICKER, on behalf of himself and all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  3:04-CV-30040 (MAP) |
| WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE, and GERARD T. FEENEY, | ) ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

00002307.WPD ; 1

H. MARTIN BOHMAN, individually and )
on behalf of all others similarly situated, )
                                                                  )
                          Plaintiff, )
                                                                  )
                            v. )      Civil Action No.  3:04-CV-30041 (MAP)
                                                                        )
WAVE SYSTEMS CORPORATION, )
STEVEN K. SPRAGUE, and GERARD T. )
FEENEY, )
                                                                  )
                        Defendants. )

JIMMY SUO, on behalf of himself and all )
others similarly situated, )
                                                                  )
                          Plaintiff, )
                                                                  )
                            v. )      Civil Action No.  3:04-CV-30042 (MAP)
                                                                        )
WAVE SYSTEMS CORPORATION, )
STEVEN K. SPRAGUE, and GERARD T. )
FEENEY, )
                                                                  )
                        Defendants. )

JACK SCHULMAN, individually and on )
behalf of all others similarly situated, )
                                                                  )
                          Plaintiff, )
                                                                   )
                            v. )      Civil Action No.  3:04-CV-30043 (MAP)
                                                                        )
WAVE SYSTEMS CORPORATION, )
STEVEN K. SPRAGUE, and GERARD T. )
FEENEY, )
                                                                  )
                        Defendants. )

00002307.WPD ; 1

Wave Systems Corporation ("Wave Systems") investors Anne Brumbaugh, Gary Harmon and Randy Griffin (collectively, the "Brumbaugh Plaintiff Group") respectfully submit this memorandum of law in further support of their motion to consolidate the related actions, appoint lead plaintiff and approve lead plaintiff's selection of lead counsel and liaison counsel, and in opposition to all competing motions for lead plaintiff submitted by: (i) Ron Rogers and Steve Alvarez (collectively, the "Rogers Group"); (ii) John Gabriele, Martin Bohman, Seong Chen, Kan Lu, Ernest Freiler, Abdel and Bob Xiong (collectively, the "Gabriele Group"); (iii) Victor Rapp and Barry Stoddard (collectively, the "Rapp Group"); and (iv) Marcello Trebitsch, Shala Naeini, Steven Clayton and Oldrich Dostalek (collectively, the "Trebitsch Group").

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs that courts "shall appoint as lead plaintiff **the member or members of the purported plaintiff class** that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i) (emphasis added).  The PSLRA further instructs that courts shall adopt a presumption that the most adequate plaintiff is **the person or group of persons with the largest financial interest and which satisfies the requirements of Fed. R. Civ. P. 23** (Rule 23).  15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added).  The Brumbaugh Plaintiff Group suffered financial losses of approximately $112,380, representing by far the greatest financial interest in the outcome of this litigation.  In addition, the members of the Brumbaugh Plaintiff Group have each executed and submitted to this Court a Joint Declaration which emphasizes their willingness to serve as lead plaintiffs, their understanding of the

responsibilities attendant to that position, and their ability to work as a cohesive group. *See* Joint Declaration In Support Of The Brumbaugh Plaintiff Group's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Joint Declaration") at ¶¶ 2, 4 (attached as Exhibit D to Declaration of David Pastor in Support of Motion of the Brumbaugh Plaintiff Group to Consolidate Actions, To Be Appointed Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Pastor Declaration")).  Accordingly, the Brumbaugh Plaintiff Group is the movant with the largest financial interest that also meets the requirements of Rule 23, and therefore is the presumptive lead plaintiff.  As the presumptive lead plaintiff, the Brumbaugh Plaintiff Group's motion for appointment as lead plaintiff should be granted, and its selection of lead and liaison counsel should be approved.

