UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDY M. SOUSA, On Behalf of Herself and All Others Similarly Situated, ) ) ) | No. 04-30022-MAP |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) | |
| WAVE SYSTEMS CORPORATION, et al., ) ) | |
| Defendants. ) ) | |
| YOSEF STREICHER, On Behalf of Himself and All Others Similarly Situated, ) ) ) | No. 04-30026-KPN |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) | |
| WAVE SYSTEMS CORPORATION, et al., ) ) | |
| Defendants. ) ) ) | |

[Caption continued on following page.]

RON ROGERS AND STEVE ALVAREZ'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

| | |
|---|---|
| RAFAT DAWOD, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WAVE SYSTEMS CORPORATION, et al., <br><br> Defendants. | Civil Action No. 04-30029-KPN <br><br> <u>CLASS ACTION</u> |
| ALVIN CHESS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WAVE SYSTEMS CORPORATION, et al., <br><br> Defendants. | Civil Action No. 04-30037-MAP <br><br> <u>CLASS ACTION</u> |
| MICHAEL D. VICKER, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WAVE SYSTEMS CORPORATION, et al., <br><br> Defendants. | Civil Action No. 04-30040-MAP <br><br> <u>CLASS ACTION</u> |

[Caption continued on following page.]

| | |
|---|---|
| H. MARTIN BOHMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04-30041-MAP<br><br><u>CLASS ACTION</u> |
| JIMMY SUO, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04-30042-MAP<br><br><u>CLASS ACTION</u> |
| JACK SCHULMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>WAVE SYSTEMS CORPORATION, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04-30043-MAP<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

|     |     |     | Page |
| --- | --- | --- | ---: |
| I.  | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
|     | A. | Under the Requirements of the PSLRA, Rogers and Alvarez Should Be Appointed Lead Plaintiff | 2 |
|     | B. | The Brumbaugh Group Does Not Have the Largest Individual Losses, and It Cannot Satisfy Rule 23 | 5 |
|     | C. | The Gabriele Group Cannot Be Appointed Lead Plaintiff Because It Has a Smaller Financial Interest | 7 |
|     | D. | Neither the Stoddard Group nor the Trebitsch Group Can Be Appointed Lead Plaintiff Because They Have the Smallest Financial Interests | 7 |
|     | E. | Rogers and Alvarez's Motion Is Timely Because the First "Widely Circulated" Press Release Occurred on February 4, 2004 | 8 |
| III. | CONCLUSION | | 9 |

Ron Rogers and Steve Alvarez hereby submit their memorandum of points and authorities in opposition to the motions for appointment as lead plaintiff filed by: (1) Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin (collectively, the "Brumbaugh Group"); (2) Barry B. Stoddard and Victor Rapp (collectively, the "Stoddard Group"); (3) Marcello Trebitsch, Shala S. Naeini, Steven R. Clayton and Oldrich Dostalek (collectively, the "Trebitsch Group"); and (4) Martin H. Bohman, Seong Chen, Ernest Freiler, John Gabriele, Kan Lu, Abdel Kader Tahraoui and Bob Xiong (collectively, the "Gabriele Group").

**I.    INTRODUCTION**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the presumptive most adequate plaintiff is the movant with the largest financial interest in relief sought by the class ***who otherwise satisfies Fed. R. Civ. P. 23 ("Rule 23").***  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)(cc).  As demonstrated below, Rogers and Alvarez have the largest financial interest in the relief sought of any lead plaintiff movant who otherwise satisfies the structures of Rule 23 and, therefore, are the presumptive lead plaintiff.  There can be no question that Rogers and Alvarez's claims are typical of the claims of the class because their claims arise from the same course of events and are based on the same legal theories as the claims of all other investors in Wave Systems Corporation ("Wave Systems") securities as described in each of the filed complaints.  *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001), *cert. denied*, 535 U.S. 951 (2002); *In re Milestone Sci. Sec. Litig.,* 183 F.R.D. 404, 414 (D.N.J. 1998).  Neither Rogers nor Alvarez is subject to unique defenses.  Moreover, Rogers, who individually suffered $51,405 in losses, is also the single individual with the single largest loss of all movants.

Although the Brumbaugh Group's three members purport to have incurred a larger loss, much of their loss derives from the inclusion of Griffin, who is an atypical seller who failed to even retain his shares at the end of the class period.  *See In re Party City Sec. Litig.,* 189 F.R.D. 91 (D.N.J.

