UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, et al. | ) |
| | ) CLASS ACTION |
| Plaintiffs, | ) |
| | ) No. 04-30022-MAP |
| v. | ) |
| | ) |
| WAVE SYSTEMS CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE
TO CITE SUPPLEMENTAL SUPREME COURT AUTHORITY**

**PRELIMINARY STATEMENT**

Lead Plaintiffs Anne Brumbaugh, Gary L. Harmon, and Randy K. Griffin ("Plaintiffs") respectfully submit the following memorandum in response to Defendants' Motion for Leave to Cite Supplemental Supreme Court Authority, *Dura Pharms., Inc. v. Broudo,* 125 S. Ct. 1627, 2005 U.S. LEXIS 3478 (U.S. 2005).[1] For the following reasons, Defendants' post-hearing submission does not warrant dismissal of the Plaintiffs' claims set forth in the Consolidated Amended Complaint ("Complaint").[2]

---

[1] Plaintiffs consented to Defendants' filing of the instant Motion, and provide this response, as *Dura* is wholly inapplicable to the facts as plead in the Consolidated Amended Complaint. References to the Defendants' Motion For Leave To File Supplemental Supreme Court Authority shall be made as "Def. Mot. p.__."

[2] References to the Consolidated Amended Complaint shall be made as "CAC ¶ __."

1.  **The Supreme Court's Narrow Holding In *Dura*[3] Does Not Warrant Dismissal Of Plaintiffs' Claims And Defendants' Reliance Is Misplaced**

Defendants' submission of the recent Supreme Court holding in *Dura* as controlling authority in the instant action is misplaced, and should have no bearing on this Court's decision concerning Defendants' motion to dismiss.[4]

In *Dura,* the Supreme Court viewed plaintiffs' challenged complaint as alleging economic harm solely by virtue of the stock's price inflation at the time of plaintiffs' purchase. *Dura,* 2005 U.S. LEXIS 3478 at ***5. As the Court stated:

> Most importantly, the complaint says the following (and nothing significantly more than the following) about economic losses attributable to the spray device misstatement: "*In reliance on the integrity of the market [the plaintiffs] . . . paid artificially inflated prices for Dura securities*" and the plaintiffs suffered "*damage[s]*" thereby.
>
> \*    \*    \*
>
> As we have pointed out, the plaintiffs' lengthy complaint contains only one statement that we can fairly read as describing the loss caused by the defendants' "spray device" misrepresentations. That statement says that the plaintiffs "paid artificially inflated prices for

---

[3] The Supreme Court stated in overruling the Court of Appeals' decision: ". . . the Ninth Circuit's approach would allow recovery where a misrepresentation leads to an inflated purchase price but nonetheless does not proximately cause any economic loss. . . . We need not, and do not, consider other proximate cause or loss -related questions." *Dura,* 2005 U.S. LEXIS 3478 at ***3*.

[4] Plaintiffs have already addressed the *Dura* holding in their Response to Defendants' Supplemental Authority and Supplement of the Record on Oral Argument filed with the Court on April 20, 2005 (Pltf. Resp. at 3). Defendants latest motion is simply an attempt to reargue the same damages issues, which properly should have been addressed earlier in a reply to Plaintiffs' submission. As Plaintiffs have clearly plead a causal connection between the materially false and misleading statements alleged (*i.e.,* CAC ¶¶ 36, 42), and the drop in Wave's stock price at the end of the Class Period (CAC ¶¶ 13, 70-72), Plaintiffs' pleading burden has been met, and nothing more is required at this early stage– even after *Dura*.

>Dura's securities" and suffered "damage[s]." The statement implies that the plaintiffs' loss consisted of the "artificially inflated" purchase "prices." The complaint's failure to claim that Dura's share price fell significantly after the truth became known suggests that the plaintiffs considered the allegation of purchase price inflation alone sufficient. The complaint contains nothing that suggests otherwise. (citations omitted.)

*Dura,* 2005 U.S. LEXIS 3478 at \*\*\*19. Answering this narrow question, the Supreme Court concluded that such a bare claim of "purchase price inflation alone" is insufficient to plead loss causation. *Id.* at \*\*\*19.

Moreover, the Supreme Court in *Dura* reaffirmed that plaintiffs may adequately plead loss causation through compliance with the lenient standard of Fed. R. Civ. P. 8(a)(2), as construed by *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which requires that Rule 8(a)(2)'s "short and plain statement" simply "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"[5] *Dura,* 2005 U.S. LEXIS 3478 at \*4 (quoting *Conley* at 47). Notably, the Court declined to adopt or recognize any heightened pleading standard for loss causation, reaffirming that the relevant pleading rules should not "impose a great burden upon a plaintiff." *Dura,* 2005 U.S. LEXIS 3478 at \*\*\*20. Instead, a plaintiff need only provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Id.*

---

[5] The Court stated: "We concede that the Federal Rules of Civil Procedure require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). And we assume, at least for argument's sake, that neither the Rules nor the securities statutes impose any special further requirement in respect to the pleading of proximate causation or economic loss. . . . The complaint before us fails this simple test." (citations omitted.) *Dura*, 2005 U.S. LEXIS 3478 at \*\*\*19.

Contrary to Defendants' suggestion, it is clear that in *Dura,* the Supreme Court did not find plaintiffs' complaint lacking for failure to connect the price inflation allegations with any allegations of a drop in share price. Instead, the plaintiffs in *Dura* had alleged <u>nothing</u> <u>more</u> than price inflation as a result of the fraud. As Plaintiffs have clearly plead a drop in Wave's stock price at the end of the Class Period (CAC ¶¶ 13, 70-72),[6] the holding in *Dura* does not apply to the case at bar. Plaintiffs have satisfied the pleading requirements detailed in *Dura*, and Defendants' reliance is unfounded.

## CONCLUSION

For the foregoing reasons, and the reasons asserted in Plaintiffs' opposition to the motion to dismiss the Complaint, during argument presented at the hearing on March 30, 2005, and in Plaintiffs' post-hearing submissions, Defendants' motion to dismiss should be denied in its entirety. In the event the Court identifies any pleading deficiencies in the Complaint, Plaintiffs should be granted leave to amend pursuant to Fed. R. Civ. P. 15(a).

DATED:   May 25, 2005

Respectfully submitted,

/s/ David Pastor
David Pastor (BBO #391000)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Telephone:  (617) 742-9700
Facsimile:   (617) 742-9701

**Plaintiffs' Liaison Counsel**

---

[6] Defendants selectively ignore the Complaint's allegation that the announced SEC investigation which closes the Class Period was disclosed as concerning the Defendants' false and misleading statements (CAC ¶¶ 36, 42), as well as Defendants' insider trading in Wave stock which took place within days of the statements made (CAC ¶¶ 13, 70-72). Defendants cannot establish as a matter of law that the Plaintiffs have failed to plead a causal connection by arguing only a nebulous "SEC investigation" was disclosed. Def. Mot. p. 3.

Gregory Castaldo
Karen E. Reilly
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Rd.
Radnor, PA  19087
Telephone:  (610) 667-7706
Facsimile:   (610) 667-7056

**Plaintiffs' Lead Counsel**