## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN,<br><br>Plaintiffs,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, JOHN E. BAGALAY, JR., STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>Defendants. | CIVIL ACTION NO. 04-30022-MAP |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Wave Systems Corporation ("Wave"), Steven K. Sprague and Gerard T. Feeney (collectively, the "Defendants") respectfully submit this Answer and Affirmative Defenses to the Consolidated Amended Class Action Complaint For Violations of the Federal Securities Laws ("Complaint").

## ANSWER

Defendants aver that the un-numbered paragraph preceding paragraph 1 of the Complaint contains no factual allegations, but rather describes the Complaint and matters purportedly pertaining to Plaintiffs' counsel, and no answer is required. To the extent an answer is required, Defendants deny the allegations in the un-numbered paragraph preceding paragraph 1 of the Complaint.

1.      Defendants aver that paragraph 1 of the Complaint contains no factual allegations, but rather describes the Complaint, and no answer is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 1 of the Complaint except that, to the extent that paragraph 1 of the Complaint purports to summarize or characterize Complaint, Defendants refer to the Complaint for a complete and accurate statement of content.

2.      Defendants deny the allegations in the first and second sentences of paragraph 2 of the Complaint, except admit that Wave has represented itself as a development stage software company and that Wave has not yet been profitable.  Defendants deny the allegations in the third sentence of paragraph 2 of the Complaint, except admit that Wave has not realized significant revenues and that a development contract was cancelled in 2002.  Defendants admit the allegations in the fourth sentence of paragraph 2 of the Complaint.

3.      Defendants deny the allegations in of paragraph 3 of the Complaint except that, to the extent that paragraph 3 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

4.      Defendants deny the allegations in the first and second sentences of paragraph 4 of the Complaint except that, to the extent that the first and second sentences of paragraph 4 of the Complaint purport to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.  Defendants aver that the allegations in the third sentence of paragraph 4 of the Complaint are too vague to permit an answer.  To the extent that the third sentence of paragraph 4 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied except that to the extent that the third sentence of paragraph 4 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content..

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

6.      Defendants deny the allegations in paragraph 6 of the Complaint, except admit that by June 30, 2003, Wave had accumulated debt of $245.8 million and had working capital of $2.6 million.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      Defendants deny the allegations of paragraph 8 of the Complaint except that, to the extent that paragraph 8 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

9.      Defendants deny the allegations of paragraph 9 of the Complaint except that, to the extent that paragraph 9 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

10.     Defendants deny the allegations of paragraph 10 of the Complaint except that, to the extent that paragraph 10 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11 of the Complaint.  Defendants deny the allegations of the second sentence of paragraph 11 of the Complaint except admit that publicly available records reflect that Wave's stock price closed at $0.84 on July 30, 2003 and $2.25 on July 31, 2003.  Defendants deny the allegations of the third sentence of paragraph 11 of the Complaint except admit that publicly available records reflect that Wave's stock price closed at $4.42 on August 4, 2003.  Defendants deny the allegations in the fourth  sentence of paragraph 12 of the Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 of the Complaint.  Defendants deny the allegations in the second and third sentences of paragraph 12 of the Complaint.

13.     Defendants deny the allegations in the first sentence of paragraph 13 of the Complaint except that, to the extent that the first sentence of paragraph 13 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.  Defendants deny the allegations of the second sentence of paragraph 13 of the Complaint except admit that publicly available records reflect that Wave's stock price closed at $1.5 on December 19, 2003.

14.     Defendants aver that the allegations in paragraph 14 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 14 may be deemed to contain any factual allegations, they are denied.

15.     Defendants aver that the allegations in paragraph 15 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 15 may be deemed to contain any factual allegations, they are denied.

16.     Defendants aver that the allegations in paragraph 16 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 16 may be deemed to contain any factual allegations, they are denied, except that Defendants admit that Wave's principal place of business is in Lee, Massachusetts.

17.     Defendants aver that the allegations in paragraph 17 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 17 may be deemed to contain any factual allegations, they are denied.

