UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN,<br><br>                        Plaintiffs,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>                        Defendants. | CIVIL ACTION<br>NO. 04-30022-MAP |

**JOINT STATEMENT AND PROPOSED PRETRIAL**
**SCHEDULING ORDER PURSUANT TO LOCAL RULE 16.1**

      The Court has noticed a scheduling conference for February 27, 2006. In accordance with the provisions of Local Rule 16.1(B), counsel have conferred concerning an agenda for matters to be discussed at the scheduling conference, a proposed pretrial schedule for the case that includes a plan of discovery and the filing of motions, and consideration of consent to trial by magistrate judge. Counsel hereby submit this Joint Statement and Proposed Pretrial Scheduling Order Pursuant to Local Rule 16.1(D).

**I.    SETTLEMENT**

      Plaintiffs will serve a written demand upon Defendants pursuant to L.R. 16.1(C) as soon as possible following consultation with Lead Plaintiffs.

**II.    PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

      The parties have agreed on the following schedule concerning such motion:

1.Plaintiffs will file and serve a motion for class certification of the plaintiff class by April 30, 2006.

2.Defendants may commence immediately and shall have completed discovery of Plaintiffs for purposes of class certification and file and serve on Plaintiffs their Opposition to Plaintiffs' motion for class certification on or before June 15, 2006.

3.Plaintiffs' reply pleading on Plaintiffs' motion for class certification shall be filed and served on or before July 15, 2006.

4.The parties request oral argument concerning Plaintiffs' motion for class certification during August 2006.

### III.DISCOVERY[1] AND PRE-TRIAL DEADLINES

The parties disagree on the schedule for discovery. Plaintiffs maintain that all discovery should commence immediately; Defendants maintain that all document discovery and Defendants' depositions for class certification purposes should commence immediately and Plaintiffs' depositions should commence only after disposition of Plaintiffs' motion for class certification, subject to entry by the Court of an agreed Stipulation And Order For The Exchange Of Confidential Documents And Information.

**Defendants' Proposed Schedule**

A)**Class Discovery**

Defendants may commence immediately and shall have completed discovery of Plaintiffs for purposes of the class certification on or before June 15, 2006. Plaintiffs may commence document discovery immediately.

---

[1] The Parties will have made automatic disclosures required by Federal Rule of Civil Procedure 26(a)(1) by February 23, 2006.

### B) <u>Merits Discovery</u>

1. All document discovery may commence immediately and Defendants may conduct depositions for class certification purposes commencing immediately. After August 30, 2006, or this Court's order on Plaintiffs' motion for class certification (whichever should come sooner) the Plaintiffs may conduct depositions.

2. All fact witness depositions shall be completed by January 31, 2007.

3. All written discovery (interrogatories, requests for production of documents and things, and requests for admissions) shall be completed by February 15, 2007.

4. All discovery event limitations shall comply with the limit allowed under Local Rule 26.1(c) unless a party moves to exceed the limit and the Court grants such motion.

### C) <u>Expert Discovery</u>

1. The parties shall comply with Fed. R. Civ. P. 26(a)(2)(A) by February 28, 2007, including simultaneously identifying their trial experts, if any, and also providing their experts' reports and such other information as required by Fed. R. Civ. P. 26(a)(2)(B).

2. The parties may supplement their expert disclosures to provide rebuttal expert testimony by March 31, 2007.

3. The parties shall complete the depositions of the expert witnesses, if any, by April 30, 2007.

### D) <u>Dispositive Motions</u>

1. All motions to amend pleadings and to add parties shall be filed by no later than April 30, 2006.

2. All dispositive motions shall be filed by June 15, 2007.

3. Oppositions to any dispositive motion shall be filed by July 15, 2007.

4. Reply briefs shall be filed by August 1, 2007.

### F. Trial

A pretrial conference shall be scheduled for September 1, 2007, or such other date as the Court may schedule, and a trial date shall be scheduled for October 1, 2007, or such other date as the Court may schedule.

### Plaintiffs' Proposed Schedule

#### A) Class Discovery

Defendants may commence immediately and shall have completed discovery of Plaintiffs for purposes of the class certification on or before June 15, 2006.

#### B) Merits Discovery

1. All discovery may commence immediately and Defendants may conduct depositions for class certification purposes commencing immediately.

2. Discovery will conclude twelve (12) months from the date of the entry of this Order.

3. The Plaintiffs collectively and the Defendants collectively will each be entitled to twenty (20) depositions, and thirty-five (35) interrogatories.

4. All documents maintained in electronic format shall be produced in electronic format.

#### C) Expert Discovery

1. The parties will identify their experts and produce their expert report(s) within thirty (30) days of the close of fact discovery.

2. The parties will exchange their rebuttal expert report(s) within sixty (60) days of the close of fact discovery.

5.       All depositions of expert witnesses will take place within thirty (30) days of receipt of the final round of expert report(s).

**D)       Dispositive Motions**

1.       Dispositive motions will be filed within thirty (30) days of the close of expert depositions.

**F.       Trial**

Plaintiffs estimate that trial of the action will require approximately three (3) weeks. A pretrial conference shall be scheduled for June 1, 2007, or such other date as the Court may schedule, and a trial date shall be scheduled for July 2, 2007 or such other date as the Court may schedule.

**IV.      CONSENT TO TRIAL BY MAGISTRATE JUDGE**

At this time, the parties are not prepared to consent to trial by a Magistrate Judge.

**V.       CONSENT TO ALTERNATIVE DISPUTE RESOLUTION**

The parties do not oppose mediation.

**VI.      MODIFICATION OF THE SCHEDULE**

All dates set forth herein may be modified by written agreement of the parties and approval of the Court, or upon motion to the Court.

**VII.     CERTIFICATIONS**

The parties, through their undersigned counsel, certify that each party and that party's counsel have conferred: (a) with a view to establishing a budget for the costs of conducting the full-course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR DEFENDANTS |
|---|---|
| By their attorneys | By their attorneys, |
| /s/ David Pastor<br>David Pastor BBO #391000<br>Gilman and Pastor, LLP<br>60 State Street<br>37th Floor<br>Boston, MA 02109<br>(617) 742-9700<br><br>Gregory Castaldo<br>Karen E. Reilly<br>SCHIFFRIN & BARROWAY, LLP<br>280 King of Prussia Rd.<br>Radnor, PA 19087<br>Telephone: (610) 667-7706 | /s/ Michael D. Blanchard<br>Robert A. Buhlman, BBO #554393<br>Donald J. Savery, BBO #564975<br>Michael D. Blanchard, BBO #636860<br>Bingham McCutchen LLP<br>150 Federal Street<br>Boston, MA 02110<br>(617) 951-8000 |

Dated: February 21, 2006

### Certificate of Service

I, Michael D. Blanchard, hereby certify that on February 21, 2006, a true and correct copy of the foregoing was served electronically upon counsel of record for each other party.

/s/ Michael D. Blanchard
Michael D. Blanchard