UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANNE BRUMBAUGH, ET AL, <br> Plaintiffs, <br><br> vs. <br><br> WAVE SYSTEMS CORPORATION, ET AL, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action NO. 04-30022-MAP |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Lead Plaintiffs Anne Brumbaugh, Gary L. Harmon, and Randy K. Griffin (collectively "Plaintiffs") respectfully move this Court, for an order: (1) precluding defendants' use of any information obtained through third party subpoenas directed to TD Waterhouse Investor Services, Inc. ("TD Waterhouse") and Scottrade, Inc. ("Scottrade")[1] which is not related to Plaintiffs' ownership and/or trading in Wave Systems Corporation ("Wave") securities; (2) directing defendants to provide the originals and all copies of documents produced by TD Waterhouse and Scottrade in response to Defendants' third party subpoenas to Plaintiffs so that the documents may be redacted in accordance with the Court's order limiting defendants' use of the information obtained, to be returned to defendants thereafter; and (3) limiting the use of any information obtained concerning transactions related to Wave securities to (30) days prior to the commencement of the

---

[1] Copies of the subpoenas are annexed hereto as Exhibits A and B, respectively.

Class Period (July 31, 2003 through December 15, 2003 inclusive) and to (90) days post Class Period.

In support of this motion, Plaintiffs have submitted a memorandum of points and authorities, filed contemporaneously herewith.

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

Undersigned counsel have conferred with counsel for Defendants in a good faith effort to resolve or narrow the issues raised by this motion, but were unable to do so. An extensive telephonic meet and confer was conducted between the parties on April 19, 2006, for a duration of approximately (45) minutes. Participating in the call for defendants was attorney Michael Blanchard, and plaintiffs were represented by David Pastor, Karen Reilly and Todd Mosser. As a result of the meet and confer, plaintiffs represent the following issues could not be resolved by agreement:

1. On March 31, 2006, plaintiffs served defendants with their Responses and Objections To Defendants' First Request For Production of Documents and First Set of Interrogatories. Among others, plaintiffs objected to defendants' Request No. 1, which sought plaintiffs' trading information in Wave securities for a period of time extending well outside the Class Period, from January 2, 2002 up to and including the present. Plaintiffs also objected to, among others, Interrogatory 7, which sought extensive transactional information concerning "all securities" held by or on behalf of plaintiffs, on grounds that the Interrogatory was overly broad, unduly burdensome, not relevant and violated plaintiffs' rights to financial privacy. By letter dated April 7, 2006,[2] defendants responded to plaintiffs' objections, to which plaintiffs replied by letter

---

[2] Copy annexed hereto as Exhibit C.

dated April 19, 2006.[3] In the interim, the parties held an initial telephone call to discuss class discovery and the scheduling of further discussions concerning plaintiffs' objections.

2. During the April 19, 2006 meet and confer, defendants indicated that "there was nothing left to talk about" concerning their letter of April 7, 2006, as the concerns had been addressed in plaintiffs' April 19 letter. The only issue remaining to be resolved was the relevant time period for the information requested, which plaintiffs contended should be limited to the Class Period. In efforts to resolve the dispute, plaintiffs offered to provide Wave securities related information for a period (30) days pre- and (90) days post Class Period. Defendants indicated that they were inclined to agree, however a commitment could not be made at that time.

3. The third party subpoenas directed to plaintiffs' securities brokers TD Waterhouse and Scottrade were then addressed. Plaintiffs contend that defendants' subpoenas seeking production of plaintiffs' entire "account statements for the time period January 1, 2002 through and including the present" without limitation to Wave, or Wave industry related companies, was overly broad, not relevant, and invaded plaintiffs' right to financial privacy, consistent with plaintiffs' objections to Interrogatory No. 7. Defendants contended that they were entitled to this information to determine plaintiffs' "trading patterns" to assess whether they were "sophisticated" investors subject to unique defenses, and therefore inadequate class representatives. Plaintiffs, referring to the case law supplied in support of their objections as detailed in the April 19, 2006 correspondence, contend that defendants are not entitled to conduct such a fishing expedition. Further, defendants should not be allowed to obtain information to which plaintiffs' have objected— and to which defendants have acquiesced, simply by seeking the production of the same information from third parties TD Waterhouse and Scottrade.

---

[3] Copy annexed hereto as Exhibit D.

3.      At the conclusion of the April 19, 2006 telephonic meet and confer, defendants represented that they would consider plaintiffs' requests to limit the third party subpoenas to Wave related information only, and plaintiffs' request to limit the scope of production to a period (30) days pre- and (90) days post Class Period.

4.      By correspondence dated April 20, 2006,[4] defendants have advised that they cannot agree to limit the use of the full brokerage account information requested, and that they have received the subpoenaed information from the third parties. Defendants also advised that they would only agree to limit the time period for the requested information to January 2003 through December 2004, rejected by plaintiffs on the same grounds as their previously asserted objections.

**DATED: APRIL 21, 2006**                **GILMAN AND PASTOR, LLP**

By: _/s/ *David Pastor*_____
David Pastor
BBO#391000
60 State Street
37th Floor
Boston, MA 02109
Tel.: 617-742-9700
Fax: 617-742-9701

*Liaison Counsel for Plaintiffs and the Class*

**SCHIFFRIN & BARROWAY, LLP**
Gregory M. Castaldo
Karen E. Reilly
Todd M. Mosser
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Fax: (610) 667-7056

*Lead Counsel for Lead Plaintiff and Proposed Class Counsel*

---

[4]  Copy annexed hereto as Exhibit E.

Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 21, 2006.