**BINGHAM McCUTCHEN**

# Facsimile

|  |  |  |  |
|---|---|---|---|
| DATE: | April 7, 2006 | OUR FILE NUMBER: | 0500590-307262 |

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Gregory M. Castaldo, Esq. | **(610) 667-7056** | (610) 667-7706 |
| FROM: | Michael D. Blanchard, Esq.<br>michael.blanchard@bingham.com | (860) 240-2800 | (860) 240-2945 |
| PAGES: | (INCLUDING THIS COVER PAGE): —13— | | |
| RE: | Anne Brumbaugh, et al. v. Wave Systems Corporation, et al. | | |
| MESSAGE: | | | |

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

For transmission problems, please call (617) 951-8925
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

| Timekeeper No: | 30421 | Client/Matter No: | 0500590-307262 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | (Wave/Class Action) | | | |
| Return To: | (return to) | Cindy Heuschkel | Floor No: 14 | |

CTDOCS/1657654.1

**BINGHAM McCUTCHEN**

Michael D. Blanchard
Direct Dial: (860) 240-2945
Direct Fax: (860) 240-2586
E-Mail: michael.blanchard@bingham.com

April 7, 2006

Bingham McCutchen LLP
One State Street
Hartford, CT
06103-3178

860.240.2700
860.240.2800 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**VIA FAX & OVERNIGHT MAIL**

Gregory M. Castaldo, Esq.
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

Re:   **Brumbaugh, et al v. Wave Systems Corp., et al, No. 3:04-CV-30022**

Dear Mr. Castaldo:

I am in receipt of Plaintiffs' Responses And Objections To Defendants' First Request For Production of Documents and First Set of Interrogatories, dated March 31, 2006 (the "Objections"). I am writing to resolve the objections pursuant to Local Rule 37.1 and, if possible, avoid motion practice under Rule 37 of the Federal Rules of Civil Procedure. Accordingly, this correspondence is made in an effort to resolve or narrow issues raised by the Objections.

As you are aware, the Defendants' opposition to Plaintiffs' motion for class certification is due at the end of the month. Accordingly, we must complete class certification discovery, including Plaintiffs' depositions, within this same short window of time. We have sent notices of depositions under separate cover. In light of the prejudice that may be caused should we depose the named plaintiffs without first receiving all requested discovery appropriate to class certification issues, we reserve our rights to suspend or postpone the depositions and seek an extension of time to oppose the class certification motion in the event that we cannot resolve the issues raised by Plaintiffs' Objections promptly.

Given the short time period remaining for completion of class discovery, if we have not fully resolved the Objections by 4:00 p.m., April 11, 2006, we will seek Court intervention.

**Specific Objections**

**Request No. 1.** All documents evidencing or relating to any purchase, sale or other transaction involving securities of Wave by named plaintiffs or any person acting in concert or agreement with, or under the control of named plaintiffs, including but not limited to confirmations of purchases and sales, account statements and profit and loss statements. For purposes of this request, purchase or sale shall include but is not limited to short sales or the purchase or sale of any

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 2

put, call, option, straddle, warrant or other derivative with respect to shares of Wave.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to Request No. 1 as overly broad and unduly burdensome in that it calls for documents concerning transactions unrelated to Plaintiffs' purchase, sale or transfer of Wave securities during the relevant time period, and thus are not relevant to any claim or defense in the litigation, and are therefore, not likely to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections, Plaintiffs will produce non-privileged, responsive documents in Plaintiffs' possession, including, but not limited to, documents evidencing transactions in Wave securities during the Class Period to Defendants. Plaintiffs reserve their right to supplement their production, if necessary, pursuant to Fed. R. Civ. P. 26(e).

