# SCHIFFRIN & BARROWAY, LLP
## Attorneys at Law

280 KING OF PRUSSIA ROAD • RADNOR, PENNSYLVANIA 19087 • (610) 667-7706 • FAX: (610) 667-7056 • WWW.SBCLASSLAW.COM

Writer's Direct Dial: (484) 270-1426
E-Mail: tmosser@sbclasslaw.com

RICHARD S. SCHIFFRIN*
ANDREW L. BARROWAY*
MARC A. TOPAZ*
DAVID KESSLER*
KATHARINE M. RYAN
STUART L. BERMAN*
GREGORY M. CASTALDO*
JOSEPH H. MELTZER*
MICHAEL K. YARNOFF ■*

KATIE L. ANDERSON
IAN D. BERG˟
ROBERT W. BIELA
KATHERINE B. BORNSTEIN ᵛ
TREVAN BORUM
JONATHAN R. CAGAN □
EDWARD W. CHANG °□
DARREN J. CHECK*
EDWARD W. CIOLKO □
STEPHEN CONNOLLY
MARK S. DANEK
THOMAS W. GRAMMER
MARK K. GYANDOH*
SEAN M. HANDLER
JOHN A. KEHOE●
HAL J. KLEINMAN˟
ERIC LECHTZIN*
RICHARD A. MANISKAS ᵛ
TOBIAS L. MILLROOD*
TODD M. MOSSER
JODI C. MURLAND
CHRISTOPHER L. NELSON
MICHELLE N. PETERSON*
NICHOLAS S. PULLEN
KAREN E. REILLY*●°▲
STEVEN D. RESNICK*
LEE D. RUDY°
KAY E. SICKLES*
TAMARA SKVIRSKY*
SANDRA G. SMITH
W. LYLE STAMPS
BENJAMIN J. SWEET
HEATHER M. TASHMAN*
GERALD D. WELLS, III*
ROBIN WINCHESTER*
ERIC L. ZAGAR
ANDREW L. ZIVITZ*
KENDALL S. ZYLSTRA

April 19, 2006

**VIA FAX**
Michael D. Blanchard, Esquire
BINGHAM McCUTCHEN, LLP
150 Federal Street
Boston, MA 02110

Re:   *Brumbaugh et al., v. Wave Systems Corporation, et al.,*
      Civil Action No. 04-30022-MAP

Dear Mr. Blanchard:

This letter is in response to your letter dated April 7, 2006 requesting that Plaintiffs amend their Responses and Objections to Defendants' First Request for Production of Documents and First Set of Interrogatories. Without waiving any of the objections stated therein, Plaintiffs respond as follows:

### Defendants' Requests for Production of Documents

**Response to Request No. 1:** Plaintiffs have produced all trading confirmation slips relating to their transactions in Wave securities during the Class Period. Moreover, it is Plaintiffs' position that documents reflecting trading in Wave securities prior to and following the close of the Class Period are not relevant to class certification, which is the only discovery the parties are engaged in at present, as ordered by the Court.

Defendants' authorities cited for the proposition that this information is relevant to the class certification inquiry are inapplicable. First, the facts of *Hanon v. Dataproducts Corp*, 976 F.2d 497 (9th Cir. 1992) are inapposite, as there, the court found that the proposed lead plaintiff's:

> "[r]eliance on the integrity of the market would be
> subject to serious dispute as a result of his extensive
> experience in prior securities litigation, his relationship with his
> lawyers, his practice of buying a minimal number shares of



> stock in various companies, and his uneconomical purchase of only ten shares of stock in Dataproducts."

*Hanon* 976 F.2d at 508. As discovery produced thus far clearly demonstrates that Lead Plaintiffs' held considerably more than "10" shares, and do not have prior experience in securities litigation, they are hardly the "professional" plaintiffs the court sought to preclude from serving as class representatives in *Hanon*.

