**BINGHAM McCUTCHEN**

# Facsimile

| | DATE: | April 20, 2006 | | OUR FILE NUMBER: | 0500590-307262 |
|---|---|---|---|---|---|
| | | NAME | | FAX | PHONE |
| | TO: | Karen Reilly | | **(610) 667-7056** | |
| | | Schiffrin & Barroway, LLP | | | |
| | FROM: | Michael D. Blanchard, Esq. | | (860) 240-2800 | (860) 240-2945 |
| | | michael.blanchard@bingham.com | | | |
| | PAGES: | (INCLUDING THIS COVER PAGE): –4– | | | |
| | RE: | Anne Brumbaugh, et al. v. Wave Systems Corporation, et al. | | | |
| | MESSAGE: | | | | |

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

For transmission problems, please call (617) 951-8925
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

| Timekeeper No: | 30421 | Client/Matter No: | 0500590-307262 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | (Wave/Class Action) | | | |
| Return To: | (return to) | Cindy Heuschkel | Floor No: 14 | |

CTDOCS/1658839.1

**BINGHAM McCUTCHEN**

Michael D. Blanchard
Direct Dial: (860) 240-2945
Direct Fax: (860) 240-2586
E-Mail: michael.blanchard@bingham.com

April 20, 2006

Bingham McCutchen LLP
One State Street
Hartford, CT
06103-3178

860.240.2700
860.240.2800 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**VIA FACSIMILE AND U.S. MAIL**

Karen Reilly, Esq.
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA  19087

Re:    **Brumbaugh, et al v. Wave Systems Corp., et al, No. 3:04-CV-30022**

Dear Ms. Reilly:

I am following up on our telephone call yesterday where Plaintiffs raised objections to the Defendants' subpoenas of Scottrade, Inc. and TD Waterhouse Investor Services, Inc. (hereafter, the "Defendants' subpoenas"). During our telephone call, you expressed your view that the Defendants' subpoenas are overbroad in time (insofar as information outside the Class Period is sought) and scope (insofar as transactions in securities other than Wave are sought). You also indicated concerns over the privacy of the information sought. The Plaintiffs lack standing to make these belated objections and Defendants believe that the Plaintiffs' objections are without merit, as explained further below. At this late juncture, in the interest of resolving these issues without Court intervention, the Defendants will agree (i) to reasonable restrictions on the use of confidential information obtained by the Defendants' subpoenas; and (ii) to limit the time frame for information sought by the Defendants' subpoenas.

By way of background, on April 6, 2006, the Defendants' served notice of the Defendants' subpoenas on counsel for the Plaintiffs by faxing Notices of Document Subpoenas that included: the names and addresses of the subpoenaed entities, the date of compliance (April 20, 2006 at 9:00 a.m.), and the specific documents sought by the Defendants' subpoenas. Without receiving any objection from the Plaintiffs, the Defendants' subpoenas were served on April 7, 2006, seeking compliance by April 20, 2006 at 9:00 a.m. -- a necessary timeframe given the then-existing class certification schedule. On April 19, 2006, the Defendants received documents from Scottrade, Inc. and I informed you of the same during our call. We received compliance from TD Waterhouse today.

The Plaintiffs' lack standing to object to the Defendants' subpoenas. None of the subpoenaed parties have objected to the subpoenas, and, except to raise an issue of privilege or other personal right, Plaintiffs have no standing to move to quash

LITDOCS/637948.1

Karen Reilly, Esq.
April 20, 2006
Page 2

a third party subpoena. It is well settled under the Federal Rules of Civil Procedure that "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2459 (2002) (emphasis added). See also Rosen v. Tabby, Civ. A. No. 95-CV-2968, 1996 WL 636158, at *1 (E.D. Pa. Oct. 29, 1996) (In denying defendants' motion to quash plaintiff's subpoenas served on defendants' accountant and various financial institutions in which defendants maintained accounts, court finds that defendants lack standing: "Defendants have not alleged any personal right or privilege in the subject matter of the subpoenas. Defendants have only alleged that the subpoenas are untimely and over-broad. Accordingly, Defendants have no standing to bring a motion to quash subpoenas.") Plaintiffs do not have any privilege or other right to intervene in the production of documents by third parties in response to Defendants' subpoenas. The protections to be enforced by a motion to quash were meant to protect the recipients of subpoenas, none of which have raised any objection.

The Plaintiffs' objections as to time and scope of the information sought are without merit. The Plaintiffs would like to limit discovery of their trading history to only their trading in Wave during the proposed class period on the grounds that documents reflecting additional trading information are not relevant. Discovery is considered relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) See also EEOC v. Electro-Term, Inc., 167 F.R.D. 344, 346 (D. Mass. 1996) ("[R]elevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action.") The requested documents are relevant to the issue of whether the Lead Plaintiffs satisfy the requirements of Fed. R. Civ. P. 23. Documents concerning the Lead Plaintiffs' trading in Wave after the proposed class period could demonstrate that the Lead Plaintiffs are subject to unique defenses that they did not rely on the integrity of the market in making their purchases of Wave stock during the class period. See Rolex Employees Ret. Trust v. Mentor Graphics Corp., 136 F.R.D. 658, 663-64 (D. Or. 1991) (where a lead plaintiff purchased 1,000 shares of the stock almost six months after the class period ended, the court refused to certify lead plaintiff as class representative because "[t]he fact that [lead plaintiff] continued to trade in the stock in Mentor Graphics after he learned of the alleged misrepresentations of defendants severs the link between the alleged misrepresentations of defendants and the stock purchases made by [lead plaintiff] and acts to rebut the presumption that [lead plaintiff] relied on the alleged misrepresentations in making his purchases."). Courts have

LITDOCS/637948.1

Karen Reilly, Esq.
April 20, 2006
Page 3

also compelled discovery of all lead plaintiffs' trading records from before the class period began to the present, on the grounds that such discovery is relevant to class certification analysis. See Roseman Profit Sharing Plan v. Sports and Recreation, 165 F.R.D. 108, 112 (M.D. Fla. 1996) (class representatives required to produce "brokerage statements and all other documents showing all of your trading and holding of public securities from January 1, 1993 to March 14, 1995" where the proposed class period ran from only July 14, 1994 to March 13, 1995 because: "The plaintiffs' investment history and background is relevant to the adequacy issue," and "Plaintiffs' trades in publicly held securities other than the defendant corporation for the period of time requested is also relevant to the issue of plaintiffs' reliance and motivation in bringing this action and may lead to the discovery of admissible evidence"); Feldman v. Motorola, No. 90 C 5887, 1992 WL 137163 (N.D. Ill. June 10, 1992) (where the proposed class period was May 4, 1990 to April 16, 1991, the court granted the defendant's motion to compel discovery of all of plaintiff's brokerage account statements from January 1, 1990 to the present because the documents relevant to class certification analysis). Trades in securities other than Wave may be relevant for any number of reasons, including reliance and motivation to bring suit.

The Defendants cannot agree to the Plaintiffs' untimely request to limit the Defendants' subpoenas to only those documents reflecting the Plaintiffs' trading in Wave stock during the proposed class period. The Defendants' subpoenas seek documents that are relevant to whether the Lead Plaintiffs satisfy the requirements of Fed. R. Civ. P. 23, and the Plaintiffs lack standing to assert their untimely objection. Nonetheless, the Defendants will agree to negotiate the scope of the subpoenas with respect to timeframe, and will agree to reasonable measures to ensure confidentiality. I look forward to speaking with you regarding these issues later today.

Very truly yours,

Michael D. Blanchard

cc:   David Pastor, Esq.

LITDOCS/637948.1