UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN, on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs,<br><br>      v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>                                    Defendants. | Civil Action<br>No. 3:04-CV-30022 (MAP) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER**

Lead Plaintiffs, Anne Brumbaugh, Gary L. Harmon, and Randy K. Griffin ("Plaintiffs"), respectfully submit this Memorandum of Law in support of their Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c), seeking to preclude defendants[1] from the use of any information requested and or obtained pursuant to third party subpoenas served by defendants upon brokerage firms TD Waterhouse Investor Services, Inc. ("TD Waterhouse") and Scottrade, Inc. ("Scottrade," and collectively the "Brokers" ) relating to plaintiffs' transactions in securities other than Wave; and precluding defendants' use of information requested and or obtained from TD Waterhouse and Scottrade relating to plaintiffs' transactions involving Wave securities dated

---

[1] The Defendants are Wave Systems Corporation ("Wave" or the "Company"), its President and CEO Steven K. Sprague, and its senior Vice President, CFO, and Secretary, Gerard K. Feeney.

earlier than (30) days prior to the commencement of the Class Period (July 31, 2003 through December 15, 2003 inclusive) or later than (90) day past the close of the Class Period.

**PRELIMINARY STATEMENT**

This is an action for defendants' violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b) and 78t(a) (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"), 17 C.F.R. 240.10b-5.  This Court denied defendants' motions to dismiss on January 11, 2006, and subsequently ordered that class certification discovery and merits discovery be bifurcated.  The parties are therefore currently conducting discovery as to whether certification of this action as a class action is appropriate pursuant to Fed. R. Civ. P. 23.

Defendants' First Set of Requests for Production of Documents and Interrogatories were served on plaintiffs on March 1, 2006.  Plaintiffs served objections and Responses to these discovery requests on March 31, 2006.  By way of further correspondence and a meet and confer telephone conference, substantially all of these objections were resolved on April 19, 2006.

However, one issue remains unresolved.  In both the interrogatories and the document requests, defendants sought information relating to *all* of plaintiffs prior transactions in *any* securities.  Plaintiffs' objected to these requests on the grounds that they are overly broad, harassing, in search of information that is not relevant to class certification, and violates plaintiffs' right to privacy concerning their financial affairs.

On April 6, 2006, defendants served third-party subpoenas on Scottrade and TD Waterhouse, the Brokers through which plaintiffs acquired Wave securities.  The subpoenas were faxed to plaintiffs on Friday, April 7, 2006 after 3:00 p.m.  Among other things, these subpoenas directed that the Brokers supply defendants with the same information that plaintiffs

have objected to producing, specifically, documents relative to *all* of plaintiffs' securities transactions in *any* securities.  During the parties' meet and confer telephone conference on April 19, 2006, counsel for defendants advised plaintiffs' counsel that some of these documents had already been produced to defendants from Scottrade.  On April 20, 2006, defendants' counsel further advised that TD Waterhouse had delivered its documents in compliance with the subpoena.  Thus, notwithstanding plaintiffs' objections, defendants are now in possession of documents from their Brokers reflecting *all* of plaintiffs' securities transactions in *any* securities.

## ARGUMENT

### I.     The Protective Order Should Be Granted to Safeguard Plaintiffs' Privacy

Rule 26(c) provides that upon motion by a party and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *Id.*; *Zane S. Blanchard & Co. v. PSPT Ltd.,* 1995 U.S. Dist. LEXIS 7289, at *16 (D.N.H. 1995). "Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise. . . . The 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391, 402 (1st Cir. 2005).  Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984).

Here, as no confidentiality order has been issued by the Court, a protective order barring defendants' use of the information they obtained from the Brokers is the only available means by which to safeguard plaintiffs' interests in privacy over their personal financial dealings. Plaintiffs have not agreed to publicize or otherwise disclose their financial affairs which are

unrelated to Wave securities simply by virtue of serving as Lead Plaintiffs in this action.  In fact, even if a confidentiality order is entered by the Court, defendants sought and obtained this information for the express purpose of using it.  Defendants will no doubt inquire into plaintiffs' trading history in securities other than Wave at depositions. Moreover, defendants may provide the information obtained from the Brokers to an expert for purposes of briefing and arguing class certification, which would inevitably become available to the public by virtue of its inclusion in publicly available briefs and motions.  This is precisely the kind of "annoyance, embarrassment, or oppression" that Rule 26(c) is designed to prevent.

## II.     Plaintiffs' Trading In Other Securities Is Not Relevant To Class Certification

This Court should also grant the protective order because defendants cannot use the information obtained from the Brokers for any purpose relevant to class certification.  This District has already recognized that a plaintiff's investment history and evidence relating to prior transactions in securities other than the one at issue are irrelevant at the class certification stage. In *Burstein v. Applied Extrusion Technologies, Inc.*, 153 F.R.D. 488, 489 (D. Mass. 1994), the Court, citing a long history of precedent from this District, denied the defendants' motion to compel disclosure of the plaintiff's prior trading histories relative to all transactions in any securities.  Thus, defendants are not only in possession of plaintiffs' private information, but this same information is also clearly irrelevant to class certification. *In re Sumitomo Copper Sec. Litig.*, 182 F.R.D. 85, 97 (S.D.NY. 1998)("Global cites no case which precludes class representation based upon the failure to produce complete trading records at the certification stage, and the Court is not inclined to so hold here"). *See also In re Transkaryotic Therapies, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 29656, at *19 (D. Mass. 2005) ("The fact that certain lead plaintiffs may be met by unique defenses does not necessarily interfere with class certification").

Thus, defendants should be precluded from using during class certification proceedings any documents or information obtained from the Brokers that relate to plaintiffs' prior transactions in securities other than Wave, and be limited as to time period as proposed by plaintiffs concerning Wave securities.

## CONCLUSION

For the reasons stated herein, plaintiffs respectfully request that this Court grant plaintiffs' motion for a protective order in its entirety.

Dated:  April 21, 2006.                                GILMAN AND PASTOR, LLP


By:  /s/ *David Pastor*
David Pastor   BBO#391000
60 State Street, 37th Floor
Boston, MA  02109
Tel.: 617-742-9700
Fax: 617-742-9701

*Liaison Counsel for Plaintiffs and the Class*

**SCHIFFRIN & BARROWAY, LLP**
Gregory M. Castaldo
Karen E. Reilly
Todd M. Mosser
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Lead Counsel for Plaintiffs and the Class*

<u>Certificate of Service</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 21, 2006.