# EXHIBIT A

**BINGHAM McCUTCHEN**

# Facsimile

DATE: April 6, 2006

|  | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Karen Reilly, Esq.<br>Schiffrin & Barroway, LLP | 610-667-7056 |  |
| FROM: | Robert B. Baker<br>robert.baker@bingham.com | (617) 951-8736 | (617) 951-8873 |

PAGES: (INCLUDING THIS COVER PAGE): 13

RE: Brumbaugh et al. v. Wave Systems Corporation, et al.

MESSAGE:

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**For transmission problems, please call (617) 951-8925**
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

K. Reilly

| Timekeeper No: | 13800 | Client/Matter No: | 0500590/307262 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: |  |  |  |  |
| Return To: | Robert B. Baker (17) |  | Floor No: | 17 |

LITDOCS/636735.1

```
** JOB STATUS REPORT **                      AS OF  APR 06 2006 14:37       PAGE.01

                                                                    BINGHAM MCCUTCHEN LLP

**** INCOMPLETE DESTINATION(S) HIGHLIGHTED BELOW ****

    JOB #261

    DATE  TIME       TO/FROM        MODE   MIN/SEC   PGS    STATUS
    001   4 06 14:36  96176677056    S     00'00"    000    STOP
```

# BINGHAM McCUTCHEN

# Facsimile

DATE: April 6, 2006

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Karen Reilly, Esq.<br>Schiffrin & Barroway, LLP | 610-667-7056 | |
| FROM: | Robert B. Baker<br>robert.baker@bingham.com | (617) 951-8736 | (617) 951-8873 |
| PAGES: | (INCLUDING THIS COVER PAGE): 13 | | |
| RE: | Brumbaugh et al. v. Wave Systems Corporation, et al. | | |

MESSAGE:

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

For transmission problems, please call (617) 951-8925

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

K. Reilly
DATE/TIME STAMP

| Timekeeper No: | 13800 | Client/Matter No: | 0500590/307262 |
|---|---|---|---|
| Client/Matter Name: | | | |
| Return To: | Robert B. Baker (17) | Floor No: | 17 |

LITDOCS/836736.1

```
** JOB STATUS REPORT **                 AS OF  APR 06 2006 14:41       PAGE. 01

                                                      BINGHAM MCCUTCHEN LLP

      JOB #262

      DATE  TIME         TO/FROM          MODE      MIN/SEC    PGS    STATUS
 001  4/06  14:38       916106677056      EC--S     02'07"     013      OK
```

# BINGHAM McCUTCHEN

Robert B. Baker
Direct Dial: (617) 951-8873
robert.baker@bingham.com

April 6, 2006

## VIA FACSIMILE AND FIRST-CLASS MAIL

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

David Pastor, Esq.
Gilman and Pastor, LLP
Stonehill Corporate Center
999 Broadway - Suite 500
Saugus, MA 01906
Facsimile: (617) 742-9701

Karen Reilly, Esq.
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087
Facsimile: (610)667-7056

Re: **Brumbaugh et al. v. Wave Systems Corporation, et al.**
C.A. No.: 04-30022-MAP

Dear Counsel:

Enclosed for service please find Notices of Document Subpoenas for the National Association of Securities Dealers, Inc., TD Waterhouse Investor Services, Inc., and Scottrade, Inc. Please let me know if you would like copies of the documents that are obtained from the subpoenas.

Very truly yours,

*[signature]*

Robert B. Baker

Enclosures

cc: Robert A. Buhlman, Esq.
    Michael D. Blanchard, Esq.
    William R. Harb, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH,<br>GARY L. HARMON and<br>RANDY K. GRIFFIN,<br><br>Plaintiffs,<br><br>vs.<br><br>WAVE SYSTEMS CORPORATION,<br>STEVEN K. SPRAGUE and<br>GERARD T. FEENEY,<br><br>Defendants. | NO. 04-30022-MAP |

### DEFENDANTS' NOTICE OF DOCUMENT SUBPOENA OF THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Keeper of Records of the National Association of Securities Dealers, Inc. ("the NASD") will be commanded to produce and permit inspection and copying of documents on April 20, 2006 at 9:00 a.m., at the offices of Bingham McCutchen LLP, 150 Federal Street, Boston, MA 02110.

The Keeper of Records of the NASD will be served with a subpoena and will be required to produce the documents specified in Schedule A attached hereto.

Dated April 6, 2006

WAVE SYSTEMS CORPORATION,
STEVEN K. SPRAGUE and GERARD T. FEENEY,

By their attorneys,

Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO #636860
Robert B. Baker, BBO #654023
William R. Harb, BBO #657270
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110-1726

(617) 951-8000

### CERTIFICATE OF SERVICE

I, Robert B. Baker, hereby certify that on April 6, 2006, I caused a true copy of the foregoing Defendant's Notice of Document Subpoena of the National Association of Securities Dealers, Inc. to be served by facsimile and U.S. Mail upon counsel for the Plaintiffs, David Pastor, Esq. and Karen Reilly, Esq..

