# EXHIBIT B

```
** JOB STATUS REPORT **                    AS OF  APR 07 2006  3:10 PM  PAGE. 01

                                                              BINGHAM MCCUTCHEN LLP

    JOB #294

      DATE   TIME      TO/FROM           MODE      MIN/SEC     PGS     STATUS
001   4/07   3:06P     916106677056      EC--S     03'04"      018     OK
```

---

# BINGHAM McCUTCHEN

# Facsimile

DATE: April 7, 2006

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Karen Reilly, Esq.<br>Schiffrin & Barroway, LLP | 610-667-7056 | |
| FROM: | Robert B. Baker<br>robert.baker@bingham.com | (617) 951-8736 | (617) 951-8873 |

PAGES: (INCLUDING THIS COVER PAGE): 18

RE: Brumbaugh et al. v. Wave Systems Corporation, et al.

MESSAGE:

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

For transmission problems, please call (617) 951-8925
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

To: Karen Reilly

| Timekeeper No: | 13800 | Client/Matter No: | 0500590/307262 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | | | | |
| Return To: | Robert B. Baker (17) | | Floor No: 17 | |

LITDOCS/636735.1

**BINGHAM McCUTCHEN**

# Facsimile

DATE: April 7, 2006

|  | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Karen Reilly, Esq.<br>Schiffrin & Barroway, LLP | 610-667-7056 | |
| FROM: | Robert B. Baker<br>robert.baker@bingham.com | (617) 951-8736 | (617) 951-8873 |

PAGES: (INCLUDING THIS COVER PAGE): 18

RE: Brumbaugh et al. v. Wave Systems Corporation, et al.

MESSAGE:

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**For transmission problems, please call (617) 951-8925**
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you. To: Karen Reilly

| Timekeeper No: | 13800 | Client/Matter No: | 0500590/307262 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | | | | |
| Return To: | Robert B. Baker (17) | | Floor No: | 17 |

LITDOCS/636735.1

**BINGHAM McCUTCHEN**

Robert B. Baker
Direct Phone: (617) 951-8873
Direct Fax:    (617) 951-8736
robert.baker@bingham.com

April 7, 2006

**VIA PROCESS SERVER**

Keeper of Records
Scottrade, Inc.
298 Washington Street
Boston, MA 02108

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re:   *Brumbaugh et al. v. Wave Systems Corporation, et al., U.S. District Court for the District of Massachusetts,   C.A. No.: 04-30022-MAP*

Dear Sir/Madam:

Enclosed please find a third party subpoena duces tecum for documents in the above-referenced matter. Thank you in advance for your cooperation in producing these documents. If you have any questions, please call me at (617) 951-8873.

Thank you again for your prompt attention to this request.

Very truly yours,

Robert B. Baker
Enclosure

cc:   Jule Navo (*by fax and first class mail, w/encl.*)
      Legal Department
      Scottrade, Inc.
      12800 Corporate Hill Drive
      Facsimile: 314-835-3050

      David Pastor, Esq. (*by fax and first class mail, w/encl.*)

      Karen Reilly, Esq. (*by fax and first class mail, w/encl.*)

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin
V.
Wave Systems Corporation, Steven K. Sprague and Gerard T. Feeney

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-30022-MAP

TO: Scottrade, Inc
298 Washington St.
Boston, MA 02108

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| Bingham McCutchen LLP / 150 Federal Street / Boston, MA 02110 | 4/20/06 - 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants | DATE 4/7/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert B. Baker / Bingham McCutchen LLP / 150 Federal Street, Boston, MA 02110 / Phone (617) 951-8873

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the

American LegalNet, Inc.
www.USCourtForms.com

provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## **SCHEDULE A**

## DEFINITIONS AND INSTRUCTIONS

1. Anne K. Brumbaugh means the Plaintiff Anne K. Brumbaugh ("Ms. Brumbaugh") and anyone acting on her behalf. As of August 29, 2003, Ms. Brumbaugh had a brokerage account at Scottrade, Inc. ("Scottrade"). Upon information and belief, Ms. Brumbaugh resides at 5410 W. 139th St. in Overland Park Kansas and Ms. Brumbaugh also received Scottrade account statements at this address. Upon information and belief, the first five digits of Ms. Brumbaugh's social security number are 510-62 and Ms. Brumbaugh was born in August 1955.

2. "Wave" refers to Wave Systems Corporation, and anyone acting on its behalf.

3. "Document" means the original and any copy or draft, regardless of origin or location, of any written or recorded material, in whole or part, including computer-stored and computer-retrievable information, and is synonymous in meaning with and equal in scope to the usage of the term in Federal Rule Civil Procedure 34(a).

