UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN,<br><br>       Plaintiffs,<br><br>  v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>       Defendants. | CIVIL ACTION<br>NO. 04-30022-MAP |

**MEMORANDUM IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF CLASS, APPROVAL OF NOTICE PLAN, AND SETTING OF SETTLEMENT FAIRNESS HEARING**

              **SCHIFFRIN & BARROWAY, LLP**
              Gregory M. Castaldo
              Karen E. Reilly
              Kay E. Sickles
              280 King of Prussia Road
              Radnor, PA 19087
              Telephone:  (610) 667-7706
              Facsimile:  (610) 667-7056

              **Lead Counsel for Lead Plaintiffs**

              **GILMAN AND PASTOR, LLP**
              David Pastor (BBO #391000)
              60 State Street, 37th Floor
              Boston, MA 01906
              Telephone: (781) 231-7850
              Facsimile:  (781) 231-7840

              **Liaison Counsel for Lead Plaintiffs**

Pursuant to Rule 7.1 of the Local Rules for the United States District Court of Massachusetts, Lead Plaintiffs respectfully submit this Memorandum in support of their Motion for an order: (i) granting preliminary approval to the proposed settlement as detailed in the Stipulation and Agreement of Settlement dated October 3, 2006 (the "Settlement"); (ii) conditionally certifying the Class for purposes of settlement; (iii) approving the manner of giving notice of the Settlement to the proposed Class; and (iv) setting a date for the final Settlement Fairness Hearing.

## I.  INTRODUCTION

The proposed Settlement now before the Court for preliminary approval provides a cash payment of one million seven hundred and fifty thousand dollars ($1,750,000), plus interest earned thereon, for the benefit of the Class (as defined below), and resolves all claims asserted by Lead Plaintiffs against the Defendants (defined below) (collectively, Lead Plaintiffs and Defendants are the "Parties") in this Action. Lead Plaintiffs and Lead Counsel believe that the Settlement before this Court is in the best interests of the Class due to the fragile financial circumstances of Wave Systems Corporation ("Wave"), the corporate defendant in this Action, and the uncertainty surrounding its ability to satisfy any judgment for a greater recovery, if even the amount of the Settlement. In addition, only limited insurance proceeds were available to fund a settlement or satisfy a judgment against Defendants. Therefore, Lead Plaintiffs and Lead Counsel respectfully submit that the Settlement is fair, reasonable and adequate under the governing standards for evaluating class action settlements in the First Circuit.

Moreover, certification of the proposed Class is appropriate pursuant to Fed. R. Civ. P. 23, and the proposed notice program more than satisfies the requirements of due process. Indeed, the individual and publication forms of notice are consistent with the forms of notice used and routinely recognized as satisfying due process in securities actions. As set forth below, all prerequisites for

preliminary approval of the Settlement and conditional certification of the proposed Class have been met, and Lead Plaintiffs respectfully submit that their Motion should be granted.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Description of the Action

On or after February 4, 2004, the following eight federal securities class action complaints were filed in the United States District Court for the District of Massachusetts against Wave and certain of Wave's present or former officers:

> *Sousa v. Wave Systems Corp. et al*, C.A. 04-30022-MAP; *Streicher v. Wave Systems, Corp.*, C.A. 04-30026-MAP; *Dawod v. Wave Systems Corp.*, C.A. 04-30029-MAP; *Chess v. Wave Systems Corp.*, C.A. 04-30037-MAP; *Vicker v. Wave Systems Corp.*, C.A. 04-30040-MAP; *Bohman v. Wave Systems Corp.*, C.A. 04-30041-MAP; *Suo v. Wave Systems Corp.*, C.A. 04-30042-MAP; and *Schulman v. Wave Systems Corp.*, C.A. 04-30043-MAP.

An additional lawsuit, *Trebitsch v. Wave Systems* (No, 04-00266), was also pending in the United States District Court for the District of New Jersey.

