# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ANNE BRUMBAUGH, GARY L. HARMON and
RANDY K. GRIFFIN,

                     **Plaintiffs,**

       **v.**

WAVE SYSTEMS CORPORATION, STEVEN K.
SPRAGUE and GERARD T. FEENEY,

                     **Defendants.**

**CIVIL ACTION
NO. 04-30022-MAP**

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Stipulation is entered into among Anne Braumbaugh, Gary L. Harmon, and Randy K. Griffin (collectively, "Lead Plaintiffs"), on behalf of themselves, and all Class Members (as hereinafter defined), by and through their undersigned attorneys, and Wave Systems Corporation ("Wave"), Steven K. Sprague, and Gerard T. Feeney (collectively, "Defendants"), by and through their undersigned attorneys (collectively, Lead Plaintiffs and Defendants shall be referred to herein as the "Parties").

## I.     THE ACTION

### A.     **The Filed Actions**

On or after February 4, 2004, eight securities class actions were filed in the United States District Court for the District of Massachusetts against Wave and certain of Wave's present or

former officers: *Sousa v. Wave Systems Corp. et al*, C.A. 04-30022-MAP; *Streicher v. Wave Systems, Corp.*, C.A. 04-30026-MAP; *Dawod v. Wave Systems Corp.*, C.A. 04-30029-MAP; *Chess v. Wave Systems Corp.*, C.A. 04-30037-MAP; *Vicker v. Wave Systems Corp.*, C.A. 04-30040-MAP; *Bohman v. Wave Systems Corp.*, C.A. 04-30041-MAP; *Suo v. Wave Systems Corp.*, C.A. 04-30042-MAP; *Schulman v. Wave Systems Corp.*, C.A. 04-30043-MAP.  An additional lawsuit, *Trebitsch v. Wave Systems* (No. 04-00266) was pending in the United States District Court for the District of New Jersey.

By an order of the Honorable Michael A. Ponsor, dated September 3, 2004, the Court consolidated the eight separately filed securities actions in the District of Massachusetts listed above for all purposes, and ordered that the *Trebitsch* action pending in the District of New Jersey be consolidated if the case were transferred to the District of Massachusetts.  The Court also appointed Anne Braumbaugh, Gary L. Harmon, and Randy K. Griffin as Lead Plaintiffs and approved Schiffrin & Barroway, LLP ("Schiffrin & Barroway") as Lead Counsel and Gilman & Pastor, LLP as Liaison Counsel for the Class.  On April 12, 2004 the United States District Court for the District of New Jersey ordered that *Trebitsch v. Wave Systems* (No. 04-00266) be transferred to the United States District Court for the District of Massachusetts.

### B.    **Procedural History**

On October 22, 2004, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws (the "CAC").  The CAC alleged, among other things, that throughout the Class Period (defined below), Defendants issued a series of materially false and misleading statements about the nature of Wave's purported licensing agreement with Intel Corporation, purported partnership arrangement with IBM, and its ability to generate profits and positive cash flow from these deals.  Specifically, the CAC alleged that

2

faced with Wave's impending demise, Defendants: i) primed the market to expect unprecedented revenue growth through statements regarding Wave's business prospects; ii) misrepresented its agreement, and the profitability of its agreement with Intel; and iii) misrepresented its partnership, and the profitability of its partnership, with IBM.

The CAC also alleged that Defendants knew that its statements were false and misleading at the time they were made. The CAC further asserted that the alleged false and misleading statements and omissions by Defendants caused the value of Wave common stock to be artificially inflated and that Lead Plaintiffs and the other members of the Class, as defined herein, were damaged as a result of Defendants' conduct.

On December 14, 2004, Defendants moved to dismiss the CAC. Lead Plaintiffs filed their opposition to Defendants' motion to dismiss on March 4, 2005, and Defendants filed their reply memorandum on March 22, 2005. Judge Ponsor held a hearing on Defendants' motion to dismiss on March 30, 2005, and issued a Memorandum and Order granting in part and denying in part the motion ("the Order") on January 11, 2006.

