UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION<br>NO. 04-30022-MAP |

**[Proposed] PRELIMINARY ORDER IN CONNECTION
WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on October 3, 2006, Lead Plaintiffs Anne Brumbaugh, Gary L. Harmon, and Randy K. Griffin ("Lead Plaintiffs") on behalf of themselves and the Class (as herein defined), by and through their attorneys Schiffrin & Barroway, LLP ("Lead Counsel") and Defendants Wave Systems Corporation ("Wave"), Steven Sprague, and Gerard T. Feeney (collectively, the "Defendants"), by and through their attorneys Bingham McCutchen, LLP ("Defendants' Counsel") in the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, set forth the terms and conditions for the proposed settlement of the claims alleged in the Action as against the Defendants on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented

**EXHIBIT A**

to the entry of this Preliminary Order in Connection with the Settlement Proceedings (the "Preliminary Approval Order"); and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2006 that:

1.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of a class consisting of all persons who purchased or otherwise acquired Wave common stock during the period from July 31, 2003 through December 18, 2003, inclusive. Excluded from the Class are Defendants, the officers and directors of Wave, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice").

2.  The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the

Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.  A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2006, at \_\_\_\_:\_\_\_\_ \_\_.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice as against the Defendants, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Lead Counsel's motion for an award of attorneys' fees and expenses;

(f) to consider Lead Counsel's motion for a compensatory award to Lead Plaintiffs for reimbursement of their reasonable time and expenses incurred in representing the Class; and

(g) to rule upon such other matters as the Court may deem appropriate.

4. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint as against the Defendants on the merits and with prejudice regardless of whether it has approved the Plan of Allocation, awarded attorneys' fees and expenses or awarded a compensatory award to Lead Plaintiffs.

5. The Court approves the form, substance and requirements of the Notice and the Proof of Claim and Release form ("Proof of Claim") annexed hereto as Exhibits 1 and 2 respectively.

6. The Court approves the appointment of The Garden City Group ("GCG") as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before fifteen (15) calendar days following the execution of this order ("Notice Date") to all Class Members who can be identified with reasonable effort. Defendants shall provide Wave's shareholder lists as appropriate for providing notice to the Class, in a format designated by GCG for mailings, without cost to any other Party. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons who purchased or otherwise acquired Wave common stock for the Class Members as record owners but not as beneficial owners. Such nominee purchasers or holders are directed, within seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Nominee purchasers who elect to send

the Notice and Proof of Claim to their beneficial owners are directed to send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proofs of Claim to beneficial owners. Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

7. The Court approves the form of Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Summary Notice to be published in the *Investors' Business Daily* within ten (10) calendar days following the Notice Date. Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Summary Notice.

8. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the due process clause of the United States Constitution, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the

Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than 120 calendar days following the Notice Date. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

10.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons now request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than 50 calendar days after the Notice date to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender "requests to be excluded from the Class in the Wave Securities Litigation Settlement" and must be signed by such person. Such persons requesting exclusion are also required to state: the date(s), price(s), and number(s) of shares of all purchase(s), acquisition(s) and sale(s) of Wave common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

11.     Class Members who validly request exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12.     The Court will consider objections to the Settlement, the Plan of Allocation, the request for an award of attorneys' fees and reimbursement of expenses or the request for an award to the Lead Plaintiffs for reimbursement of their reasonable time and expenses incurred in representing the Class only if such objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the District of Massachusetts, 1550 Main

Street, Springfield, MA 01103, and copies of all such papers are served, on or before 50 calendar days following the Notice Date, upon each of the following: Gregory Castaldo or Kay E. Sickles, Schiffrin & Barroway, LLP, located at 280 King of Prussia Road, Radnor, PA 19087; and Robert A. Buhlman or Michael D. Blanchard, Bingham McCutchen, LLP, located at 150 Federal Street, Boston, MA 02110, on behalf of the Defendants. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses and/or the request for a compensatory award to Lead Plaintiffs are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses and/or Lead Counsel's application for a compensatory award to Lead Plaintiffs and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

13. Pending final determination of whether the Settlement should be approved, the Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

14. If: (a) the Settlement is terminated pursuant to ¶24 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Lead Counsel and Defendants' Counsel; (c) the Court declines to enter the Preliminary Approval Order in any material respect;

(d) the Court refuses to approve this Stipulation or any material part of it; (e) the Court declines to enter the Order and Final Judgment in any material respect and/or Lead Counsel and Defendants' Counsel fail to consent to the entry of another form of order ("Alternative Judgment"); (f) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Judicial Court; or (g) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation.

15. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: Springfield, Massachusetts, _____, 2006

_____
THE HONORABLE MICHAEL A. PONSOR
UNITED STATES DISTRICT JUDGE