UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
----------------------------------------------------------x
ANNE BRUMBAUGH, GARY L. HARMON      :
and RANDY K. GRIFFIN,               :
                                    :
        Plaintiffs,                 :
            v.                      :      CIVIL ACTION NO.  04-30022-MAP
                                    :
WAVE SYSTEMS CORPORATION,           :
STEVEN K. SPRAGUE and GERARD T.     :
FEENEY,                             :
                                    :
        Defendants.                 :
                                    :
----------------------------------------------------------x
```

## AFFIDAVIT OF JOSE C. FRAGA
## REGARDING THE MAILINGS OF THE NOTICE AND PROOF OF CLAIM

```
STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF SUFFOLK      )
```

Jose C. Fraga, being duly sworn, deposes and says:

1.    I am a Director of Securities Operations of The Garden City Group, Inc. ("GCG").
Pursuant to the October 24, 2006 Preliminary Order in Connection with Settlement Proceedings (the
"Preliminary Order"), GCG was authorized to act as the Claims Administrator in connection with the
above-captioned action (the "Action"). I have personal knowledge of the facts stated herein.

## MAILING OF THE NOTICE AND PROOF OF CLAIM

2.    Pursuant to the Preliminary Order, GCG has been responsible for disseminating the
Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness
Hearing (the "Notice") and the Proof of Claim and Release (the "Proof of Claim," collectively with the
Notice, the "Claim Packet,") to potential Class Members. A copy of the Claim Packet is attached hereto
as Exhibit A.

3.      Toward that end, on October 24, 2006, GCG received a list containing the names and addresses of 59 record transferees of Wave Systems Corporation common stock from Wave's transfer agent, American Stock Transfer & Trust Co. GCG entered these 59 names and addresses into the GCG database created for this Action, and Claim Packets were disseminated to these 59 names and addresses by first class mail on November 8, 2006. In addition, on November 8, 2006, GCG caused Claim Packets to be mailed to 2,803 of the largest brokerage firms, banks, institutions and other nominees.

4.      GCG established a toll-free Interactive Voice Response ("IVR") system to accommodate potential claimants. This system became operational on or about November 8, 2006. As of December 28, 2006, GCG has received a total of 90 calls, out of which 24 potential claimants left messages and/or requests to speak with GCG administrators for assistance. All of the requests for a return phone call have been responded to in a timely manner.

6.      Pursuant to the Preliminary Order, GCG Communications, the media division of GCG, published the Summary Notice of Pendency and Proposed Settlement of Class Action in Investor's Business Daily on November 15, 2006. Attached hereto as Exhibit B is the affidavit of Jennifer Amoroso, the advertising clerk of the publisher of Investor's Business Daily, attesting to this publication.

7.      GCG also caused a copy of the Stipulation, Notice and Proof of Claim to be posted on our website (www.gardencitygroup.com) on November 8, 2006.

8.      As of December 28, 2006, GCG has received 16,613 names and addresses of potential Class Members from individuals or from brokerage firms, banks, institutions and other nominees, in the form of disk, emails, labels and lists, requesting that Claim Packets be mailed to these individuals. Also, GCG has received requests from brokers and other nominee holders for 763 Claim Packets to forward to their customers.

9.      In the aggregate, 20,684 Claim Packets (including 446 Claim Packets that were re-mailed to updated addresses provided to GCG by the US Postal Service) were promptly disseminated to potential Class Members by first class mail.

## REPORT ON EXCLUSION REQUESTS RECEIVED

10.     Question 13 of the Notice informed potential Class Members that written requests for exclusion are to be mailed by first class mail, postmarked no later than December 28, 2006, addressed to Wave Systems Corp. Securities Litigation Settlement Exclusions, c/o The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6472, Merrick, NY 11566-9000.  GCG has been monitoring all mail delivered to that Post Office Box.  As of this date, we have received two requests for exclusion from the Class.  Copies of these requests are attached hereto as Exhibit C.

_Jose C. Fraga_
Jose C. Fraga

Sworn to before me this

28 day of December, 2006

_Susan P. Goddard_

Notary Public

SUSAN P. GODDARD
Notary Public, State of New York
No. 41-4985606
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Sept. 23, 2009

**Exhibit A**
**Affidavit of Jose C. Fraga**

**IMPORTANT LEGAL NOTICE**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN,<br><br>                    **Plaintiffs,**<br><br>     v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>                    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>         **CIVIL ACTION**<br>         **NO. 04-30022-MAP** |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**

**TO:**    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED WAVE SYSTEMS CORPORATION ("WAVE") COMMON STOCK FROM JULY 31, 2003 THROUGH DECEMBER 18, 2003, INCLUSIVE (THE "CLASS").

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement will provide a $1,750,000 settlement fund for the benefit of the Class.

- This notice explains important rights you may have as a member of the Class. If you are a member of the Class your legal rights are affected whether you act, or do not act. Please read this notice carefully!

