UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SEGUE SOFTWARE, INC.<br>SECURITIES LITIGATION | C.A. 99-10891-RGS |

### ORDER AND FINAL JUDGMENT

On July 26, 2000, this Court dismissed with prejudice Plaintiffs' Consolidated Amended Class Action Complaint. Plaintiffs appealed to the United States Court of Appeals for the First Circuit. On December 22, 2000, the parties jointly moved to remand the case to this Court for the limited purpose of approving settlement. The Court of Appeals granted that motion on February 16, 2001.

On the 30th day of July, 2001, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 13, 2001 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether final judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel's fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it

Doc#: 119266 Ver#:1 2749:1386

appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Segue Software, Inc. ("Segue") during the period July 14, 1998 through April 9, 1999, inclusive (the "Class Period"), except those persons and entities excluded from the definition of the Class, as shown by the records of Segue's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published on May 23, 2001, in the national edition of Investors Business Daily pursuant to the specifications of the Court; and that as of July 30, 2001, plaintiffs' counsel have received only one request for exclusion from the Class, which is annexed hereto as Exhibit A; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meaning as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   The Court has jurisdiction over the subject matter of the Action, the Plaintiffs and all members of the Class, and the Defendants.

2.   The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the number of Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interest of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Segue during the Class Period. Excluded from the Class are Defendants, the officers and directors of Segue during the Class Period, members of their immediate families (spouses, parents, siblings and children), their legal representatives, heirs, successors, predecessors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who timely requested exclusion from the Class as listed on Exhibit A annexed hereto.

4.   Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the Settlement and its terms and conditions met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.   The Stipulation and the Settlement provided for therein are approved as fair, reasonable and adequate, and the Class members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

6.   The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs.

7.   Plaintiffs and the other members of the Class and the heirs, executors, administrators, representatives successors, assigns, agents, affiliates and partners of any of them and any person they

represent, are hereby permanently barred and enjoined from bringing instituting, commencing or prosecuting, either directly or in any other capacity, any claims, rights or causes of action or liabilities whatsoever, whether known or unknown, accrued or unaccrued, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, that have been or could have been asserted in any forum by the Class members or any of them or the heirs, executors, administrators, representatives, successors, assigns, agents, affiliates and partners of any of them, whether directly, indirectly, representatively or in any capacity, against any of the Released Parties (as defined below) which arise out of or relate in any way to the purchase of shares of Segue common stock during the Class Period or the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that were or could have been asserted in the Action (the "Settled Claims") against any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, agents, employees, attorneys, advisors, investment advisors, underwriters, auditors, insurers, accountants family members and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest, or assigns of any of the Defendants (the "Released Parties"). "Released Parties" does not include securities brokers, brokerage firms or investment advisors to any members of the Class. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

       8.     The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in

any other capacity, any Settled Defendants' Claims (as defined in the Stipulation) against any of the Plaintiffs, Class members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants or against the Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by any of the Plaintiffs or the Class with respect to the truth of any allegation by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) offered or received against the Defendants or against the Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to and rely upon the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' Counsel are hereby awarded the sum of $ 415,470 fees, which sum the Court finds to be fair and reasonable, and $ 45,000 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. Exclusive jurisdiction is hereby retained over the parties and the Class members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Signed this 31st day of July, 2001.

_____
UNITED STATES DISTRICT JUDGE