SCANNED
DATE: 11/18/04
BY: M.P.

FILED
IN CLERKS OFFICE

2004 NOV 15 P 4:39

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| IN RE: NX NETWORKS SECURITIES LITIGATION (Rees Plaintiffs) | Civil Action No. 00-CV-11850 - JLT |
|---|---|
| ROY WERBOWSKI, LOUIS FURRIER, JOHN MARIANI, JOHN P. RAMAGE and PAT VARIANO, on behalf of themselves and all others similarly situated, Plaintiffs, v. NX NETWORKS, INC., STEVEN T. FRANCESCO AND PETER KENDRICK, Defendants. | Civil Action No. 01-CV-10377 - JLT |

## ORDER AND FINAL JUDGMENT

On the **22** day of **NOV**, 2004, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 10, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants in the Complaints now pending in this Court under the above captions, including the release of Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaints on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Lead Plaintiffs' Counsel fees and reimbursement of

expenses incurred directly in connection with their representation of the Class during the prosecution of the litigation. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Nx Networks, Inc., formerly known as Netrix Corporation, between December 8, 1999 and April 24, 2000, inclusive, or between July 27, 2000 and November 2, 2000, inclusive (the "Class Periods"), except those persons or entities excluded from the definition of the Class, as shown by certain records of Nx Networks' transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses awards requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Actions, the Lead Plaintiffs, all Class Members, and Defendants.

2. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class

predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of Nx Networks, Inc., formerly known as Netrix Corporation, between December 8, 1999 and April 24, 2000, inclusive, and between July 27, 2000 and November 2, 2000, inclusive. Excluded from the Class are Nx Networks, its subsidiaries and affiliates, and its officers and directors, and members of their immediate families, the Defendants, members of the immediate families of each of the Defendants, any entities in which any of the Defendants have a controlling interest, and the legal representatives, heirs, successors, predecessors in interest, affiliates or assigns of any of the Defendants. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement of $6,300,000 in cash is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Complaints, which the Court finds were filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Defendants.

7. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Settled Claims against any of the Released Parties, including both known claims and Unknown Claims, whether class or individual in nature. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. Defendants hereby release any claims, both known and unknown, against Lead Plaintiffs, Lead Plaintiffs' Counsel, and Counsel of Record arising from the Actions.

9. The Court hereby permanently bars and enjoins any other person or entity who may be jointly and severally liable to Lead Plaintiffs and/or the Class (or any person or entity other than any of the Released Parties) from asserting any action over (including any claim

arising out of the Complaints or any other pleadings filed in the Actions, or any claim for contribution or equitable indemnity, by which such person or entity attempts to recover losses arising out of claims made by Lead Plaintiffs on behalf of themselves or any member of the Class) against any of the Defendants or the Released Parties.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Defendants in any civil, criminal or administrative action or proceeding as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against Defendants in any civil, criminal or administrative action or proceeding as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c) offered or received against Defendants or against Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of

the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them thereunder;

   (d) construed against Defendants or Lead Plaintiffs and the Class in any civil, criminal or administrative action or proceeding as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

   (e) construed as or received in evidence in any civil, criminal or administrative action or proceeding as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Lead Plaintiffs' Counsel are hereby awarded the sum of $2,100,00, 33 1/3 % of the Settlement Fund, in fees, which the Court finds to be fair and reasonable, which amounts shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns interest. The award of attorneys' fees shall be allocated among

Plaintiffs' Counsel in a fashion, which in the opinion of Lead Plaintiffs' Counsel, fairly compensates Plaintiffs' Counsel based upon the work performed at the request of Lead Plaintiffs' Counsel and the contribution in the prosecution of the Actions.

14. Lead Plaintiffs' Counsel are further awarded $184,783.20 as reimbursement for their reasonable out-of-pocket expenses incurred in the prosecution of these Actions, to be paid out of the Settlement Fund.

15. Lead Plaintiffs are hereby awarded the sum of $37,584 to be paid out of the Settlement Fund for reasonable costs and expenses directly relating to their representation of the Class, which the Court finds to be fair and reasonable. Lead Plaintiffs' Counsel shall allocate this sum among Lead Plaintiffs in accordance with costs and expenses directly relating to the Lead Plaintiffs' representation of the Class.

16. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the Actions, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: Boston, Massachusetts
11/22/04

_____
UNITED STATES DISTRICT JUDGE

8