UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION | ) ) ) ) ) Master Docket No. 04-10708 (**RCL**) |
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) |

### FINAL JUDGMENT AND ORDER OF DISMISSAL

On the 14th day of December, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of September 21, 2005, and filed in the above-captioned action (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants, Vaso Active Pharmaceuticals, Inc. ("Vaso" or the "Company"), John J. Masiz ("Masiz"), Stephen G. Carter ("Carter"), Joseph Frattaroli ("Frattaroli"), Bruce A. Shear, ("Shear"), Gary Fromm ("Fromm"), Brian J. Strasnick ("Strasnick"), William P. Adams ("Adams"), Robert E. Anderson ("Anderson"), and Kashner Davidson Securities Corp. ("Kashner") (collectively hereinafter referred to as the "Defendants"), now pending in this Court under the above caption (the "Action"), including the release of the Defendants and the other Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Class Members herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among Class Members; and (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form

approved by the Court was mailed to all persons or entities reasonably identifiable, who (i) purchased or otherwise acquired Vaso Class A common stock on the open market during the period December 9, 2003 through March 31, 2004 (the "Class Period"); and/or (ii) purchased or otherwise acquired shares of Vaso Class A common stock in connection with the Company's initial public offering on or about December 9, 2003 (the "IPO") (the "Class"), and who have been damaged thereby, including those additional members of the Class identified by nominee owners to the Claims Administrator as set forth in the Affidavit of a representative of A.B. Data, except those Persons excluded from the definition of the Class; and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investor's Business Daily* and over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein, unless otherwise defined herein, having the meanings as set forth and defined in the Stipulation:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment and Order of Dismissal (the "Final Judgment"), adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, the other Class Members, and the Defendants.

3. The Court finds that the distribution of the Notice, Proof of Claim and Release, and publication of the Summary Notice of Proposed Settlement of Class Action and Derivative Action as provided for in the Preliminary Approval Order and approving the form or manner of notice constituted the best notice practicable under the circumstances to apprise all persons and entities within the definition of the Class of the pendency of the Class Action and their rights in it, the terms of the proposed Settlement of the Class Action, and afforded Class Members with

an opportunity to present their objections, if any, to the Stipulation, the Plan of Allocation and/or the application for attorneys' fees and reimbursement of expenses. The Court finds that the provision of notice to Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

4. The Court finds that all persons and entities within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Class by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has certified a Class of: (i) all persons and entities who purchased or otherwise acquired Vaso Class A common stock on the open market during the period December 9, 2003 through March 31, 2004 (the "Class Period"); and/or (ii) all persons and entities who purchased or otherwise acquired shares of Vaso Class A common stock in connection with the Company's initial public offering on or about December 9, 2003 (the "IPO") (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, members of Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. No Class Member has requested exclusion from the Class.

6. With respect to the Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have, at all times, fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class

3

Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, and (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

7. The Court approves the Settlement of the above-captioned action, as set forth in the Stipulation, including the releases, and other terms, as fair, reasonable, and adequate. The parties are directed to perform in accordance with the terms set forth in the Stipulation and shall bear their own costs except as provided in the Stipulation.

8. The obligations incurred pursuant to the Stipulation shall be in full and final disposition of the Action as against the Defendants and any and all Released Claims against any and all Released Parties.

9. Upon the Effective Date of this Settlement, Lead Plaintiffs and each Class Member, on behalf of themselves, and each of their representatives, heirs, executors, administrators, trustees, estates, predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, and assigns and any Persons they represent, shall be (i) conclusively deemed to have fully, finally and forever settled, released, relinquished and discharged with prejudice all Released Claims against the Released Parties; (ii) conclusively deemed to have covenanted not to sue the Released Parties in any action alleging any Released Claims; and (iii) forever barred from asserting any Released Claims against any of the Released Parties.

10. The Action is dismissed as against the Defendants with prejudice and Lead Plaintiffs and each Class Member, regardless of whether such Lead Plaintiff or Class Member has submitted a Proof of Claim, is barred and permanently enjoined from prosecuting the Released Claims against any of the Released Parties.

