UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN,<br><br>                      Plaintiffs,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>                      Defendants. | CIVIL ACTION<br>NO. 04-30022-MAP |

**DECLARATION OF GARY HARMON IN SUPPORT OF
APPLICATION FOR AN AWARD FOR REIMBURSEMENT FOR TIME**

I, Gary Harmon, have personal knowledge of the matters stated herein and if called as a witness, I could and would competently testify to the following:

1. I submit this Declaration in support of the proposed Settlement obtained in the *Brumbaugh v. Wave Sys. Corp.* securities class action. I live in Jacksonville, Florida. I am an individual investor, and as reflected in my certification executed in connection with the Lead Plaintiff Motion, I suffered financial losses resulting from defendants' alleged misconduct. Until July 2003, I was employed as a professor at the University of North Florida and then continued with the University as an administrator of Departments and believe that the time that I devoted to the furtherance of this litigation resulted in time away from my administrative work at the

University. I believe that an hourly rate of $100 would reasonably compensate me for time away from my profession and lost income.

2. In September 2004, the Court appointed me as well as two other individuals as Lead Plaintiffs and approved Schiffrin & Barroway, LLP as our selection for Lead Counsel. Prior to moving for Lead Plaintiff, I discussed with Lead Counsel the responsibilities of serving as a Lead Plaintiff in this Action, my commitment to fulfilling these responsibilities, and the allegations of defendants' wrongdoing.

3. Since my appointment as Lead Plaintiff, I have been fully committed to furthering this litigation, have devoted a substantial number of hours to furthering its success, and have communicated often with Lead Counsel. My efforts in the litigation included the following:

> a) Discussions with counsel concerning the role of a lead plaintiff and preparation of the lead plaintiff certification, review of the motion concerning my lead plaintiff application; and review and discussions with counsel regarding the order appointing the lead plaintiffs; b) Review and comment on the draft amended complaint and review of the final version; c) Review and comment on defendants' motion to dismiss; d) Review and comment on our opposition to defendants' motion to dismiss; e) Discussions with counsel regarding the hearing for defendants' motion to dismiss; f) Review our of supplemental briefing following the motion to dismiss hearing; g) Review of the Court's order denying the motion to dismiss; h) Gather documents; i) Discuss proposed scheduling order; settlement demand and budgeting as per local rule requirements and provide certification as required by local rules; j) Review and discuss with counsel defendants' discovery demands and prepare discovery responses, including document requests and responses to interrogatories; k) Schedule, prepare for and appear for class certification related deposition; l) Review draft and final versions of motion for class certification; m) Review deposition testimony transcript; n) Discussions with counsel regarding defendants' opposition to class certification and review defendants' opposition brief; n) Review our draft reply to defendants' opposition to class certification and discuss with counsel; o) Discussions with counsel regarding possible mediation, settlement negotiations and status of litigation and review of draft and final versions of mediation statement; p) Discussions with counsel regarding actual settlement negotiations and strengths and weaknesses of case, available funds and resources and preliminary damage study.

4. Although I did not physically record the amount of time spent for each activity, participation in the deposition process alone, including preparation and appearance for the

deposition, amounted to more than 20 hours. I believe that I have devoted in excess of 50 hours to furtherance of the litigation.

5. Lead Counsel contacted me in February 2006 and advised me that the subject of settlement had been raised between counsel. I advised Lead Counsel that I supported participation in additional settlement discussions. After numerous discussions concerning fruitless settlement talks, Lead Counsel requested authority to participate in formal mediation. I granted authority and was later advised that the mediation had been scheduled for July 2006. Lead Counsel and I had numerous discussions regarding the strengths and weaknesses of the claims, the damages in the case, our ability to prove liability, and the possible monetary range in which the Action could be resolved before the formal mediation took place. We also discussed the financial circumstances of Wave.

6. Through my involvement as the Lead Plaintiff, I understand the strengths and weaknesses of our case. I am aware of the hurdles which the Class would need to overcome to prove liability and damages and the reality of the financial circumstances of Wave and the amount of available insurance proceeds. I strongly support the Settlement and am pleased with the efforts of Lead Counsel on behalf of myself and the Class.

7. I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 28th day of December, 2006.

*/s/ Gary Harmon*
GARY HARMON