UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANNE BRUMBAUGH, GARY L. HARMON and
RANDY K. GRIFFIN,

                  Plaintiffs,

v.

WAVE SYSTEMS CORPORATION, STEVEN K.
SPRAGUE and GERARD T. FEENEY,

                  Defendants.

CIVIL ACTION
NO. 04-30022-MAP

## ORDER AND FINAL JUDGMENT

On the day of January 10, 2006, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated October 3, 2006 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Action now pending in this Court under the above-caption, including the release of all Settled Claims as against the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants only and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Class Members; (4) whether and in what amount to award Lead Counsel attorneys' fees and reimbursement of expenses; and (5) whether and in what amount to award Lead Plaintiffs for reimbursement of their reasonable time and

expenses incurred in representing the Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to the Class consisting of all persons who purchased or otherwise acquired Wave Systems Corporation ("Wave") common stock during the period from July 31, 2003 through December 18, 2003, inclusive, as shown by the records of Wave's shareholder lists, or otherwise, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Investors' Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and the Court having considered an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members and the Defendants.

2. The Court finds that for the purposes of the Settlement, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions

affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of the Class consisting of all persons who purchased or otherwise acquired Wave Systems Corporation ("Wave") common stock during the period from July 31, 2003 through December 18, 2003, inclusive (the "Class"). Excluded from the Class are Defendants, the officers and directors of Wave, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the putative Class Members whose requests for exclusion are attached as Exhibit 1 annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class Members of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Complaint is hereby dismissed with prejudice and without costs as against the Defendants.

7. The following terms, Effective Date, Settled Claim, Released Parties, Settled Defendants' Claims, and Unknown Claim, and any other capitalized term used herein, shall have the meaning set forth in the Stipulation.

8. Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Settlement Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, with respect to each and every Settled Claim, fully, finally and forever released, relinquished, and discharged, and shall forever be enjoined from prosecuting, either directly or in any other capacity, any Settled Claims against any of the Released Parties, whether or not such Settlement Class member executes and delivers a Proof of Claim and Release form.

9. Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

10. The Parties agree that the amount of the Settlement Fund, as well as the other terms of the Settlement, were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any

fault or omission of any of the Released Parties or Lead Plaintiffs in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) is or may be construed as or received as evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses by the Defendants have merit, or that damages recoverable under the CAC would not have exceeded the Gross Settlement Fund. Released Parties may file the Stipulation and/or the Final Order and Judgment of this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

12. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Counsel are hereby awarded _____% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which fees and expenses shall be paid to Lead Counsel from the Gross Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same interest rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the

5

Action.

14. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) Lead Counsel has created a fund of $1,750,000 in cash that is already on deposit, plus interest thereon and that numerous Class Members who file acceptable Proof of Claim and Release forms will benefit from the Settlement;

(b) Over 20,684 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel were moving for attorneys' fees in the amount of up to 25% of the Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $80,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Lead Counsel contained in the Notice; and

(c) Lead Counsel are experienced and skilled law firms which have conducted the litigation and achieved the Settlement with perseverance and diligent advocacy;

(d) The Action involves complex factual and legal issues and was actively prosecuted for over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Lead Counsel not achieved the Settlement, there existed a significant risk that Lead Plaintiffs and the Class would have recovered less than the Settlement or nothing

(f) The amounts of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

15. Lead Plaintiffs are each hereby awarded $_____ from the Gross Settlement Fund in reimbursement for the reasonable time and expenses that Lead Plaintiffs have expended on behalf of the Class in prosecuting this Action.

16. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to members of the Class.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delaying the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

19. The Clerk of the Court is directed to enter this order in the file of the above-captioned action.

Dated: Springfield, Massachusetts, _____, 2007

_____
THE HONORABLE MICHAEL A. PONSOR
UNITED STATES DISTRICT JUDGE