UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE BRUMBAUGH, GARY L. HARMON and RANDY K. GRIFFIN,<br><br>                          Plaintiffs,<br><br>v.<br><br>WAVE SYSTEMS CORPORATION, STEVEN K. SPRAGUE and GERARD T. FEENEY,<br><br>                          Defendants. | CIVIL ACTION<br>NO. 04-30022-MAP |

## DECLARATION OF KAY E. SICKLES IN SUPPORT OF
## THE MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

1.  I, Kay E. Sickles, am a partner at the law firm of Schiffrin Barroway Topaz & Kessler, LLP, which served as Lead Counsel for Lead Plaintiffs Anne Brumbaugh, Gary L. Harmon and Randy K. Griffin and the Class in the above-captioned action (the "Action").

### PROCEDURAL HISTORY

2.  Lead Plaintiffs (on behalf of the Class) and Defendants (defined below) (collectively, the "Parties") entered into a Stipulation and Agreement of Settlement dated October 2, 2006 (the "Stipulation"), wherein the Parties agreed, in substance, that in exchange for the payment of $1,750,000 (the "Settlement Fund"), plus interest, if any, there would be a full and complete settlement of all class claims against defendants Wave Systems Corporation ("Wave"), Steven K.

Sprague and Gerard T. Feeney (collectively, "Defendants"). The Settlement Fund, net of any taxes on the income thereof, and net of any funds used to pay (i) the notice and administrative costs, (ii) taxes and escrow fees; (iii) attorneys' fees and expenses awarded by the Court; and (iv) any award to Lead Plaintiffs granted by the Court, is the Net Settlement Fund.

3. By Order dated October 24, 2006 (the "Preliminary Approval Order"), the Court directed that the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") be mailed to all members of the Class. The mailing of the Notice was conducted in accordance with the Preliminary Approval Order.

4. Also in the Preliminary Approval Order, the Court certified the following class for the purpose of settlement:

> All persons who purchased or otherwise acquired Wave common stock during the period from July 31, 2003 through December 18, 2003, inclusive. Excluded from this Class are Defendants, the officers and directors of Wave, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

5. Thereafter, the Court held a Final Hearing on January 10, 2007, during which the proposed Settlement and Plan of Allocation were approved as fair, reasonable and adequate and in the best interests of the Class. In addition, the notice procedures were declared to be proper, and the Action was dismissed with prejudice.

6. Pursuant to the Stipulation, Lead Counsel retained The Garden City Group, Inc. ("GCG" or the "Claims Administrator") to administer the Settlement, to perform all analyses and accounting procedures in connection with the claims filed, and to effectuate distribution of the Settlement Fund.

GCG has consented to the jurisdiction of this Court.

7.  In accordance with the Notice, all Class Members wishing to participate in the Settlement Fund were required to complete a Court-approved Proof of Claim and Release Form ("Proof of Claim") and to mail the Proof of Claim to the post office box identified in the Notice, which was maintained by GCG.

## CLAIMS PROCESSING AND DETERMINATIONS

8.  Employees of GCG regularly emptied the post office box, and sorted and reviewed all claims filed. See Exhibit 1, the Affidavit of Ellen E. Riley, a Senior Director of Operations for GCG (the "Riley Affidavit" or "Riley Aff."), ¶¶5-6, attached hereto. The report of GCG, which analyzes each claim filed and administratively determines which claims are filed properly and timely, which claims are untimely, but otherwise valid, and which claims are not valid, is attached to the Riley Affidavit as Exhibit B. Of the 1,730 total claims received, 1,690 claims were filed timely, 1,132 of which were considered valid; and 40 claims were postmarked after the March 8, 2007 deadline, 26 of which were considered valid. See Riley Aff. ¶15; see also Exhibit B (attaching computer printout listing all claim forms filed in this Action). No claim was rejected because it was postmarked after the March 8, 2007 deadline. Id. According to its analysis, GCG has found a total of 1,158 of the claims received to be proper and considered valid. Id. In the accompanying Motion for Distribution of Class Settlement Fund, Lead Counsel is requesting Court approval of these claims. The total claim amount of the 1,158 claims GCG has accepted and the value for which approval is sought, calculated pursuant to the terms of the Plan of Allocation for the Action, is $1,101,271.86. See Riley Aff. ¶16; see also Exhibit B. This total recognized claim amount includes $965,991.31 from valid and timely

submitted claims and $135,280.55 from valid claims submitted after the March 8, 2007 deadline. Id.

9.  GCG has also rejected 572 claims. See Riley Aff. ¶17; see also Exhibit B(3) (attaching computer printout listing all rejected claims and the reasons for rejection). Paragraph 17 of the Riley Affidavit sets forth the specific reasons for the rejection of these claims – (i) 234 claims were rejected because the claims did not result in a Recognized Loss, (ii) 197 claims were rejected because the deficiencies of the claims were never cured, (iii) 132 claims were rejected because the claimants did not purchase or acquire Wave common stock, did not purchase or acquire Wave common stock during the Class Period, or the claimants were excluded from the Class; and (iv) 9 claims were rejected because they were duplicate claims. See Riley Aff. ¶17.

10.  For all submitted claims that (i) lacked the required information or documentation to support the information stated on the claim forms; or (ii) was otherwise deficient, in whole or in part, GCG sent a Final Notice of Disposition letter to the claimant advising him, her or it of the deficiency and requesting submission of the required documentary evidence to correct the defect. See Riley Aff. ¶¶7-8. For all claims submitted that either (i) showed that the claimant was ineligible to participate in the Net Settlement Fund in whole or in part (for example, where the claim showed no Recognized Loss or where the purchase of Wave common stock was not made within the Class Period), or (ii) was a duplicate claim, GCG mailed a Final Notice of Ineligibility letter. See Riley Aff. ¶9. Both letters specifically stated that the claimant had the right to contest GCG's administrative determination and request a hearing before the Court. See Riley Aff. ¶10; see also Exhibit A to the Riley Aff. (attaching copies of the Final Notice of Disposition and Final Notice of Ineligibility letters).

11. As stated above 1,132 claims were filed properly, timely and were considered valid.

12. As stated above, 26 otherwise valid, but late-postmarked claims were received and processed. Lead Counsel believes that it would be fair, reasonable and in the interest of justice to allow the 26 otherwise valid, but late-postmarked claims to share in the Net Settlement Fund. Lead Counsel requests that these claimants who filed otherwise valid, but late postmarked claims be allowed to participate in the Net Settlement Fund as if their claims had been timely filed. See Riley Aff. ¶15.

13. Lead Plaintiffs respectfully request that this Court approve the administrative determination of Lead Counsel and GCG to approve all valid claims listed, with a total recognized claim amount of $1,101,271.86. See Riley Aff. ¶16. These claimants will receive approximately 100% of their Recognized Loss.

14. Lead Plaintiffs respectfully request this Court to approve the administrative determination of Lead Counsel and GCG to reject the claims identified in ¶9 above, which did not result in a Recognized Loss, did not involve purchases/acquisitions of Wave common stock during the Class Period, were deficient and never cured, or were duplicate claims.

## TAXES AND EXPENSES

15. Pursuant to the Settlement, the Settlement Fund was invested principally in short-term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government. Thus, the interest earned on the Settlement Fund through December 27, 2007 is approximately $56,623.51. Under the provisions of §1.468B of the Internal Revenue Code, taxes must be paid on the Settlement Fund. During escrow, such taxes have been paid. Additional monies payable to the Internal Revenue Service at the time of distribution, if any, on the

interest earned in the Settlement Fund will be withheld from payment to the Class and immediately paid to the Internal Revenue Service.

19. Lead Plaintiffs respectfully request the Court to direct GCG to pay to the Internal Revenue Service the entire remaining tax due (which cannot be calculated exactly until the day of distribution of the Settlement Fund).

20. Lead Plaintiffs respectfully request that GCG be paid the sum of $95,019.40 from the Settlement Fund as the balance of its fees and in reimbursement of its expenses incurred and to be incurred in connection with the administration and disbursement of the Net Settlement Fund. See Riley Aff. ¶¶23, 24; see also Exhibit C (attaching invoices reflecting the fees and expenses incurred and to be incurred by GCG).

## DISTRIBUTION PROCESS

21. The Net Settlement Fund is ready to be distributed at this time. Lead Plaintiffs therefore respectfully request the Court direct GCG to distribute the Net Settlement Fund to the claimants whose claims Lead Counsel and GCG administratively determined to be valid, as listed on Exhibit B(1)-(2). Pursuant to the Notice sent to the Class, if these administrative determinations are approved, each of these claimants will receive a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Loss compared to the total Recognized Loss of all accepted claimants. As stated above, each claimant will receive approximately 100% of their Recognized Loss.

22. It may be expected that not all of the checks sent to the 1,158 Authorized Claimants (including late filing claimants) will be cashed promptly, and that not all of the Authorized Claimants will be located.

23.     Lead Plaintiffs respectfully request that the Claims Administrator be directed, for a period of six (6) months from the date of the distribution of the Net Settlement Fund, to make appropriate efforts to locate and/or contact any Authorized Claimant who has not cashed his, her or its check(s). After six (6) months, Lead Plaintiffs respectfully request that Lead Counsel re-distribute any funds remaining in the Net Settlement Fund, to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Loss, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, if such a re-distribution is economically feasible.  Six (6) months after any such re-distribution, if re-distribution is undertaken, Lead Plaintiffs request that the Claims Administrator be directed to donate any remaining unclaimed or uncashed monies to The Boston Bar Foundation, located at 16 Beacon Street, Boston, MA  02108 (phone no: (617) 742-0615).

24.     Lead Plaintiffs respectfully recommend that one year after the distribution of the Net Settlement Fund, the Claims Administrator be authorized to follow its internal document retention policy, permitting the Claims Administrator to discard documents relating to the above-captioned Action in accordance with that policy.  The proposed Order has been drafted to permit the Claims Administrator to discard documents related to the above-captioned Action in accordance with its policy.

25.     In order to effectuate the final distribution of the Net Settlement Fund, Lead Plaintiffs respectfully request that this Court release and discharge all persons who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed in this case, or who are otherwise involved in the administration or taxation of the Settlement Fund, or the

Net Settlement Fund from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, bar all Class Members, whether or not they are to receive payment from the Net Settlement Fund, from making any further claim against the Net Settlement Fund or the Released Parties beyond the amount allocated to them by the Settlement as approved by the Court.

Dated January 2, 2008

*Kay E. Sickles*
KAY E. SICKLES