## II.     ARGUMENT

### A.     The Brumbaugh Plaintiff Group Is The Presumptive Most Adequate Plaintiff

The PSLRA directs that courts "**shall appoint** as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(I) (emphasis added).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he Court shall adopt a **presumption** that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> > (aa)    has either filed the complaint or made a motion in response to a notice . . .;
> >
> > (bb)    in the determination of the court, **has the largest financial interest** in the relief sought by the class; and

(cc)    otherwise **satisfies the requirements of Rule 23** of the Federal Rules of
Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) (emphasis added); *In re Lernout & Hauspie Securities*

*Litigation*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001).

### 1.____The Brumbaugh Plaintiff Group Has The Largest Financial Interest In The Litigation

With $112,380 in financial losses, the Brumbaugh Plaintiff Group has the largest

financial interest in this litigation.  In fact, the Brumbaugh Plaintiff Group's financial losses

exceed the next largest movant group's losses by more than $30,000.  The losses of each movant

group are as follows:[1]

| MOVANT | CLAIMED FINANCIAL LOSSES |
|---|---|
| BRUMBAUGH PLAINTIFF GROUP | $112,380 |
| ROGERS GROUP | $79,000 |
| GABRIELE GROUP | $55,352 |
| RAPP GROUP | $41,870 |
| TREBITSCH GROUP | $30,301 |

Since each competing movant is a group, comprised of two or more investors, each

movant independently has argued that the Court should consider the group's collective financial

interest in appointing the lead plaintiff.  *See* Memorandums In Support Of Lead Plaintiff for: (1)

Rogers Group at 2 ("combined actual losses of ... over $79,000, ... which Movant believes

---

[1]    The plain language of the PSLRA, as acknowledged by numerous courts in this District,
allows for the appointment of a small, cohesive group of plaintiffs, such as the Brumbaugh
Group, to serve as lead plaintiff.  *See Miller v. Parametric Technology Corporation et. al.*, No.
03-10290, Order at 1 (D. Mass. May 20, 2003) (attached hereto as Exhibit A) (court appointed
lead plaintiff group); *In re Lernout & Hauspie*, 138 F. Supp. 2d at 44 (same); *Greebel v. FTP
Software Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996) (same).

constitutes the largest financial interest"); (2) Gabriele Group at 6 ("collectively Movants

purchased 62,882 shares ... and suffered estimated losses of $55,352); (3) Rapp Group at 1

("collectively suffered losses of $41,870.80); and (4) Trebitsch Group at 2 ("proposed lead

plaintiffs together have losses of approximately $30,301). Similarly, each competing movant has

argued that both the PSLRA and applicable case law support the Court's appointing small groups

of plaintiffs to serve together as lead plaintiff. *See* Memoranda In Support Of Lead Plaintiff for:

(1) Rogers Group at 3; (2) Gabriele Group at 5; (3) Rapp Group at 4-5; and (4) Trebitsch Group

at 6.

Thus, the Brumbaugh Plaintiff Group, which has the largest financial interest in the

outcome of this litigation, is entitled to the presumption of "most adequate plaintiff."

### 2.    The Brumbaugh Plaintiff Group Qualifies Under Rule 23

Once the Court determines which plaintiff has the greatest financial stake in the litigation,

it must next determine whether *that* plaintiff has made a *prima facie* showing of typicality and

adequacy under Rule 23. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("Once that

comparison is made and the court identifies the plaintiff with the largest stake in the litigation,

further inquiry must focus on that plaintiff alone and [should] be limited to determining whether

he satisfies the other statutory requirements."). This next step in the lead plaintiff analysis is

non-adversarial in nature, with the court relying on the presumptive lead plaintiff's initial filings

and sworn certification. *Id.*

Here, in support of their timely application to be appointed as lead plaintiff, the

Brumbaugh Plaintiff Group's members each filed: (i) sworn Certifications reflecting their Class

Period transactions in Wave Systems as well as their desire to serve as a representative plaintiff

(*see* Brumbaugh Plaintiff Group's Certifications, attached as Exhibit A to Pastor Declaration); and (ii) a Joint Declaration which reinforces the fact that they together seek to be appointed as lead plaintiff and demonstrates that they are prepared and capable of fulfilling the important role of lead plaintiff (*see* Joint Declaration attached as Exhibit D to Pastor Declaration).

Further, the Brumbaugh Plaintiff Group's members satisfy Rule 23's typicality requirement because: (i) they suffered the same injuries as the putative Class; (ii) their injuries arose from the same events, practice and course of conduct by defendants; and (iii) their claims and those of the putative Class are based on the same legal theories. More specifically, the Brumbaugh Plaintiff Group's members each relied on the integrity of the market in executing their Class Period transactions in Wave Systems and, as a result, were injured. *See Tolan v. Computervision Corp.*, 696 F. Supp. 771, 778 (D. Mass 1988) ("[I]t is not whether the plaintiffs' investment strategy is similar to that of the class; it is not the time at which one purchased their security or how long they held the security; and it is not the type of security in which an investor trades. It is not the manner in which plaintiffs relied that is the issue, but whether they *in fact* relied on the integrity of the market.").

Moreover, the Brumbaugh Plaintiff Group has selected the law firm of Schiffrin & Barroway, LLP to represent it and the putative Class. As demonstrated by its firm biography submitted previously, Schiffrin & Barroway is well-qualified to serve as lead counsel.

As demonstrated previously and herein, the Brumbaugh Plaintiff Group has sufficiently satisfied the typicality and adequacy requirements of Rule 23. As a result, there can be no doubt (at this preliminary stage) that the Brumbaugh Plaintiff Group, which has the greatest financial interest in the outcome of this litigation and otherwise satisfies Rule 23, is the presumptive most

adequate plaintiff and should be appointed lead plaintiff.

**B.    All Competing Motions Should Be Denied**

Based on all competing motions, no other movant suffered greater financial losses than the Brumbaugh Plaintiff Group.  Further, only the Brumbaugh Plaintiff Group has provided this Court with sufficient information to assess their desire and ability to work together in a cohesive manner.  *See* Joint Declaration ¶¶ 2, 4.  Thus, only the Brumbaugh Plaintiff Group qualifies as the presumptive most adequate plaintiff, and therefore it should be appointed as lead plaintiff.

**C.    The Brumbaugh Plaintiff Group's Selection Of Lead Counsel And Liaison Counsel Should Be Approved By The Court**

As the most adequate plaintiff, the Brumbaugh Plaintiff Group is entitled to select lead counsel for this action, subject to the approval of the Court.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Lernout & Hauspie*, 138 F. Supp. 2d at 42 (citing same).  Here, the Brumbaugh Plaintiff Group has selected the law firm of Schiffrin & Barroway, LLP as lead counsel and Gilman and Pastor, LLP as liaison counsel to represent it and the Class.  These firms are both well-qualified to fulfill counsel's responsibilities on behalf of the Class.

**III.    CONCLUSION**

For the reasons stated herein, as well as in its initial submissions to the Court, the Brumbaugh Plaintiff Group respectfully requests that this Court: (i) consolidate the above-captioned, and all subsequently-filed, related actions; (ii) appoint the Brumbaugh Plaintiff Group

as Lead Plaintiff in this action; (iii) approve Schiffrin & Barroway, LLP as Lead Counsel to

represent the Class; and (iv) approve Gilman & Pastor, LLP as Liaison Counsel for the Class.

Dated: April 16, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**


By:    /s/ David Pastor
        David Pastor (BBO # 391000)
        Peter A. Lagorio (BBO # 567379)
        Stonehill Corporate Center
        999 Broadway, Suite 500
        Saugus, MA 01906
        Telephone:    (781) 231-7850
        Facsimile:    (781) 231-7840

**[Proposed] Liaison Counsel**


**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Sean M. Handler
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

**[Proposed] Lead Counsel**