1

1999) (refusing approval of a group of lead plaintiffs consisting of some members who were stock retention plaintiffs and other members who sold 100% of their shares during the class period). As such, the Brumbaugh Group fails to satisfy the adequacy and typicality requirements of Rule 23, as set forth in the PSLRA, and is subject to unique defenses that would disqualify it. *See In re MicroStrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 436-32 (E.D. Va. 2000); *In re Bank One S'holder Class Actions*, 96 F. Supp. 2d 780, 783-84 (N.D. Ill. 2000).

Under the PSLRA, none of the remaining lead plaintiff movants should be approved either, as their losses are substantially less than Rogers and Alvarez. Neither the Stoddard Group, with losses of $41,871, the Gabriele Group, with losses of $55,352, nor the Trebitsch Group, with losses of $30,301, had a loss as great as Rogers and Alvarez. *See In re Cendant Corp. Litig.,* 264 F.3d 201 (3d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002); *In re Cavanaugh,* 306 F.3d 726 (9th Cir. 2002).

Accordingly, Rogers and Alvarez have the largest financial interest that satisfies the requirements of Rule 23, and, therefore, should be appointed lead plaintiff.

## II. ARGUMENT

### A. Under the Requirements of the PSLRA, Rogers and Alvarez Should Be Appointed Lead Plaintiff

Pursuant to the PSLRA, Rogers and Alvarez are the most adequate lead plaintiff because they have the largest financial interest of those vying for lead plaintiff that also satisfies the requirements of Rule 23. The PSLRA provides that, in securities class actions, courts "*shall appoint* as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i)(emphasis added). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a *presumption* that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –

2

> (aa)   has either filed the complaint or made a motion in response to a notice ...;
>
> (bb)   in the determination of the court, has the ***largest financial interest*** in the relief sought by the class; and
>
> (cc)   ***otherwise satisfies the requirements of Rule 23*** of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) (emphasis added). The PSLRA's most adequate plaintiff presumption may be rebutted by proof that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb); *Cavanaugh,* 306 F.3d at 730.

Rogers and Alvarez have suffered combined losses of over $79,555, and as such, constitute the movant with the largest financial interest who also satisfies Rule 23. In fact, Rogers, with losses of over $51,404, has suffered the single largest loss of all individual lead plaintiff movants. In particular, Rogers' losses alone exceed each of the Brumbaugh Group applicants' losses by at least 23% (Brumbaugh: $40,666; Harmon: $41,699; Griffin: $30,016); the Gabriele Group applicants' losses by at least 233% (Bohman: $889; Chen: $12,839; Freiler: $3,625; Gabriele: $15,450; Lu: $5,657; Tahraoui: $9,503; Xiong: $7,391); the Trebitsch Group applicants' losses by at least 321% (Trebitsch: $1,312; Naeini: $12,201; Clayton: $10,300; Dostalek: $6,480); and the Stoddard Group applicants' losses by at least 91% (Stoddard: $26,848; Rapp: $15,022). This fact alone suggests that Rogers and Alvarez (or Rogers individually) are the presumptive lead plaintiff. *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 457-58 (S.D. Tex. 2002) (appointing single largest entity as lead plaintiff over groups with larger losses).

In addition, when the Brumbaugh Group losses are analyzed in depth, it is clear that they are not the presumptive lead plaintiff. In evaluating a proposed lead plaintiff, courts throughout the

3

country have used the following factor test in determining the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *Netsky v. Capstead Mortgage Corp.,* Civil Action No. 3:98-CV-1716-L, 2000 U.S. Dist. LEXIS 9941, at *17 (N.D. Tex. July 12, 2000); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Gluck v. CellStar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Lax v. First Merch. Acceptance Corp.,* Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997). Consideration of each of these factors demonstrates that Rogers and Alvarez are the presumptive lead plaintiff under the PSLRA, as they possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

In addition to Rogers and Alvarez's losses of $79,556, Rogers and Alvarez purchased 129,130 shares (compared to the Brumbaugh Group's 94,400 shares), and expended $260,667 (compared to the Brumbaugh Group's $151,189). Rogers and Alvarez's net shares purchased exceeds the number of net shares purchased by the Brumbaugh Group by approximately 28,000 shares (106% more). Many courts have concluded that ***"the number of net shares purchased during the class period is determinative."*** *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) (citing *In re Network Assoc., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999)) (emphasis added). "A net purchaser will, presumably, have a greater interest in the litigation, because he or she was induced by the fraud to purchase shares, and has been left 'holding the bag' when the fraudulent inflation is revealed." *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999) (footnote omitted). Rogers and Alvarez also purchased almost 35,000 (gross) shares more of Wave Systems common stock than the Brumbaugh Group (37% more). *In re Telxon Corp. Sec. Litig.,* 67 F. Supp. 2d 803, 808-09 (N.D. Ohio 1999)

(considering gross shares purchased in determining financial interest). Likewise, during the class period, Rogers and Alvarez's net expenditures in connection with the purchase of Wave Systems securities exceeded those of all the other movants' combined expenditures by more than $109,000 (72% more). Hence, under any approach, Rogers and Alvarez are the presumptive most adequate lead plaintiff.

Rogers and Alvarez's adequacy and typicality under Rule 23 cannot be questioned. Specifically, Rogers and Alvarez suffered the same injuries as the absent class members, as a result of the same course of conduct by defendants, and their claims are all based on the same legal issues. *See Seidman v. Am. Mobile Sys.,* 157 F.R.D. 354, 360 (E.D. Pa. 1994); *Weiss v. York Hosp.,* 745 F.2d 786, 809-10 & n.36 (3d Cir. 1984). Unlike the Brumbaugh Group (particularly Griffin), Rogers and Alvarez both retained substantial holdings at the end of the class period. As demonstrated in their certifications, Rogers and Alvarez are willing and able to accept the responsibilities that arise from their role as lead plaintiff, have conferred regarding the case, and have established a process for regular meetings to monitor the action. *See* Joint Delcaration of Steve Alvarez and Ron Rogers in Support of Their Motion for Appointment as Lead Plaintiff, Approval of Selection of Lead Counsel and for Consolidation of Related Actions ("Joint Decl."), filed concurrently herewith, at ¶5. In addition, they have retained some of the most pre-eminent plaintiffs' class action lawyers in the nation to represent the class. *Cavanaugh,* 306 F.3d 726; *Enron,* 206 F.R.D. 427. As such, Rogers and Alvarez should be appointed lead plaintiff and their selection of counsel should be approved.

  **B. The Brumbaugh Group Does Not Have the Largest Individual Losses, and It Cannot Satisfy Rule 23**

The Brumbaugh Group claims losses of approximately $112,000. Its constituents have losses of $40,666 (Brumbaugh), $41,699 (Harmon), and $30,016 (Griffin). None of the losses of any of its

three constituents rises to the level of Rogers' $51,404 in losses and, therefore, the Brumbaugh Group's claim to the "largest financial interest" is incorrect.

Moreover, the trading pattern of one of its constituents, Griffin, renders the Brumbaugh Group atypical and inadequate under Rule 23. Griffin purchased and sold 100% of his shares *during* the class period. See Exhibit C to the Declaration of David Pastor in Support of Motion of the Brumbaugh Plaintiff Group to Consolidate Actions, to Be Appointed Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel. Having sold 100% of his shares, Griffin is subject to a defense argument that he has a conflict with the other members of the Brumbaugh Group and with the majority of damaged stockholders who retained shares. Because Griffin retained *no* shares at the end of the class period, this fact could be raised by defense counsel. As the Court stated in *Party City*:

> The ownership interests of Krasnow and Slater Asset, as Retention Plaintiffs, may conflict with the interests of Taylor Capital as an In/out Plaintiff. Taylor Capital will likely seek to maximize its recovery without concern for the continued commercial viability and financial success of Party City. Krasnow and Slater Asset, however, given their equity interest in Party City, would presumably want Party City to continue as a healthy going concern after the conclusion of the instant litigation. Given the fundamental nature of the Retention/Seller conflict, it appears likely Retention Plaintiffs and In/out Plaintiffs would have divergent interests during the course of settlement negotiations and throughout the litigation process. Further, it appears the Retention/Seller Conflict would prevent counsel from providing adequate representation to parties with the discussed opposing interests. Accordingly the interests of Krasnow and Slater Asset on the one hand, and Taylor Capital on the other, are not sufficiently aligned to allow for the appointment of all three as lead plaintiffs in the instant action.

*Party City*, 189 F.R.D. at 110-11.[1]  Rogers and Alvarez are not subject to this attack.

---

[1] *See also Epstein v. Am. Reserve Corp.*, No. 79 C 4767, 1988 U.S. Dist. LEXIS 3382, at *14 (N.D. Ill. Apr. 21, 1988); *MicroStrategy*, 110 F. Supp. 2d at 437 (lead plaintiff movant rejected because of atypical trading strategy subjecting him to unique defenses).

Additionally, while Rogers and Alvarez have met to discuss this case and have established a process for decision making (Joint Decl. at ¶5), the Brumbaugh Group has not provided any evidence to this Court suggesting that they have ever met, let alone plan on having regular discussions about the case. There is, therefore, no basis to conclude that the Brumbaugh Group is anything other than three disparate individuals improperly thrown together by counsel. As such, the fact that Griffin no longer retains any shares makes Griffin atypical and inadequate and the proposed Brumbaugh Group untenable. *See, e.g., In re Waste Mgmt., Inc. Sec. Litig.,* 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000) (holding that the "burden is on those seeking to aggregate to demonstrate the cohesiveness of their purported 'group.'").

      **C.    The Gabriele Group Cannot Be Appointed Lead Plaintiff Because It Has a Smaller Financial Interest**

The Gabriele Group – with losses of $55,353 – does not have the largest financial interest of all movants seeking appointment as lead plaintiff in this action, and no individual has a loss over $15,450. Therefore, the Gabriele Group's motion should be denied. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb) (movant with the largest financial interest is the presumptive lead plaintiff); *Cavanaugh,* 306 F.3d 726; *Cendant*, 264 F.3d 201.

      **D.    Neither the Stoddard Group nor the Trebitsch Group Can Be Appointed Lead Plaintiff Because They Have the Smallest Financial Interests**

The Stoddard Group, with losses of $41,871, has not suffered the largest financial interest. Similarly, the Trebitsch Group, with losses of $30,301, has suffered less than half of the losses of Rogers and Alvarez. Indeed, each of these groups' losses does not exceed Rogers' losses alone. In accordance with the PSLRA, the Stoddard Group and Trebitsch Group's motions for appointment as lead plaintiff should be denied. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb); *Cendant,* 264 F.3d 201; *Cavanaugh,* 306 F.3d 726.

E.  **Rogers and Alvarez's Motion Is Timely Because the First "Widely Circulated" Press Release Occurred on February 4, 2004**

The PSLRA instructs that a notice be published in a *widely circulated* business publication or wire service. 15 U.S.C. §78u-4(a)(3)(A)(i). The first-filed *effective* notice was not published until February 4, 2004 on *PrimeZone Media Network* ("*PrimeZone*"), which is a widely circulated business wire service that district courts have approved in this context. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Mayo v. Apropos Tech., Inc.,* No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, at *5 (N.D. Ill. Feb. 7, 2002). Rogers and Alvarez timely filed their application pursuant to the effective *PrimeZone* notice.

The *Barron's* notice published on February 2, 2004, is ineffective. *See* Exhibit A to the Affidavit of Nancy Freeman Gans in Support of Ron Rogers and Steve Alvarez's Memorandum of Points and Authorities in Opposition to Competing Lead Plaintiff Motions ("Gans Aff."), filed concurrently herewith. In *Milestone*, 183 F.R.D. at 413, the court considered what constitutes "widely-circulated" for purposes of the notice requirements under the PSLRA. The court ultimately approved of the notice issued on *Business Wire*, because it "is subscribed to by 'hundreds of print publications and wire services, encompassing news media in all fifty states,' and is thus 'widely-circulated.'" *Milestone,* 183 F.R.D. at 413 n.10 (citation omitted); *see also Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1314 (N.D. Ala. 2000).

Far from being the "widely circulated" publication or "wire service" contemplated under the PSLRA's notice provisions, *Barron's* is a discreet publication. It is neither subscribed to by other print publications nor by wire services. Indeed, as noted in *Barron's* advertising literature, *Barron's* paid circulation for Massachusetts is only 14,621 copies. Gans Aff., Ex. B  Further, unlike *Business Wire*, *PRNewswire* or *PrimeZone*, all of which have been approved by courts nationwide, *Barron's* is not a springboard from which other publications obtain their information, thereby ensuring wide

8

circulation. Under the effective notice of pendency, issued on February 4, 2004 on *PrimeZone*, a court-approved indiscriminate free publication, the deadline for filing motions for appointment as lead plaintiff expired April 5, 2004. Rogers and Alvarez's motion was, therefore, timely.

## III.   CONCLUSION

Based on the foregoing, Rogers and Alvarez respectfully request that this Court grant their motion for appointment as lead plaintiff, approve their selection of counsel and deny the competing lead plaintiff motions.

DATED:  April 16, 2004                                                  MOULTON & GANS, P.C.

\s\ Nancy Freeman Gans
NANCY FREEMAN GANS, BBO #184540

33 Broad Street, Suite 1100
Boston, MA  02109
Telephone:  617/369-7979
617/369-7980 (fax)

[Proposed] Liaison Counsel

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
JEFFREY W. LAWRENCE
STANLEY S. MALLISON
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

T:\CasesSF\Wave Systems\BRF00008630.doc

9

## DECLARATION OF SERVICE BY FEDERAL EXPRESS AND FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on April 16, 2004, declarant served the **RON ROGERS AND STEVE ALVAREZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** by Federal Express addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of April, 2004, at San Francisco, California.

\s\ Caroline Wiley
CAROLINE A. WILEY

WAVE SYSTEMS (Mass)
Service List - 4/15/2004   (04-0046M)
Page 1 of 3

### Counsel For Defendant(s)

Robert A. Buhlman
Eunice E. Lee
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
  617/951-8000
  617/951-8736 (Fax)

### Counsel For Plaintiff(s)

Jeffrey C. Block
Michael T. Matraia
Leslie R. Stern
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02109
  617/542-8300
  617/542-1194 (Fax)

Sandy A. Liebhard
Joseph R. Seidman, Jr.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY  10016
  212/779-1414
  212/779-3218 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Cauley Geller Bowman & Rudman, LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

David Pastor
Gilman And Pastor, L.L.P.
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA  01906
  781/231-7850
  781/231-7840 (Fax)

Jonathan M. Plasse
Christopher J. Keller
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue, 12th Floor
New York, NY  10017-5563
  212/907-0700
  212/818-0477 (Fax)

Harold B. Obstfeld
Harold B. Obstfeld, P.C.
260 Madison Avenue, 19th Floor
New York, NY  10016
  212/696-1212
  212/679-8998 (Fax)

WAVE SYSTEMS (Mass)
Service List - 4/15/2004   (04-0046M)
Page 2 of 3

Deborah R. Gross
Susan R. Gross
Law Offices Bernard M. Gross, P.C.
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
   215/561-3600
   215/561-3000 (Fax)

Charles J. Piven
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street, Suite 2525
Baltimore, MD  21202
   410/332-0030
   410/685-1300 (Fax)

Marjorie A. McKeithen
McKeithen, McKeithen & Bohman
10771 Perkins Road, First Floor
Baton Rouge, LA  70810
   225/766-6500

Jeffrey W. Lawrence
Stanley S. Mallison
Milberg Weiss Bershad Hynes & Lerach LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534 (Fax)

William S. Lerach
Darren J. Robbins
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
   619/231-1058
   619/231-7423 (Fax)

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA  02109
   617/369-7979
   617/369-7980 (Fax)

Susan E. Stenger
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA  02108-3106
   617/854-4000
   617/854-4040 (Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
   610/667-7706
   610/667-7056 (Fax)

WAVE SYSTEMS (Mass)
Service List - 4/15/2004   (04-0046M)
Page 3 of 3

Thomas G. Shapiro
Theodore M. Hess-Mahan
Shapiro Haber & Urmy, LLP
75 State Street
Boston, MA  02109
   617/439-3939
   617/439-0134 (Fax)

Jules Brody
Aaron L. Brody
Tzivia Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY  10017
   212/687-7230
   212/490-2022 (Fax)

Robert I. Harwood
Jeffrey M. Norton
Wechsler Harwood LLP
488 Madison Avenue, 8th Floor
New York, NY  10022
   212/935-7400
   212/753-3630 (Fax)

Eduard Korsinsky
Zimmerman, Levi & Korsinsky, LLP
39 Broadway, Suite 1440
New York, NY  10006
   212/363-7500
   212/363-7171 (Fax)