18.     Defendants admit the allegations in the first sentence of paragraph 18 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 18 of the Complaint concerning plaintiff's alleged stock purchases, and aver further that the remainder of allegations in the second sentence of paragraph 18 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that the second sentence of paragraph 18 of the Complaint may be deemed to contain any factual allegations, they are denied.

19.    Defendants admit the allegations in the first and second sentences of paragraph 19 of the Complaint.  Defendants deny the allegations in the third sentence of paragraph 19 of the Complaint, except admit that Wave's shares traded on NASDAQ under the symbol WAVX. Defendants deny the allegations in the fourth sentence of paragraph 19 of the Complaint except that, to the extent that the fourth sentence of paragraph 19 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.  Defendants aver that the allegations in the fifth sentence of paragraph 19 of the Complaint are moot.

20.    Defendants admit the allegations in the first sentence of  paragraph 20 of the Complaint.  Defendants deny the allegations in the second sentence of paragraph 20 of the Complaint except admit that during the purported Class Period, Defendant Sprague sold 150,000 shares of Wave stock at prices ranging from $3.14-3.47 per share.

21.    Defendants admit the allegations in the first sentence of  paragraph 21 of the Complaint.  Defendants deny the allegations in the second sentence of paragraph 21 of the Complaint except admit that during the purported Class Period, Defendant Feeney sold 100,000 shares of Wave stock at a price of $5.00 per share.

22.    Defendants deny the allegations in the first sentence of paragraph 22 of the Complaint, except admit that the individual defendants are senior executives at Wave and aver further that the allegations in the first sentence of paragraph 22 of the Complaint are too vague to permit an answer.  To the extent that the first sentence of paragraph 22 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.  Defendants deny the allegations in the second sentence of paragraph 22 of the Complaint.

23.    Defendants aver that the allegations in paragraph 23 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 23 may be deemed to contain any factual allegations, they are denied.

24.    Defendants aver that the allegations in paragraph 24 of the Complaint are too vague to permit an answer.  To the extent that paragraph 24 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.

25.    Defendants aver that the allegations in paragraph 25 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 25 may be deemed to contain any factual allegations, they are denied.

26.    Defendants deny the allegations in paragraph 26 of the Complaint except that, to the extent that paragraph 26 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

27.    Defendants deny the allegations in paragraph 27 of the Complaint except admit that Wave reported its financial results for its fourth quarter and fiscal year ended December 31, 2002 in its Form 10-K/A filed with the SEC on June 30, 2003, and the Form 10K/A was signed by the individual defendants.

28.    Defendants deny the allegations in paragraph 28 of the Complaint except that, to the extent that paragraph 28 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

29.    Defendants deny the allegations in the first sentence of paragraph 29 of the Complaint except that, to the extent that the first sentence of paragraph 29 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.  Defendants deny the allegations of the second sentence of paragraph 29 of the Complaint except admit that Wave has raised capital through equity offerings.

30.    Defendants aver that the allegations in the first sentence of paragraph 30 of the Complaint are too vague to permit an answer.  To the extent that the first sentence of paragraph 30 of the Complaint may be deemed to contain any factual allegations which require an answer,

they are denied.  Defendants deny the allegations in the second sentence of paragraph 30 of the Complaint except that, to the extent that the second sentence of paragraph 30 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.  Defendants aver that the allegations in the third sentence of paragraph 30 of the Complaint are too vague to permit an answer.  To the extent that the third sentence of paragraph 30 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.

31.    Defendants aver that the allegations in the first sentence of paragraph 31 of the Complaint are too vague to permit an answer.  To the extent that the first sentence of paragraph 31 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.  Defendants deny the allegations in the second sentence of paragraph 31 of the Complaint except that, to the extent that the second sentence of paragraph 31 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

32.    Defendants aver that the allegations of paragraph 32 of the Complaint are too vague to permit an answer.  To the extent that paragraph 32 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.

33.    Defendants deny the allegations of paragraph 33 of the Complaint except that, to the extent that paragraph 33 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

34.    Defendants deny the allegations in paragraph 34 of the Complaint except that, to the extent that paragraph 34 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

35.    Defendants aver that the allegations in the first sentence of paragraph 35 of the Complaint are too vague to permit an answer.  To the extent that the first sentence of paragraph

35 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied. Defendants deny the allegations in the second sentence of paragraph 35 of the Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Complaint except that, to the extent that paragraph 36 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.[1]

37.    Defendants deny the allegations in the first sentence of paragraph 37 of the Complaint. Defendants deny the allegations of the second sentence of paragraph 37 of the Complaint except admit that publicly available records reflect that Wave's stock price closed at $0.84 on July 30, 2003 and $2.25 on July 31, 2003. Defendants deny the allegations of the third sentence of paragraph 37 of the Complaint except admit that publicly available records reflect that Wave's trading volume was approximately 19 million shares on July 31, 2003, and that Wave's average trading volume was 199,136.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 38 of the Complaint. Defendants deny the allegations in the second sentence of paragraph 38 of the Complaint except that, to the extent that the second sentence of paragraph 38 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

39.    Defendants aver that the allegations in the first sentence of paragraph 39 of the Complaint are too vague to permit an answer. To the extent that the first sentence of paragraph 39 of the Complaint may be deemed to contain any factual allegations which require an answer,

---

[1] Defendants deny the allegations in the first sentence of footnote 1 to paragraph 36 of the Complaint except that, to the extent that the first sentence of footnote 1 to paragraph 36 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content. Defendants aver that the allegations in the second sentence of footnote 1 to paragraph 36 of the Complaint are too vague to permit an answer. To the extent that the second sentence of footnote 1 to paragraph 36 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.

they are denied. Defendants deny the allegations in the second sentence of paragraph 39 of the Complaint except that, to the extent that the second sentence of paragraph 39 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

40.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 40 of the Complaint.

41.    Defendants aver that the allegations in the first sentence of paragraph 40 of the Complaint are plaintiff's legal conclusions to which no response is required. To the extent that the first sentence of paragraph 40 may be deemed to contain any factual allegations, they are denied. Defendants deny the allegations in the second sentence of paragraph 40 of the Complaint except that, to the extent that the second sentence of paragraph 40 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content. Defendants deny the allegations in the third sentence of paragraph 41 of the Complaint. Defendants aver that the allegations in the fourth, fifth and sixth sentences of paragraph 41 of the Complaint are too vague to permit an answer. To the extent that the fourth, fifth and sixth sentences of paragraph 41 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied. Defendants deny the allegations in the seventh sentence of paragraph 41 of the Complaint.

42.    Defendants deny the allegations in paragraph 42 of the Complaint except that, to the extent that paragraph 42 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

43.    Defendants deny the allegations in paragraph 43 of the Complaint except that, to the extent that paragraph 43 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

44.     Defendants deny the allegations of the first sentence of paragraph 44 of the Complaint except admit that publicly available records reflect that Wave's stock price closed at $4.42 on August 4, 2003 and $3.65 on August 1, 2003.  Defendants deny the allegations of the second sentence of paragraph 37 of the Complaint except admit that publicly available records reflect that Wave's trading volume was over 40 million shares on August 4, 2003.

45.     Defendants deny the allegations in paragraph 45 of the Complaint except that, to the extent that paragraph 45 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

46.     Defendants deny the allegations in paragraph 46 of the Complaint except that, to the extent that paragraph 46 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

47.     Defendants aver that the allegations in the first sentence of paragraph 47 of the Complaint are too vague to permit an answer.  To the extent that the first sentence of paragraph 47 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.  Defendants deny the allegations of the second sentence of paragraph 47 of the Complaint except admit that publicly available records reflect that Wave's stock price reached $5.24 per share on August 5, 2003 and closed at $4.53 on the same day with trading volume exceeding 40 million shares.  Defendants deny the allegations of the third sentence of paragraph 47 of the Complaint except admit that publicly available records reflect that Wave's stock price increased.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint, except admit that Defendant Feeney sold 100,000 shares of Wave stock at $5.00 per share on August 5, 2003.

50.     Defendants aver that the allegations in the first sentence of paragraph 50 of the Complaint are too vague to permit an answer.  To the extent that the first sentence of paragraph

50 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied. Defendants deny the allegations in the second sentence of paragraph 50 of the Complaint, except admit that Defendant Sprague sold 150,000 shares of Wave stock at between $3.14-3.47 per share on August 6, 2003.

51.     Defendants aver that the allegations of paragraph 51 of the Complaint are too vague to permit an answer. To the extent that paragraph 51 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied.

52.     Defendants deny the allegations of paragraph 52 of the Complaint except that, to the extent that paragraph 52 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

53.     Defendants aver that the allegations in the first sentence of paragraph 53 of the Complaint are too vague to permit an answer. To the extent that the first sentence of paragraph 53 of the Complaint may be deemed to contain any factual allegations which require an answer, they are denied. Defendants deny the allegations in the second sentence of paragraph 53 of the Complaint except that, to the extent that the second sentence of paragraph 53 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content. Defendants admit the allegations of the third sentence of paragraph 53 of the Complaint. Defendants aver that the allegations in the third, fourth and fifth sentences of paragraph 53 of the Complaint are plaintiff's legal conclusions to which no response is required. To the extent that the third, fourth and fifth sentences of paragraph 53 of the Complaint may be deemed to contain any factual allegations, they are denied.

54.     Defendants deny the allegations of paragraph 54 of the Complaint except that, to the extent that paragraph 54 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

55.    Defendants deny the allegations of paragraph 55 of the Complaint except that, to the extent that paragraph 55 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

56.    Defendants aver that the allegations in the first sentence of paragraph 56 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that the first sentence of paragraph 56 may be deemed to contain any factual allegations, they are denied.  Defendants deny the allegations in the second and third sentences of paragraph 56 of the Complaint.

57.    Defendants deny the allegations in paragraph 57 of the Complaint except that, to the extent that paragraph 57 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

58.    Defendants deny the allegations in paragraph 58 of the Complaint except that, to the extent that paragraph 58 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

59.    Defendants deny the allegations in paragraph 59 of the Complaint except that, to the extent that paragraph 59 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

60.    Defendants aver that the allegations in the first sentence of paragraph 60 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that the first sentence of paragraph 60 may be deemed to contain any factual allegations, they are denied.  Defendants deny the allegations in the second and third sentences of paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint except that, to the extent that paragraph 61 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

62.     Defendants deny the allegations in paragraph 62 of the Complaint except that, to the extent that paragraph 62 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

63.     Defendants deny the allegations in paragraph 63 of the Complaint except that, to the extent that paragraph 63 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

64.     Defendants aver that the allegations in paragraph 64 of the Complaint pertain solely to a cause of action which has been dismissed by order of this Court dated January 11, 2006 and that no response is required thereto.[4]   To the extent that a response is required Defendants aver that the allegations in the first sentence of paragraph 64 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that the first sentence of paragraph 64 may be deemed to contain any factual allegations, they are denied.  Defendants deny the allegations in the second and third sentences of paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint except that, to the extent that paragraph 65 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

66.     Defendants admit the allegations of paragraph 66 of the Complaint.

---

[4]     Defendants reserve the right to supplement this Answer if the claim were to be reinstated on appeal by plaintiffs.

67.    Defendants deny the allegations in the first sentence of paragraph 67 of the Complaint.  Defendants deny the allegations in the second sentence of paragraph 67 of the Complaint except that, to the extent that the second sentence of paragraph 67 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

68.    Defendants aver that the allegations in paragraph 68 of the Complaint pertain solely to a cause of action which has been dismissed by order of this Court dated January 11, 2006 and that no response is required thereto.[4]   To the extent that a response is required Defendants deny the allegations in the first sentence of paragraph 68 of the Complaint except that, to the extent that the first sentence of paragraph 68 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.  Defendants aver that the allegations in the second sentence paragraph 68 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that the second sentence of paragraph 68 may be deemed to contain any factual allegations, they are denied. Defendants deny the allegations in the third sentence of paragraph 68 of the Complaint.

69.    Defendants deny the allegations in paragraph 69 of the Complaint except that, to the extent that paragraph 69 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

70.    Defendants deny the allegations in paragraph 70 of the Complaint except that, to the extent that paragraph 70 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

---

[4]    Defendants reserve the right to supplement this Answer if the claim were to be reinstated on appeal by plaintiffs.

71.    Defendants deny the allegations in paragraph 71 of the Complaint except that, to the extent that paragraph 71 of the Complaint purports to summarize or characterize documents or statements, Defendants refer to the documents or statements for a complete and accurate statement of content.

72.    Defendants deny the allegations of the first sentence of paragraph 72 of the Complaint except admit that publicly available records reflect that Wave's stock price closed at $1.50 on December 19, 2003.  Defendants aver that the allegations in the second sentence of paragraph 72 of the Complaint are plaintiff's legal conclusions to which no response is required. To the extent that the second sentence of paragraph 72 may be deemed to contain any factual allegations, they are denied.

73.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.    Defendants aver that the allegations in paragraph 74 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 74 may be deemed to contain any factual allegations, they are denied.

75.    Defendants deny the allegation in the first sentence of paragraph 75 of the Complaint.  Defendants deny the allegations in the second sentence of paragraph 75 of the Complaint, except admit that Defendant Feeney sold 100,000 shares of Wave stock at $5.00 per share on August 5, 2003. Defendants deny the allegations in the third sentence of paragraph 75 of the Complaint, except admit that Defendant Sprague sold 150,000 shares of Wave stock at between $3.14-3.47 per share on August 6, 2003.

76.    Defendants deny the allegation of paragraph 76 of the Complaint.

77.    Defendants aver that the allegations in paragraph 77 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 77 may be deemed to contain any factual allegations, they are denied.

78.    Defendants aver that paragraph 78 of the Complaint contains no factual allegations, but rather describes the plaintiffs' intentions, and no answer is required.  To the

extent an answer is required, Defendants deny the allegations in paragraph 78 of the Complaint, except admit that Wave's stock was listed on and traded on NASDAQ, Wave filed periodic public reports with regulators, Wave issued public statements and Wave was followed by securities analysts.

79.     Defendants deny the allegation of the first sentence of paragraph 79 of the Complaint.  Defendants aver that the allegations in the second sentence of paragraph 79 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that the second sentence of paragraph 79 may be deemed to contain any factual allegations, they are denied.

80.     Defendants aver that the allegations in paragraph 80 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 80 may be deemed to contain any factual allegations, they are denied.

81.     Defendants aver that the allegations in paragraph 81 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 81 may be deemed to contain any factual allegations, they are denied.

82.     Defendants aver that the allegations in paragraph 81 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 81 may be deemed to contain any factual allegations, they are denied.

83.     Defendants aver that the allegations in paragraph 83 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 83 may be deemed to contain any factual allegations, they are denied.

84.     Defendants aver that the allegations in paragraph 84 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 84 may be deemed to contain any factual allegations, they are denied.

85.     Defendants aver that the allegations in paragraph 85 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 85 may be deemed to contain any factual allegations, they are denied.

86.     Defendants repeat and incorporate by reference the answers set forth above as if fully set forth herein.

87.     Defendants aver that the allegations in paragraph 87 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 87 may be deemed to contain any factual allegations, they are denied.

88.     Defendants aver that the allegations in paragraph 88 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 88 may be deemed to contain any factual allegations, they are denied.

89.     Defendants aver that the allegations in paragraph 89 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 89 may be deemed to contain any factual allegations, they are denied.

90.     Defendants aver that the allegations in paragraph 90 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 90 may be deemed to contain any factual allegations, they are denied.

91.     Defendants repeat and incorporate by reference the answers set forth above as if fully set forth herein.

92.     Defendants aver that the allegations in paragraph 92 of the Complaint are plaintiff's legal conclusions to which no response is required.  To the extent that paragraph 92 may be deemed to contain any factual allegations, they are denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

No misrepresentation, or false or misleading statement or omission was made by or on behalf of Defendants that directly or indirectly:  (a) involved any material fact; (b) was relied

upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

THIRD AFFIRMATIVE DEFENSE

Defendants did not employ any device, scheme or artifice to defraud, including any that directly or indirectly:  (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

FOURTH AFFIRMATIVE DEFENSE

Defendants did not engage in any act, practice, course of business or transaction that operated as a fraud or deceit, including any that directly or indirectly:  (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; or (e) was made with any requisite level of scienter or intent to deceive.

FIFTH AFFIRMATIVE DEFENSE

Defendants did not obtain any money or property by any means that directly or indirectly: (a) involved in any way any untrue statement of material fact or omission to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (b) was relied upon by market participants, including investors;

(c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

## SIXTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made (or omitted), if any, were in fact made (or omitted), with reasonable basis.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants at all times acted in good faith, exercised reasonable due diligence, and because Defendants had after reasonable investigation, reasonable grounds to believe and did believe, at the time such statements were made (if any), that such statements were true and/or not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief, fails to plead fraud with sufficient particularity.

## NINTH AFFIRMATIVE DEFENSE

Defendants complied faithfully with all duties of disclosure to which the Defendants were subject, if any.

## TENTH AFFIRMATIVE DEFENSE

The business judgment rule protects Defendants' alleged actions or failures to act and, thus, bars Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE

If anyone suffered loss or damages, which Defendants deny, that loss or damages resulted from causes other than any alleged act or omission by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

The fraud-on-the-market theory is not a basis of liability with respect to any of the claims in this action.

THIRTEENTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made, if any were in fact made, were forward-looking statements protected by applicable safe harbor provisions.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' public statements, registration statement/prospectus, prospectus supplements, press releases and annual and quarterly filings with the SEC, sufficiently bespoke caution.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or the doctrines of laches, and/or estoppel, and/or unclean hands and/or waiver.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was no culpable participation.

SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendants did not know, and in the exercise of reasonable care could not have known, of the alleged untruths or omissions set forth in the Complaint.

EIGHTEENTH AFFIRMATIVE DEFENSE

The statements alleged by Plaintiffs to have been misrepresentations constitute statements of opinion, of conditions to exist in the future, and of matters promissory in nature, and other types of non-actionable statements.

NINETEENTH AFFIRMATIVE DEFENSE

The Defendants had no duty to disclose any allegedly omitted information set forth in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because, alternatively,

(a)     Plaintiffs will not fairly and adequately protect the interests of the class on behalf of which they purport to bring this action.

(b)     Plaintiffs' claims are not typical of the claims of the purported class.

(c)     Questions of law or fact common to the purported class do not predominate over questions affecting only individual members of the purported class.

(d)     Part or all of the purported class is not numerous.

(e)     The other requirements of Fed. R. Civ. P. 23 have not been met.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiffs have suffered any injury, which is denied, such injury was caused by the Plaintiffs' own acts or omissions, or by the acts or omissions of third parties over which Defendants have no control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants hereby give notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its rights to amend its answer and assert all such defenses.

## JURY CLAIM

The Defendants hereby demand a trial by jury on all issues.


Respectfully submitted,


**STEVEN SPRAGUE, GERALD T. FEENEY,
AND DEFENDANT WAVE SYSTEMS CORP.**


By their attorneys,

/s/ Michael D. Blanchard
Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO #636860
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000
michael.blanchard@bingham.com

Dated: February 9, 2006


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each attorney of record electronically on February 9, 2006.

/s/ Michael D. Blanchard
Michael D. Blanchard