Bingham McCutchen LLP
bingham.com

**Response to Plaintiffs' Objection to Request No. 1.** The Request is not objectionable on the grounds raised. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, Defendants may "obtain discovery regarding any matter . . . that is relevant to the claim or defense of any party." Whether, as you allege, the Request "calls for documents concerning transactions unrelated to Plaintiffs' purchase, sale or transfer of Wave securities during the relevant time period" is inapposite. Plaintiffs' trading in Wave's securities both inside and outside of the class period, is relevant and could subject them to unique defenses militating against a finding of typicality under Rule 23(a)(3). Even in cases where the plaintiffs are purporting to rely on a "fraud on the market" theory, Defendants are entitled to make an evidentiary showing to rebut the presumption of reliance on an efficient market. See In re Polymedica Corp. Sec. Litig., 432 F.3d 1, 17 (1st Cir. 2005). See also Hanon v. Dataproducts Corp., 976 F.2d 497, 508-09 (9th Cir. 1992) (analyzing plaintiffs' investment history to determine propriety as a class representative). Here, the Request is extremely narrow, as it is related only to documentation of purchases, sales and transfers of Wave securities. As such, the Request is relevant, narrowly tailored, and not objectionable on the grounds raised. Plaintiffs have stated that, subject to and without waiving their objections, they will produce all non-privileged, responsive documents. Please confirm that you are not withholding any responsive non-privileged documents pursuant to the stated objections.

**Request No. 2.** All documents, including but not limited to analyst's reports, newspaper and magazine articles and newsletters, obtained or reviewed by named plaintiffs that refer in any manner to Wave or its subsidiaries, affiliates, directors, officers or employees.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to Request No. 2 as overly broad and unduly burdensome, vague and ambiguous in that, among other things, it requires production of documents which are not relevant to this litigation, and are therefore, not likely to lead to the discovery of admissible evidence. This case is a fraud on the market case in which reliance is presumed. As such, there is no relevant issue concerning whether Plaintiffs

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 3

considered certain documents in acquiring Wave securities. Subject to and without waiving the foregoing objections, Plaintiffs will produce all non-privileged, responsive documents.

**Request No. 3.** All documents upon which named plaintiffs claim to have relied upon, in whole or in part, in making any decision to purchase or sell securities or engage in any other transaction involving securities of Wave.

**Objection.** See Plaintiffs' response to Request No. 2, which is incorporate herein by reference.

**Request No. 4.** All documents evidencing any report, statement, opinion, analysis, recommendation, or view of, or communication with, any market or investment analyst, investment advisor, or stock broker that the named plaintiffs reviewed regarding the named plaintiffs' purchase or sale of Wave securities.

**Objection.** See Plaintiffs' response to Request No. 2, which is incorporated herein by reference.

**Response to Plaintiffs' Objections to Requests Nos. 2, 3 and 4.** Plaintiffs objected to Requests 2, 3 and 4 on the basis that they are alleging a "fraud on the market" theory, and therefore discovery relating to the named plaintiffs' reliance on the alleged misrepresentations is irrelevant. However, as stated above, the "fraud on the market" theory, if it applies, creates only a presumption of reliance which can be rebutted by an evidentiary showing. As such, the Requests are relevant, narrowly tailored, and not objectionable on the grounds raised. Plaintiffs have stated that, subject to and without waiving their objections, they will produce all non-privileged, responsive documents. Please confirm that you are not withholding any responsive non-privileged documents pursuant to the stated objections.

**Request No. 6.** All documents evidencing or relating to the decision of named plaintiffs to serve as lead plaintiffs and to commence litigation concerning his or her purchases of securities of Wave.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to Request No. 6 on the grounds that it is exceedingly harassing, overly broad and unduly burdensome. Further, Plaintiffs object on the grounds that Request No. 6 seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiffs object to this Request to the extent that it required production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiving the foregoing objections, Plaintiffs state that they do not possess any responsive documents.

**Request No. 7.** All documents reflecting any communication of any form or type by named plaintiffs with any other member of the putative class in this

Bingham McCutchen LLP
bingham.com

Gregory M. Castaldo, Esq.
April 7, 2006
Page 4

action concerning matters relating to the Complaint filed in this action or other court filings by any plaintiff in this action.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to this Request on the grounds that it is vague, overly broad and unduly burdensome and harassing in that it seeks documents not relevant to any of the claims or defenses of any of the parties or to class certification. Plaintiffs also object to the extent that it seeks documents subject to the attorney-client privilege, work product doctrine or any other applicable privilege. Subject to, and without waiving the foregoing objections, Plaintiffs state that they do not possess any responsive documents.

**Response to Plaintiffs' Objections to Requests Nos. 6 and 7.** Requests 6 and 7 seek documents which are relevant to the issue of whether a named plaintiff is both an adequate and typical representative of the class. For example, the plaintiffs' motivations to serve as lead plaintiffs or commence this litigation are relevant to the issue of whether they are "professional" plaintiffs, and as such are subject to unique defenses concerning their reliance on the integrity of the market. Such motivations and/or other antagonistic interests could also be made evident by the named plaintiffs' communications with other members of the class. Therefore, plaintiffs' objections to these Requests on the basis that they are too broad, exceedingly harassing or seek irrelevant documents and information are unwarranted. Plaintiffs have stated that, subject to and without waiving their objections, they do not possess any responsive documents. Please confirm that you are not withholding any responsive non-privileged documents pursuant to the stated objections.

**Request No. 8.** All documents evidencing or relating to the retention of counsel by named plaintiffs in connection with this action, including but not limited to documents reflecting fee arrangements with said counsel and arrangements for the paying of costs of litigation.

**Objection.** In addition to general objections set forth above, Plaintiffs object to Request No. 8 on the grounds that it calls for production of documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Subject to, and without waiving the foregoing objections, any fee awarded to counsel in this action is subject to the review and approval of the Court in accordance with Rule 23 of the Federal Rules of Civil Procedure, and Plaintiffs are not in possession of any non-privileged, responsive documents.

**Response to Plaintiffs' Objection to Request No. 8.** It is well-established law that Defendants are entitled to seek information and documents relating to the retention of counsel and any corresponding fee arrangement, and that such materials are not generally protected from disclosure under the attorney-client privilege. In re Grand Jury Subpoenas (Zerendow), 925 F. Supp. 849, 855 (D. Mass. 1995); see also United States v. Strahl, 590 F.2d 10, 11 (1st Cir. 1978), cert. denied, 440 U.S. 918, 99 S.Ct. 1237, 59 L.Ed.2d 468 (1979). If you believe that documents responsive to this Request are protected from disclosure by the

Bingham McCutchen LLP
bingham.com

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 5

attorney-client privilege and/or the attorney work-product doctrine, please state the legal basis for your assertion. Plaintiffs have stated that, subject to and without waiving their objections, they do not possess any responsive non-privileged documents. Please confirm that you are not withholding any responsive documents pursuant to the stated objections, and to the extent that you are withholding documents pursuant to your objection, please provide a privilege with respect to this request.

**Request No. 9.** All documents reflecting any communications by named plaintiffs with any other person concerning the securities of Wave.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to Request No. 9 as vague, overly broad and unduly burdensome in that it calls for documents concerning communications unrelated to Plaintiffs' purchase, sale or transfer of Wave securities during the relevant period of time, and thus are not relevant to any claim or defense in the litigation, and are therefore not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the grounds that it calls for production of documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Moreover, documents related to counsel's investigation, and counsel's communications with Plaintiffs will not be produced. Subject to and without waiving the foregoing objections, Plaintiffs state that they do not possess and non-privileged responsive documents.

**Response to Plaintiffs' Objection to Request No 9.** Defendants agree to limit Request No. 9 to communications relating to plaintiffs' purchase, sale or transfer of Wave securities. As discussed in response to plaintiffs' objection to Request No. 1 above, Defendants are entitled to information relating to the purchase, sale and transfer of the Defendant company's stock inside and outside of the class period. Plaintiffs have stated that, subject to and without waiving their objections, they do not possess any responsive non-privileged documents. Please confirm that you are not withholding any responsive non-privileged documents pursuant to the stated objections.

**Request No. 10.** All documents evidencing or relating to any litigation from any time whatever in which named plaintiffs sought to serve or in fact served as a lead plaintiff or in any other representative capacity on behalf of other plaintiffs.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to Request No. 10 on the grounds that it is vague, overly broad and seeks documents not relevant to any of the claims or defenses of any of the parties or to class certification. Plaintiffs also object to this Request to the extent that it seeks documents subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. Subject to and without waiving the foregoing objections, Plaintiffs state that they do not possess and non-privileged responsive documents.

Bingham McCutchen LLP
bingham.com

LITDOCS/638674.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 6

**Request No. 11.** All documents sufficient to identify any litigation or other matter from any time whatever in which any attorneys from any of the firms representing the plaintiffs in this action previously represented any of named plaintiffs.

**Objection.** See Plaintiffs' response to Request No. 10, which is incorporated herein by reference.

Bingham McCutchen LLP
bingham.com

**Response to Objection to Requests Nos. 10 and 11.** The named plaintiffs' history with respect to class action litigation and their relationship with lead counsel directly bear on the issue of whether the named plaintiff is a typical and adequate representative of the class at issue. See In re Gibson Greetings, 159 F.R.D. 499 (S.D. Ohio 1994) (plaintiff who had previously filed numerous class actions was subjected to unique defenses concerning his reliance on the integrity of the market). See also Hanson, 976 F.2d at 506-07 (fact that named plaintiff had brought four other securities fraud suits against public companies contributed to a holding that the named plaintiff had not relied on the integrity of the market). Indeed, the PSLRA requires that parties that file securities class action complaints file a sworn statement setting forth, among other things, the identity of certain other actions in which the named plaintiff sought to serve, or did serve, as a representative. 15 U.S.C. § 78u-4(a)(3)(B)(iv). There can be no question that Defendants are entitled to discovery aimed at testing the basis of such sworn statements. Furthermore, the prior relationship between the named plaintiff and the lead counsel for the class could create a conflict of interest which could render the named plaintiff or the lead counsel inadequate. See Williams v. Balcor, 150 F.R.D. 109 (N.D. Ill. 1993) (circumstances of the named plaintiff's prior relationship with counsel indicated an ulterior motive for serving as a amend representative and was factor in finding that named plaintiff was an inadequate class representative). As such, we do not believe that these Requests are either vague or overly broad. Plaintiffs have stated that, subject to and without waiving their objections, they do not possess any responsive non-privileged documents. Please confirm that you are not withholding any responsive non-privileged documents pursuant to the stated objections.

**Request No. 13.** All documents related to all allegations in the Complaint made to show that a certifiable class exists for trial consisting of the class defined in the Complaint. This request includes, without limitation, all documents relating to, or on which you intend to rely to support, your motion for class certification, and any other documents related to the allegations in the Complaint asserting that named plaintiffs meet the requirements for certification of the Class under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to this Request on the grounds that it is vague, overly broad and harassing. Plaintiffs also object to this Request to the extent that it seeks documents subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. Additionally, to the extent that this Request calls for documents consisting of pleadings and/or filings with the Securities and Exchange

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 7

Commission, Plaintiffs object in that it is unduly burdensome and seeks the production of publicly available documents. In further response, Plaintiffs incorporate their response to Request No. 1.

**Response to Plaintiffs' Objection to Request No. 13.** Defendants are entitled to all non-privileged documents relating directly to the issue of whether a certifiable class exists. Such documents are unquestionably relevant and it is difficult to understand in what way the request is "vague". To the extent that the Requests call for the production of publicly available documents, Defendants agree to allow plaintiffs to provide information sufficient to identify each of these publicly available documents in lieu of production. Please confirm that you are producing all non-privileged materials responsive to this Request or, in the case of publicly available materials, you are providing sufficient information to identify such documents.

**Request No. 19.** All documents concerning named plaintiffs' counsels' qualifications and experience in securities class action matters and the financial condition of named plaintiff's counsels' law firms.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to Request No. 19 on the grounds that it is vague, overly broad, exceedingly harassing, and unduly burdensome. Further Plaintiffs object on the grounds that Request No. 19 seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in particular," the financial condition of Plaintiffs' counsel law firm" is not in any way evenly remotely relevant to any issue present in this litigation. Moreover, Plaintiffs further object to this Request on the grounds that it calls for documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Plaintiffs will produce Lead and Liaison Counsel's firm resumes.

**Response to Objection to Requests No. 13.** The adequacy of the lead counsel is central to a finding of adequacy of representation under Fed. R. Civ. Pro. 23(a)(4). Adequacy of counsel requires that the lead counsel be qualified, experienced, and generally able to conduct the proposed litigation. As such, the Request seeks documents that are relevant to the issue of adequacy of counsel and are neither vague, overly broad, exceedingly harassing, or unduly burdensome. Please confirm that you are producing all non-privileged documents responsive to this Request.

**Request No. 20.** All documents identified in, referred to or relied upon in your responses or in preparation of your responses to Defendants' First Set of Interrogatories to Plaintiffs Regarding Class Certification Issues.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to this Request on the grounds that it is vague, overly broad, harassing and seeks documents subject to the attorney-client privilege, work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing

Bingham McCutchen LLP
bingham.com

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 8

objections, Plaintiffs will produce all responsive, non-privileged documents in their possession. Plaintiffs reserve the right to supplement this production, if necessary, pursuant to Fed. R. Civ. P. 26(e).

**Response to Plaintiffs' Objection to Requests No. 20.** The documents sought by Request No. 20 are unquestionably relevant. Furthermore, the Request is limited to those documents identified in, referred to or relied upon in Plaintiffs' responses or in preparation of plaintiffs' responses to Defendants' First Set of Interrogatories to Plaintiffs Regarding Class Certification Issues, which were served on March 31, 2006. Thus, the Request is narrowly tailored and should not require supplementation under F.R.C.P. 23(e) unless and until such time that plaintiffs supplement or amend their responses to Defendants' First Set of Interrogatories to Plaintiffs Regarding Class Certification. Plaintiffs have stated that, subject to and without waiving their objections, they will produce all non-privileged, responsive documents. Please confirm that you are not withholding any responsive non-privileged documents pursuant to the stated objections.

**Interrogatory No. 1.** Identify each person with whom you (including but not limited to your counsel) have communicated regarding any of the facts or allegations contained in the Complaint and, for each, provide his or her name, current or last known business and residential addresses, current business and residential telephone numbers.

**Objection.** In addition to the general objections set forth above, Plaintiffs object to Interrogatory No. 1 on the grounds that it is duplicative in that it seeks information that has already been provided to Defendants in Plaintiffs' Rule 26 initial disclosures. Moreover, Plaintiffs object to Interrogatory No. 1 to the extent that it seeks information protected by the work product doctrine and/or attorney-client privilege. Subject to and without waiving the foregoing objections, Defendants are referred to Plaintiffs' Initial Disclosure Statement pursuant to Rule 26(a)(1) for a list of persons whom Plaintiffs believe have information relevant to this action, and a listing of relevant documents in plaintiff's possession, custody and control. Defendants are also referred to the documents that have been produced in this matter.

**Response to Plaintiffs' Objection to Interrogatory No. 1.** Please confirm that your Rule 26(a)(1) Initial Disclosure Statement contains the names and requested contact information for all persons with whom you have communicated regarding any of the facts or allegations contained in the Complaint. To the extent that you are producing documents in lieu of the requested information pursuant to Fed. R. Civ. P. 33(d), please provide the Bates numbers or other identifying information for such documents as required by the rule.

**Interrogatory No. 3.** Identify each business entity (including but not limited to trusts, partnerships, limited partnerships, limited liability partnerships, sole proprietorships, limited liability companies, associations and corporations) within the last ten years that you have owned, been employed by, partnered with, engaged in a joint venture with, or been an officer, director, consultant,

Bingham McCutchen LLP
bingham.com

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 9

independent contractor, trustee or beneficiary of, and for each such entity state the name, type of business, address and telephone number of each business, and state your title, position, and responsibilities with respect to each such entity.

**Objection.** In addition to the General Objections above, Plaintiffs object to Interrogatory No. 3 because the requests contained therein are overly broad and unduly burdensome, vague and ambiguous, the information sought is not relevant to the claim or defense of any party, not relevant to the subject matter of the lawsuit or class certification, and not reasonably calculated to lead to the discovery of admissible evidence, and it calls for information without regard to a time period reasonably related to the subject matter of this lawsuit.

**Response to Plaintiffs' Objection to Interrogatory No. 3.** Defendants are entitled to the information requested in this Interrogatory for the purposes of determining whether there are any improper conflicts of interest between the named plaintiffs and other class representatives, lead counsel and/or any of the Defendants. Please supplement your response to provide the requested information.

**Interrogatory No. 5.** Identify each individual broker that you retained, employed or utilized from January 1, 2000 through the present, and with respect to each such Broker, also identify the firm name and business address, if any, with which such Broker was associated and his or her business telephone number and address.

**Objection.** In addition to the General Objections above, Plaintiffs object to Interrogatory No. 5 because the requests contained therein are overly broad and unduly burdensome, vague and ambiguous, the information sought is not relevant to the claim or defense of any party, not relevant to the subject matter of the lawsuit or class certification, and not reasonably calculated to lead to the discovery of admissible evidence, and it calls for information without regard to a time period reasonably related to the subject matter of this lawsuit. Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents in their possession, custody or control responsive to this Interrogatory, if any, relating to Wave securities.

**Response to Plaintiffs' Objection to Interrogatory No. 3.** Defendants believe they are entitled to the information requested by this Interrogatory. The identity of any brokers utilized by the named plaintiffs for the limited time period of January 2001 to the present may be relevant to the issue of whether he or she relied on the integrity of the market when purchasing, selling or transferring Wave securities. See, supra, Response to Plaintiffs' Objections to Requests Nos. 2, 3 and 4. Please supplement your response to provide the requested information. To the extent that you are producing documents in lieu of the requested information pursuant to Fed. R. Civ. P. 33(d), please provide the Bates numbers or other identifying information for such documents as required by the rule.

Bingham McCutchen LLP
bingham.com

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 10

Bingham McCutchen LLP
bingham.com

**Interrogatory No. 6.** Provide the following information concerning each and every one of your transactions in Wave securities engaged in by you or on your behalf from your first purchase of Wave securities through the present, including:

    (a) the trade date and settlement date of each such transaction;

    (b) the type of security;

    (c) the purchase/sale price, excluding and including commission, and the profit or loss after commission on each such transaction;

    (d) identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;

    (e) the account number of the brokerage account in which each such transaction was made;

    (f) the source of any funds used to make each such transaction, including commission payment;

    (g) identify all information you considered in determining whether to engage in each such transaction in Wave;

    (h) identify all persons with whom you communicated concerning your decision(s) to purchase or sell Wave securities and describe in detail the circumstances and substance of each communication with each such person including, without limitation, whether any such person recommended that you purchase or sell any other securities at the same time that you purchased or sold Wave securities, and whether any such person is in any way connected, affiliated, or otherwise involved with, or has any direct or indirect interest in the outcome of, the above-captioned matter.

**Objection.** In addition to the General Objections above, Plaintiffs object to Interrogatory No. 6 because the requests contained therein are vague and ambiguous, and calls for information without regard to a time period reasonably related to the subject matter of this lawsuit. Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents in their possession, custody or control responsive to this Interrogatory, if any, relating to Wave securities during the Relevant Time Period.

**Interrogatory No. 7.** Provide the following information as to all securities transactions engaged in by you, or on your behalf, including:

    (i) the trade date and settlement date of each such transaction;

    (j) the type of security;

    (k) the issuer of the security;

    (l) the date on which each such transaction occurred;

    (m) the purchase/sale price, excluding and including commission,

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 11

Bingham McCutchen LLP
bingham.com

    and the profit or loss after commission on each such transaction;

(n)  identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;

(o)  the account number of the brokerage account in which each such transaction was made;

(p)  the source of any funds used to make each such transaction, including commission payment; and

(q)  identify all information you considered in determining whether to engage in each such transaction.

**Objection.** In addition to the General Objections above, Plaintiffs object to Interrogatory No. 7 on the grounds that it is overbroad, unduly burdensome, harassing and seeks information not relevant to any of the claims or defenses of any of the parties or to class certification. Plaintiffs further object to this Interrogatory because it violates Plaintiffs' right to privacy over their financial affairs to the extent that it seeks access to all of Plaintiffs' private financial affairs beyond transactions that are related to Wave securities.

**Response to Plaintiffs' Objections to Interrogatories Nos. 6 and 7.** As set forth in Response to Plaintiffs' Objection to Request No. 1, Defendants are entitled to the discovery of information relating to plaintiffs' purchase, sale or transfer of Wave and other companies' securities inside and outside the Relevant Time Period. Please supplement your response to provide the requested information. To the extent that you are producing documents in lieu of the requested information pursuant to Fed. R. Civ. P. 33(d), please provide the Bates numbers or other identifying information for such documents as required by the rule.

**Interrogatory No. 8.** Describe in detail the circumstances surrounding the first contact or communication made between you or on your behalf and your legal counsel in the above-captioned action, including, without limitation, identification of who initiated the first contact or communication, the date of contact or communication; and the substance of that contact or communication.

**Objection.** In addition to the General Objections above, Plaintiffs object to Interrogatory No. 8 on the grounds that it seeks information not relevant to any of the claims or defenses of any of the parties or to class certification. Plaintiffs also object to this Interrogatory to the extent it seeks documents subject to the attorney-client privilege, work product doctrine or any other applicable privilege.

**Response to Plaintiffs' Objection to Interrogatory No. 8.** As set forth in Response to Plaintiffs' Objection to Request No. 8, information regarding the circumstances of the named plaintiffs' retention of counsel and communications relating thereto are not necessarily protected from disclosure by the attorney-client or work-product privileges. Furthermore, such information is relevant to

LITDOCS/636574.3

Gregory M. Castaldo, Esq.
April 7, 2006
Page 12

the issues of whether there are any unusual motives or circumstances surrounding the retention of counsel that would render the lead plaintiff either an atypical or inadequate representative of the class. Please supplement your response to provide the requested information.

**Interrogatory No. 11.** Identify each on-line (internet and/or world wide web) discussion forum, chat room, blog or similar web space that you have participated in from January 1, 2003 through the present that relates to transactions in securities and for each such web space, state all screen names that you have used.

**Objection.** In addition to the General Objections above, Plaintiffs object to Interrogatory No. 11 because the requests contained therein are overly broad and unduly burdensome, vague and ambiguous, the information sought is not relevant to the claim or defense of any party, not relevant to the subject matter of the lawsuit or class certification, and not reasonably calculated to lead to the discovery of admissible evidence, and it calls for information without regard to a time period reasonably related to the subject matter of this lawsuit.

**Response to Plaintiffs' Objection to Interrogatory No. 11.** Defendants are entitled to the information requested by this Interrogatory. Any communications posted by the named plaintiffs on any on-line (internet and/or world wide web) discussion forum, chat room, blog or similar web space from January 1, 2003 through the present that relates to transactions in securities is relevant to, for example only, the issue of whether he or she relied on the integrity of the market when purchasing, selling or transferring Wave securities. See, supra, Response to Plaintiffs' Objections to Requests Nos. 2, 3 and 4. Please supplement your response to provide the requested information.

Please advise by no later than 4:00 p.m. April 11, 2006 as to your intentions regarding the above. Otherwise, I will have no choice but to seek the Court's intervention.

Very truly yours,

[signature]

Michael D. Blanchard
MDB/cjh

cc:  David Pastor, Esq.
     Robert A. Buhlman, Esq.

Bingham McCutchen LLP
bingham.com

LITDOCS/636574.3