Second, Defendants' reliance on *In re Polymedica Corp. Sec. Litig.*, 432 F.3d 1 (1st Cir. 2005) is also misplaced. Though Plaintiffs do not dispute that Defendants are entitled to "make an evidentiary showing to rebut Plaintiffs' reliance on an efficient market," the *Polymedica* decision (in which the First Circuit defined the parameters of an "efficient market") does not stand for the proposition that prospective class representatives must disclose trading information from outside the Class Period. Defendants have not identified why Plaintiffs' pre and post- Class Period transactions in Wave securities, if any, has anything to do with whether the market for Wave securities was efficient. Thus, *Polymedica* is not instructive.

Until Defendants explain with more specificity why Plaintiffs' transactions in Wave securities both before and after the Class Period are relevant and provide some authority for that position, Plaintiffs' relevance objection stands. *See, e.g. Burstein v. Applied Extrusion Technologies, Inc.*, 153 F.R.D. 488, 489 (D. Mass. 1994)(denying defendants' motion to compel production of plaintiff's entire trading history); *In re Sumitomo Copper Litig.*, 182 F.R.D. 85, 97 (S.D.NY. 1998)("Global cites no case which precludes class representation based upon the failure to produce complete trading records at the certification stage, and the Court is not inclined to so hold here"). *See also In re Transkaryotic Therapies, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 29656, *19 (D.Mass.2005)("The fact that certain lead plaintiffs may be met by unique defenses does not necessarily interfere with class certification").

**Response to Requests No. 2-4, 6-7:** Plaintiffs confirm that they are not withholding any responsive documents.

**Response to Request No. 8:** Plaintiffs confirm that they are not withholding any responsive documents, and further state that there is no written fee agreement between Plaintiffs' and counsel.

**Response to Request No. 9-12:** Plaintiffs confirm that they are not withholding any responsive documents.

**Response to Request No. 13:** Plaintiffs confirm that they are not withholding any responsive documents. By way of further response, Plaintiffs direct Defendants to Wave's public filings with the SEC made during the Class Period; as well as Plaintiffs' production of documents, Bates-stamped BRUM 0006-0030; GRIF 0001-0016; and HARM 0001-0002.

Responses to Defendants' Interrogatories                          4/19/06

**Response to Request No. 19-20:** Plaintiffs confirm that they are not withholding any responsive documents.

### Defendants' Interrogatories

**Response to Interrogatory No. 1:** Plaintiffs confirm that their initial disclosures contain all information that is required under the rules. Plaintiffs reserve the right to supplement this disclosure as necessary pursuant to Rule 26(e).

**Response to Interrogatory No. 3:** Plaintiffs supplement their prior response to include the following:

- Brumbaugh states that she is the Beneficiary of the Robert and Gwen Tyler Irrevocable Trust. Brumbaugh is also a member of "Purchasing Partners," a small investment club with an address of PO Box 512, Phillipsburg, Kansas, 67661.

- Harmon states that he is a partner and Vice President of Arterra Properties, LLP, with an address of 2815 Sylvan Lane North Jacksonville, FL 32257.

- Griffin does not have any responsive information.

**Response to Interrogatory No. 5:** Plaintiffs supplement their prior response and direct Defendants to documents Bates-stamped BRUM 0006-0030; GRIF 0001-0016; and HARM 0001-0002.

**Response to Interrogatories No. 6-7:** Defendants are referred to Plaintiffs' further Response to Request No. 1, *infra*.

**Response to Interrogatory No. 8:** Plaintiffs supplement their response to state that the first contact they received from counsel was via mailed notice of the pending class action against Wave. Plaintiffs do not recall the date of the communication.

**Response to Interrogatory No. 11:** Plaintiffs supplement their prior response to state that they have not and did not visit any on-line discussion forums, chat rooms, blogs or similar web spaces at any time from January 1, 2003 to the present concerning Wave.

Sincerely,

SCHIFFRIN & BARROWAY, LLP

Todd M. Mosser

3


Responses to Defendants' Interrogatories                                     4/19/06

TMM/TMM
Enclosure
cc:   Gregory M. Castaldo, Esquire
      Karen E. Reilly, Esquire
      David Pastor, Esquire