Dated: April 6, 2006

_____
Robert B. Baker

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. "Document" means those things described in Fed. R. Civ. P. 34(a) and Local Rule 26.5, including without limitation the original and each draft or otherwise non-identical copy of such document, all writings, graphics, printed matter, recordings of any kind, and all information retrievable from computer systems in the actual or constructive possession, custody, care or control of the National Association of Securities Dealers, Inc. ("the NASD"), its attorneys, or other persons or entities acting on behalf of the NASD.

### REQUESTED DOCUMENTS

1. Documents reflecting the amount of trading, the prices of transactions, and the market participants (e.g., market makers) in the common stock of Wave Systems Corporation (symbol WAVX) between July 1, 2003 and August 31, 2003, as reflected in the NASD's Equity Trade Journal Report.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH,<br>GARY L. HARMON and<br>RANDY K. GRIFFIN,<br><br>    Plaintiffs,<br><br>    vs.<br><br>WAVE SYSTEMS CORPORATION,<br>STEVEN K. SPRAGUE and<br>GERARD T. FEENEY,<br><br>    Defendants. | NO. 04-30022-MAP |

## DEFENDANTS' NOTICE OF DOCUMENT SUBPOENA OF TD WATERHOUSE INVESTOR SERVICES, INC.

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Keeper of Records of TD Waterhouse Investor Services, Inc. ("TD Waterhouse") will be commanded to produce and permit inspection and copying of documents on April 20, 2006 at 9:00 a.m., at the offices of Bingham McCutchen LLP, 150 Federal Street, Boston, MA 02110.

The Keeper of Records of TD Waterhouse will be served with a subpoena and will be required to produce the documents specified in Schedule A attached hereto.

LITDOCS/636665.1

Dated April 6, 2006

WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,

By their attorneys,

Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO #636860
Robert B. Baker, BBO #654023
William R. Harb, BBO #657270
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726

(617) 951-8000

### CERTIFICATE OF SERVICE

I, Robert B. Baker, hereby certify that on April 6, 2006, I caused a true copy of the foregoing Defendant's Notice of Document Subpoena of TD Waterhouse to be served by facsimile and U.S. Mail upon counsel for the Plaintiffs, David Pastor, Esq. and Karen Reilly, Esq..

Dated: April 6, 2006

*/s/ Robert B. Baker*

Robert B. Baker

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1.  "Plaintiffs" means Anne K. Brumbaugh ("Ms. Brumbaugh"), Randy K. Griffin ("Mr. Griffin"), and Gary L. Harmon ("Mr. Harmon") and anyone acting on his, her, or their behalf. As of August 29, 2003, the Plaintiffs all had brokerage accounts at TD Waterhouse Investor Service, Inc. ("TD Waterhouse"). Upon information and belief, Ms. Brumbaugh resides at 5410 W. 139th St. in Overland Park Kansas and Ms. Brumbaugh also received TD Waterhouse account statements at this address. Upon information and belief, the first five digits of Ms. Brumbaugh's social security number are 510-62 and Ms. Brumbaugh was born in August 1955. Upon information and belief, Mr. Griffin resides at 201 Moser Road in King North Carolina and received TD Waterhouse account statements at P.O. Box 215, King, North Carolina. Upon information and belief, the first five digits of Mr. Griffin's social security number are 242-49 and Mr. Griffin was born in February 1952. Upon information and belief, Mr. Harmon resides at 4567 Saint Johns Bluff Road in Jacksonville Florida and previously received TD Waterhouse account statements at 2815 Sylvan LN North, Jacksonville, Florida. Upon information and belief, the first five digits of Mr. Haromon's social security number are 507-36 and Mr. Harmon was born in August 1935.

2.  "Wave" refers to Wave Systems Corporation, and anyone acting on its behalf.

3.  "Document" means the original and any copy or draft, regardless of origin or location, of any written or recorded material, in whole or part, including computer-stored and computer-retrievable information, and is synonymous in meaning with and equal in scope to the usage of the term in Federal Rule Civil Procedure 34(a).

4.  "Communication" refers to any contact, oral or written, formal or informal, at any time or place, under any circumstance in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include

without limitation any document containing, constituting, reflecting, memorializing, referring or relating to any such contact.

5. "Relating to" or "related to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to in whole or in part, the stated subject matter.

6. "Including" means including, but not limited to.

7. "Securities" means any and all securities as defined by the Securities Act of 1933 (as amended) and the Securities Exchange Act of 1934 (as amended).

8. "Transaction" means a purchase or sale of securities.

## REQUESTED DOCUMENTS

1. Account statements for the Plaintiffs' accounts for the time period January 1, 2002 through and including the present.

2. Confirmations relating to the Plaintiffs' transactions in Wave securities for the time period January 1, 2002 through and including the present.

3. Documents relating to the time of day of the Plaintiffs' transactions in Wave securities for the time period January 1, 2003 through and including December 31, 2003.

4. Documents relating to the Plaintiffs' access of TD Waterhouse's website for the time period January 1, 2002 through and including the present, including documents relating to the information Plaintiffs accessed, downloaded or viewed on TD Waterhouse's website.

5. Communications between the Plaintiffs and TD Waterhouse, its agents or anyone acting on its behalf for the time period January 1, 2002 through and including the present.

6. Documents relating to any complaint or claim alleged by the Plaintiffs relating to TD Waterhouse or any of its employees.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, <br> GARY L. HARMON and <br> RANDY K. GRIFFIN, <br><br> Plaintiffs, <br><br> vs. <br><br> WAVE SYSTEMS CORPORATION, <br> STEVEN K. SPRAGUE and <br> GERARD T. FEENEY, <br><br> Defendants. | NO. 04-30022-MAP |

## DEFENDANTS' NOTICE OF DOCUMENT SUBPOENA OF SCOTTRADE, INC.

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Keeper of Records of Scottrade, Inc. ("Scottrade") will be commanded to produce and permit inspection and copying of documents on April 20, 2006 at 9:00 a.m., at the offices of Bingham McCutchen LLP, 150 Federal Street, Boston, MA 02110.

The Keeper of Records of Scottrade will be served with a subpoena and will be required to produce the documents specified in Schedule A attached hereto.

| | |
|---|---|
| Dated April 6, 2006 | WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY, |

By their attorneys,

Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO #636860
Robert B. Baker, BBO #654023
William R. Harb, BBO #657270
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110-1726

(617) 951-8000

## CERTIFICATE OF SERVICE

I, Robert B. Baker, hereby certify that on April 6, 2006, I caused a true copy of the foregoing Defendant's Notice of Document Subpoena of Scottrade to be served by facsimile and U.S. Mail upon counsel for the Plaintiffs, David Pastor, Esq. and Karen Reilly, Esq..

Dated: April 6, 2006

_/s/ Robert Baker_
Robert B. Baker

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. Anne K. Brumbaugh means the Plaintiff Anne K. Brumbaugh ("Ms. Brumbaugh") and anyone acting on her behalf. As of August 29, 2003, Ms. Brumbaugh had a brokerage account at Scottrade, Inc. ("Scottrade"). Upon information and belief, Ms. Brumbaugh resides at 5410 W. 139th St. in Overland Park Kansas and Ms. Brumbaugh also received Scottrade account statements at this address. Upon information and belief, the first five digits of Ms. Brumbaugh's social security number are 510-62 and Ms. Brumbaugh was born in August 1955.

2. "Wave" refers to Wave Systems Corporation, and anyone acting on its behalf.

3. "Document" means the original and any copy or draft, regardless of origin or location, of any written or recorded material, in whole or part, including computer-stored and computer-retrievable information, and is synonymous in meaning with and equal in scope to the usage of the term in Federal Rule Civil Procedure 34(a).

4. "Communication" refers to any contact, oral or written, formal or informal, at any time or place, under any circumstance in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include without limitation any document containing, constituting, reflecting, memorializing, referring or relating to any such contact.

5. "Relating to" or "related to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to in whole or in part, the stated subject matter.

6. "Including" means including, but not limited to.

7.  "Securities" means any and all securities as defined by the Securities Act of 1933 (as amended) and the Securities Exchange Act of 1934 (as amended).

8.  "Transaction" means a purchase or sale of securities.

## REQUESTED DOCUMENTS

1.  Ms. Brumbaugh's account statements for the time period January 1, 2002 through and including the present.

2.  Ms. Brumbaugh's confirmations relating Wave securities for the time period January 1, 2002 through and including the present.

3.  Documents relating to the time of day of Ms. Brumbaugh's transactions in Wave securities for the time period January 1, 2003 through and including December 31, 2003.

4.  Documents relating to Ms. Brumbaugh's access of Scottrade's website for the time period January 1, 2002 through and including the present, including documents relating to the information Ms. Brumbaugh accessed, downloaded or viewed on Scottrade's website.

5.  Communications between Ms. Brumbaugh and Scottrade, its agents or anyone acting on its behalf for the time period January 1, 2002 through and including the present.

6.  Agreements with Ms. Brumbaugh, including account opening documents, cash, margin, and option agreements, trading authorizations, powers of attorney, or discretionary authorization agreements, and new account forms.

7.  Documents relating to any complaint or claim alleged by Ms. Brumbaugh relating to Scottrade or any of its employees.