4. "Communication" refers to any contact, oral or written, formal or informal, at any time or place, under any circumstance in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include without limitation any document containing, constituting, reflecting, memorializing, referring or relating to any such contact.

5. "Relating to" or "related to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to in whole or in part, the stated subject matter.

6. "Including" means including, but not limited to.

7. "Securities" means any and all securities as defined by the Securities Act of 1933 (as amended) and the Securities Exchange Act of 1934 (as amended).

8. "Transaction" means a purchase or sale of securities.

## REQUESTED DOCUMENTS

1. Ms. Brumbaugh's account statements for the time period January 1, 2002 through and including the present.

2. Ms. Brumbaugh's confirmations relating Wave securities for the time period January 1, 2002 through and including the present.

3. Documents relating to the time of day of Ms. Brumbaugh's transactions in Wave securities for the time period January 1, 2003 through and including December 31, 2003.

4. Documents relating to Ms. Brumbaugh's access of Scottrade's website for the time period January 1, 2002 through and including the present, including documents relating to the information Ms. Brumbaugh accessed, downloaded or viewed on Scottrade's website.

5. Communications between Ms. Brumbaugh and Scottrade, its agents or anyone acting on its behalf for the time period January 1, 2002 through and including the present.

6. Agreements with Ms. Brumbaugh, including account opening documents, cash, margin, and option agreements, trading authorizations, powers of attorney, or discretionary authorization agreements, and new account forms.

7. Documents relating to any complaint or claim alleged by Ms. Brumbaugh relating to Scottrade or any of its employees.

**BINGHAM McCUTCHEN**

Robert B. Baker
Direct Phone: (617) 951-8873
Direct Fax: (617) 951-8736
robert.baker@bingham.com

April 7, 2006

**VIA PROCESS SERVER**

Keeper of Records
National Association of Securities Dealers, Inc.
99 High Street, Suite 100
Boston, MA 02110

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re:   *Brumbaugh et al. v. Wave Systems Corporation, et al.*, *U.S. District Court for the District of Massachusetts*, C.A. No.: 04-30022-MAP

Dear Sir/Madam:

Enclosed please find a third party subpoena duces tecum for documents in the above-referenced matter. Thank you in advance for your cooperation in producing these documents. If you have any questions, please call me at (617) 951-8873.

Thank you again for your prompt attention to this request.

Very truly yours,

Robert B. Baker
Enclosure

cc:   Barbara White (*by fax and first class mail, w/encl.*)
      National Association of Securities Dealers, Inc.
      1735 K. Street, NW
      Facsimile: 202-728-8894

      David Pastor, Esq. (*by fax and first class mail, w/encl.*)

      Karen Reilly, Esq. (*by fax and first class mail, w/encl.*)

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin
V.
Wave Systems Corporation, Steven K. Sprague and Gerard T. Feeney

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-30022-MAP

TO: National Association of Securities Dealers, Inc
99 High Street, Suite 900
Boston, MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| Bingham McCutchen LLP / 150 Federal Street / Boston, MA 02110 | 4/20/06 - 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants | DATE 4/7/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert B. Baker / Bingham McCutchen LLP / 150 Federal Street, Boston, MA 02110 / Phone (617) 951-8873

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE  
SERVED:

PLACE

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the

American Legal Net, Inc.
www.USCourtForms.com

provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## **SCHEDULE A**

## DEFINITIONS AND INSTRUCTIONS

1. "Document" means those things described in Fed. R. Civ. P. 34(a) and Local Rule 26.5, including without limitation the original and each draft or otherwise non-identical copy of such document, all writings, graphics, printed matter, recordings of any kind, and all information retrievable from computer systems in the actual or constructive possession, custody, care or control of the National Association of Securities Dealers, Inc. ("the NASD"), its attorneys, or other persons or entities acting on behalf of the NASD.

## REQUESTED DOCUMENTS

1. Documents reflecting the amount of trading, the prices of transactions, and the market participants (e.g., market makers) in the common stock of Wave Systems Corporation (symbol WAVX) between July 1, 2003 and August 31, 2003, as reflected in the NASD's Equity Trade Journal Report.

# BINGHAM McCUTCHEN

Robert B. Baker
Direct Phone: (617) 951-8873
Direct Fax:    (617) 951-8736
robert.baker@bingham.com

April 7, 2006

**VIA PROCESS SERVER**

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Keeper of Records
TD Waterhouse Investor Services, Inc.
121 Congress Street
Boston, MA 02110

Re:   *Brumbaugh et al. v. Wave Systems Corporation, et al., U.S. District Court for the District of Massachusetts, C.A. No.: 04-30022-MAP*

Dear Sir/Madam:

Enclosed please find a third party subpoena duces tecum for documents in the above-referenced matter. Thank you in advance for your cooperation in producing these documents. If you have any questions, please call me at (617) 951-8305.

Thank you again for your prompt attention to this request.

Very truly yours,

*[signature]*

Robert B. Baker
Enclosure

cc:   Andrew Sweeney (*by fax and first class mail, w/encl.*)
      TD Waterhouse Investor Services, Inc.
      100 Wall Street
      New York, NY 10005
      Facsimile: 212-785-7370

      David Pastor, Esq. (*by fax and first class mail, w/encl.*)

      Karen Reilly, Esq. (*by fax and first class mail, w/encl.*)

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin
V.
Wave Systems Corporation, Steven K. Sprague and Gerard T. Feeney

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-30022-MAP

TO: TD Waterhouse Investor Services Inc.
121 Congress Street
Boston, MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| Bingham McCutchen LLP / 150 Federal Street / Boston, MA 02110 | 4/20/06 - 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants | DATE 4/7/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert B. Baker / Bingham McCutchen LLP / 150 Federal Street, Boston, MA 02110 / Phone (617) 951-8873

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE  
SERVED:

PLACE

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the

American LegalNet, Inc.
www.USCourtForms.com

provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. "Plaintiffs" means Anne K. Brumbaugh ("Ms. Brumbaugh"), Randy K. Griffin ("Mr. Griffin"), and Gary L. Harmon ("Mr. Harmon") and anyone acting on his, her, or their behalf. As of August 29, 2003, the Plaintiffs all had brokerage accounts at TD Waterhouse Investor Service, Inc. ("TD Waterhouse"). Upon information and belief, Ms. Brumbaugh resides at 5410 W. 139th St. in Overland Park Kansas and Ms. Brumbaugh also received TD Waterhouse account statements at this address. Upon information and belief, the first five digits of Ms. Brumbaugh's social security number are 510-62 and Ms. Brumbaugh was born in August 1955. Upon information and belief, Mr. Griffin resides at 201 Moser Road in King North Carolina and received TD Waterhouse account statements at P.O. Box 215, King, North Carolina. Upon information and belief, the first five digits of Mr. Griffin's social security number are 242-49 and Mr. Griffin was born in February 1952. Upon information and belief, Mr. Harmon resides at 4567 Saint Johns Bluff Road in Jacksonville Florida and previously received TD Waterhouse account statements at 2815 Sylvan LN North, Jacksonville, Florida. Upon information and belief, the first five digits of Mr. Haromon's social security number are 507-36 and Mr. Harmon was born in August 1935.

2. "Wave" refers to Wave Systems Corporation, and anyone acting on its behalf.

3. "Document" means the original and any copy or draft, regardless of origin or location, of any written or recorded material, in whole or part, including computer-stored and computer-retrievable information, and is synonymous in meaning with and equal in scope to the usage of the term in Federal Rule Civil Procedure 34(a).

4. "Communication" refers to any contact, oral or written, formal or informal, at any time or place, under any circumstance in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include

LITDOCS/636584.2

without limitation any document containing, constituting, reflecting, memorializing, referring or relating to any such contact.

5. "Relating to" or "related to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to in whole or in part, the stated subject matter.

6. "Including" means including, but not limited to.

7. "Securities" means any and all securities as defined by the Securities Act of 1933 (as amended) and the Securities Exchange Act of 1934 (as amended).

8. "Transaction" means a purchase or sale of securities.

## REQUESTED DOCUMENTS

1. Account statements for the Plaintiffs' accounts for the time period January 1, 2002 through and including the present.

2. Confirmations relating to the Plaintiffs' transactions in Wave securities for the time period January 1, 2002 through and including the present.

3. Documents relating to the time of day of the Plaintiffs' transactions in Wave securities for the time period January 1, 2003 through and including December 31, 2003.

4. Documents relating to the Plaintiffs' access of TD Waterhouse's website for the time period January 1, 2002 through and including the present, including documents relating to the information Plaintiffs accessed, downloaded or viewed on TD Waterhouse's website.

5. Communications between the Plaintiffs and TD Waterhouse, its agents or anyone acting on its behalf for the time period January 1, 2002 through and including the present.

6. Documents relating to any complaint or claim alleged by the Plaintiffs relating to TD Waterhouse or any of its employees.