By an order of the Honorable Michael A. Ponsor dated September 3, 2004, the Court consolidated the eight separately filed securities actions in the District of Massachusetts listed above, and ordered that the *Trebitsch* action pending in the District of New Jersey be consolidated if the case were transferred to the District of Massachusetts. By the same order, the Court appointed Anne Braumbaugh, Gary L. Harmon and Randy K. Griffin as Lead Plaintiffs and approved Schiffrin & Barroway, LLP ("Schiffrin & Barroway") as Lead Counsel and Gilman & Pastor, LLP as Liaison Counsel. On April 12, 2004, the United States District Court for the District of New Jersey ordered that *Trebitsch v. Wave Systems* (No. 04-00266) be transferred to the United States District Court for the District of Massachusetts.

On October 22, 2004, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "CAC"). The CAC named Wave,

3

Steven K. Sprague - Wave's President and Chief Executive Officer, and Gerard T Feeney - Wave's Senior Vice President, Chief Financial Officer and Secretary, as Defendants, and alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.  The CAC asserted that Defendants, faced with Wave's unfavorable financial situation – no significant revenue stream, very limited working capital and the inability to pay preferred shareholder dividends or redeem preferred stock, devised a plan to artificially and materially inflate the Company's stock price in the short term by issuing statements that materially misled investors about the nature of Wave's purported licensing agreement with Intel Corporation, its purported partnership arrangement with IBM, and the Company's ability to generate profits and positive cash flow from these deals.  More specifically, the CAC alleged that Defendants: (i) primed the market to expect unprecedented revenue growth through statements regarding Wave's business prospects; (ii) misrepresented its agreement, and the profitability of its agreement, with Intel; and (iii) misrepresented its partnership, and the profitability of its partnership, with IBM.  The CAC alleged that as a consequence of Defendants' alleged conduct, the value of Wave common stock was inflated artificially, causing damage to Lead Plaintiffs and the other Class Members.

On December 14, 2005, Defendants moved to dismiss the CAC.  Lead Plaintiffs filed their opposition to Defendants' motion to dismiss on March 4, 2005, and Defendants filed their reply memorandum on March 22, 2005.  On March 30, 2005, the Court held a hearing on Defendants' motion to dismiss and, on January 11, 2006, issued a Memorandum and Order granting in part and denying in part the motion to dismiss.

Defendants filed their Answer to the CAC on February 9, 2006.  On March 31, 2006, Lead Plaintiffs filed a motion for class certification.  Thereafter, Defendants served Lead

Plaintiffs with class related discovery, in the form of document requests and deposition notices, and all three Lead Plaintiffs sat for depositions in May 2006. On June 6, 2005, Defendants filed a memorandum in opposition to Lead Plaintiffs' motion for class certification, and on June 28, 2006, Lead Plaintiffs replied to Defendants' opposition. Defendants filed a surreply on July 5, 2006.

In the midst of this motion practice, the Parties began discussing a possible resolution of the Action on February 21, 2006. The Parties continued these settlement discussions over the course of the next five months. On July 7, 2006, the Parties participated in a full-day mediation session with the assistance of the Honorable Nicolas H. Politan (Ret.), United States District Court Judge for the District of New Jersey, and reached a tentative resolution of the Action. The Parties notified the Court that they had reached a settlement of the Action on July 10, 2006, while Lead Plaintiffs' motion for class certification was still pending.

### B.    Reasons for the Settlement

Lead Plaintiffs have entered into this proposed Settlement with an understanding of the strengths and weaknesses of Lead Plaintiffs' claims, as well as an understanding of the financial circumstances of Wave. This understanding is based on: (i) review of Wave's public filings, annual reports, and other public statements; (ii) consultations with damage expert; (iii) interviews and follow-up with multiple confidential witnesses; (iv) research of the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; and (v) information concerning Wave's financial condition and the availability of insurance coverage.

In determining to settle this Action, Lead Plaintiffs have engaged in extensive and intense arm's-length negotiations with counsel for Defendants, including a formal mediation presided over by the Honorable Nicolas H. Politan (Ret.), and evaluated the following: (i) the materials

reviewed during the investigation, discovery, motion practice and mediation; (ii) the offered Settlement of $1.75 million in comparison to the likely result of litigation, in light of the risks, complexity, expense and duration of the litigation; and (iii) the lack of corporate assets and the limited insurance proceeds available to satisfy any judgment that would be obtained.

Lead Counsel's foremost considerations for entering into the Settlement was Wave's poor financial condition, the availability of only limited insurance proceeds to fund a settlement or satisfy a judgment, and the risk generated by these realities - that if Lead Plaintiffs continued to pursue the Action, little or no monies would be available to fund a settlement or satisfy a judgment. More specifically, Lead Counsel determined that Wave did not possess sufficient assets to contribute to a settlement. Since it's founding more than 16 years ago, Wave has failed to generate any meaningful revenue and has operated at substantial losses. In its annual financial statement filed with the SEC on Form 10-K for the fiscal year ended December 31, 2005, Wave reported an accumulated deficit of approximately $285 million, negative working capital of $1.1 million, and net revenues of approximately $1 million, while operating expenses were reported at over $18 million. When the Parties began their settlement discussions in February 2006, Wave's financial situation was continuing to decline. In its quarterly financial statement filed with the SEC on Form 10-Q for the quarter ended March 31, 2006, Wave reported a decrease in cash and cash equivalents – reporting $1.6 million (down from $2 million for the fiscal year end 2005, and $5.8 million for the fiscal year end 2004), an increase in accumulated deficit to approximately $290 million, and an increase in negative working capital to $1.4 million. Moreover, except for Wave's existing proprietary products and their ability to potentially raise additional capital, the Company had, and continues to have, very limited available resources.

Additionally, limited insurance proceeds were available to either fund a settlement or satisfy a future judgment in this Action. At the time the Parties reached the Settlement, Wave had a $5 million dollar wasting directors' and officers' insurance policy, of which $1 million dollars had already been spent for defense costs. If this Action had continued in litigation to trial, surely defense costs would have at least doubled, and the amount remaining to satisfy a judgment would not justify the additional years of litigation and delay of recovery by the Class.

Lead Counsel has concluded, based on the analysis of the considerations listed above, that while it is confident in the merits of the Action: (i) the Settlement described herein confers a substantial benefit upon the Class; (ii) success is not assured, and in the event of a verdict in Lead Plaintiffs' favor, it is unlikely that a sum greater than the Settlement would be available to satisfy any judgment; and (iii) the rather small chance that a greater amount could be recovered for Lead Plaintiffs and the Class does not outweigh the expense and delay that would be involved in prosecuting the Action to trial. Based upon the consideration of all of these factors, Lead Counsel submits that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Lead Plaintiffs and the proposed Class to settle this Action on the terms described herein.

## III. ARGUMENT

### A. Lead Plaintiffs' Motion for an Order Preliminarily Approving the Settlement Should Be Granted

Federal Rule of Civil Procedure 23(e) requires judicial approval for any settlement, voluntary dismissal or compromise of claims brought on a class basis. The decision of whether to grant or deny approval of a settlement lies within the broad discretion of the trial court, and this discretion should be exercised in light of the general judicial policy favoring settlements. *See Rand v. M/A-Com, Inc.*, Civ. A. No. 86-1347-N, 1993 WL 410874, at *3 (D. Mass. July 19,

1993). Further, the settlement of complex class action litigation is clearly favored by the courts. *See Durett v. Hous. Auth. Of Providence*, 896 F. 2d 600, 604 (1st Cir. 1990); *In re First Commodity Corp. of Boston Customer Accts. Litig.*, 119 F.R.D. 301, 313 (D. Mass. 1987).

In determining whether preliminary approval of the Settlement is warranted, the sole issue before the Court is whether the settlement is *within the range* of what could be found to be fair, adequate and reasonable, so that notice may be given to the proposed class and a hearing for final approval can be scheduled. *See Rand*, 1993 WL 410874, at *3 ("In the event the settlement falls within the range of possible approval, this court may then authorize notice to the class and set a formal fairness hearing."). "[W]hen the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected," a presumption of fairness attaches to the court's preliminary approval determination. *In re Lupron Marketing and Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004) (granting preliminary approval to proposed settlement) (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tanks Products Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995)).

All the indicia cited above are present here. First, the Settlement was reached during extensive arm's-length negotiations over the course of almost six months, including a formal mediation presided over by a former federal judge. *See Bussie*, 50 F. Supp. 2d at 46 ("strong initial presumption" of a settlement's fairness where "settlement negotiations..[…]..were conducted at arms' length over several months"). Second, Lead Counsel possessed adequate information concerning the strengths and weaknesses of the Action after two and one-half years of litigation, including full briefing of Defendants' motion to dismiss, full briefing of class certification and completion of an extensive investigation. Third, Schiffrin & Barroway is

extremely competent counsel, with many years of experience litigating complex securities cases. Fourth, the Lead Plaintiffs, who have had a high level of involvement in the litigation, support presenting this Settlement to the Court for preliminary approval. Finally, as explained above, the financial circumstances present here, viewed in conjunction with the complexity, expense, uncertainty, and likely duration of the litigation, also militates in favor of consummating the settlement process. Therefore, Lead Counsel respectfully submits that all of the above cited circumstances support preliminary approval of the proposed Settlement.

> B. **The Proposed Class Meets the Prerequisites for Class Certification under Rule 23(a)**

One of this Court's functions in reviewing a proposed class action is to determine whether the action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. *See Amchem Prods. v. Windsor*, 521 U.S. 591 (1997). Rule 23(a) sets forth four prerequisites to class certification, which are referred to in the shorthand as: (i) numerosity, (ii) commonality, (iii) typicality, and (iv) adequacy of representation. In addition, the class must meet one of the three requirements of Rule 23(b). *See* Fed. R. Civ. Pro. 23. The proposed "Class" is defined in the Stipulation as follows:

> All persons who purchased or otherwise acquired Wave common stock during the period from July 31, 2003 through December 18, 2003, inclusive (the "Class Period").

This Court has acknowledged the propriety of certifying a class solely for settlement purposes, particularly in the area of securities class action litigation. *See Grace v. Perception Technology Corp.*, 128 F.R.D. 165, 167 (D. Mass. 1989) ("There is little question that suits on behalf of shareholders alleging violations of federal securities laws are prime candidates for class action treatment and that [Rule 23] has been liberally construed to effectuate that end."); *In re First Commodity Corp. of Boston Customer Accounts Litigation*, 119 F.R.D. 301, 308 (D. Mass.

9

1987) (noting that "[t]emporary settlement classes have proved to be quite useful in resolving major class action disputes"). This Action is no exception, and as explained below, Lead Plaintiffs submit that the Class satisfies each of the Rule 23 requirements.

### 1. Numerosity

First, Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is impracticable. *In re Tyco Int'l, Ltd. Multidistrict Litig.*, MDL Docket No. 02-1335-B, 2006 U.S. Dist. LEXIS 38901, at *11 (D.N.H. June 12, 2006) (finding numerosity where millions of shares of stock were traded on the open market during the class period). In demonstrating that a proposed class meets the numerosity requirement, a plaintiff is not required to show the exact number of class members at the time of class certification. *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 258 (D. Mass. 2005). In addition, the court may consider whether members of the proposed class are geographically dispersed. *Id.* at 259. Here, Wave common stock was actively traded on the NASDAQ throughout the Class Period, and approximately 55,000,000 shares of Wave common stock were purchased during this time. Lead Plaintiffs believe that members of the proposed Class number in the hundreds, if not thousands, and are geographically located throughout the United States, making joinder of all Class Members impractical. *See Id.* (finding numerosity based on "the reasonable inference that the putative class comprises hundreds, if not thousands, of geographically diverse members"). Thus, the numerosity element has been satisfied.

### 2. Commonality

Second, Rule 23(a)(2) is satisfied where there are questions of law and fact common to the class. *First Commodity Corp.*, 119 F.R.D. at 308. "The test or standard for meeting the Rule 23(a)(2) prerequisite is qualitative rather than quantitative; that is, there need be only a single

issue common to all members of the class [and] [t]herefore, this requirement is easily met in most cases." *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 78 (D. Mass. 2005) (citing Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS § 3.10 (4th ed. 2002)); *see also Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 325 (D. Mass. 1997) (noting that Rule 23 does not require that all class members share identical claims; but rather that claims be common, and not in conflict). Here, questions which are common to the proposed Class include:

    (i)    whether the federal securities laws were violated by Defendants' acts as alleged in the complaint;

    (ii)    whether Defendants' publicly disseminated press releases and statements during the Class Period omitted and/or misrepresented material facts;

    (iii)    whether Defendants breached any duty to convey material facts or to correct material facts previously disseminated;

    (iv)    whether Defendants participated in and pursued the fraudulent scheme or course of business complained of;

    (v)    whether Defendants acted willfully, with knowledge or recklessly, in omitting and/or misrepresenting material facts;

    (vi)    whether the market price for Wave common stock during the Class Period was artificially inflated due to material non disclosures and/or misrepresentations alleged; and

    (vii)    whether members of the Class have sustained damages and, if so, what is the appropriate measure of damages.

Securities fraud actions containing common questions such as the ones listed above have repeatedly been held to be prime candidates for class certification. *See, e.g., Swack*, 230 F.R.D. at 258; *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 43 (D. Mass. 2003). In short, because the core complaint of all Class Members is that they purchased Wave common stock at artificially inflated prices, the commonality requirement of Rule 23(a)(2) is satisfied.

### 3. Typicality[1]

Third, Rule 23(a)(3) is satisfied when the claims or defenses of the party or parties representing the class are typical of the claims or defenses of the other class members. *See Amchem*, 521 U.S. at 625 (common issues test readily met in securities fraud cases). "[A]s with the commonality requirement, the typicality requirement does not mandate that the claims of the class representative be identical to those of the absent class members." *Swack,* 230 F.R.D. at 260.

Here, Lead Plaintiffs' claims and the claims of the prospective Class arise out of the same alleged conduct by Defendants. *See Tyco Int'l.*, 2006 U.S. Dist. LEXIS 38901, at *11. Lead Plaintiffs – the proposed Class Representatives, alleged that they, like the other proposed Class Members, purchased Wave common stock at prices that were inflated because Defendants, in violation of the federal securities laws, issued false and materially misleading statements during the Class Period concerning, among other things, the business, operations and financial condition of Wave. Further, the proof the proposed Class Representatives would be required to present in order to establish their claims would also prove the claims of the rest of the Class. Therefore, this Court should find the proposed Class Representatives' claims to be typical of the claims of the Class.

### 4. Adequacy

Fourth, the representative parties must demonstrate that they will fairly and adequately protect the interests of the class to satisfy Rule 23(a)(4). "[T]he moving party must show first that the interests of the representative party will not conflict with the interests of the class members, and second, that counsel chosen by the representative party is qualified, experienced

---

[1] The Supreme Court has recognized that the commonality and typicality analyses "tend to merge." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).

and able to vigorously conduct the proposed litigation." *Swack*, 230 F.R.D. at 265 (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Here, as described above, Lead Plaintiffs - the proposed Class Representatives, have claims which are typical of and coextensive with those of the other Class Members. The proposed Class Representatives, Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin, like all Class Members, purchased or otherwise acquired Wave common stock at artificially inflated prices during the Class Period as a result of Defendants' alleged conduct, and were allegedly damaged thereby. Further, Lead Plaintiffs have retained counsel – the law firm of Schiffrin & Barroway, a firm with extensive experience in securities class action litigation and which has successfully prosecuted many securities and other complex class actions in courts throughout the United States. Thus, Lead Plaintiffs are adequate representatives of the Class, and their counsel is qualified, experienced and capable of prosecuting this Action, in satisfaction of Rule 23(a)(4).

### 5. The Proposed Class Satisfies the Requirements of Rule 23(b) – Common Questions of Law Predominate and A Class Action is Superior to Multiple Individual Actions

Finally, in addition to the four requirements of Rule 23(a), a class must also satisfy one of the three subparts of Rule 23(b). Here, little question exists that a class action is superior to other available methods, as required by Rule 23(b)(3). To ensure that the class action is more efficient than individual actions, Rule 23(b) requires common issues to predominate over issues that are particular to a class representative. Generally, common questions will predominate if the common issues constitutes a significant part of each of the class members' individual cases. *Pharm. Indus.*, 230 F.R.D. at 63 (quoting *Smilow v. Southwestern Bell Mobile Sys.*, 323 F.3d 32, 40 (1st Cir. 2003)) (common questions regarding liability are generally found to predominate even if individual damages issues exist). Further, in cases alleging securities fraud,

13

predominance is readily satisfied. *Pharm. Indus.*, 230 F.R.D. at 63; *see also Amchem Prods.*, 521 U.S. at 625 (finding common questions predominated in securities class action certified for settlement).

The test for predominance is clearly met in this Action, and a class action is superior to other available methods. Here, the same set of operative facts and a single proximate cause applies to each Class Member -- each Class Member purchased or otherwise acquired Wave common stock during the Class Period at prices that were alleged to be artificially inflated as a result of Defendants' conduct, and was alleged to have been harmed when the facts came to light. If Lead Plaintiffs and each Class Member were to bring individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability. *See Kirby*, 116 F.R.D. at 311 ("In securities fraud cases, the class action device has been deemed especially appropriate, and even 'indispensable' to protect the small claimants who would otherwise as a practical matter be denied relief.").

In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied. Thus, there are no issues which would prevent the Court from certifying this Class for settlement purposes and appointing Lead Plaintiffs as Class Representatives.

    **C.    The Proposed Form and Method of Class Notice are Appropriate and Satisfy the Requirements of F.R.C.P. 23**

Rule 23 of the Federal Rules of Civil Procedure requires that notice of a settlement be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. Pro. 23(c)(2)(B). Further, notice must be "reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also In re AremisSoft Corp. Sec. Litig.*,

210 F.R.D. 109, 120 (D.N.J. 2002) (finding that notice was adequate where it set forth the settlement terms, nature of the action, class member criteria, recovery sought, hearing date, and how class members could request exclusion).

In addition, the Private Securities Litigation Reform Act ("PSLRA") imposes its own requirements for notice. To conform with the PSLRA, the notice must state: (i) the amount of the Settlement proposed to be distributed to the parties as determined in the aggregate and on an average per-share basis; (ii) if the parties do not agree on the average amount of damages per share that would be recoverable in the event plaintiffs prevailed, a statement from each settling party concerning the issue(s) on which the parties disagree; (iii) a statement indicating which parties or counsel intend to make an application for an award of attorneys' fees and costs, the amount that will be sought, and a brief explanation in support of the request; (iv) the name, telephone number, and address of one or more representatives of counsel for the class who will be reasonably available to answer questions concerning any matter contained in the notice; (v) a brief statement explaining why the parties are proposing the settlement; and (vi) such other information as may be required by the Court. *See* 15 U.S.C.A. §78u-4(a)(7)(A)-(F).

As detailed in the proposed Preliminary Approval Order, Lead Counsel and the claims administrator propose to mail copies of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and Proof of Claim and Release form ("Proof of Claim") by first class mail, postage prepaid, to all persons who appear on the shareholder lists of Wave as having transferred to their names Wave common stock during the Class Period. In addition, Lead Counsel shall publish a summary notice once in *Investor's Business Daily*. Lead Counsel will also mail copies of the Notice to nominee owners such as brokerage firms and other persons who purchased or otherwise acquired Wave common

stock for the Class Members as record owners, requesting that they either send the Notice to all beneficial owners for whom they act as nominee purchasers or provide names and addresses of such beneficial owners to the claims administrator.

As more fully detailed in the proposed Preliminary Approval Order, this proposed notice program fulfills the requirements of due process because the proposed form of Notice alerts and informs those members of the Class who can be identified through reasonable efforts of all information set forth above.  In addition, the summary notice to be published in the *Investor's Business Daily* provides an abbreviated but informative description of the Action and the proposed Settlement, and also explains how to obtain the more detailed Notice.  Therefore, Lead Counsel respectfully submits that this Court should find that the notice process fulfills all of the requirements of due process, Rule 23 and the PSLRA.

### IV.     PROPOSED SCHEDULE

If the Court is inclined to grant preliminary approval to the proposed Settlement, the Parties respectfully submit the following procedural schedule for the Court's review.  The proposed Preliminary Approval Order includes four blank dates -- the date of the Settlement Fairness Hearing, the deadlines for the submission of requests for exclusion and objections, and the deadline for the submission of Proofs of Claim -- and these dates must be determined by the Court in order to properly effectuate the notice process.  In this regard, the Parties have consented to present the following generalized schedule of events to the Court:

| Event | Time for Compliance |
|---|---|
| Deadline for Mailing of the Notice and a Proof of Claim to Class Members (the "Notice Date") | 15 calendar days following the execution of the Proposed Preliminary Approval Order (Proposed Preliminary Approval Order, ¶6) |
| Publishing Summary Notice of Pendency and | 10 calendar days after the Notice Date |

| | |
|---|---|
| Proposed Settlement of Class Action ("Summary Notice") in the *Investor's Business Daily* | (Proposed Preliminary Approval Order, ¶7) |
| Deadline for Filing Proofs of Claim | 120 calendar days after the Notice Date (Proposed Preliminary Approval Order, ¶9(a)) |
| Deadline for Filing Exclusion Requests or Objections | 50 calendar days after the Notice Date (Proposed Preliminary Approval Order, ¶¶10, 12) |
| Settlement Fairness Hearing | Scheduled for _____, 2006 at ____ _.m. (Proposed Preliminary Approval Order, ¶3) |

Further, the Parties respectfully request that the Settlement Fairness Hearing be scheduled for approximately eighty (80) days after the entry of the proposed Preliminary Approval Order, or later at the Court's convenience. If this schedule is not convenient for the Court, the Parties request that the Court use at least the same or greater intervals between each event listed in the schedule in order to provide all parties sufficient time to comply with the proposed Preliminary Approval Order.

## V. CONCLUSION

Based on the foregoing, Lead Plaintiffs respectfully move this Court to grant their Motion for Preliminary Approval of Settlement, Conditional Certification of Class, Approval of Notice Plan, and Setting of Settlement Fairness Hearing.

**GILMAN AND PASTOR, LLP**

 /s/ David Pastor
David Pastor (BBO: #391000)
60 State Street, 37th Floor
Boston, MA  01906
Telephone:  (781) 231-7850
Facsimile:   (781) 231-7840

*Liaison Counsel for Lead Plaintiffs*

**SCHIFFRIN & BARROWAY, LLP**
Gregory M. Castaldo
Karen E. Reilly
Kay E. Sickles
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:   (610) 667-7056

*Lead Counsel for Lead Plaintiffs*