On February 9, 2006, Defendants filed their Answer to the CAC. On March 31, 2006, Lead Plaintiffs filed a motion to certify the class. Thereafter, Defendants served Lead Plaintiffs with class related discovery, both document requests and deposition notices. All three Lead Plaintiffs sat for depositions in May 2006. Defendants filed a memorandum in opposition to the Motion for Class Certification on June 6, 2006. Lead Plaintiffs replied on June 28, 2006, and Defendants filed a sur-reply on July 5, 2006. The Motion to Certify was pending at the time that the Parties notified the court that they had reached a settlement on July 10, 2006.

## II.    INVESTIGATION, DISCOVERY AND RESEARCH

### A.    Investigation Discovery and Research Conducted by Plaintiffs' Counsel

CTDOCS/1667688.1

Lead Counsel has conducted informal discovery and investigation during the prosecution of the Action. This informal discovery and investigation has included, *inter alia*, (a) review of Wave's public filings, annual reports, and other public statements; (b) consultations with experts; interviews with confidential witnesses; and (c) research of the applicable law with respect to the claims asserted in the Action and the potential defenses thereto.

Based upon their investigation to date, Lead Counsel conclude that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interest, and Lead Plaintiff has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the Class will receive from the Settlement; (b) the attendant risks of litigation; and, (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

**B.     Settlement Negotiations and Mediation**

The Parties began to discuss a possible resolution of this action on February 21, 2006. Discussions between the Parties continued for many months, culminating in a full day mediation session held on July 7, 2006, and conducted by the Honorable Nicholas H. Politan (Ret.), United States District Court Judge for the District of New Jersey. At the end of this full-day session, the Parties reached a tentative resolution.

**III.     LEAD PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT**

Lead Plaintiffs believe that the causes of action asserted in the CAC have merit and that the evidence developed to date supports the claims. Indeed, Lead Plaintiffs have collected evidence that they strongly believe would demonstrate at trial that Defendants knowingly and/or recklessly issued, or caused Wave to issue, materially false and/or misleading statements

4

concerning the business, operations and financial condition of Wave, which caused the price of Wave common stock to be artificially inflated during the Class Period (as defined below) and resulted in injury to Lead Plaintiffs and the Class Members (as defined below).

Even though Lead Plaintiffs have survived Defendants' motion to dismiss and believe their claims are strong, Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and appeals. Lead Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel are also mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Action. Further, Lead Counsel also focused on ability to pay issues arising from the financial circumstances of the corporate entity and the ability of insurance proceeds to fund a settlement or satisfy a verdict.

In light of the foregoing, Lead Plaintiffs and their counsel believe that the Settlement confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Lead Plaintiffs and the Class.

## IV.    DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or the Class have suffered damages, that the price of Wave common stock was artificially inflated by reasons of

5

alleged misrepresentations, non-disclosures or otherwise, and that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the CAC.

Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action and any Settled Claims, including Unknown Claims (as defined below), be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this securities action. Defendants have, therefore, determined that it is desirable and beneficial to them that the action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## V.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any fault, liability, wrongdoing or damage whatsoever, or lack of merit in the defenses whatsoever, by the Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Settled Claims (as hereinafter defined) as against the Released Parties (as hereinafter defined) and all Settled Defendants' Claims (as hereinafter defined) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

### DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the following meanings:

6

(a)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim and Release form ("Proof of Claim") to the Claims Administrator.

(b)    "Claimant" means any Class Member who files a Proof of Claim.

(c)    "Claims Administrator" means The Garden City Group ("GCG"), which shall administer the Settlement.

(d)    "Class" and "Class Members" means, for the purposes of this Settlement all persons who purchased or otherwise acquired Wave common stock during the period from July 31, 2003 through December 18, 2003, inclusive.  Excluded from this Class are Defendants, the officers and directors of Wave, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

(e)    "Class Period" means the period of time from July 31, 2003 through December 18, 2003, inclusive.

(f)    "Court" means the United States District Court for the District of Massachusetts, the Honorable Michael A. Ponsor presiding. .

(g)    "Defendants" means Wave Systems Corporation, Steven K. Sprague, and Gerard T. Feeney.

(h)    "Defendants' Counsel" means the law firm of Bingham McCutchen, LLP.

(i)    "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶23 below.

(j)    "Escrow Agent" means GCG.

7

(k)    "Final" means: (i) if an appeal is filed, the date of final affirmance on an appeal from the Order and Final Judgment, the expiration of the time for a petition for a writ of certiorari to review the Order and Final Judgment or, if certiorari is granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Order and Final Judgment, *i.e.*, thirty (30) calendar days after entry of the Order and Final Judgment (or, if the date for taking an appeal or seeking review shall be extended beyond this time by order of the Court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought); or (iv) if the Court enters an Order and Final Judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate the Settlement, the date that such Alternative Judgment becomes final as defined in parts (i) to (iii) above and no longer subject to appeal or review.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, or compensatory award for Lead Plaintiffs shall not in any way delay or preclude the Order and Final Judgment from becoming final.

(l)    "Gross Settlement Fund" means the Settlement Amount, plus any interest earned thereon.

(m)    "Insurers" means Carolina Casualty Insurance Company, 8381 Dix Ellis Trail, Suite 400 Jacksonville, FL 32256-1220 and XL Specialty Insurance Company, 100 Constitution Plaza, 17th Floor, Hartford, CT 06103. (the "Insurers").

8

(n)     "Lead Plaintiffs" means Anne Brumbaugh, Gary L. Harmon, and Randy K. Griffin.

(o)     "Liaison Counsel" means Gilman & Pastor LLP.

(p)     "Net Settlement Fund" means the Gross Settlement Fund, as defined herein, net of any taxes, as referred to in ¶3, on the income thereof, and net of any funds to pay (i) the notice and administrative costs referred to in ¶7, (ii) taxes and escrow fees; (iii) the attorneys' fees and expense award referred to in ¶8; and (iv) any award to Lead Plaintiffs granted by the Court.

(q)     "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(r)     "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(s)     "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assigns.

(t)     "Plaintiffs' Counsel" means counsel for any plaintiff who filed a complaint consolidated in this action.

(u)     "Plan of Allocation" means a plan or formula for the allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

(v)    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

(w)    "Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, divisions, joint ventures, accountants, spouses, personal or legal representatives, assigns, heirs, any members of an Individual Defendant's immediate family and any trust of which any Individual Defendant is the settlor or which is' for the benefit of an Individual Defendant's family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such party.

(x)    "Settled Claim(s)" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, equitable or injunctive relief and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or

10

referred to in the CAC and relate to the purchase or acquisition of the common stock of Wave during the Class Period.

(y)    "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(z)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(aa)    "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Settlement Class member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Settled Claims which any Settling Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Parties, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement.    With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States,

11

or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §

1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be

deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Settled Claims and Settled Defendants' Claims was separately bargained for and was a key

element of the Settlement.

### The Settlement Consideration

2.    Defendants shall cause one or both of the Insurers to pay the total sum of One

Million Seven Hundred Fifty Thousand Dollars ($1,750,000) (the "Settlement Amount") into an

interest bearing account at Signature Bank (the "Escrow Account") within thirty (30) calendar

days of the entry of the Court's preliminary approval order.  If the Effective Date as defined in ¶

23 does not occur because Defendants do not cause the Settlement Amount to be deposited in

conformity with this paragraph, the sole remedy available to Lead Plaintiffs will be termination

of this Stipulation pursuant to ¶ 24.  Except as set forth in ¶ 7 below, this Escrow Account will

require a signature from Lead Counsel and Counsel for Defendants to release deposited funds

prior to the Effective Date and shall be evidenced by an escrow agreement signed by Lead

Counsel and counsel for Wave.

3.    (a)    The Settlement Amount and any interest earned thereon shall be the Gross

Settlement Fund.  The Gross Settlement Fund, net of any Taxes (as defined below) on the

income thereof, shall be used to pay (i) the notice and administration costs referred to in ¶7

hereof, (ii) the attorneys' fee and expense award referred to in ¶8 hereof; and (iii) any award to

Lead Plaintiffs granted by the Court referred to in ¶8 hereof.   The balance of the Gross Settlement Fund after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in ¶¶16-18 hereof.

(b)    Any sums required to be held in escrow hereunder prior to the Effective Date shall be held by Escrow Agent.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in excess of $100,000 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in an interest-bearing bank account insured by the FDIC.  The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and elect to have such Qualified Settlement Fund treatment apply as of the earliest possible date, and Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. Defendants' Counsel agrees to provide promptly to Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

(c)    All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be

13

paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by Escrow Agent without prior order of the Court.

## Scope and Effect of Settlement

4.    (a)    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against the Defendants and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

(b)    For purposes of this Settlement the Parties stipulate to the certification of the Class as defined in Paragraph l(d) above.

5.    (a)    Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Settlement Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, with respect to each and every Settled Claim, fully, finally and forever released, relinquished, and discharged, and shall forever be enjoined from prosecuting, either directly or in any other capacity, any Settled Claims against any of the Released Parties, whether or not such Settlement Class member executes and delivers a Proof of Claim and Release form.  By entering this Stipulation, Lead Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred, or otherwise granted any interest in the Settled Claims, or any of them, to any other party or entity.

(b)    Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

## Administration

6.    Lead Counsel may designate the settlement claims administrator, subject to Court approval.  Defendants shall cooperate in the administration of the Settlement to the extent

14

reasonably necessary to effectuate its terms, including providing without charge all available information from Wave's transfer records concerning the identity of Class Members and their transactions during the Class Period. Wave's shareholder lists for the Class Period shall be provided to Lead Counsel within three (3) calendar days of the Courts' execution of the Preliminary Approval Order. Defendants shall also provide a list of Persons who are excluded from the Class pursuant to the definition set forth in ¶ 1(d).

7. Lead Counsel may pay from the Settlement Fund up to $75,000, without further approval from the Defendants or the Court, for the reasonable costs and expenses associated with identifying members of the Class and effecting mailed Notice and Summary Notice to the Class, and the administration of the Settlement, including without limitation, the actual costs of publishing the Summary Notice, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims, when these costs are incurred.

### Attorneys' Fees and Expenses

8. Lead Counsel will apply to the court for: (a) an award on behalf of plaintiffs' counsel from the Gross Settlement Fund of attorneys' fees and reimbursement of expenses, plus interest on such amounts; and (b) a compensatory award on behalf of Lead Plaintiffs, which if awarded, will be paid from the Gross Settlement Fund when the Order and Final Judgment becomes Final. Such amounts as are awarded by the Court shall be payable from the Settlement Fund immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if

15

and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action. Any order or proceedings related to the fees or expenses or interest thereon, application, or any appeal from any order relating thereto or reversal or modification thereof, shall not modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement of the Action. Defendants and the Released Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment from the Gross Settlement Fund.

### Distribution to Authorized Claimants

9.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

10.     The Claims Administrator shall process the Proofs of Claim and, after entry of an order for class distribution (the "Class Distribution Order"), distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel shall have the right, but not the obligation, to direct the Claims Administrator to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

11.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

16

(a)     Each Class Member shall be required to submit a Proof of Claim (*see* attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties asserting the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate

with the Claimant in order to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

12.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim. All proceedings with respect to the administration, processing and determination of claims described in ¶11 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court. No discovery shall be allowed on the merits of the Action or Settlement in connection with the processing of Proofs of Claim.

13.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

14.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, compensatory awards, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

15.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for the Class Distribution Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including any fees and expenses of the Claims Administrator that require such application, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

16.    By the determination of the Claims Administrator, each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his or her Recognized

Claim compared to the total Recognized Claims of all accepted Claimants, as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves. Defendants shall have no involvement in reviewing or challenging claims.

17.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular Plan of Allocation be approved. It is understood and agreed by the Parties hereto that the proposed Plan of Allocation is not part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order and Final Judgment approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

18.    No person shall have any claim against any of the Lead Plaintiffs, Class Members, the Claims Administrator, the Defendants or their respective counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

19.    The Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

(a)    any act, omission or determination of the Escrow Agent, Claims Administrator, Lead Counsel or any designees or agents of Lead Counsel, Escrow Agent or Claims Administrator;

20

(b)    any act, omission or determination of Lead Counsel or their designees or agents in connection with the administration of the Settlement;

(c)    the management, investment or distribution of the Settlement Fund;

(d)    the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; or

(e)    the Plan of Allocation.

**Terms of the Preliminary Approval Order**

20.    Promptly after execution of this Stipulation and concurrently with their application for preliminary court approval of the Settlement contemplated by this Stipulation, Lead Counsel and Defendants' Counsel shall jointly move the Court for entry of a Preliminary Approval Order, substantially in the form annexed hereto as Exhibit A.

**Terms of Order and Final Judgment**

21.    If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

**Supplemental Agreement**

22.    Simultaneously herewith, Lead Counsel and Defendants' Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be terminated by Defendants, if potential Class Members purchased or acquired above a certain threshold number of the outstanding shares of Wave common stock during the Class Period opt out of the Class. The Supplemental Agreement shall not be filed with the Court unless a dispute arises as to its terms. In the event Defendants terminate this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and

21

effect and the provisions of ¶25 shall apply. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by Defendants to exercise their option to terminate the Stipulation pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

### Effective Date of Settlement, Waiver or Termination

23.    The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)    entry of the Preliminary Approval Order in all material respects in the form annexed hereto as Exhibit A;

(b)    Defendant's have caused the Cash Settlement Amount to be deposited pursuant to ¶2;

(c)    approval by the Court of the Settlement, following notice to the Class and a hearing (the "Settlement Fairness Hearing"), as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)    entry by the Court of an Order and Final Judgment, substantially in the form attached hereto as Exhibit B, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the court enters an order and final judgment in form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

24.    Defendants or Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to

CTDOCS/1667688.1

all other Parties hereto within thirty (30) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Settlement Amount is not paid pursuant to ¶ 2; (c) the Court's refusal to approve this Stipulation or any material part of it; (d) the Court's declining to enter the Order and Final Judgment in any material respect; (e) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (f) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

25.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the Parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation.  If the Settlement is terminated or fails to become effective, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, shall file with the Court within ten (10) days a status report, or contact the Court's office, and any portion of the Settlement Amount previously caused to be paid by Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Amount shall be returned to Defendants within ten (10) business days of said termination in proportion to the amounts paid by them.

## No Admission of Wrongdoing

26.     The Parties agree that the amount of the Settlement Fund, as well as the other terms of the Settlement, were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.   Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be

23

or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Lead Plaintiffs in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) is or may be construed as or received as evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses by the Defendants have merit, or that damages recoverable under the CAC would not have exceeded the Gross Settlement Fund.  Released Parties may file the Stipulation and/or the Final Order and Judgment of this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Defendants have denied and continue to deny each and every claim alleged against them in the Action and any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim  of any fault, liability, wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

### **Miscellaneous Provisions**

27.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

28.    If a case is commenced with respect to any of the Defendants or Defendants' insurer under Title 11 of the Bankruptcy Code, or a trustee, receiver or conservator is appointed

24

under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the Parties shall jointly move the Court to vacate and set aside the releases given and Order and Final Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and Order and Final Judgment shall be null and void, and the Parties shall be restored to their respective positions in the Action as of the date a day prior to the date of this Stipulation and any cash amounts in the Settlement Fund shall be returned as provided in ¶25 above.

29.    The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiffs, the Class or their attorneys against the Released Parties with respect to the Settled Claims.  Defendants will not deny that the litigation is being settled voluntarily after consultation with competent legal counsel.  Lead Plaintiffs, Defendants, and their counsel shall not make any applications for fees, costs or sanctions, pursuant to Rule 11, Rule 37, Rule 45, or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution or defense of this Action.  The Parties are aware of no facts or circumstances that would give rise to any violations of Rule 11 of the Federal Rules of Civil Procedure relating to this Action.  The final judgment will contain a statement that each side shall bear its own costs unless otherwise specific herein.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was

CTDOCS/1667688.1

reached voluntarily after consultation with experienced legal counsel. No Party will make any public statement disparaging the claims or defenses of any other party to the action.

30.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

31.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

32.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel, compensatory awards to Lead Plaintiffs, and enforcing the terms of this Stipulation.

33.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

34.    This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

35.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

36.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

26

37.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

38.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

39.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

40.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking this Court's approval of the Preliminary Approval Order, the Stipulation and the Settlement and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED: *Oct. 2, 2006*, 2006

SCHIFFRIN & BARROWAY, LLP

By: _____
Gregory M. Castaldo
Karen E. Reilly
Kay E. Sickles
280 King of Prussia Road

CTDOCS/1667688.1

Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056

**Lead Plaintiffs' Counsel**


**BINGHAM McCUTCHEN, LLP**

By: _____
Robert A. Buhlman
Michael D. Blanchard
150 Federal Street
Boston, MA 02110
Telephone:  (617) 951-8717
Facsimile:   (617) 951-8736

**Defendants' Counsel**

28