- The Settlement resolves a lawsuit about whether defendants Wave, Steven K. Sprague, and Gerard T. Feeney (the "Defendants") misled investors by making material misrepresentations and omissions concerning the financial condition and operations of Wave in violation of the Federal Securities laws.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MARCH 8, 2007** | The only way to receive a payment. *See* Question 10 below. |
| **EXCLUDE YOURSELF BY DECEMBER 28, 2006** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or the Released Parties concerning the legal claims being released in this Settlement. *See* Question 13 below. |
| **OBJECT BY DECEMBER 28, 2006** | Write to the Court about why you do not like the Settlement, Plan of Allocation, request for attorneys' fees, or request for reimbursement of reasonable time and expenses to the Lead Plaintiffs. *See* Question 17 below. |
| **GO TO A HEARING ON JANUARY 10, 2007** | Ask to speak in Court about the fairness of the Settlement. *See* Question 20 below. |
| **DO NOTHING** | You will receive no payment, and give up your right to file your own lawsuit or participate in any other lawsuit against the Defendants or the Released Parties concerning the legal claims being released in the Settlement. *See* Question 21 below. |

- These rights and options - and the deadlines to exercise them - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

SUMMARY NOTICE

1.    **Statement of Plaintiff Recovery**

Pursuant to the settlement described herein, a Settlement Fund consisting of One Million Seven Hundred Fifty Thousand dollars ($1,750,000) in cash, plus interest, has been established. Plaintiffs estimate that there were approximately 55,000,000 shares of Wave common stock purchased during the Class Period which may have been damaged. Plaintiffs estimate that the average recovery per damaged share of Wave common stock under the settlement is $0.032[1] before deduction of Court-awarded attorneys' fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of Wave common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation beginning on page 4 for more information on your Recognized Claim.

2.    **Statement of Potential Outcome of Case**

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include (a) the appropriate economic model for determining the amount by which Wave common stock was allegedly artificially inflated (if at all) during the Class Period; (b) the amount by which Wave common stock was allegedly artificially inflated (if at all) during the Class Period; (c) the effect of various market forces influencing the trading price of Wave common stock at various times during the Class Period; (d) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Wave common stock at various times during the Class Period; (e) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Wave common stock at various times during the Class Period; (f) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of Wave common stock at various times during the Class Period; (g) the extent to which (if at all) any of the alleged misrepresentations and omissions were ever corrected in the market; and (h) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws. The Defendants deny that they are liable to the Lead Plaintiffs or the Class and deny that Lead Plaintiffs or the Class have suffered any damages.

3.    **Statement of Attorneys' Fees and Costs Sought**

As compensation for their services in creating the Settlement Fund, Lead Counsel are moving the Court to award them attorneys' fees in an amount not to exceed twenty-five percent (25%) of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $80,000. The requested fees and expenses would amount to an average of $0.01 per damaged share in total for fees and expenses. Application will also be made for reimbursement to each of the Lead Plaintiffs for an amount not to exceed $60,000 total for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class.

4.    **Further Information**

Further information regarding the Action and this Notice may be obtained by contacting Lead Counsel: Gregory M. Castaldo, Esq. or Kay E. Sickles, Esq., Schiffrin & Barroway, LLP, 280 King of Prussia Road, Radnor, PA 19087, Telephone (610) 667-7706.

5.    **Reasons for the Settlement**

For the plaintiffs, the principal reason for the Settlement is to provide a benefit to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. While Lead Counsel were prepared to go to trial and were confident in their ability to present a case, they recognize that a trial is a risky proposition and that Lead Plaintiffs and the Class might not have prevailed on all their claims. The claims advanced by the Class involve numerous complex legal and financial issues, requiring extensive expert testimony, which would add considerably to the expense and duration of the litigation. Questions remain regarding the extent of Defendants' liability, the extent to which a jury might find them liable and the true measure of the Class' damages. In addition, because of Wave's financial condition, there existed a substantial risk that Lead Plaintiffs would not have recovered an amount greater than this Settlement following a trial, if even an amount equal to this Settlement.

For the Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

| WHAT THIS NOTICE CONTAINS | PAGE |
|---|---|

| | PAGE |
|---|---|
| 1. Why did I receive this notice package? | 3 |
| 2. What is this lawsuit about? | 4 |
| 3. Why is this Action a class action? | 4 |
| 4 Why is there a settlement? | |

---

[1] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

5.   How do I know if I am part of the Settlement? ........................................................................ 4
6.   Are there exceptions to being included in the Class? ............................................................ 4
7.   I am still not sure I am included? .......................................................................................... 4
8.   What does the Settlement provide? ...................................................................................... 4
9.   How much will my payment be?  What is the Plan of Allocation? ......................................... 4
10.  How can I receive a payment? ............................................................................................. 6
11.  When will I receive my payment? ......................................................................................... 6
12.  What am I giving up to receive a payment? .......................................................................... 6
13.  How do I exclude myself from the Settlement? ..................................................................... 6
14.  If I do not exclude myself, can I sue the Defendants or the other Released Parties later for the claims
     that I am releasing in this Settlement? ................................................................................. 7
15.  If I exclude myself, can I obtain a payment from this Settlement? ........................................ 7
16.  Do I have a lawyer in this case and how will the lawyers be paid? ....................................... 7
17.  How do I notify the Court that I do not like the Settlement, Plan of Allocation, Request for Attorneys'
     Fees, or Application for Reimbursement of Reasonable Time and Expenses to Lead Plaintiffs? ...................... 7
18.  What is the difference between objecting and requesting exclusion from the Settlement? ..... 7
19.  When and where will the Court decide whether to approve the Settlement? .......................... 7
20.  Do I have to come to the hearing and may I speak at the hearing? ....................................... 8
21.  What will happen if I do nothing at all? ................................................................................ 8
22.  How can I get more information? .......................................................................................... 8

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES .................................. 8

## BASIC INFORMATION

| 1. | Why did I receive this notice package? |
| --- | --- |

You or someone in your family may have purchased or otherwise acquired Wave common stock from July 31, 2003 through December 18, 2003, inclusive.  If the description above applies to you or someone in your family, you have a right to know about the proposed Settlement of this Action, and about all of your options.

| 2. | What is this lawsuit about? |
| --- | --- |

At the beginning of the Class Period, Wave developed, produced and marketed hardware and software based digital security products for the Internet-- a highly competitive, evolving and yet to be defined marketplace.  Despite its more than 16 years in business, Wave had not yet successfully marketed any of the products its business model relies upon.  Plaintiffs allege that faced with Wave's impending demise, Defendants devised a plan to artificially and materially inflate the Company's stock price in the short term by making statements that materially mislead investors regarding agreements Wave purportedly reached with Intel Corporation and IBM.  The lawsuit further alleged that Defendants' misrepresentations caused the price of Wave common stock to be artificially inflated, causing damage to the Class Members when Wave began to disclose its true financial condition.  The lawsuit seeks money damages against the Defendants for violations of the federal securities laws.  The Defendants deny Lead Plaintiffs' allegations.

On or after February 4, 2004, eight securities class actions were filed in the United States District Court for the District of Massachusetts against Wave and/or certain of Wave's present or former officers.  An additional lawsuit, *Trebitsch v. Wave Systems* (No. 04-00266) was pending in the United States District Court for the District of New Jersey.  By an order of the Honorable Michael A. Ponsor, dated September 3, 2004, the Court consolidated the eight separately filed securities actions filed in Massachusetts for all purposes and ordered that the *Trebitsch* action pending in the District of New Jersey be consolidated if the case were transferred to the District of Massachusetts.  The Court also appointed Anne Braumbaugh, Gary L. Harmon, and Randy K. Griffin as Lead Plaintiffs and approved Schiffrin & Barroway, LLP ("Schiffrin & Barroway") as Lead Counsel and Gilman & Pastor, LLP as Liaison Counsel for the Class.  On April 12, 2004 the United States District Court for the District of New Jersey ordered that *Trebitsch v. Wave Systems* (No. 04-00266) be transferred to the United States District Court for the District of Massachusetts.

On October 22, 2004, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws (the "CAC").  On December 14, 2004, Defendants moved to dismiss the CAC.  Lead Plaintiffs filed their opposition to Defendants' motion to dismiss on March 4, 2005, and Defendants filed their reply memorandum on March 22, 2005.  Judge Ponsor held a hearing on Defendants' motion to dismiss on March 30, 2005, and issued a Memorandum and Order granting in part and denying in part the motion ("the Order") on January 11, 2006.

On February 9, 2006, Defendants filed their Answer to the CAC.  On March 31, 2006, Lead Plaintiffs filed a motion to certify the class.  Thereafter, Defendants served Lead Plaintiffs with class related discovery, both document requests and deposition notices.  All three Lead Plaintiffs sat for depositions in May 2006.  Defendants filed a memorandum in opposition to the Motion for Class Certification on June 6, 2006.  Lead Plaintiffs replied on June 28, 2006.

The Parties began to discuss a possible resolution of the matter in February 2006.  After many months of negotiations, including a full-day mediation session with the Honorable Nicholas H. Politan (Ret.), United States District Court Judge for the District of New Jersey, the Parties reached a tentative resolution.

| 3. | Why is this Action a class action? |
|---|---|

In a class action, one or more people called lead plaintiffs or class representatives (in this case, Lead Plaintiffs Anne Brumbaugh, Gary L. Harmon, and Randy K. Griffin), sue on behalf of people who have similar claims. All these people and/or entities are referred to collectively as a Class, or individually as Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why is there a Settlement? |
|---|---|

The Court did not decide in favor of Lead Plaintiffs or the Defendants. Instead, Lead Plaintiffs and Defendants agreed to settle the Action before obtaining final rulings from the Court or a jury in this Action. As explained above, the Lead Plaintiffs and their attorneys think the Settlement is best for all Class Members. The Defendants consider it in their best interests that the Action be dismissed against them under the terms of the proposed Settlement in order to avoid the further expense, uncertainty and distraction of protracted litigation.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Class includes: all persons who purchased or otherwise acquired Wave common stock during the period from July 31, 2003 through December 18, 2003, inclusive.

| 6. | Are there exceptions to being included in the Class? |
|---|---|

You are not a Class Member if you are one of the Defendants, an officer or director of Wave, a member of the Defendants' immediate families, or their legal representatives, heirs, successors or assigns or any entity in which Defendants have or had a controlling interest.

Also excluded from the Class are any prospective Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice as described in Question 13 below.

If one of your mutual funds purchased or owns Wave common stock, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired shares of Wave common stock during the Class Period. Contact your broker to see if you purchased Wave common stock during that period.

| 7. | I am still not sure whether I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-866-702-3587 or visit www.gardencitygroup.com for more information. Or you can fill out and return the claim form described on page 6, in Question 10, to see if you qualify (note that if you submit a Proof of Claim form you will be releasing any Settled Claims you have even if you are not eligible for any payment.).

| 8. | What does the Settlement provide? |
|---|---|

The Defendants and their insurers have agreed to create a Settlement Fund consisting of $1,750,000 in cash. The balance of this fund, after deduction of Court-awarded attorneys' fees and expenses, any award to the Lead Plaintiffs for reimbursement of their reasonable time and expenses, and settlement administration costs, will be divided among all Class Members who submit valid claim forms before the deadline for submission.

| 9. | How much will my payment be?  What is the Plan of Allocation? |
|---|---|

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number and amount of valid claim forms that Class Members submit, how many shares of Wave common stock you purchased or otherwise acquired during the Class Period, and when you bought and sold your shares. By following the Plan of Allocation described here, you can calculate your "Recognized Claim."

The $1,750,000 cash settlement amount (the "Settlement Amount") and the interest earned on that amount is the Gross Settlement Fund. The Net Settlement Fund consists of the Gross Settlement Fund less taxes owed, administrative costs (including costs of notice and claims processing), attorneys' fees and expenses as awarded by the Court and any compensatory award to Lead Plaintiffs. The Claims Administrator will distribute the Net Settlement Fund after the deadline has passed for submission of Proof of Claim and Release forms ("Proofs of Claim")(according to a Plan of Allocation approved by the Court).

Each person claiming to be a Class Member shall be required to submit a separate Proof of Claim signed under penalty of perjury and supported by such documents as specified in the Proof of Claim. *See* Question 10 below.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants

pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Claim amount bears to the total of the Recognized Claim amounts of all Authorized Claimants. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds. Each Claimant is deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of that Claimant's claim. No discovery shall be allowed on the merits of the Action.

The following proposed Plan of Allocation reflects the proposition that the price of Wave common stock was artificially inflated from the beginning of the Class Period on July 31, 2003 until the end of the Class Period on December 18, 2003, the last trading day before Wave announced that it was under formal investigation by the SEC for public statements it made regarding its business in and around August 2003. Following the disclosure, the share price of Wave common stock declined by $0.31 per share.

An Authorized Claimant's "Recognized Claim" shall mean:

1.    For shares of common stock purchased or acquired between July 31, 2003 and December 18, 2003, inclusive, and retained at the end of trading on December 18, 2003, the Recognized Loss shall be the LESSER of:

   (1)    $0.31; or
   (2)    the difference between the purchase or acquisition price per share and $1.67.[2]

2.    For shares of common stock purchased or acquired *and sold* between July 31, 2003 and December 18, 2003, inclusive, the Recognized Loss shall be the LESSER of:

   (1)    $0.03; or
   (2)    ten percent (10%) of the difference between the purchase or acquisition price per share and the sale price per share, if such difference is a positive number.

Market losses and market profits will be calculated for each share of common stock purchased or acquired and/or sold based on the First In First Out ("FIFO") methodology, based on the actual purchase amounts and sale proceeds. The application of FIFO means the following: For Class Members who made multiple purchases, acquisitions or sales of Wave common stock during the Class Period, the earliest subsequent sale of common stock shall be matched first against those shares held on the first day of the Class Period, July 31, 2003, and then matched chronologically thereafter against each purchase or acquisition of Wave common stock made during the Class Period.

The date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" date. The receipt or grant by gift, devise or operation of law of Wave common stock during the Class Period shall not be deemed a purchase or sale of Wave common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. All profits will be subtracted from all losses to determine the net recognized loss of each Class Member. Therefore, you need to list all purchases, acquisitions and sales of Wave common stock during the relevant time period. Brokerage commissions and transfer taxes paid by you in connection with your purchase, acquisition and sale of Wave common stock should be included in the "total purchase price" and net of the "total proceeds." In processing claims, sales will be matched in chronological order, by trade date, first against the common stock held as of the close of trading on July 30, 2003 (the last day before the Class Period begins) and then against the purchases and acquisitions during the Class Period.

To the extent a Claimant had a gain from his, her or its overall transactions in Wave common stock during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Wave common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

No distribution will be made on a claim where the potential distribution amount is less than $10.00. Payment pursuant to the Plan of Allocation is conclusive against all Authorized Claimants. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Order and Final Judgment to be entered in the Action, and will be barred from bringing any Settled Claim against any Released Parties (as those terms are defined below and in the Stipulation, which is available on the Internet at www.gardencitygroup.com, or through the mail upon request).

---

[2]    Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $1.67 was the mean closing price of Wave common stock during the 90-day period beginning on December 19, 2003 and ending on March 18, 2004.

| 10. | How can I receive a payment? |
|---|---|

To qualify for payment, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice. You also may obtain a Proof of Claim on the Internet at www.gardencitygroup.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it and mail it postmarked no later than March 8, 2007.

| 11. | When will I receive my payment? |
|---|---|

The Court will hold a hearing on January 10, 2007, to decide whether to approve the Settlement. Even if the Court approves the Settlement, it could take more than a year after the hearing before the Net Settlement Fund is distributed to the Class Members. One reason that it may take more than a year for the Net Settlement Fund to be distributed is that delays could be caused by the filing of appeals. The other reason that it may take more than a year for the Net Settlement Fund to be distributed is that once the Settlement has been approved, and any appeals are resolved, the Claims Administrator must process all of the Proofs of Claim. The processing is a complicated process and will take many months.

| 12. | What am I giving up to receive a payment? |
|---|---|

Unless you exclude yourself, you are agreeing to remain in the Class and that if the Settlement is approved you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below). This means that you no longer have the right to pursue these claims in a court of law against the Defendants or any of the Released Parties.

"Settled Claim(s)" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, equitable or injunctive relief and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase or acquisition of the common stock of Wave during the Class Period. Settled Claim(s) shall also include all claims relating to the defense or settlement of the Action (except for claims to enforce the Settlement).

"Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor.

"Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, divisions, joint ventures, accountants, spouses, personal or legal representatives, assigns, heirs, any members of an Individual Defendant's immediate family and any trust of which any Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such party.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

| 13. | How do I exclude myself from the Settlement? |
|---|---|

You can exclude yourself from the Settlement. If you do not want a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants or any of the other Released Parties about the Settled Claims, then you must take steps to exclude yourself from the Settlement. This is sometimes referred to as "opting out" of the Class.

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Wave Systems Corp. Securities Litigation Settlement*. Be sure to include your name, address, telephone number, information concerning your purchase(s), acquisition(s) and sale(s) of Wave common stock during the Class Period, including the number of shares, purchased or otherwise acquired and the dates of each purchase, acquisition and sale, and your signature. You cannot exclude yourself on the telephone or by e-mail. You must mail your exclusion request postmarked no later than **December 28, 2006** to:

Wave Systems Corp. Securities Litigation Settlement Exclusions
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6472
Merrick, NY 11566-9000

If you exclude yourself from the Class, you will not be able to participate in the Settlement, you will not receive a payment from the Net Settlement Fund and you will not be able to object to any aspect of the Settlement. If you exclude yourself, you will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants or the Released Parties in the future.

**14.    If I do not exclude myself, can I sue the Defendants or the other Released Parties later for the claims that I am releasing in this Settlement?**

No. Unless you exclude yourself, you give up any right to sue the Defendants and the other Released Parties for the Settled Claims that this Settlement releases. You must exclude yourself from the Class to bring your own lawsuit. Remember, the exclusion deadline is **December 28, 2006**.

**15.    If I exclude myself, can I obtain a payment from this Settlement?**

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. But, you may yourself seek to sue, or be part of a different lawsuit, if any, involving the Settled Claims released by this Settlement against the Released Parties.

**16.    Do I have a lawyer in this case and how will the lawyers be paid?**

Class Members are represented in this action by Schiffrin & Barroway, LLP. You can contact this firm to discuss any aspect of the Settlement. Please address your inquiries to: Gregory M. Castaldo, Esq. or Kay E. Sickles, Esq., Schiffrin & Barroway, LLP, 280 King of Prussia Road, Radnor, PA 19087, Telephone (610) 667-7706, info@sbclasslaw.com.

If you want to be represented by your own lawyer, you may hire one at your own expense. Lead Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount not greater than twenty-five (25%) of the Gross Settlement Fund and for reimbursement of their expenses up to a maximum amount of $80,000, plus interest on such amounts at the same rate as earned by the Gross Settlement Fund.

Lead Plaintiffs are also moving the Court for an award of up to a total of $60,000 to the Lead Plaintiffs, Anne Brumbaugh, Gary L. Harmon, and Randy K. Griffin, for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class.

Lead Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with notice, administering the settlement and distributing the settlement proceeds to the Class Members.

**17.    How do I notify the Court that I do not like the Settlement, Plan of Allocation, request for attorneys' fees, or application for Reimbursement of Reasonable Time and Expenses to Lead Plaintiffs?**

If you are a Class Member you can object to the Settlement if you do not like any part of it, including the Plan of Allocation, the application for attorneys' fees and reimbursement of expenses or the request for an award to the Lead Plaintiffs for reimbursement of reasonable time and expenses.

To object, you must send a letter to the persons listed below saying that you are a Class Member in *Brumbaugh, et al. v. Wave Systems Corporation, et al.*, that you object to the Settlement and the reasons why you object. In your objection, you must include your name, address, telephone number, and your signature. You must also include information concerning your purchase(s), acquisition(s) and sale(s) of Wave common stock during the Class Period, including the number of shares purchased or otherwise acquired and the dates of each purchase, acquisition and sale showing that you are a member of the Class. Your objection must be received by the Partners listed below by December 28, 2006:

| COURT | LEAD PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Honorable Michael A. Ponsor United States District Judge United States District Court for the District of Massachusetts, Springfield Division, 1550 Main Street Springfield, MA 01103 | Gregory M. Castaldo, Esq. Kay E. Sickles, Esq. Schiffrin & Barroway, LLP 280 King of Prussia Road Radnor, PA 19087 Telephone: (610) 667-7706 Facsimile: (610) 667-7056 | Michael D. Blanchard, Esq. Bingham McCutchen, LLP One State Street Hartford, CT 06103-3178 Telephone: (617) 951-8717 Facsimile: (617) 951-8736 |

**18.    What is the difference between objecting and requesting exclusion from the Settlement?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**19.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Fairness Hearing at 2:00 p.m. on the 10th day of January, 2007, at the United States District Court for the District of Massachusetts, Springfield Division, 1550 Main Street, Springfield, MA 01103, in Courtroom 2. At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable and adequate. If there are written objections, the Court will consider them. The Court will also listen to people who have asked in writing by **December 28, 2006** to speak at the hearing.

The Court may also decide whether and how much to award for attorneys' fees and expenses and whether to make an award to the Lead Plaintiffs for reimbursement of reasonable time and expenses.

| 20. | Do I have to come to the hearing and may I speak at the hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have.

If you wish to speak at the hearing, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection, described in Question 17 above, the statement, "I hereby give notice that I intend to appear at the Settlement Fairness Hearing in *Brumbaugh, et al. v. Wave Systems Corporation, et al.*" Be sure to include your name, address and telephone number, identify the date(s), price(s) and number(s) of shares of all purchase(s), acquisition(s) and sale(s) of Wave common stock you made during the Class Period, and sign the letter. If you intend to have any witnesses testify or to introduce any evidence at the Settlement Fairness Hearing, you must list the witnesses and evidence in your objection. Your Notice of Intention to Appear must be received no later than December 28, 2006, and be sent to the Clerk of the Court, Plaintiffs' Counsel and Defendants' Counsel, at the addresses shown in the answer to Question 17. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Settled Claims being released in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10). To start, continue or be a part of any other lawsuit against any of the Defendants and the other Released Parties about the Settled Claims being released in this case you must exclude yourself from this Class (see question 13).

## GETTING MORE INFORMATION

| 22. | How can I get more information? |
|---|---|

This Notice summarizes the proposed Settlement. More details are contained in the Stipulation and Agreement of Settlement. You can obtain a copy of the Stipulation by visiting www.gardencitygroup.com. If you have questions regarding how to obtain copies of documents related to this Settlement, completing your Proof of Claim, correspondence you have received from the Claims Administrator or the calculation of your Recognized Claim, you may contact the claims administrator for the distribution of The Settlement Fund **toll free at 1-866-702-3587** or write *Wave Systems Corp. Securities Litigation Settlement*, c/o The Garden City Group, Inc. Claims Administrator, P.O. Box 9000 #6472, Merrick, NY 11566-9000.

For further information regarding this Settlement, you may contact Lead Counsel:

Gregory M. Castaldo, Esq.
Kay E. Sickles, Esq.
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Wave common stock during the period from July 31, 2003 through December 18, 2003, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Wave common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that Wave common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Wave Systems Corp. Securities Litigation Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6472
Merrick, NY 11566-9000
Telephone: (866) 702-3587
Website: www.gardencitygroup.com

**Must be Postmarked
No Later Than:
March 8, 2007**

**Wave Systems Corp. Securities Litigation Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6472
Merrick, NY 11566-9000
Toll Free:  1-866-702-3587**



## PROOF OF CLAIM AND RELEASE

**PART I: <u>CLAIMANT IDENTIFICATION</u>**

Claim Number: _____   Control Number: _____

WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:*

Name:

Address:

City:

State/Country:

Zip Code:

*IF THE ABOVE AREA IS <u>BLANK</u>, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE* ➡

**You must fill in the last four digits of your Social Security Number/ Taxpayer ID Number if box is blank:**

**Daytime Telephone Number:** (     )     -

**Evening Telephone Number:** (     )     -

**Email Address:**

**Identity of Claimant** (Check one):

☐ Individual            ☐ Corporation
☐ Joint Owners      ☐ IRA
☐ Estate                 ☐ Other_____
                                            (specify)

IF YOU PURCHASED OR OTHERWISE ACQUIRED WAVE SYSTEMS CORPORATION ("WAVE") COMMON STOCK FROM JULY 31, 2003 THROUGH DECEMBER 18, 2003, INCLUSIVE, YOU MAY BE A MEMBER OF THE CLASS HEREIN AND ENTITLED TO A RECOVERY.

Excluded from this Class are Defendants, the officers and directors of Wave, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

You must complete and sign this Proof of Claim and Release form ("Proof of Claim") and mail it by first class mail, postmarked no later than March 8, 2007 to the following address:

**Wave Systems Corp. Securities Litigation Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6472
Merrick, NY 11566-9000**

YOUR FAILURE TO SUBMIT YOUR PROOF OF CLAIM BY MARCH 8, 2007 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR PROOF OF CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH PROOF OF CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR PROOF OF CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

1.      I affirm that I purchased or otherwise acquired Wave common stock from July 31, 2003 through December 18, 2003, inclusive. (Do not submit this Proof of Claim if you did not purchase or otherwise acquire Wave common stock during this period.)

2.      By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration or a copy of the trust documents.)

3.      I have set forth where requested below all relevant information with respect to each purchase and acquisition of Wave common stock during the Class Period, and each sale, if any, of such common stock. I agree to furnish additional information (including transactions in other Wave securities) to the Claims Administrator to support this claim if requested to do so.

4.      I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of Wave common stock listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR PROOF OF CLAIM.)

5.      I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

6.      Upon the occurrence of the Effective Date (as defined in the Notice) my signature hereto will constitute a full and complete release, remise and discharge by me or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, predecessors, successors and assigns of each of the "Released Parties," of all "Settled Claims." The term "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, equitable or injunctive relief and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase or acquisition of the common stock of Wave during the Class Period. The term "Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, divisions, joint ventures, accountants, spouses, personal or legal representatives, assigns, heirs, any members of an Individual Defendant's immediate family and any trust of which any Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such party. The term Unknown Claims means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor.

7.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-702-3587 or visit their website at www.gardencitygroup.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

2

| PART II: | SCHEDULE OF TRANSACTIONS IN SHARES OF WAVE COMMON STOCK |
|---|---|

Separately list each of your purchases and acquisitions below.   Photocopy this page if more space is needed.  **Be sure to include your name and Social Security number or Tax ID number on any additional sheets.** The date of purchase, acquisition or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

8.     **BEGINNING HOLDINGS:**  Number of Shares of Wave common stock owned at the close of business on **July 30, 2003** *(If none, write 0), (Must be documented)*:

9.     **PURCHASES/ACQUISITIONS:**  Purchases/Acquisitions of Wave common stock during the period from **July 31, 2003** through **December 18, 2003**, inclusive. *(Must be documented)*:

| Date(s) of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

10.     **SALES:**  Sales of Wave common stock during the period **July 31, 2003** through **December 18, 2003**, inclusive. *(Must be documented)*:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

11.     **UNSOLD HOLDINGS:** Number of Shares of Wave common stock owned at the close of business on **December 18, 2003.** *(If none, write 0), (Must be documented)*:

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN MARCH 8, 2007, AND MUST BE MAILED TO:

Wave Systems Corp. Securities Litigation Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6472
Merrick, NY 11566-9000

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by March 8, 2007, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**ACCURATE CLAIM PROCESSING TAKES TIME.**
**THANK YOU FOR YOUR PATIENCE.**

**REMINDER CHECKLIST**

1. Please sign the Proof of Claim and Release form.

2. If this claim is made on behalf of joint claimants, then both must sign.

3. Please remember to attach supporting documents.

4. DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5. Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6. The Claims Administrator will acknowledge receipt of your Proof of Claim and Release form by mail within 30 days. Your claim is not deemed fully filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 30 days, please call the Claims Administrator toll free at 1(866) 702-3587.

7. If you move, please send us your new address.

8. **Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN
MARCH 8, 2007 AND MUST BE MAILED TO:

**Wave Systems Corp. Securities Litigation Settlement**
**c/o The Garden City Group, Inc.**
**Claims Administrator**
**P.O. Box 9000 #6472**
**Merrick, NY 11566-9000**

**Exhibit B**
**Affidavit of Jose C. Fraga**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANNE BRUMBAUGH, GARY L. HARMON )
and RANDY K. GRIFFIN, )
   Plaintiffs, )
 )
v. ) CIVIL ACTION NO. 04-30022-MAP
 )
WAVE SYSTEMS CORPORATION, )
STEVEN K. SPRAGUE )
and GERARD T. FEENEY, )
   Defendants. )

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED WAVE SYSTEMS CORPORATION COMMON STOCK FROM JULY 31, 2003 THROUGH DECEMBER 18, 2003, INCLUSIVE (THE "CLASS"):

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action for certain purposes and that a Settlement for One Million Seven Hundred Fifty Thousand Dollars ($1,750,000) has been proposed. A hearing will be held before the Honorable Michael A. Ponsor in the United States District Court for the District of Massachusetts, Springfield Division, 1550 Main Street, Room 2, Springfield, MA at 2:00 p.m., on January 10, 2007 to determine whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate; (3) Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved; (4) Lead Plaintiffs should be reimbursed for their reasonable time and expenses (including lost wages) in the litigation; and (5) the case should be dismissed with prejudice.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by contacting:

Wave Systems Corp. Securities Litigation Settlement
c/o The Garden City Group, Inc.
P.O. Box 9000 #6472
Merrick, NY 11566-9000
(866) 702-3587
www.gardencitygroup.com

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Lead Counsel:

Gregory M. Castaldo, Esq.
Kay E. Sickles, Esq.
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

To participate in the Settlement, you must submit a Proof of Claim no later than March 8, 2007. As more fully described in the Notice, the deadline for submitting objections and exclusions is December 28, 2006.

Further information may also be obtained by directing your inquiry in writing to the Claims Administrator, The Garden City Group, Inc. at the address listed above.

By Order of The Court

**Affidavit of Publication**

Name of Publication:    Investor's Business Daily
Address:    12655 Beatrice Street
City, State, Zip:    Los Angeles, CA 90066
Phone #:    310.448.6700
State of:    California
County of:    Los Angeles

I, **Jennifer Amoroso** for the publisher of **Investor's Business Daily,** published in the city of Los Angeles, state of California, county of Los Angeles hereby certify that the attached notice(s) for **The Garden City Group** was printed in said publication on the following date(s):

**November 15th, 2006**

Given under my hand, this 15th day of November 2006

Signature: _Jennifer Amoroso_

Sworn to and subscribed before me this **15th day of November 2006** by

_____ at _____, **state of New York, county of New York.**

Notary Public: _Amparo Week_

My commission expires: _10/23/2010_

Seal:

AMPARO MEEK
Notary Public, State of New York
No. 01ME6049756
Qualified in Kings County
Commission Expires October 23, 2010

**Exhibit C**
**Affidavit of Jose C. Fraga**

Dec. 12, 2006

THE GARDEN CITY GROUP INC.
DEC 20 2006

Sirs:

This letter is to notify you that I want to be
excluded from Wave Systems Corp. Securities
Litigation Settlement.

Thank you.


Ralph V. Bistline


NAME: RALPH V. BISTLINE
Address: 2108 N. 102nd St., OMAHA, NE 68134-5524
PHONE: (402) 932-5983

Bought 200 shares of WAVX common stock on
08/11/2003 at a price of $331 per share for a
total cost of $681.95. The shares were
purchased in my Roth IRA account. I still
have those shares in my Roth (Not sold). There
were NO WAVX sales during the class period.
Signed: Ralph V. Bistline

Ralph V. Bertline
2108 N 102nd St
Omaha, NE 68134

OMAHA NE 681

12 DEC 2006 PM 3 T



WAVE SYSTEMS CORP. Securities Litigation Settlement Exclusions
        c/o The Garden City Group, Inc.
        Claims Administrator
        P.O. Box 9000 #6472
        Merrick, NY 11566-9000

Dec. 14, 2006

WAVE Systems Corp  Securities Litigation Settlement Exclusions

    c/o  The Garden City Group, Inc.

       Claims Administrator
       P.O. Box 9000 #6472

       Merrick, New York 11566-9000



THE GARDEN CITY GROUP, INC.
DEC 20 2006

To Whom It May Concern:

      I  wish to exclude myself from Wave System Corp.

Securities Litigation Settlement ( Civil Action No 04-30022-MAP).

      Since I purchased my shares well before July 31, 2003,

This is not relevant to me.

    Sincerely,

    Harry G Papagan

    Harry G. PAPAGAN

    711  Worthington Circle

    Fort Valley, Georgia  31030

H. PARAGAS
711 Worthington Circle
Fort Valley, Georgia 31030

MACON GA 312

16 DEC 2006 PM 2 T

HAPP
HOLID

T -89

Wave Systems Corp. Securities Litigation Settlement Exclusions
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 # 6472
Merrick, New York 11566-9000

11566+9000    5050