11. Upon the Effective Date, Lead Plaintiffs, the Class Members, and Plaintiffs' Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Parties from all claims, arising out of, relating to, or in connection with the defense or resolution of the Class Action or the Released Claims (including "Unknown Claims").

12. Only those Class Members filing valid and timely Proofs of Claim and Release shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim and Release to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

13. The Stipulation, whether or not consummated, and any negotiations, proceedings or findings taken pursuant to it:

(a) Shall not be offered or received against the Defendants, the Released Parties, or counsel to any of them as evidence of, or construed as, or deemed to be, evidence of any presumption, concession, or admission by any of the Defendants with respect to any fact or issue whatsoever, including any claim of the existence of a class, alleged by Lead Plaintiffs, the validity of any claim that had been or could have been asserted in the Action or in any litigation, the truth of any fact alleged, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) Shall not be offered or received against the Defendants, the Released Parties, Lead Plaintiffs, the Class, or counsel to any of them, as evidence of a presumption,

Final Order final for hearing (2)

concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, the Lead Plaintiffs or the Class;

(c) Shall not be offered or received against the Defendants, the Released Parties, the Lead Plaintiffs, the Class, or counsel to any of them, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) Shall not be construed against the Defendants, the Released Parties, the Lead Plaintiffs, the Class, or counsel to any of them, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and,

(e) Shall not be construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiffs, the Class, any Class Member, or counsel to any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund;

(f) Shall not be construed as or received in evidence as an admission, concession or presumption against the Defendants, the Released Parties, or counsel to any of them that Lead Plaintiffs or the Class have suffered any damage or that the consideration to be given hereunder represents the amount of any judgment that would have been awarded to Lead Plaintiffs or the Class after a trial; and

Final Order final for hearing (2)

(g) Shall not be construed against the Defendants, the Released Parties, the Lead Plaintiffs or the Class as an admission or concession that any alleged class exists or should be subject to certification under Rule 23 of the Federal Rules of Civil Procedure.

14. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15. The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of 1933 and Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that the Lead Plaintiffs, Lead Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

16. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Final Judgment (except this Paragraph) shall be null and void, the Settlement (except Paragraph 42 of the Stipulation) shall be deemed terminated, and the parties shall return to their pre-settlement positions as provided for in the Settlement, except that: (1) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Final Judgment, and (2) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Final Judgment, which parts shall be considered separate from the Plan of Allocation.

17. Lead Counsel are hereby awarded the sum of $281,250 cash and $187,500 Notes in fees, which the Court finds to be fair and reasonable, and $20,724 in reimbursement of expenses,

7

Final Order final for hearing (2)

which cash amounts shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

18. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $1,125,000 cash and $750,000 face amount of two year 5% subordinated callable notes convertible at $1.75 per share (with full dilution protection), plus interest to be earned thereon (the "Gross Settlement Fund"), and Class Members who file timely and valid claims will benefit from the Settlement created by Lead Counsel;

(b) 6,089 copies of the Notice were disseminated to putative Class Members indicating that at the December 14, 2005 hearing, Lead Counsel intended to seek up to 25% of the Gross Settlement Fund in attorneys' fees, reimbursement of their litigation expenses in an amount not to exceed $60,000, and the Summary Notice was published in *Investor's Business Daily* and over the *PR Newswire* as required by the Court, and [no] objection was filed to either the terms of the proposed Settlement, or the request for fees and expenses by Lead Counsel as stated in the Notice;

(c) Lead Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(d) The litigation of this Action involved complex factual and legal issues and was actively prosecuted since its filing, and in the absence of a Settlement, the Action would have continued to involve complex factual and legal questions;

(e) If Lead Plaintiff's Counsel had not achieved the Settlement, there was a great risk of no recovery due to the financial condition of the Company prior to the Settlement;

(f) Plaintiff's Counsel have devoted over 690 hours, with a lodestar value of $307,123.15, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with the awards in similar cases.

19. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Class Action, the Lead Plaintiffs, the Class and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees, costs, and expenses; and (3) supervising the distribution of the Settlement Fund.

20. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

DATED: Jan. 14, 2005
3:45 P.M.

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE